FILED

2019 JAN 16 PM 2: 56

Steven Mark Rosenberg,
106 1-2 Judge John Aiso Street, PMB# 225
Los Ángeles, CA 90012
Phone: 310-971-5037
email: Founder@PuttingElders1st.org
Pro se Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Steven Mark Rosenberg,

Debtor

_____

STEVEN MARK ROSENBERG

Appellant
   v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR ALLIANCE BANCORP
MORTGAGE BACKED
CERTIFICATE SERIES 2007-OA1,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
OCWEN LOAN SERVICING, LLC
ALLIANCE BANCORP, INC
(ESTATE)


Appellee (s)
_____

) District Court Case Number:
) CV 18-10188 -AG
)
) Bankruptcy Court Case Number:
) 1:17-bk-11748-VK
)
) Adversary Case Number:
) 1:17-ap-01096-VK
)
) RESPONSE TO ORDER TO SHOW
) CAUSE
)
) UNTIED STATES DISTRICT JUDGE:
) HONORABLE ANDREW J. GUILFORD
)
) Hearing Date:   tbd

## RESPONSE TO ORDER TO SHOW CAUSE

The Appellant, Steven Rosenberg respectfully files this response to order to show cause per Minute Order dated 01/03/19, wherein the Honorable Judge required the Appellant to explain the untimely filing of notice of appeal from the June 7, 2018 amended Order of Bankruptcy by Judge Victoria S. Kaufman.

The Appellant respectfully submits that there has been no delay in filing the notice of appeal and the notice of appeal has been within the time period prescribed under Rule 4 of the Federal Rules of Appellate Procedure (hereinafter referred to as 'FRAP'). Rule 4(a) of FRAP deals with appeal in a civil case. Rule 4(a)(1)(A) states that,

*"In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."*

In the instant case, the Honorable Judge viewpoint is that the entry of judgment was on June 7, 2018 with regard to the adversary proceeding that was filed by the Appellant and therefore, the notice of appeal being filed on December 6, 2018 is beyond the prescribed time under Rule 4 of FRAP.

However, in the instant case it is pertinent to note that the Appellant herein had on June 11, 2018 *filed for an order to amend or alter judgment as per Rule 59(e)* of Federal rules of Civil Procedure (hereinafter referred to as 'FRCP') for reconsideration of the judgment entered on June 7, 2018 by Judge Victoria S. Kaufman.

In the Motion to Alter, the Appellant once again asserted the point that equitable tolling applies to the adversary proceeding filed by the Appellant and the Appellant has standing to challenge the assignments. The Appellant had also asserted that such right to challenge assignments arose from Rule 17 of FRCP. The Appellees herein did not file any opposition to the Motion to Alter judgment that was filed by

the Appellant herein; instead Deutsche Bank, Ocwen and MERS filed motion to sanction the Appellant herein under Rule 9011 of Federal Rules of Bankruptcy Procedure. Thereafter the Appellant herein had filed response to the Rule 11 motion for sanctions on November 20, 2018.

In pursuance to the same, on November 21, 2018 the Court entered an order denying the Motion to Alter. As per Rule 4(a)(1)(A), there are few exceptions to the 30 days period of filing of notice of appeal from date of entry of judgment. One such exception is those circumstances mentioned in Rule 4(a)(4). Rule 4(a)(4) states that,

*"(4) Effect of a Motion on a Notice of Appeal*
*(A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—<u>the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:</u>*
*(i) for judgment under Rule 50(b);*
*(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;*
*(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;*
**(iv) to alter or amend the judgment under Rule 59;**
*(v) for a new trial under Rule 59; or*
*(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered."*
<u>(emphasis added)</u>

In the instant case the Appellant had filed a motion to alter judgment as per Rule 59 of FRCP and the order regarding the same was entered on November 21, 2018. Thus, according to Rule 4(a)(4)(iv) of FRAP <u>the time to file appeal would start</u>

running only from November 21, 2018 and not June 7, 2018 as respectfully now indicating, by herein pleading, respectfully noting misunderstood by the Honorable Court.

Thus, as per Rule 4(a)(4) of FRAP the last day to file notice of appeal from Rule 59 motion to alter judgment entered on November 21, 2018 would be December 5, 2018. However, it is respectfully submitted that on the last date of filing of Notice of Appeal i.e. on December 5, 2018 all government offices were closed on order of the US President as the day was considered as day of Mourning for the demise of former United States President Mr. George Bush (Sr.). In such circumstances the Appellant was precluded and unable to file the notice of appeal on December 5, 2018.

According to Rule 26 of FRAP, it provides that,

*"(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.*
*(1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:*
*(A) exclude the day of the event that triggers the period;*
*(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and*
*(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."*

Thus, in the instant case December 5. 2018 being a declared national observance legal "holiday" by Executive Order, the last date of filing notice of appeal would be computed to end on December 6, 2018; with the Appellant filing of their Notice of Appeal with the Central District of California Bankruptcy Court Clerk (San

Fernando Valley) on December 6, 2018 thereby within the prescribed period and as such there has been no untimely delay.

## CONCLUSION

For the reasons stated above, the Plaintiff, Steven Rosenberg and behalf of the Estate of Isadore Rosenberg respectfully moves the Court to accept and allow the notice of appeal to have been filed within the prescribed time period mentioned in Rule 4 of FRAP.

Respectfully submitted,

*Steven Mark Rosenberg*

Date: 01/16/2019

Steven Mark Rosenberg

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
STEVEN MARK ROSENBERG
106 1/2 Judge John Aiso St. PMB #225
Los Angeles, CA 90012
Phone: 310-971-5037
Email: founder@puttingelders1st.org

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| STEVEN MARK ROSENBERG | CASE NUMBER |
|---|---|
| PLAINTIFF(S), v. Deutsche Bank National Trust Company, As Trustee for Alliance Bancorp Mortgage Backed Certificate Series 2007-OA1, et. al DEFENDANT(S). | District Case Number CV 18-10188-AG<br>Bankruptcy Case No. 1:17-bk-11748-VK<br>Adversary Case No. 1:17-ap-01096-VK<br><br>**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of ___LOS ANGELES___, State of California, and not a party to the above-entitled cause. On ___JANUARY 16___, 20_19_, I served a true copy of ___RESPONSE TO ORDER TO SHOW CAUSE___ by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: LOS ANGELES, CALIFORNIA
Executed on JANUARY 16, 20_19_ at LOS ANGELES, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
Signature of Person Making Service

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____     _____
*Signature*                          *Party Served*

## **ATTACHED SERVICE LIST**

**MERS (Mortgage Electronic Registration Systems, Inc.)**
Attn: T. Robert Finlay, Partner
Cc: Nicole Dunn, Esq.
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660

Ocwen Loan Servicing, Inc.
c/o T. Robert Finlay, Partner
Cc: Nicole Dunn, Esq.
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660

United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
213-894-6811
U.S. Trustee

Deutsche Bank National Trust in
Alliance Bancorp Trust 2007 OA-1
c/o Robert Garrett of Law Firm of Garrett & Tully
225 S. Lake, Suite 1400
Pasadena, CA 91101

Estate of Alliance Bancorp. Inc.
Attn: Charles A. Stanziale, Jr. Esq. Trustee
100 Mulberry Street
Newark, NJ 07102

Honorable Andrew J. Guilford
Santa Ana Division
Court 10D
411 West 4th Street
Santa Ana, CA 92701-4516