Robert Garrett, SBN 65886
rgarrett@garrett-tully.com
Zi C. Lin, SBN 236989
zlin@garrett-tully.com
GARRETT & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, California 91101-4869
Telephone: (626) 577-9500
Facsimile:  (626) 577-0813

Attorneys for Appellee and Defendant
Deutsche Bank National Trust Company,
as Trustee for Alliance Bancorp Mortgage
Backed Pass-Through Certificate Series
2007-OA1

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>STEVEN MARK ROSENBERG,<br><br>　　　　Debtor.<br><br>STEVEN MARK ROSENBERG,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE,<br><br>　　　　Defendants. | District Court Case No.:<br>2:18-cv-10188-AG<br><br>(Honorable Andrew J. Guilford)<br><br>US Bankruptcy Court Case No.:<br>Case No. 1:17-bk-11748-VK<br><br>Chapter 7<br><br>Adversary Case No. 1:17-ap-01096-VK<br><br>**APPELLEE AND DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS THROUGH CERTIFICATE SERIES 2007-OA01'S OBJECTION TO APPELLANT AND PLAINTIFF STEVEN MARK ROSENBERG'S RESPONSE TO ORDER TO SHOW CAUSE** |

Appellee and defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 ("Deutsche Bank") hereby objects to appellant and plaintiff Steven Mark Rosenberg's response to order to show cause why his appeal should not be dismissed for failure to timely file notice of appeal.

**I. Rosenberg's "excuse" that he failed to timely file a notice of appeal within the 14 days prescribed by statute because the last day to file (February 5, 2018) was a national day of mourning for President Bush is without merit; Pacer was available that day to file the notice of appeal.**

The Federal Rule of Bankruptcy Procedure (FRBP) Rule 8002 sets forth the rules for the time to file a Notice of Appeal:

> Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk *within 14 days* after entry of the judgment, order, or decree being appealed.

(FRCP Rule 8002(a)(1).)

In instances where a party files a post-judgment motion, Rule 8002(b) states in part:

> (1) In General. If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> . . . (B) to alter or amend the judgment under Rule 9023[1]

Rosenberg was required to file his notice of appeal no later than December 5, 2018, or *14 days* from November 21, 2018 when the bankruptcy court entered its order denying Rosenberg's motion to alter or amend the judgment. (Dkt No. 74).

Rosenberg admits that he failed to do so and instead filed his notice *late* on

December 6, 2018. (Response to OSC, p. 2:15-16.)

In response to the Court's order to show cause, Rosenberg asserted that "all government offices were closed" on December 5, 2018 as a day of mourning for President George H.W. Bush and he was unable to file his notice of appeal. (Response to OSC, p. 4:7-11.) This does not excuse his failure to file his notice of appeal within the 14 days after the bankruptcy court denied his motion to alter or amend the judgment because **PACER was available on December 5, 2018**. The U.S. Bankruptcy Court for the Central District of California provided notice that "Electronic services will be available on December 5, 2018, including CM/ECF, LOU, ePOC, **PACER**, and VCIS." https://www.cacb.uscourts.gov/sites/cacb/files/documents/news/PN%2018-017.pdf

Rosenberg fails to provide any account or evidence of any attempts on his part to file his notice of appeal within those 14 days, including December 5, 2018. Had Rosenberg attempted to file his on December 5, 2018, he would have found that PACER was available that day to file it. There is nothing in his response to indicate that he tried to file his notice of appeal *on time* but was unable to do so. Indeed, all that can be drawn from his response is that Rosenberg simply decided not to file his notice until December 6. Rosenberg decided to file his notice late.

The FRBP does provide for instances where there is "excusable neglect" in timely filing a notice of appeal.

FRBP Rule 8002(d) provides that the time to file a notice of appeal can be extended after the prescribed deadline has passed, if the party filing the notice files a motion "within 21 days" of the deadline, and if the party "shows excusable neglect."

Here, however, no motion was filed and Rosenberg's response to the order to show cause does not show any "excusable neglect."

## II. December 5, 2018 was not a "legal holiday," the notice of appeal was due that day; there was no extension of time for Rosenberg to file his notice of appeal.

Rosenberg claims that December 5, 2018 was a "legal holiday" and he was afforded an extension of time to file his notice of appeal under FRCP Rule 6.[1] (Response to OSC, pp. 4:12-5:2.) However, Rule 6(a)(6) defines "legal holiday" as

>   (6) "Legal Holiday" Defined. "Legal holiday" means:
>
>   (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;
>
>   (B) **any day declared a holiday by the President** or Congress; and
>
>   (C) for periods that are measured after an event, any other day declared a holiday by the state where the district court is located.

(Emphasis added.) President Donald Trump did not proclaim December 5, 2018 a "legal holiday." Instead, the President appointed "December 5, 2018, as a National Day of Mourning throughout the United States." https://www.whitehouse.gov/presidential-actions/presidential-proclamation-announcing-death-george-h-w-bush/ Accordingly, FRBP 6 does not aid Rosenberg. His notice of appeal is simply untimely.

## III. Conclusion.

Rosenberg's notice of appeal was not timely filed. Rosenberg's response to the order to show cause fails to show any excusable neglect for his failure to file a

---

[1] Rosenberg erroneously referred to FRCP Rule 6 as "Rule 26 of FRAP." (Response to OSC, p. 4:12.)

timely notice of appeal within the 14 days prescribed by statute, and instead reflects a lack of diligence. Rosenberg's appeal should be dismissed.

DATED: January 18, 2019   GARRETT & TULLY, P.C.
Robert Garrett
Zi C. Lin


/s/ Zi C. Lin
ZI C. LIN
Attorneys for Appellee and Defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1

# CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

**VIA U.S. MAIL**

Steven Mark Rosenberg
106-1/2 Judge John Aiso St., #225
Los Angeles, CA  90012

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 18, 2019.

               /s/Delorise Cameron
Delorise Cameron
GARRETT & TULLY, P.C.
225 South Lake Avenue, Suite 1400
Pasadena, CA 91101
Telephone: (626) 577-9500
Facsimile:   (626) 577-0813
Email: zlingarrett-tully.com

GARRETT & TULLY
A PROFESSIONAL CORPORATION

OBJECTION TO RESPONSE TO OSC BY DEUTSCHE BANK NATIONAL TRUST COMPANY