Steven Mark Rosenberg
106 ½ Judge John Aiso Street, PMB#225
Los Angeles, CA 90012,
310.971.5037
Email: Founder@PuttingElders1st.org
In Pro Per

FILED
2019 APR 26 PM 2:54

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Mark Rosenberg,<br><br>Debtor<br><br>_____<br><br>STEVEN MARK ROSENBERG<br><br>Appellant<br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED CERTIFICATE SERIES 2007-OA1, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, LLC ALLIANCE BANCORP, INC (ESTATE)<br><br>Appellee(s)<br>_____ | )District Court Case Number:<br>)CV 18-10188-AG<br>)<br>)Bankruptcy Court Case Number:<br>)1:17-bk-11748-VK<br>)<br>) Adversary Case Number:<br>)1:17-ap-01096-VK<br>)<br>)<br>)NOTICE OF MOTION AND<br>)MOTION TO ALTER OR AMEND<br>)A JUDGMENT (FRCP Rule 59(e))<br>) (FRCP Rule 60(b))<br>)Hearing Date: June 3, 2019<br>)Hearing Time: 10:00A.M.<br>)Judge: Honorable Andrew J. Guilford<br>)Place: Court 10 D Santa Ana Division<br>)<br>)<br>) |

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that on June 3rd, 2019 at 10:00A.M. or as soon thereafter as this matter may be heard in the above-entitled Court located at 411 West 4th St., Santa Ana, Steven Mark Rosenberg, the Appellant in this case, will move this Court to: to reconsider its April 01, 2019, dismissing my case due to lack of prosecution. It is presented in motion at

1
**NOTICE OF MOTION AND MOTION**

oral hearing my situation was due to extreme medical conditions *leading up to hospitalization.*

This motion is based upon the following documents:

Attached Motion with Exhibits "A" & "B", the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

DATED: April 26, 2019

By: ___Steven Mark Rosenberg___
STEVEN MARK ROSENBERG
Plaintiff/Appellant in Pro Per

Steven Mark Rosenberg
106 ½ Judge John Aiso Street, PMB#225
Los Angeles, CA 90012,
310.971.5037
Email: Founder@PuttingElders1st.org
In Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Mark Rosenberg,<br><br>Debtor | )District Court Case Number:<br>)CV 18-10188-AG<br>)<br>)Bankruptcy Court Case Number:<br>)1:17-bk-11748-VK<br>)<br>) Adversary Case Number:<br>)1:17-ap-01096-VK |
| STEVEN MARK ROSENBERG<br><br>Appellant<br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED CERTIFICATE SERIES 2007-OA1, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, LLC ALLIANCE BANCORP, INC (ESTATE)<br><br>Appellee(s) | )<br>)<br>)MOTION TO ALTER OR AMEND<br>)A JUDGMENT (FRCP Rule 59(e)),<br>)(FRCP Rule 60(b))<br>)<br>)Hearing Date: June 3, 2019<br>)Hearing Time: 10:00A.M.<br>)Judge: Honorable Andrew J. Guilford<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR RECONSIDERATION OF ORDER DISMISSING APPEAL FOR LACK OF PROSECUTION

Steven Mark Rosenberg (hereinafter "Rosenberg" or "Plaintiff") hereby requests that the Court reconsider its April 1, 2019 Order Dismissing Action for Lack of Prosecution For Failure

1
MOTION TO ALTER OR AMEND

to Comply with the Court's Order (Doc. 95) (the "Order"). In support hereof, Rosenberg respectfully represents as follows:

I. **Relevant Procedural History**

1. On June 30, 2017, Rosenberg filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Rosenberg received a discharge on October 10, 2017.

2. On November 27, 2017, Rosenberg filed this adversary proceeding against the Defendants. The Complaint alleged, among other arguments, a violation of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(B) and (C), fraudulent concealment and violation of 18 U.S.C. § 157, and sought both declaratory relief and a jury trial.

