WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Nicole S. Dunn, Esq., SBN 213550
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050; Facsimile: (949) 608-9142

Attorneys for Appellees and Defendants, Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: STEVEN MARK ROSENBERG, Debtor. | District Court Case No.: 2:18-cv-10188-AG <br><br> (Honorable Andrew J. Guilford) <br><br> US Bankruptcy Court Case No.: Case No. 1:17-bk-11748-VK |
| STEVEN MARK ROSENBERG, <br><br> Plaintiff, <br> v. <br><br> ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE, <br><br> Defendants. | Chapter 7 <br><br> Adversary Case No. 1:17-ap-01096-VK <br><br> **OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND A JUDGMENT (FRCP Rule 59(e); 60(b)); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> DATE:  June 3, 2019 <br> TIME:  10:00 a.m. <br> CTRM:  10D <br>           Santa Ana Division |

1

OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND A JUDGMENT (FRCP Rule 59(e) and 60(b))

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that Defendants Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc. (hereinafter referred to collectively as ("Defendants") by and through their attorneys of record, Wright, Finlay & Zak, LLP, will and hereby do submit the following Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Alter or Amend a Judgment per FRCP Rules 59(e) and 60(b).

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: April 29, 2019     By:   /s/ *Nicole S. Dunn*
T. Robert Finlay, Esq.
Nicole S. Dunn, Esq.
Attorneys for Defendants, Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

Plaintiff filed his underlying Chapter 7 Bankruptcy case on June 30, 2017. [1:17-bk-11748-VK - Dkt No. 1]. On October 10, 2017, he received his discharge. [1:17-bk-11748-VK Court's Docket No.21]. On November 27, 2017, Debtor filed an Adversary Proceeding against Defendants, Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc. (hereinafter referred to collectively as ("Defendants") and others. [1:17-ap-01096-VK - Dkt No. 27]. The Complaint alleged causes of action for violation of 11 U.S.C. § 524(a), violation of Federal Rule of Bankruptcy Procedure 3001(c)(2)(B) and (C), fraudulent concealment, violation of 18 U.S.C. § 157 and declaratory relief.

Defendants filed a Motion for Judgment on the Pleadings [Dkt No.16] which was granted. On May 14, 2018, the Court entered the *Judgment Following Defendants' Motion for Judgment on the Pleadings* [Dkt. No. 50]. On June 7, 2018, the Court entered an *Amended Judgment Following Defendants' Motion for Judgment on the Pleadings* (the "Judgment") [Dkt. No. 56]. On June 11, 2018, Plaintiff filed a *Motion to Alter or Amend Judgment* (the "Motion") [Dkt. No. 58] seeking post-judgment relief, *i.e.*, reconsideration of the Judgment. In the Motion, Plaintiff stated that he seeks relief from the Judgment pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), as applied to bankruptcy cases by Fed. R. Bankr. P. 9023. Plaintiff's Motion was denied. [Dkt. No. 74]. Plaintiff filed a Notice of Appeal on December 6, 2018. [Dkt. No. 78]. However, he failed to file an Opening Brief or respond to an OSC to show why the action should not be dismissed for lack of prosecution which resulted in the dismissal of the appeal on April 1, 2019. [2:18-cv-10188-AG (Dkt. No.19)].

Plaintiff once again seeks reconsideration ("Recon") which Defendants now oppose.

///

## II. ARGUMENT

### A. No Relief is Warranted under FRCP, Rules 59 or 60

Plaintiff moves for reconsideration under Federal Rules of Civil Procedure ("FRCP"), Rules 59(e) and 60(b), seeking reconsideration of the Appellate Court's April 1, 2019 Order (the "Order") dismissing the appeal. [Motion at 1:27-2:2].

Motions for reconsideration "are directed to the sound discretion of the court." *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1310 (E.D. Cal. 2009). They are an "extraordinary remedy," one that should be used "sparingly in the interests of finality and the conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiff may not use this motion for reconsideration when he has not even addressed the standards for such reconsideration.

As an initial matter, Plaintiff brings this motion before the wrong court. The District Court is not able to make a determination on a matter solely before the appellate court. Also, Plaintiff's time to bring a motion under FRCP Rule 59(e) has expired. Plaintiff further argues that he was ill and unable to handle his appeal which constitutes "excusable neglect" under FRCP Rule 60(b). [Recon at 3:17-23]. However, the April 1, 2019 Order by the Appellate Court is not a final judgment, order, or proceeding. Thus, relief under FRCP Rule 60(b) is not available.

#### 1. The Motion fails under FRCP Rule 59(e).

Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Judgment was entered on June 7, 2018, when the District Court entered an *Amended Judgment Following Defendants' Motion for Judgment on the Pleadings*. [Dkt. No. 56]. Plaintiff only had until July 5, **2018** to bring a motion under FRCP Rule 59(e). Thus, any relief sought under FRCP Rule 59(e) should be denied.

///
///

2. <u>The Motion fails under FRCP Rule 60(b)</u>.

FRCP, Rule 60(b) applies only to "final judgment[s], order[s], or proceeding[s]. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 60(b) . . . applies only to motions attacking final, appealable orders."); *Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958) (Rule 60(b) "applies only to judgments, orders, or proceedings which are 'final.'"). The Ninth Circuit defines such judgments, orders, and proceedings as "those which terminate the litigation in the district court subject only to the right of appeal." *Corn v. Guam Coral Co.*, 318 F.2d 622, 629 (9th Cir. 1963). The April 1, 2019 Order did not terminate Plaintiff's case in the District Court. It also did not preclude Plaintiff from re-filing the appeal because the Court "ORDERS that this action is dismissed **without prejudice** . . . . (Emphasis added) [2:18-cv-10188-AG (Dkt. No.19)]. Thus, Rule 60(b) is not applicable.

### III. CONCLUSION

Plaintiff's reconsideration Motion is replete with misapplications of the law and a lack of any credible argument. It is being presented for an improper purpose and must be denied.

WRIGHT, FINLAY & ZAK, LLP

Dated: April 29, 2019      By:      /s/ Nicole S. Dunn
T. Robert Finlay, Esq.
Nicole S. Dunn, Esq.
Attorneys for Defendants, Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc.

# **PROOF OF SERVICE**

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On April 29, 2019, I served the within **OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND A JUDGMENT (FRCP rule 59(e); 60(b); MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action as follows:

[x]   by placing [] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Steven Mark Rosenberg
106 1-2 Judge John Aiso Street, PMB#225
Los Angeles, CA 90012
310-971-5037
Email: Founder@PuttingElders1st.org
Plaintiff Pro Se

[ x ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

**PROOF OF SERVICE**

[ ]   (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[x]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[x]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2019, at Newport Beach, California.

_____
Gretchen Grant