Steven Mark Rosenberg
106 ½ Judge John Aiso Street, PMB#225
Los Angeles, CA 90012,
310.971.5037
Email: Founder@PuttingElders1st.org
In Pro Per

FILED

2019 MAY 22 PM 3:01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Steven Mark Rosenberg,

Debtor

_____

STEVEN MARK Rosenberg

Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED CERTIFICATE SERIES 2007-OA1 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, LLC, ALLIANCE BANCORP, INC (ESTATE)

Appellee(s)

) District Court Case Number:
) CV 18-10188-AG
)
) Bankruptcy Court Case Number:
) 1:17-bk-11748-VK
)
) Adversary Case Number:
) 1:17-ap-01096-VK
)
) APPELLANT AND PLAINTIFF
) STEVEN MARK ROSENBERG
) REPLY TO DEUTSCHE BANK
) NATIONAL TRUST COMPANY,
) AS TRUSTEE FOR ALLIANCE
) BANCORP MORTGAGE BACKED
) CERTIFICATE SERIES 2007-OA1,
) OPPOSITION TO ALTER OR
) AMEND JUDGMENT
) (FRCP Rule 59(e)),
) (FRCP Rule 60(b))
) Hearing Date: June 3, 2019
) Hearing Time: 10:00A.M.
) Judge: Honorable Andrew J. Guilford
) Place: Court 10D Santa Ana Division
)



1
REPLY TO OPPOSITON FOR MOTION TO ALTER OR AMEND A JUDGMENT

## RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND A JUDGMENT

Steven Mark Steven (hereinafter "Steven" or "Appellant") hereby files this Response to Defendants' Opposition to Appellant's Motion to Alter or Amend Judgment. In support thereof, Steven respectfully represents as follows:

## RELEVANT PROCEDURAL HISTORY

1. On June 30, 2017, Steven filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Steven received a discharge on October 10, 2017.

2. On November 27, 2017, Steven filed this adversary proceeding against the Defendants. The Complaint alleged, among other arguments, a violation of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(B) and (C), fraudulent concealment and violation of 18 U.S.C. § 157, and sought both declaratory relief and a jury trial.

3. On February 13, 2018, the Defendants filed a Motion for Judgment on the Pleadings.

4. On May 14, 2018, the Court granted the Defendants' Motion for Judgment on the Pleadings. (Doc. #49-50). The Court entered an amended judgment on June 7, 2018. (Doc. #56).

5. On June 11, 2018, Steven filed a Motion to Alter or Amend Judgment (Doc. #58). The Court entered an Order denying the Motion on November 21, 2018 (Doc. #74).

6. On December 6, 2018, Steven filed a Notice of Appeal (Doc. #78). On March 15, 2019, the Court issued a minute order requiring Steven to show cause in writing on or before March 27, 2019 why his Appeal should not be dismissed for lack of prosecution.

7. On April 1, 2019, the Court entered an Order dismissing Steven's Appeal for Lack of Prosecution for Failure to Comply with the Court's Order.

8. On April 26, 2019, Steven filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60(b) (the "Motion to Amend"). Steven sought to vacate the Court's Order dismissing his Appeal based on the fact that he was severally-ill, and even hospitalized, during the period of time that the Court ordered that he show cause in writing.

9. On April 29, 2019, Defendants Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc. filed an Opposition to Steven's Motion to Amend. Said Opposition argues, among other things, that Steven filed the Motion to Amend before the wrong Court, that Steven's right to request relief under FRCP Rule 59(e) tolled on July 5, 2018, and that the Court's April 1st Order did not constitute a final judgment.

10. On May 3, 2019, Defendant Deutsche Bank National Trust Company filed an Opposition to Steven's Motion to Amend, largely restating Defendant Ocwen's arguments, but also adding that Steven failed to explain his "excusable neglect".

## ARGUMENT

**I. Steven filed his Motion to Amend in the Correct Court**

Defendant Ocwen, et al. makes the preposterous argument that, "As an initial matter, Plaintiff brings this motion before the wrong court. The District Court is not able to make a determination on a matter solely before the appellate court." Yet, on December 7, 2018, the Court filed a Notice Regarding Appeal from Bankruptcy Court which provided that the Steven's appeal from the Bankruptcy Court will be heard in, and determined by the United States District Court. (Dist. Court Case No.: 2:18-cv-10188-AG, Doc. No. 2). Thus, Steven filed the Motion to Amend in the correct court, the Appellate Court never had jurisdiction over this matter.

**II. Steven's Motion to Amend was Timely Filed**

Defendants argue that Steven's right to request relief under FRCP 59(e) tolled on July 5, 2018. Defendants base their argument on the fact that Steven had 28 days from the Court's Order entered on June 7, 2018 granting Defendants' Motion for Judgment on the Pleadings. However, Defendants again misstate the procedural history and applicable law.

