FILED

District Court Case# 18-10188-AG

2019 JUN -5  PM 3: 49

IN THE UNITED STATES COURT CENTRAL DISTRICT
SANTA ANA DIVISION

US. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

STEVEN MARK ROSENBERG,

*Plaintiff-Appellant,*

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE
FOR ALLIANCE BANCORP, MORTGAGE BACKED
CERTIFICATE SERIES 2007-OA1, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN
SERVICING, LLC.,

*Defendant-Appellee*

On Appeal from the United States District Bankruptcy Court
for the Central District of California, San Fernando Valley
AP Case# 1:17-ap-01096-vk
Hon. Judge Andrew J. Guilford

OPENING BRIEF OF PLAINTIFF-APPELLANT, STEVEN MARK ROSENBERG, FROM
THE JUNE 7, 2018 JUDGMENT IN THE UNITED STATES BANKRUPTCY COURT,
CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION, BANKRUPTCY
CASE NO. 1:17-BK-11748-VK, ADVERSARY PROCEEDING NO. 1:17-AP-01096-VK, THE
HONORABLE VICTORIA KAUFMAN PRESIDING

Steven Mark Rosenberg, *In Pro Per*
106 ½ Judge John Aiso St. #225
LA, CA 90012    Tel. # 310-971-5037
Founder@puttingelders1st.org

## I.     STATEMENT REGARDING ORAL ARGUMENT

The fraud allegations concerning the actions of Defendants as further detailed herein are factually intensive, and Plaintiff, Steven Mark Rosenberg ("Rosenberg") respectfully suggests that the Court would benefit from hearing Plaintiff explain certain details that may shed further light on the allegations set forth in the Complaint. Rosenberg seeks to vacate the Bankruptcy Court's judgment on the pleadings based upon the application of the facts in this case to the law in addition to legal errors committed by the Bankruptcy Court, and it is an understanding of the nuances in the facts of this matter than oral argument would benefit.

## II. TABLE OF CONTENTS

I. STATEMENT REGARDING ORAL ARGUMENT..........................................ii

II. TABLE OF CONTENTS..........................................................................iii

III. TABLE OF AUTHORITIES......................................................................iv

IV. JURISDICTIONAL STATEMENT..............................................................1

V. STATEMENT OF ISSUES.........................................................................2

VI. STATEMENT OF THE CASE....................................................................2

VII. SUMMARY OF THE ARGUMENT............................................................3

VIII. ARGUMENT

    A. Did the Bankruptcy Court err when it granted judgment on the pleadings in favor of the Defendants?...........................................................................................4

    B. Whether the Bankruptcy Court erred in determining that Rosenberg's claims were barred by the statute of limitations?........................................................................7

IX. CONCLUSION AND PRAYER FOR RELIEF..............................................9

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3582 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using [insert name and version of word processing program] Times New Roman 14-point font.

Date:  June 5, 2019

*[signature]*
Steven Mark Rosenberg

### III. TABLE OF AUTHORITIES

**Cases:**                                                                                                           **Pages**

*Gearhart v. Thorne,*
    768 F.2d 1072, 1073 (9th Cir. 1985)                                           4

*Doleman v. Meiji Mut. Life Ins. Co.,*
    727 F.2d 1480, 1482 (9th Cir. 1984)                                           4

*Hishon v. King Spalding,*
    467 U.S. 69, 73 (1984)     4

*NL Indus., Inc. v. Kaplan,*
    792, F.2d 896, 898 (9th Cir. 1986)     4

*Saterbak v. JP Morgan Chase Bank, N.A.,*
    245 Cal. App. 4th 808 (2016)     5

*Yvanova v. New Century Mortgage Corp.,*
    62 Cal. 4th 919 (2016)     6

*Mann v. American Airlines,*
    324 F.3d 1088, 1090 (9th Cir. 2003)     7

*Lukovsky v. City,*
    535 F.3d 1044, 1047 (9th Cir. 2008)     7

*Jobe v. Kronsberg,*
    G046853 (Cal. Ct. App. Jun. 27, 2013)     7

*Richards v. CH2M Hill, Inc.,*
    26 Cal. 4th 798, 811-818 (2001)     8

*Howard Jarvis Taxpayers Assn. v. City of La Habra,*
    25 Cal. 4th 809, 817 (2001)     9