3. On February 13, 2018, the Defendants filed a Motion for Judgment on the Pleadings.

4. On May 14, 2018, the Court granted the Defendants' Motion for Judgment on the Pleadings. (Doc. #49-50). The Court entered an amended judgment on June 7, 2018. (Doc. #56).

5. On June 11, 2018, Rosenberg filed a Motion to Alter or Amend Judgment (Doc. #58). The Court entered an Order denying the Motion on November 21, 2018 (Doc. #74).

6. On December 7, 2018, Rosenberg filed a Notice of Appeal (Doc. #78). On March 15, 2019, the Court issued a minute order requiring Rosenberg to show cause in writing on or before March 27, 2019 why his Appeal should not be dismissed for lack of prosecution.

7. Please refer to Exhibit attached, and respectfully refer to <u>Exhibit A.</u> That Exhibit is a redacted true and correct copy of proof of hospitalization of the plaintiff. (From the period of March 27 to April 03). Respectfully provided without waiving his rights to protection of his medical records under HIPAA.

8. Rosenberg has been severely-ill since late-February. Without waiving his rights to protection of his medical records under Health Insurance Portability and Accountability Act, Privacy Rule (HIPAA). Rosenberg hereby attaches a photograph of him during a period of hospitalization. Said photograph is attached hereto as <u>Exhibit B</u>.

## II. Cause Exists for the Court to Exercise its Discretion to Reconsider its Order

Reconsideration may be sought within a reasonable time after entry of a judgment or order, for relief from the final judgment or order for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b); *see also* Fed. R. Bank. P. 9024.

As stated above, for the past two months Rosenberg has been severely-ill and also dealing with repeated medical procedures. As of result of the procedures and his medical condition, Rosenberg has been otherwise incoherent and temporarily incapable of handling the prosecution of his Appeal. Rosenberg submits that his medical condition constitutes "excusable neglect" under Fed. R. Civ. P. 60(b). Moreover, Rosenberg's medical condition satisfies the requirement for "any other reason that justifies relief".

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court set forth the standard for determining what constitutes excusable neglect. "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to especially through carelessness.'…The

word therefore encompasses both simple, faultless omissions to act, and, more commonly, omissions caused by carelessness…Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. The Supreme Court went on to set forth a four-part test for determining when neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reasons for the delay; and (4) whether the movant acted in good faith. *Id.* at 395.

Rosenberg submits that application of the *Pioneer* test results in a finding of excusable neglect. First, there is no danger of prejudice to the Defendant. Rosenberg filed an Appeal as a matter of right and in fairness ought to have his Appeal heard. Secondly, the Court's Order provided that Rosenberg must file a response in writing by March 27, 2019. The Order dismissing Rosenberg's Appeal was filed on April 1, 2019. Thus, this Motion is being filed a mere weeks after the Minute Order Response was due and just days after the Court's April 1st Order became final.

Significant medical issues prevented Rosenberg from filing a timely Response pursuant to the Court's order. The Ninth Circuit has held that delays due to medical reasons constitute adequate reasons for delay under the standard. *See Lemoge v. United States*, Case No.: 08-56210 (9th Cir. 2009) (holding that a two month delay in complying with a deadline was excusable where the movant was absent from his law office for a period of two months due to a staph infection, "There is no question that Caruana could have handled his practice better, but under the circumstances, Caruana provided adequate reasons for the delay.").

Unlike the *Lemoge* case, where the movant was himself an attorney, Rosenberg is a pro se litigant. Moreover, the delay in this case is a matter of weeks, not months. The Ninth Circuit has been more likely to find excusable neglect where one of the party's is pro se. *See Briones v. Riviera Hotel Casino*, 116 F. 3d 379 (9th Cir. 1997) (holding that a pro se plaintiff's opposition to a motion to dismiss filed three months late might be due to excusable neglect). Finally, Rosenberg has acted in good faith. He is filing this Motion as soon as practicable given his medical condition and as a pro se litigant, he is doing his best to prosecute this matter.