Steven filed a Motion to Alter or Amend Judgment pursuant to FRCPs 59(e) and 60 on June 11, 2018. The Court did not dismiss Steven's June 11th Motion until on or about November 21, 2018. Steven received a copy of the Court's order via mail several days thereafter. On December 6, 2018, Steven filed the Notice of Appeal with the Court.

Fed. R. App. P. 4(a)(4) provides that if a "party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:…(iv) to alter or amend the judgment under Rule 59…(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." (Emphasis Added) Contrary to the Defendants' arguments, Steven's Motion to Amend was timely filed. Pursuant to the rules of this Court, Steven had until December 6, 2018(Doc# 15 ) to file his Motion to Amend, the very date that he filed it. Thus, Steven timely filed his Motion to Amend and did so before the proper Court.

### III. Defendants' Arguments that the Court's April 1, 2019 Order was Not a Final Judgment Fails as a Matter of Law

Defendants argue that Steven is not entitled to relief under FRCP Rule 60(b) since the rule only applies to "final judgment[s], order[s], or proceedings[s]". The Defendants base their arguments on the language in the Court's April 1, 2019 Order which provides that the "action is dismissed without prejudice". Yet, the Defendants are ignoring the procedural effect that the

dismissal of Steven's Appeal had on the proceedings. *Henderson v. Duncan, 779 F.2d 1421, 1423-24(9th Cir. 1986)* and *Efaw v. Williams, F.3d 1038, 1041 (9th Cir 2007).*

As stated above, Steven timely filed his Notice of Appeal on December 6, 2018, appealing the Court's June 7, 2018 Order. Said period had been stayed by Steven's June 11, 2018 Motion to Amend. Yet, the Court's April 1, 2019 Order dismissing Steven's Appeal rendered the June 7, 2018 Order a final judgment. The fact that the Court dismissed Steven's Appeal without prejudice is irrelevant, the period of time in which he had to challenge the June 7, 2018 Order had tolled. In other words, as of April 1st Steven did not have the statutory right to file a subsequent Appeal of the Court's June 7, 2018 Order.

Courts have universally held that where an action is dismissed on procedural grounds, even without prejudice, that such matters are final and appealable. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015) (holding that "in cases in which the district court granted a motion to dismiss on procedural grounds that no amendment to the pleadings could cure, we have found that the dismissal was final and appealable."); *see also Zayed v. United States*, 368 F.3d 902, 905 (6th Cir. 2004). Since Steven lacked the ability to file a subsequent appeal following the Court's April 1st Order, said Order was final and appealable. Thus, Steven properly sought relief under FRCPs 59 and 60.

IV. **Steven's Motion to Amend and Affidavit in Set Forth the Circumstances Constituting "Excusable Neglect"**

Defendants argue that Steven failed to adequately explain his "excusable neglect" and that he failed to "declare, under penalty of perjury, whether he was capable of prosecuting his appeal and responding to the Court's March 15 order to show cause before his March 27 hospitalization". Yet, Steven's Motion clearly sets forth that he was severely-ill for a period of

two months beginning in late February and culminating with a period of hospitalization at the end of March. Said illness and hospitalization occupied the entire period of time at issue in the Court's Notice of Show Cause and subsequent dismissal. Moreover, on April 29, 2019, Steven filed a Sworn Affidavit in Support of his Motion to Amend. Said Affidavit also sets forth the foregoing facts regarding Steven's illness. The Affidavit also clearly documents that Steven was unable to comply with the Court's Order and is signed under the penalty of perjury.

Steven also sets forth in his Affidavit that he attempted to "utilize the services of the Pro Bono Clinic as recommended by Your Honor, even attending an appointment at the Clinic. However, due to my health I was unable to timely correspond to prosecute this matter". It is worth noting that Steven made the 123-mile roundtrip to Santa Ana, California, primarily through public transportation, to attend the clinic. Finally, there is a hearing scheduled in this matter on June 3, 2019. Steven has not yet had an opportunity to provide further evidence of facts supporting his "excusable neglect" at the hearing, which he fully intends to do.

As set forth in the Motion to Amend, Steven satisfies the factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380 (1993). In their Oppositions, Defendants fail to explain how they will be prejudiced by granting Steven's Motion to Amend. Steven submits that the reason is they cannot. Moreover, Steven has clearly demonstrated, and will further demonstrate at the hearing, that he has acted in good faith by seeking to vacate the Court's April 1, 2019 Order as soon as practicable. As argued in the Motion to Amend, courts have consistently held failing to comply with an Order due to medical reasons constitutes "excusable neglect" entitling the movant to relief.

///

///

///

///

///

///

## CONCLUSION

WHEREFORE, based upon the foregoing, Steven respectfully requests that this Court grant his Motion for Reconsideration; vacate the April 1, 2019 dismissal order; grant Steven a reasonable extension to prosecute his Appeal; and grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*Steven Mark Rosenberg*

Steven Mark Rosenberg

Dated: May 22, 2019