**Statutes:**

28 U.S.C. § 1334     1
28 U.S.C. § 1331     1
Cal. Civ. Code § 2924.17     3, 5-7, 9-10
Cal. Civ. Code § 2924.12     5

## IV. JURISDICTIONAL STATEMENT

### A. District Court's Jurisdiction

Pursuant to 28 U.S.C. § 1334 the District Court has original and exclusive jurisdiction over all cases arising under the Bankruptcy Code. Moreover, under 28 U.S.C. § 1331, the District Court has "original jurisdiction of all civil actions arising under the…laws…of the United States." Plaintiff's action against the Defendants alleges causes of action for violation of 11 U.S.C. § 524(a), violation of Federal Rule of Bankruptcy Procedure 3001(c)(2)(B) and (C), fraudulent concealment, violation of 18 U.S.C. § 157 and declaratory relief.

The Bankruptcy Court entered the Amended Order on June 7, 2018 from which this appeal was taken (the "Amended Order"). See Docket 56 Appendix #1 (pg. 6). The Amended Order constitutes a final judgment.[1] See Appendix 2 (pgs. 1-6). While the Amended Order was entered on June 7th, Rosenberg timely filed a Motion to Alter or Amend Judgment (Docket #58 See Appendix 3) on June 11, 2018. The Bankruptcy Court did not rule on the Motion to Amend until November 21, 2018, when it entered an Order denying Rosenberg's Motion (Doc. #74 See Appendix 4). Rosenberg timely filed a Notice of Appeal on December 6, 2018 (Doc. #78 See Appendix 5).

On December 7, 2018, the District Court filed a Notice Regarding Appeal from Bankruptcy Court which provided that Rosenberg's appeal from the Bankruptcy Court would be heard in and determined by the District Court (See Appendix 6). Thus, for all the foregoing reasons, this Court has jurisdiction over this matter.    THIS ENTRY FORMAT: NOT ap TO santa ana/ abbreviation LOOK UP:  abbreviation for District Crt  Under 4 letters

---

[1] In fact, the Bankruptcy Court's original order entered on May 14, 2018 (Doc. # 50) expressly provided that "This is a final judgment".  PAGE 2 line 17

V.     STATEMENT OF ISSUES

1. Did the Bankruptcy Court err when it granted judgment on the pleadings in favor of the Defendants?

2. Whether the Bankruptcy Court erred in determining that Rosenberg's claims were barred by the statute of limitations?

VI.    STATEMENT OF THE CASE

Rosenberg filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 30, under case # 1:17-BK-11748-vk. On November 27, 2017, Rosenberg filed an adversary proceeding 1:17-ap-01096-vk against the Defendants.[2] The adversary complaint alleged, among other things, that the Defendants violated Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(B) and (C), fraudulent concealment, violation of 18 U.S.C. § 157, and sought both declaratory relief and a jury trial. On February 13, 2018, the Defendants filed a Motion for Judgment on the Pleadings (See Appendix #7). The Defendants sought judgment primarily on allegations that Rosenberg's claims were time-barred under California Law. Moreover, Defendants argued that Rosenberg's fraudulent concealment claims failed since he could not demonstrate that he sustained any damages a result of the fraud.

On May 14, 2018, the Court granted the Defendants' Motion for Judgment on the Pleadings (Doc. #49-50 See Appendix # 8 & 9). The Court entered an Amended Order on June 7, 2018. On June 11, 2018, Rosenberg filed a Motion to Alter or Amend Judgment (Doc. #58). The Court entered an Order denying the Motion on November 21, 2018 (Exhibit 10). On December

---

[2] On or about June 1, 2019, Rosenberg receiving a Notice of Servicing Transfer which stated that Defendant Ocwen would no longer be servicing his loan after May 31, 2019 and that PHH Mortgage Services was the new loan servicer. Thus, it is not clear at this point what, if any rights, Ocwen has in this matter going forward with respect to the Deed of Trust or Property. Moreover, it is unclear of PHH Mortgage Services' role and whether they are now a necessary party to this litigation.