### III.  Conclusion

WHEREFORE, based upon the foregoing, Rosenberg respectfully requests that this Court grant this Motion for Reconsideration; vacate the April 1, 2019 dismissal order; grant Rosenberg a reasonable extension to prosecute his Appeal; and grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Steven Mark Rosenberg*

Steven Mark Rosenberg

Dated: April 26, 2019

# Exhibit "A"

# AFTER VISIT SUMMARY

**Steven Rosenberg** Date of birth: 10/3/1954

📅 3/27/2019 - 4/3/2019  📍 Providence Holy Cross Medical Center

## ✝ PROVIDENCE
### Health & Services

## Instructions

**Your medications have changed**

➡ START taking:

[redacted]

➡ STOP taking:

[redacted]

Review your updated medication list below.

## Why you were hospitalized

You were hospitalized for: [redacted]
Your diagnoses also included: [redacted]

## Allergies

[redacted]

## Intolerance

[redacted]

## Next Steps

### ❓ Ask
☐ Ask how to get these medications

[redacted]

### 👍 Do
☐ Pick up these medications from CVS 17113 IN TARGET - NORTHRIDGE, CA - 8999 BALBOA BLVD

[redacted]

☐ Pick up these medications from RITE AID-10349 SEPULVEDA BLVD - MISSION HILLS, CA - 10349 SEPULVEDA BOULEVARD

[redacted]

☐ Referral to Home Health OUTPATIENT

### 📖 Read
☐ Read 10 attachments

*HIPAA Privacy Rule* (handwritten annotation)

# Exhibit "B"

9

# Exhibit "B"



**Plaintiff hospitalized from period of March 27, 2019 - April 3, 2019**

10

| NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S) STEVEN MARK ROSENBERG 106 1/2 JUDGE JOHN AISO ST. #225 LOS ANGELES, CA 90012 Phone: 310-971-5037 Email: founder@puttingelders1st.org | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| STEVEN MARK ROSENBERG<br><br>PLAINTIFF(S),<br>v.<br>Deutsche Bank National Trust Company, As Trustee for Alliance Bankcorp Mortgage Backed Certificate Series 2007, et al<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**District Case Number CV 18-10188-AG**<br>**Bankruptcy Case No. 1:17-bk-11748-VK**<br>**Adversary Case No. 1:17-ap-01096-VK**<br><br>**PROOF OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of LOS ANGELES, State of California, and not a party to the above-entitled cause. On APRIL 26, 20 19, I served a true copy of Notice of Motion and Motion to Alter of Amend a Judgment, Motion to Alter of Amend a Judgment(FRCP Rule 59(e),FRCP Rule 60(b) by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: LOS ANGELES, CALIFORNIA
Executed on APRIL 26, 20 19 at LOS ANGELES, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
Signature of Person Making Service

# ATTACHED SERVICE LIST

**MERS (Mortgage Electronic Registration Systems, Inc.)**
**Attn:** T. Robert Finlay, Partner
Cc: Nicole Dunn, Esq.
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660

Ocwen Loan Servicing, Inc.
c/o T. Robert Finlay, Partner
Cc: Nicole Dunn, Esq.
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660

United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
213-894-6811
U.S. Trustee

Deutsche Bank National Trust in
Alliance Bancorp Trust 2007 OA-1
c/o Robert Garrett of Law Firm of Garrett & Tully
225 S. Lake , Suite 1400
Pasadena, CA 91101

Estate of Alliance Bancorp. Inc.
Attn: Charles A. Stanziale, Jr. Esq. Trustee
100 Mulberry Street
Newark, NJ 07102

Honorable Andrew J. Guilford
Santa Ana Division
Court 10D
411 West 4th Street
Santa Ana, CA 92701-4516