6, 2018, Rosenberg filed a Notice of Appeal (See Appendix 11). On March 15, 2019, this Court issued a Minute Order requiring Rosenberg to show cause in writing on or before March 27, 2019 why his Appeal should not be dismissed for lack of prosecution. (See Appendix 12)

On April 1, 2019, the Court entered an Order dismissing Rosenberg's Appeal for Lack of Prosecution for Failure to Comply with the Court's Order. (See Appendix 13) On April 26, 2019, Rosenberg filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60(b). (See Appendix 14) Rosenberg sought to vacate the Court's Order dismissing his Appeal based on evidence that he had been severely ill during the period of time that the Court ordered that he show cause in writing. This Court subsequently entered a Minute Order extending Rosenberg's deadline to file an opening brief to June 5, 2019 at 4:00 p.m. (See Appendix 15) Docket #_____

## VII. SUMMARY OF ARGUMENT

The Bankruptcy Court erred in granting Defendants' Motion for Judgment on the Pleadings. In so doing, the Court incorrectly applied California law and wrongfully concluded that Rosenberg lacked standing in a "pre-foreclosure action". Based on its assumption of lack of standing, the Court admittedly did not even consider Rosenberg's fraudulent concealment claim. Moreover, the Court completely ignored several causes of action plead in Rosenberg's Complaint, including violations of Cal. Civ. Code § 2924.17.

In addition, the Bankruptcy Court incorrectly concluded that Rosenberg's claims were time-barred under the statute of limitations. The Court misapplied the Doctrine of Equitable Tolling, failed to consider evidence of continuing fraud on the part of Defendants, making the doctrines of continuing violations and/or continuous accrual applicable. Moreover, Rosenberg's

cause of action under Cal. Civ. Code § 2924.17is ripe since the assignment occurred in March of 2017, a mere seven (7) months prior to the filing of the Adversary Complaint.

## VIII. ARGUMENT

### A. Did the Bankruptcy Court err when it granted judgment on the pleadings in favor of the Defendants?

#### 1. Standard of Review

This Court review judgments on the pleadings de novo. *Gearhart v. Thorne*, 768 F.2d 1072, 1073 (9th Cir. 1985). All allegations of fact by the party opposing the motion are accepted as true. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). A dismissal on the pleadings for failure to state a claim is proper if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* A motion for judgment on the pleadings is subject to the same test as a motion under Rule 12(b)(6), the Court can affirm the lower court's dismissal only if "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Hishon v. King Spalding*, 467 U.S. 69, 73 (1984). Moreover, all material allegations in the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792, F.2d 896, 898 (9th Cir. 1986).

#### 2. Argument

In granting the Defendants' judgment on the pleadings Docket #74, the Bankruptcy Court relied heavily on Rosenberg's claims of fraud, cancellation and rescission as being barred under the statute of limitations in California. Moreover, the Court denied Rosenberg's fraudulent concealment action since he "lacked standing in a pre-foreclosure action to challenge a foreclosure sale" under California law. (See Appendix 16 pg.5 #  Line# 20-24) While the statute

of limitations issue is discussed below, Rosenberg addresses the Bankruptcy Court's errors resulting from its misapplication of both the facts and California law to the facts.

In its June 7, 2018 Amended Order, the Bankruptcy Court declined to consider whether Rosenberg had properly alleged fraudulent concealment since he could not "demonstrate that he sustained damage as a result of the concealed fact." (See Appendix 17) Yet, the allegations in the Rosenberg's Complaint contain a very different argument, one that the Bankruptcy Court did not consider. Some of the Bankruptcy Court's confusion may stem from the organization and headings of the Complaint. The Complaint does indeed list five (5) distinct claims, or causes of actions, under distinct headings. (See Appendix ____ pgs. ____ Line# ____ However, throughout the Complaint additional causes of action are plead with sufficient specificity.

More specifically, the Complaint also alleges under separate headings that "The Deed of Trust is Void Ab Initio Based on Forgery", Assignments Made by Alliance Bancorp., Inc. of Deed of Trust Are Void" and "Violations of California Civil Code Section Cal. Civ. Code § 2924.17". (See IBID) The last of these causes of action is of particular importance here. In the Amended Order the Bankruptcy Court relies heavily on the *Saterbak v. JP Morgan Chase Bank, N.A.*, 245 Cal. App. 4th 808 (2016) for the proposition that a homeowner lacks standing to challenge a foreclosure pre-foreclosure sale.

In *Saterbak*, the court expressly declined to consider Saterbak's efforts to challenge the defects in the assignment of the lender's deed-of-trust. Saterbak argued that Sections Cal. Civ. Code § 2924.17and 2924.12 of the California Homeowner Bill of Rights (HBOR) gave her standing. However, the court declined to consider Saterbak's arguments since the deed-of-trust was assigned in December of 2011 and not recorded until December of 2012. The HBOR did not go into effect until January 1, 2013 and the legislation did not provide for retroactivity. *Id*. at

818. Section Cal. Civ. Code § 2924.17provides in relevant part that an "assignment of a deed of trust…shall be accurate and complete and supported by competent and reliable evidence." Section Cal. Civ. Code § 2924.17permits borrowers to bring an action for damages or injunctive relief for a "material violation of Section… Cal. Civ. Code § 2924.17."

Thus, not only did the Bankruptcy Court entirely ignore a cause of action set forth in the Complaint, but it misapplied the *Saterbak* case, wrongfully concluding that Rosenberg lacked standing even though he clearly has standing under the HBOR. What's worse, the Bankruptcy Court expressly declined to consider Rosenberg's fraudulent concealment action on the mistaken belief that he lacked standing.[3] Rosenberg sufficiently plead and provided documentation (as cited in section 48 of the Complaint) (See Appendix #_____ pg.#_____ Line#_____ which support his allegations that Defendants failed to comply with Cal. Civ. Code § 2924.17by filing a false and unverified declaration.

Likewise, the Bankruptcy Court cites *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919 (2016) to hold that since Rosenberg was not a party to the PSA he does not have standing to bring a suit to void it. Moreover, the Court held that since Rosenberg's failure to state a claim was based on a lack of standing, he could not amend the Complaint to state a claim for relief on the current facts. However, like *Saterbak*, the assignment at issue in *Yvanova* occurred prior to the effective date of HBOR. Thus, the Bankruptcy Court's reliance on *Yvanova* is misplaced in light of both the limited scope of *Yvanova* and the fact that the Court ignored causes of action set forth in Rosenberg's Complaint as detailed above. In addition, the Court's

---

[3] The Bankruptcy Court seemed predisposed from the outset of the adversary case to quickly dispose of Rosenberg's Complaint. At a status conference held on January 24, 2018, the Court made it clear of its desire to receive a motion for judgment on the pleadings, stating "Okay. Well, I know one of the parties…indicated they were going to file a motion for judgment on the pleadings. *So hopefully they'll send that*, but…" (emphasis added). (Transcript 1/24/18, pg. 6, 1-4). **Appendix 18 page 6 Line 1-4**

conclusion that Rosenberg could not amend the Complaint since he lacked standing is improper, he does have standing and should be permitted an opportunity to amend the Complaint if needed.

Based on the foregoing, the Bankruptcy Court could not have properly applied the standard for granting a judgment on the pleadings since it is not clear that "no relief could be granted under any set of facts that could be proven consistent with the allegations". Viewed in the light most favorable to Rosenberg, he has sufficiently plead causes of action for fraudulent concealment and violations of Cal. Civ. § 2924.17, causes of action which the Bankruptcy Court never even considered.

### B. Whether the Bankruptcy Court erred in determining that Rosenberg's claims were barred by the statute of limitations?

#### 1. Standard of Review

This Court reviews dismissals on statute of limitations grounds de novo. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *Lukovsky v. City*, 535 F.3d 1044, 1047 (9th Cir. 2008).

#### 2. Argument

The Bankruptcy Court concluded that Rosenberg's forgery, and cancellation or rescission claims were barred under California law. Moreover, the Court held that Rosenberg's claims were not entitled to equitable tolling under California law. The Bankruptcy Court correctly sets forth the standard for equitable tolling. "Equitable tolling applies to situations in which a party has several legal remedies, pursues one such remedy reasonably and in good faith, and then turns to the second remedy after the statute has expired on that remedy." *Jobe v. Kronsberg*, G046853 (Cal. Ct. App. Jun. 27, 2013). (See Appendix 19 pg.# ____ Line# ____.

The facts support that Rosenberg has tirelessly prosecuted this matter for a period of over ten (10) years. Upon the completion of the probate case and subsequent appeal, Rosenberg filed

the adversary proceeding in Bankruptcy Court. Rosenberg has, in good faith, attempted to pursue all possible remedies to resolve the legal and accounting mess created by the Defendants' ongoing fraud. At the time of his parents' death, Rosenberg was the sole beneficiary of a trust through which he inherited the property at issue in this litigation. He attempted to resolve the matter in probate court. When that was no longer the suitable venue, and the case was dismissed without prejudice, Rosenberg pursued his remedies in the Bankruptcy Court, the proper court for his claims given his decision to file for bankruptcy protection. It is not clear how the Bankruptcy Court can possibly conclude that Rosenberg has not reasonably and in good faith pursued his available remedies.

Yet, even if the Court concluded that the Doctrine of Equitable Tolling were not applicable to his claims, his claims would still survive a statute of limitations defense. In its Amended Order, the Bankruptcy Court failed to consider evidence of continuing fraud on the part of Defendants. Namely, Defendants continued to file fraudulent and unverified assignments up to, and even following, the date that Rosenberg filed his Adversary Complaint. In Defendants' Request for Judicial Notice in Support of Defendants' Motion for Judgment on the Pleadings (Adversary Case No. 1:17-ap-01096, #17), the Defendants list several Assignments. The first of said assignments, listed in Section 9 (See Appendix 20 page# 63___ Line#___, was recorded on March 21, 2017. The second of said assignments, listed in Section 11, (Appendix 20 pg.#___ Line#) was recorded on December 14, 2017. Both of these documents were unverified, defective and part of a continuing pattern of fraud on the part of Defendants as alleged in the Complaint.

Under California law, the *continuing violation doctrine* aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for

all of them upon commission or sufferance of the last of them. *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 811-818 (2001). Moreover, under the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period. *Howard Jarvis Taxpayers Assn. v. City of La Habra*, 25 Cal. 4th 809, 817 (2001).

The Complaint alleges fraudulent concealment, as well as a violation of Cal. Civ. Code § 2924.17, with respect to the March 21, 2017 "CORRECTION" Assignment. As discussed above, pursuant to § 2924.12 Rosenberg has standing to bring the cause of action. Thus, to the extent that the March 2017 and December 2017 CORRECTION Assignments constitute evidence of continuing violations and/or continuous accrual, Rosenberg's claims are not barred by the statute of limitations. Moreover, as Rosenberg alleges a violation of § 2924.17 in connection with the March 21, 2017 Assignment in the Complaint, he filed suit against Defendants a mere seven (7) months later, well within the statutory timeframe. Rosenberg submits that he should be granted leave to amend the Complaint to plead facts as they relate to the December 2017 CORRECTION Assignment.

As the District Court must consider the statutes of limitations issues de novo, Rosenberg submits that his claims are not time barred under California law for all of the foregoing reasons.

### IX. CONCLUSION AND PRAYER FOR RELIEF

The Bankruptcy Court erred in granting Defendants' Motion for Judgment on the Pleadings. In so doing, the Court incorrectly applied California law and wrongfully concluded that Rosenberg lacked standing in a "pre-foreclosure action". Based on its assumption of lack of standing, the Court admittedly did not even consider Rosenberg's fraudulent concealment claim.

Moreover, the Court completely ignored several causes of action plead in Rosenberg's Complaint, including violations of Cal. Civ. Code § 2924.17.

In addition, the Bankruptcy Court incorrectly concluded that Rosenberg's claims were time-barred under the statute of limitations. The Court misapplied the Doctrine of Equitable Tolling, failed to consider evidence of continuing fraud on the part of Defendants, making the doctrines of continuing violations and/or continuous accrual applicable. Moreover, Rosenberg's cause of action under § 2924.17 is ripe since the purported "correction" assignment occurred in March of 2017, a mere seven (7) months prior to the filing of the Adversary Complaint.

WHEREFORE, Rosenberg respectfully requests that this Honorable Court enter an Order granting the following relief:

(a) Vacating the Bankruptcy Court's Amended Order granting Defendants' Motion for Judgment on the Pleadings;

(b) Grant Rosenberg leave to amend the Complaint to plead additional facts and causes of action as set forth herein; and

(c) Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: June 5, 2019

Steven Mark Rosenberg
Pro Se Plaintiff-Appellant