Case No. 18-10188-AG
_____

United States District Court for the Central District of California

Santa Ana Division

_____

STEVEN MARK ROSENBERG,

Plaintiff/Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE
FOR ALLIANCE BANCORP, MORTGAGE BACKEDCERTIFICATE SERIES
2007-OA1; OCWEN LOAN SERVICING, LLC, AND MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.
Defendants/Respondents

_____

Appeal from the United States Bankruptcy Court
for the Central District of California, San Fernando Valley, Adversary Case No.

1:17-ap-01096-VK

The Honorable Victoria S. Kaufman

_____

**ANSWERING BRIEF OF APPELLEES OCWEN LOAN SERVICING, LLC
AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC**.
_____

**WRIGHT, FINLAY & ZAK, LLP**
Jonathan D. Fink (CA State Bar #110615)
jfink@wrightlegal.net
*Nicole S. Dunn, Esq. (CA State Bar #213550)
ndunn@wrightlegal.net
4665 MacArthur Court, Suite 200, Newport Beach, CA 92660
Telephone:  (949) 477-5050; Facsimile:  (949) 608-9142

Attorneys for Defendants/Respondents
Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc.

-1-

## CORPORATE DISCLOSURE STATEMENT

### [FRAP 26.1]

Pursuant to *Federal Rules of Appellate Procedure* ("FRAP") 26.1, Defendants - Appellees submit the following corporate disclosures:

Ocwen Loan Servicing, LLC is a Delaware limited liability company, headquartered in West Palm Beach, Florida. It is a wholly owned subsidiary of Ocwen Financial Corp., which is a publicly traded corporation, with no entity owning more than 10% of its stock.

Mortgage Electronic Registration Systems, Inc. is a wholly-owned subsidiary of MERSCORP Holdings, Inc. MERSCORP Holdings, Inc. is owned by Maroon Holding, LLC. Intercontinental Exchange, Inc. is the only publicly-held corporation that individually owns 10% or more of Maroon Holding, LLC.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: August 2, 2019          By:     */s/ Nicole S. Dunn*
                                       Jonathan D. Fink, Esq.
                                       Nicole S. Dunn, Esq.
                                       Attorneys for Defendants/Respondents,
                                       Ocwen Loan Servicing, LLC and Mortgage
                                       Electronic Registration Systems, Inc.

# **<u>TABLE OF CONTENTS</u>**

**Page No.**

I.      INTRODUCTION ...................................................................1

II.     STATEMENT OF THE ISSUES ..............................................2

III.    STANDARDS OF APPELLATE REVIEW ...............................2

    1.    The Standard of Review of the Granting of the
      Motion is De Novo .........................................................2

    2.    Denial of Leave to Amend is Reviewed for
      Abuse of Discretion .......................................................4

    3.    General Principals ........................................................4

IV.     STATEMENT OF FACT ........................................................5

    1.    Loan and Foreclosure ....................................................5

    2.    Plaintiff's Prior Lawsuit ...............................................7

    3.    Procedural History.........................................................8

V.      SUMMARY OF THE ARGUMENT ........................................9

    1.    Appellant Lacks Standing ........................................... 10

2.      The Trial Court Did Not Err in Granting the MJOP on
        the Plaintiff's Fourth Claim for Fraudulent Concealment ............ 11

        A.      Appellant lacks standing to challenge the Assignments ..... 15

        B.      Appellant lacks standing to challenge the
                securitization of the Loan ..................................................... 19

3.      The Trial Court Did Not Err in Finding That the Forgery,
        Cancellation or Rescission Arguments Were Time-Barred .......... 21

        A.      The Trial Court Did Not Err in Finding
                Appellant's Claims were Time-Barred .............................. 22

        B.      There is No Continuing Violation in This Case ................. 24

4.      Denial of Leave to Amend was Proper as There was
        no "Reasonable Possibility" That Appellant Could Cure
        the Defects in the Complaint .......................................................... 27

VI.     CONCLUSION .......................................................................................... 29

        CERTIFICATE OF WORD COUNT ................................................................ 30

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Accord Cervantes v. Countrywide Home Loans, Inc.*

    656 F.3d 1034, 1043 (9th Cir. 2011) ............................................................27

*AE ex rel. Hernandez v. County of Tulare*

    666 F.3d 631, 636 (9th Cir.2012) ..................................................................4

*Affordable Housing Dev. Corp. v. City of Fresno*

    433 F3d. 1182, 1192 (9th Cir. 2006) ........................................................4, 10

*Ambers v. Wells Fargo Bank, N.A.*

    2014 WL 883752, at *5 (N.D. Cal. Mar. 3, 2014) .......................................15

*Anderson v. Cumming*

    827 F.2d 1303, 1305 (9th Cir.1987) ..............................................................4

*Ashcroft v. Iqbal*

    556 U.S. 662, 678 (2009) ..............................................................................4

*Banares v. Wells Fargo Bank, N.A.*

    2014 WL 985532, at *4 (N.D. Cal. Mar. 7, 2014) .......................................21

*Bascos v. FHLMC*

    2011 WL 3157063 at *6 (C.D. Cal. July 22, 2011) ......................................20

*Bell Atl. Corp. v. Twombly*

    550 U.S. 554, 570 (2007) ................................................................4

*Bianchi v. Bank of America, N.A.*

    2012 WL 11946982 (S.D. Cal. May 17, 2012) .............................................15

*Boley v. Griswold*

    87 U.S. 486, 488, 22 L. Ed. 375 (1874) ..........................................3

*Booth v. United States*

    914 F.3d 1199, 1207 (9th Cir. 2019) ..........................................22

*Bouman v. Block*

    940 F.2d 1211, 1234 (9th Cir. 1991) ..........................................3

*Bowen v. Oistead*

    125 F.3d 800, 806 , (9th Cir. 1997) ..........................................27

*Calvo v. HSBC Bank USA, N.A.*

    (2011) 199 Cal.App.4th 118, 122 ..............................................13

*Cervantes v. Countrywide Home Loans, Inc.*

    (9th Cir. 2011) 656 F.3d 1034, 1038-39 ..........................................14

*Cureton v. NCAA*

    252 F.3d 267, 273 (3rd Cir. 2001) ..............................................27

*Dawson v. Marshall*

    561 F.3d 930, 933 (9th Cir. 2009) ..............................................3

*Doe v. Busby*

    661 F.3d 1001, 1015 (9th Cir. 2011) ............................................................23

*Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*

    132 F.3d 526, 529 (9th Cir.1997) ...................................................................3

*FEC v. Williams*

    104 F.3d 237, 240 (9th Cir. 1996) ................................................................23

*Fleming v. Pickard*

    581 F.3d 922, 925 (9th Cir.2009) ...................................................................3

*Flowers v. First Hawaiian Bank*

    295 F.3d 966, 976 (9th Cir. 2002). ...............................................................28

*Fontenot v. Wells Fargo Bank, N.A.*

    198 Cal.App.4th 256, 272 (2011). ................................................................18

*Gardner v. Martino*

    563 F.3d 981, 991 (9th Cir.2009) .................................................................27

*Gomes v. Countrywide Home Loans, Inc.*

    192 Cal.App.4th 1149 (2011) .......................................................................18

*Goodwin v. Executive Trustee Serv., LLC*

    680 F.Supp. 2d 1244, 1251 (D. Nev. 2010) .................................................25

*Green v. Central Mortgage Company*

    2015 WL 5157479 at *4 (N.D. Cal. Sept. 4, 2015)......................................15

*Green v. Los Angeles County*

    883 F.2d 1472 (9th Cir.1989) ........................................................................26

*Grimmett v. Brown*

    75 F.3d 506, 514 (9th Cir. 1996) ..................................................................23

*Guatay Christian Fellowship v. County of San Diego*

    670 F.3d 957, 973, fn. 10 (9th Cir. Cal. 2011) ................................................5

*Hafiz v. Greenpoint Mortgage Funding, Inc.*

    652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009)...............................................20

*Herrera v. Federal Nat'l Mtge. Ass'n*

    (2012) 205 Cal.App.4th 1495, 1506-1507....................................................13

*In re Cossu*

    410 F.3d 591, 595 (9th Cir.2005) ...................................................................3

*Javaheri v. JPMorgan Chase Bank, NA.*

    2012 WL 6140962, at *7 (C.D. Cal. December 11, 2012)............................21

*Jean-Louis v. J.P. Morgan Chase Bank, N.A.*

    676 F. App'x 717, 718 (9th Cir. 2017) .........................................................17

*Jenkins v. JP Morgan Chase Bank, N.A.*

    216 Cal. App. 4th 497, 515 (2013)...............................................................20

*Kalnoki v. First Am. Tr. Servicing Sols., LLC*

    8 Cal. App. 5th 23, 43 (2017).......................................................................17

*Kan v. Guild Mortgage Company*

     (2014) 230 Cal.App.4th 736, 743-744............................................................20

*Keenan  v. Allan*

     889 F. Supp. 1320 (E.D. Wash. 1995)............................................................28

*King v. California*

     784 F.2d 910, 915 (9th Cir.1986) ..................................................................22

*Kirshner v. Uniden Corp. of America*

     842 F.2d 1074, 1077–78 (9th Cir.1988) ..........................................................4

*Komarova v. National Credit Acceptance, Inc.*

     (2009)175 Cal. App. 4th 324, 343 ..................................................................26

*Lane v. Vitek Real Estate Indus Group*

     713 F. Supp. 2d 1092, 1098-99 (E.D. Cal. 2010)...........................................21

*Lowther v. U.S. Bank N.A.*

     971 F. Supp. 2d 989 (D. Haw. 2013)..............................................................26

*Lucioni v. Bank of America*

     (2016) 3 Cal.App.5th 150 ...............................................................................12

*Lueras v. BAC Home Loans Servicing, LP*

     (2013) 221 Cal.App.4th 49, 86, fn. 14............................................................14

*McMartin v. Children's Institute International*

     (1989) 212 Cal.App.3d 1393, 1408 ................................................................28

*Moore v. MERS*

    2016 U.S. App. LEXIS 9079, at *3 (9th Cir. May 18, 2016)...................4, 10

*Myers v. Philip Morris Companies, Inc.*

    (2002) 28 Cal.4th 828, 840 ...........................................................................14

*Pace v. DiGuglielmo*

    544 U.S. 408, 418 (2005) ............................................................................22

*Pearson v. JP Morgan Chase, N.A.*

    2019 WL 108478 at *4 (S.D. Cal. Jan. 4, 2019) .........................................17

*Raines v. Byrd*

    521 U.S. 811, 818, 117 S.Ct. 2312 (1997) ...................................................10

*Rajamin v. Deutsche Bank National Trust Co.*

    (2d Cir. 2014) 757 F.3d 79, 90 ....................................................................19

*Ramirez v. Yates*

    571 F.3d 993, 997 (9th Cir. 2009) ...............................................................23

*Richards v. CH2M Hill, Inc.*

    (2001) 26 Cal. 4th 798, 812 .........................................................................25

*Rockridge Trust v. Wells Fargo, N.A.*

    985 F.Supp.2d 1110, 1152 (N.D. Cal. 2013)...............................................14

*Santa Fe Pointe, LP v. Greystone Servicing Corp., Inc.*

    2008 WL 3875259 at *1 (N.D. Cal. Aug. 19, 2008) ...................................28

*Santa Maria v. Pacific Bell*

    202 F.3d 1170, 1178 (9th Cir.2000) ............................................................22

*Saterbak v. JP Morgan Chase Bank, N.A.*

    (2016) 245 Cal.App.4th 808 ........................................................................13

*Schramm v. JP Morgan Chase Bank, N.A.,*

    2012 WL 12882882, at *5 (C.D. Cal. Aug. 16, 2012) ..................................25

*Sprint Communications Co., L.P. v. APCC Serv.'s, Inc.*

    554 U.S. 269, 273–74, 128 S.Ct. 2531(2008) ..............................................10

*Stennick v. Jones*

    282 F. 161, 165 (9th Cir. 1922) ....................................................................3

*Summers v. Earth Island Inst.*

    555 U.S. 488, 129 S.Ct. 1142, 1149–50, 173 L.Ed.2d 1 (2009) ..................10

*Tanaka v. Univ. of S. California*

    252 F.3d 1059, 1062 (9th Cir. 2001) ..............................................................3

*U.S. v. Ly*

    (11th Cir. 2011) 646 F.3d 1307, 1315 ..........................................................28

*United States v. Dunkel*

    927 F.2d 955, 956 (7th Cir.1991) ..................................................................5

*Van Boom v. Recontrust Co., N.A.*

    2010 WL 318402 at *1 (S.D. Cal. Jan. 19, 2010) ........................................27

*Walters v. Boosinger*

    (2016) 2 Cal. App. 5th 421, 430 ................................................................22

*Wasjutin v. Bank of Am., N.A.*

    732 F. App'x 513, 517 (9th Cir. 2018) ........................................................16

*Whalen v. Roe*

    423 U.S. 1313, 1316 (1975) ..........................................................................3

*Wood v. Elling Corp.*

    (1977) 20 Cal.3d 353, 359 ..........................................................................24

*Yagman v. Nationstar Mortg., LLC*

    699 F. App'x 634, 635 (9th Cir. 2017) ........................................................17

*Yhudai v. IMPAC Funding Corp.*

    (2006) 1 Cal.App.5th 1251-1252, 1256-1257, 1260 ....................................19

*Yvanona v. New Century Mortgage Corp.*

    (2013) 62 Cal.App.4th 919 ..........................................................................13

**Statutes**

*California Code of Civil Procedure* § 338(4) ...........................................................22

*California Civil Code* § 2924.17(b) .......................................................................13

*California Civil Code* § 2924g(c) ...........................................................................7

**Rules**

*FRCP Rule* 8 and 12(b)(6) .....................................................................................4

*FRCP Rule* 12(b)(6) ...............................................................................................3

Defendants – Respondents Ocwen Loan Servicing, LLC ("Ocwen") and Mortgage Electronic Registration Systems, Inc. ("MERS") hereby submit this Answering Brief to the Opening Brief ("AOB") of Steven Mark Rosenberg ("Appellant").

## I. **INTRODUCTION**

This is an appeal from the United States District Bankruptcy Court for the Central District of California ("Bankruptcy Court" or "Trial Court") with respect to the Order on Motion for Judgment on the Pleadings issued by the Honorable Victoria Kaufman on May 2, 2018, granting Appellees' Motion and dismissing with prejudice Appellant's claims.

Debtor Steven Mark Rosenberg ("Appellant") is the deceased Borrower's son and, in his individual capacity, brought an Adversary Proceeding seeking to challenge the pending nonjudicial foreclosure of the subject property. Appellant lacks standing to do so and, in any event, the allegations of forgery, fraud based on concealment, and rescission are all time-barred.

Appellant, in his capacity as administrator of the deceased Borrower's estate and trustee of the Family Trust, previously sought to challenge the subject loan based on claims of forgery and improper assignments by bringing a Probate Code Section 850 Petition. The Petition, which was filed in 2009, was voluntarily

-1-

dismissed by Appellant on January 20, 2015 in the face of an Order to Show Cause regarding dismissal.

On November 27, 2017, Appellant sought to resurrect essentially the same claims by bringing an adversary action in his personal bankruptcy. The filing of this belated action was highly improper and clearly time-barred. The challenge to the foreclosure also fails because Appellant has no standing to challenge Ocwen's authority to foreclose based on purported defects in the Assignments or transfers of the Note and Deed of Trust.

## II.   <u>STATEMENT OF THE ISSUES</u>

Ocwen and MERS contend that the actual issues on this appeal are:

1. Did Appellant have standing to bring these claims against Ocwen and MERS?

2. If Appellant had standing to bring these claims against Ocwen and MERS, were they barred by the statute of limitations?

## III.   <u>STANDARDS OF APPELLATE REVIEW:</u>

### 1.   <u>The Standard of Review of the Granting of the Motion is De Novo</u>

The standard for assessing a Federal Rules of Civil Procedure ("FRCP") Rule 12(c) motion for judgment on the pleadings is the same as the standard for a

Rule 12(b)(6) motion to dismiss[1]. *Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.,* 132 F.3d 526, 529 (9th Cir.1997). The review is de novo. *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir.2009); *In re Cossu,* 410 F.3d 591, 595 (9th Cir.2005) ("We review legal decisions of the bankruptcy court de novo, and without deference to the district court's decisions during the initial appeal.").

   "De novo review means that the reviewing court 'do[es] not defer to the lower court's ruling but freely consider[s] the matter anew, as if no decision had been rendered below'" *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (citation omitted).  However, the district court's order is presumed to be correct and the burden of demonstrating an error rests with the Appellant.  *Stennick v. Jones*, 282 F. 161, 165 (9th Cir. 1922); *Whalen v. Roe*, 423 U.S. 1313, 1316 (1975).  Further, "every presumption is in favor of the validity of the judgment." *Boley v. Griswold*, 87 U.S. 486, 488, 22 L. Ed. 375 (1874); *Bouman v. Block*, 940 F.2d 1211, 1234 (9th Cir. 1991). In addition, the order may be affirmed on any grounds supported by the record, regardless of whether they were considered by the district court.  *Tanaka v. Univ. of S. California*, 252 F.3d 1059, 1062 (9th Cir. 2001).

---

[1] Federal Rule of Civil Procedure Rule 12(c) is applicable through FRBP 7012 that provides "after the pleadings are closed- but early enough not to delay trial- a party may move for judgment on the pleadings.

Under FRCP Rule 8 and 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### 2. <u>Denial of Leave to Amend is Reviewed for Abuse of Discretion:</u>

To the extent that Appellant also appears to be complaining that he ought to have been given leave to amend the Complaint here, denial of leave to amend is reviewed for abuse of discretion. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir.2012).

### 3. <u>General Principals:</u>

Any issues not actually discussed in the Opening Brief are waived. *Affordable Housing Dev. Corp. v. City of Fresno* 433 F3d. 1182, 1192 (9th Cir. 2006); *Moore v. MERS*, 2016 U.S. App. LEXIS 9079, at *3 (9th Cir. May 18, 2016). Documents or facts not presented to the district court are not part of the record on appeal. *Kirshner v. Uniden Corp. of America,* 842 F.2d 1074, 1077–78 (9th Cir.1988). "The appealing litigant must ensure that sufficient facts are developed at trial to support a challenge on appeal." *Anderson v. Cumming,* 827 F.2d 1303, 1305 (9th Cir.1987).

Rule 28 of the Federal Rules of Appellate Procedure required Appellant to support his argument with citation to authority and to the parts of the record on which he relied. *See, Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 973, fn. 10 (9th Cir. Cal. 2011). Bare assertions and lists of facts unaccompanied by analysis and completely devoid of case law fall far short of the requirement that counsel present "appellant's contentions and the reasons for them." *Sekiya v. Gates*, 508 F3d 1198 (9th Cir. 2007).  As the Seventh Circuit famously observed in *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991): "Judges are not like pigs, hunting for truffles buried in briefs."

## IV.    STATEMENT OF FACT

### 1.  Loan and Foreclosure

On or about March 1, 2007, Isadore Rosenberg, a widower ("Borrower"), obtained a loan from Lender, AMPRO Mortgage, a division of United Financial Mortgage Corp. ("AMPRO") in the amount of $390,000.00 ("Loan"), which was secured by a deed of trust ("Deed of Trust") encumbering real property located at 15814 Septo Street, North Hills, California, 91343 (the "Property"). [Respondents' Appendix to Opening Brief ("RA") 0037-0057].Under the Deed of Trust, Respondent MERS was the beneficiary, as nominee for Lender and Lender's successors and assigns. *Id*.

Borrower died on February 4, 2008, and the Affidavit of Death was recorded on December 1, 2008. [RA 0059-0061]. Due to the existing default under the terms of the Loan and Deed of Trust, a Notice of Default was recorded on April 17, 2008 ("Original NOD") [RA 0063-0065]. On December 2, 2008, a Quitclaim Deed was recorded in which Steven Mark Rosenberg, in his capacity as Successor Trustee of the Isadore and Norma P. Rosenberg Trust, Dated May 4, 1990 purported to quitclaim the Property to Steven Mark Rosenberg, an unmarried man. [RA 0067-0069]. Rosenberg did not assume the loan.

MERS subsequently assigned the Deed of Trust, including the right to foreclose, to IndyMac Bank FSB. [RA 0071-0072]. As evidence of this, an Assignment of Deed of Trust ("Assignment1") was recorded on August 12, 2008. *Id.* IndyMac Bank FSB then assigned the Deed of Trust, including the right to foreclose, to Deutsche Bank National Trust Company, as Trustee for Alliance 2007-OA1. As evidence of this, but not as the operative instrument by which this sale and transfer occurred, an Assignment of Deed of Trust ("Assignment2") was later recorded on February 24, 2010. [RA 0074-0076].

A new Notice of Default ("NOD 1") was recorded on November 3, 2015 [RA0078-0083] and the Original NOD was subsequently rescinded on November 9, 2015. [RA 0085-0086].

///

-6-

On March 21, 2017, a corrective Corporate Assignment of Deed of Trust was recorded against the Property. [Appellant's Appendix to Opening Brief ("AA") 0054-56; RA 0088-0090]. The purpose of this corrective assignment was to correct the name of the assignee on the 2010 Assignment from Deutsche Bank National Trust Company as Trustee for Alliance 2007-0A1 to Deutsche Bank National Trust Company, as Trustee for Alliance *Bancorp Mortgage Backed Pass-Through Certificate Series* 2007-OA1 (the "Trust"). (emphasis added) [AA 0055; RA 0089].

As the default was not cured, a Notice of Trustee's Sale was recorded against the Property on May 18, 2017 ("NOS"). [RA 0092-0095]. However, to date, the foreclosure sale has not yet occurred and the NOS has lapsed as a matter of law.  Civil Code § 2924g(c).

On December 14, 2017, a second corrective Corporate Assignment of Deed of Trust was recorded against the Property. [AA 0067-0068; RA 0097-0099]. The purpose of this corrective assignment was to add the execution date and to correct the assignor on the Assignment recorded on 8/12/2008 [AA 0067; RA0098].

**2. Plaintiff's Prior Lawsuit**

On August 27, 2009, Appellant, in his capacity as administrator of administrator of the deceased Borrower's estate and trustee of the Family Trust, filed a petition under California Probate Code §850 challenging the right, title and

interest of One West Bank (the prior servicer on the Loan), MERS and the Trust to enforce the Deed of Trust. [RA00101- RA 00114].  In the face of a pending Order to Show Cause regarding Dismissal, Appellant, in his capacity as administrator of administrator of the deceased Borrower's estate and trustee of the Family Trust, sought to voluntarily dismiss his petition in January 2015. [RA00116-000119]. The Probate Court granted his request to dismiss the petition but did so with prejudice. Plaintiff appealed, and the Court of Appeal reversed the prior order of dismissal, directing that the petition to dismiss be granted without prejudice. [RA000121-00131].

Appellant, in his individual capacity, filed his underlying Chapter 7 Bankruptcy case on June 30, 2017. (1:17-bk-11748-VK -Dkt No. 1.) He received a Chapter 7 discharge on October 10, 2017. (1:17-bk-11748-VK - Dkt No. 21.) Nonetheless, he filed the underlying Adversary Proceeding [Case No. 1:17-ap-01096-VK] on November 27, 2017 against the Trust, Ocwen and MERS, attempting to raise claims for Violation of 11 USC Sec. 524; Violation of FRBP Rule 3001(c)(2); Fraudulent Concealment; Violation of 18 USC Sec. 157 and Declaratory Relief.  [AA 0070-0096].

### 3.    Procedural History:

In response to the filed Adversary Proceeding [AA 0070-0096], Ocwen and MERS filed a Motion for Judgment on the Pleadings ("MJOP") on February 13,

2018. [RA 000001-000029]. It was opposed [RA 000132-000175] and a Reply was filed. [RA 000176-000184]. This court granted the MJOP without leave to amend with the Ruling posted to the docket at Doc. No. 41. [RA 000185-000197]. The Order granting the MJOP was filed and entered in May 14, 2018. [RA 000198-215]. The Judgment following the MJOP was filed and entered on May 14, 2018. [RA 000216-000217]. The Judgment was subsequently amended to include the Trust which had joined in the MJOP. [RA 000218-219]. The amended Judgment was entered in June 7, 2018. *Id*. Appellant filed a Motion to Alter or Amend Judgment on June 11, 2018. [AA 0011-0026]. Absent that, he would have missed the time to appeal. Appellant filed the Notice of Appeal on December 6, 2018. [AA 00108-0011].

## V.   SUMMARY OF THE ARGUMENT:

The Appellant's arguments on this appeal appear to be limited to the claims that: (1) there were reversible errors as to the motion for judgment on the pleadings as the lower court did not consider violations of Civil Code §2924.17 allegedly raised in the Fraudulent Concealment claim; and (2) certain claims were not time-barred or at the very least were subject to the "continuing violation doctrine." Appellant is mistaken on both scores, as discussed below.

Further, Appellant has waived any and all other attacks he might have on any other rulings by the lower court, including its May 2, 2018 Order granting the

MJOP entered on June 7, 2018 [RA 000185-000197], based on the fact that Appellant failed to set forth any actual analysis or citation to authority in the AOB. *Affordable Housing Dev. Corp.,* 433 F3d. at 1192; FRAP Rule 28.

### 1.    <u>**Appellant Lacks Standing**</u>.

As an initial matter, Appellant is a non-borrower who never assumed the subject loan and never made any payments on it.

Under Article III of the United States Constitution, a federal court can only adjudicate an actual live "case or controversy," which requires a plaintiff to demonstrate standing. *Summers v. Earth Island Inst.,* 555 U.S. 488, 129 S.Ct. 1142, 1149–50, 173 L.Ed.2d 1 (2009) In order to establish standing, the plaintiff must demonstrate (1) an injury in fact, which is defined as a concrete and particularized invasion of a legally protected interest; (2) causation which is fairly traceable between the alleged injury in fact and alleged conduct of the defendant; and (3) redressability. *Sprint Communications Co., L.P. v. APCC Serv.'s, Inc.,* 554 U.S. 269, 273–74, 128 S.Ct. 2531(2008). A standing inquiry accordingly focuses on whether the plaintiff is the proper party to bring the lawsuit. *Raines v. Byrd,* 521 U.S. 811, 818, 117 S.Ct. 2312 (1997). Rosenberg, as an individual is not.

If the Isadore Rosenberg Family Trust assumed the loan (it did not), only the trustee of the trust could bring suit—and the family trust was not the debtor in the underlying bankruptcy. [Case No. 1:17-ap-01096-VK].  If the loan was not

assumed by anyone, then it is the administrator of the estate, <u>in that capacity</u>, who should have standing, not Rosenberg individually.

## 2. <u>The Trial Court Did Not Err in Granting the MJOP on the Plaintiff's Fourth Claim for Fraudulent Concealment.</u>

Appellant argues that the Bankruptcy Court did not consider specific arguments raised in the Complaint relative to the alleged violations of Civil Code Section 2924.17. [AOB p. 10].

As an initial matter, the argument relative to the alleged violation of Civil Code § 2924.17 should be disregarded because Appellant failed to raise this issue in the lower court. Documents or facts not presented to the district court are not part of the record on appeal. *Kirshner ,* 842 F.2d at 1077–78. Respondent must ensure that sufficient facts are developed at trial to support a challenge on appeal. *Anderson,*  827 F.2d at 1305. None of the factual representations relative to violations of Civil Code § 2924.17 have any support in the record. Rosenberg "must bear the burden of a factual record that is incomplete on the issues [he] raises." *Id.*  The alleged violation of Civil Code § 2924.17 was <u>not</u> a claim listed and discussed in the Complaint. It was merely a point raised in the "Procedural and Factual Background" section of the Complaint along with other discussion relative to forgery by a caregiver, among other things.  Thus, this issue is waived on appeal and should not be considered.

-11-

Even if it had been raised below, that argument would have no merit per
*Lucioni v. Bank of America,* (2016) 3 Cal.App.5th 150. In a pre-foreclosure setting
(as was the case at the time of judgment): "California HBOR statute —'do[es] not
create a burden on the foreclosing party to prove anything in court, other than that
the declaration required by section 2923.55, subdivision (c), was filed, and that
necessary steps were taken before filing it'….Moreover, Defendants have
identified —the deed and its assignments that [they] rely upon to substantiate
[their] right to foreclose." *Id*, at163.

Second, Appellant to misconstrues the purpose of § 2924.17.  Section
2924.17 provides, in pertinent part, that a declaration or foreclosure related notice
(*i.e*., notice of default, notice of sale, substitution of trustee, assignment of deed of
trust) recorded in connection with a foreclosure shall be accurate and complete and
supported by competent and reliable evidence. Appellant's allegations in this
regard are also predicated on the fatally flawed theory that the Assignment to the
Trust was invalid.  However, § 2924.17 does not pertain to authority to foreclose,
but rather to the declarations concerning the default *giving rise to* the foreclosure.
*Lucioni, supra*, at 162-163:  "The statute does not require the declaration to contain

a statement about the right to foreclose. The declaration concerns only the lender's efforts to contact the borrower to provide the required information."[2]

Third, Appellant argues that the court improperly relied on *Saterbak v. JP Morgan Chase Bank, N.A.,* (2016) 245 Cal.App.4th 808 for the proposition that a homeowner lacks standing to challenge a foreclosure pre-sale in that *Saterbak* was a pre-HBOR case. Appellant is mistaken as to the importance of *Saterbak* to the lower court's determination; *Saterbak* is only mentioned in a string citation [RA 000193] as one of several cases on the issue and the court provides an analysis of the lack of standing via a review of *Yvanona v. New Century Mortgage Corp.*, (2013) 62 Cal.App.4th 919.  Moreover, contrary to Appellant's insistence, the enactment of HBOR did not create pre-foreclosure standing to challenge an assignment.

It has long been the rule in California that assignments do not need to be recorded for there to be a valid transfer of a security interest in a loan.  *Calvo v. HSBC Bank USA, N.A.*, (2011) 199 Cal.App.4th 118, 122; *Herrera v. Federal Nat'l Mtge. Ass'n*, (2012) 205 Cal.App.4th 1495, 1506;  *Cervantes v. Countrywide*

---

[2] The statute merely requires that "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." *Civil Code* § 2924.17(b). MERS is not a loan servicer.

-13-

*Home Loans, Inc.,* (9th Cir. 2011) 656 F.3d 1034, 1038-39 (holding also, at 1044, that the security follows the note even without a recorded assignment).

In *Saterba*k, the court ruled there was no standing to challenge MERS' assignment of the Deed of Trust as it was done before the Homeowner Bill of Rights ("HOBR") was enacted on January 1, 2013. *Saterbak*, supra, fn.8.  The HOBR which includes *Civil Code* §2924.17, became effective as of January 1, 2013, and has no retroactive effect. *Lueras v. BAC Home Loans Servicing, LP,* (2013) 221 Cal.App.4th 49, 86, fn. 14; *Myers v. Philip Morris Companies, Inc*. (2002) 28 Cal.4th 828, 840 ["retroactive application is impermissible unless there is an express intent of the Legislature to do so"]; *Rockridge Trust v. Wells Fargo, N.A*.  985 F.Supp.2d 1110, 1152 (N.D. Cal. 2013) [applying *Myers* to the HOBR and concluding no retroactivity intended].)

Contrary to Appellant's assertion, the Assignment at issue here was also recorded pre-HOBR. Specifically, the March 2017 Assignment that allegedly did not comply with HOBR (because it was supposedly, somehow [unidentified by Appellant], "false and unverified") [AOB p.11] was merely a "corrective" Assignment that was recorded to correct a slight misnomer as to the assignee[3] on the operative Assignment which was recorded pre-HOBR, on February 24, 2010 in

---

[3] The assignee name was corrected from *"IndyMac Bank, FSB"* to *"Federal Deposit Insurance Corporation as receiver for IndyMac Bank, FSB."*  This was done simply to reflect the fact that IndyMac Bank, FSB had been taken over by the FDIC, in its capacity as receiver.

-14-

Instrument No. 20100248050. [RA 000074-00076; RA 000088-000090]. The argument that the "corrective" Assignment failed to comply with HOBR is unmeritorious as it is merely a mechanism to correct a scrivner's error, rather than the actual operative Assignment granting, assigning and transferring interest in the Deed of Trust. Id.

Appellant fares no better in his efforts to attack the lack of standing issue. He challenges the holding in *Yvanova* which the lower court relied upon in concluding that Appellant had no standing to challenge the voidability of the Assignment of Deed of Trust or the PSA because he was not a party to it. [AOB p. 11].

A. <u>Appellant lacks standing to challenge the Assignments</u>

One who is not a party to a loan cannot assert statutory or fraud claims arising out of the transfer or enforcement of that loan. *Green v. Central Mortgage Company,* 2015 WL 5157479 at *4 (N.D. Cal. Sept. 4, 2015)(and cases cited therein): "only 'borrowers' have standing to assert claims for violations of HBOR." *See also Ambers v. Wells Fargo Bank, N.A.*, 2014 WL 883752, at *5 (N.D. Cal. Mar. 3, 2014) (plaintiff did not sign the deed of trust or assert any other basis for standing); *Bianchi v. Bank of America, N.A.*, 2012 WL 11946982 (S.D. Cal. May 17, 2012). Appellant is not a party to the loan, nor has he assumed it. Even if he had, though, he would still not be a party to the assignment or the PSA

and absent a showing that they were void, not merely voidable, could not sue over those documents either.  No such showing was made here.

In the context of non-judicial foreclosure, California law precludes a pre-sale lawsuit to determine authority to foreclose, which "would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California legislature" and permit the plaintiffs to impose a requirement "inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy." *Saterbak,* 245 Cal. App. 4th at 815 (citations and quotations omitted). See also *Yvanova,* 62 Cal.App.4[th] at 934 (Appellant cannot challenge a foreclosing entity's right to foreclose until after foreclosure sale has occurred. "This aspect of *Jenkins,* disallowing the use of a lawsuit to preempt a nonjudicial foreclosure, is not within the scope of our review.").

Specifically, the *Saterbak* court stated, *"Yvanova's* ruling is expressly limited to the post-foreclosure context. Because Saterbak brings *a preforeclosure* suit challenging Defendant's ability to foreclose, *Yvanova* does not alter her standing obligations." *Id.* at 815 (citing *Yvanova, supra,* at 934-35). Here, the foreclosure sale has not yet occurred. California law does not allow Appellant to bring a pre-foreclosure suit to challenge the foreclosing entity's right to foreclose.  The Ninth Circuit concurs.  *See Wasjutin v. Bank of Am., N.A.,* 732 F. App'x 513, 517 (9th Cir. 2018) ("Nothing about Yvanova suggests that, contrary to longstanding

-16-

precedent on this point, California now allows an action for wrongful foreclosure before a foreclosure takes place); *Yagman v. Nationstar Mortg., LLC,* 699 F. App'x 634, 635 (9th Cir. 2017) (Yvanova provides no assistance to Yagman; his property has not been subject to a nonjudicial foreclosure. As we have in the past, we join the majority of courts that have declined to extend Yvanova."); *Jean-Louis v. J.P. Morgan Chase Bank, N.A.,* 676 F. App'x 717, 718 (9th Cir. 2017) ("According to the complaint, Jean-Louis's property has not been subject to a nonjudicial foreclosure. For this reason, *Yvanova* is not applicable here.").

In addition, and more importantly, *Yvanova* also held that in order to challenge a party's authority to foreclose, a borrower must be able to allege a defect that renders the loan or assignment *void, not just merely voidable. Yvanova, supra,* at 942- 43 ("We conclude a home loan borrower has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void, depriving the foreclosing party of any legitimate authority to order a trustee's sale."). *See also Kalnoki v. First Am. Tr. Servicing Sols., LLC,* 8 Cal. App. 5th 23, 43 (2017). Again, the courts in this Circuit agree. *See, e.g. Pearson v. JP Morgan Chase, N.A.,* 2019 WL 108478 at *4 (S.D. Cal. Jan. 4, 2019)(and cases cited therein).

Here, Appellant offers only unsupported conclusory allegations of voidness based on violations of HOBR that are not applicable as discussed above.

Further, an assignment of a Deed of Trust or transfer of a Note merely substitutes one beneficiary or creditor (respectively) for another, without changing a borrower's obligations under the loan. *Herrera v. Federal National Mortgage Assn.,* (2012) 205 Cal. App. 4th 1495, 1507(disapproved on other grounds by *Yvanova v. New Century Mortg. Corp.*, (2016) 62 Cal. 4th 919). Therefore, any alleged impropriety in an assignment affects only the parties to the assignment, not Appellant. *Id. See also*, *Gomes v. Countrywide Home Loans, Inc*., (2011) 192 Cal.App.4th 1149; *Fontenot v. Wells Fargo Bank, N.A.,* (2011) 198 Cal.App.4th 256, 272(disapproved on other grounds by *Yvanova v. New Century Mortg. Corp.*, (2016) 62 Cal. 4th 919).

Given that Appellant is the suing party, it is his burden to establish that the Assignment is invalid and/or Respondents lack standing to foreclose, not Respondents' burden to prove otherwise. A borrower's similar attempt to transfer this burden to the foreclosing entity was recently rejected by the Second Appellate District in *Yhudai v. IMPAC Funding Corp.* (2006) 1 Cal.App.5th 1252, 1260, stating, "Yhudai also contends that he should not have to prove that the 2009 assignment is void; the respondents, he argues, should bear the burden of proving the validity of the 2009 assignment. ... Here, however, Deutsche Bank has sued no

-18-

one. Yhudai, as the plaintiff challenging a nonjudicial foreclosure, has the burden to prove it was wrongful." *Even if* a transaction is defective, the transaction is not invalid unless one of the parties to the transaction, such as the beneficiary or trustee, takes steps to make it so. *Yhudai*, *supra*, at 1257. Otherwise, a stranger to the trust, such as a borrower, simply seeking to avoid foreclosure, would have standing to assert that the unauthorized transaction is void, thereby giving "the stranger … the power to interfere with the beneficiaries' right of ratification," which would thus conflict directly with the beneficiaries' rights under the trust. *Yhudai* at 1259*, citing Rajamin v. Deutsche Bank National Trust Co.* (2d Cir. 2014) 757 F.3d 79, 90.

> The *Yhudai* court held:
>
> 'California law," the *Yvanova* court explained, "does not give a party personal standing to assert rights or interests belonging solely to others.When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment; the transaction is not void unless and until one of the parties takes steps to make it so. A borrower who challenges a foreclosure on the ground that an assignment to the foreclosing party bore defects rendering it voidable could thus be said to assert an interest belonging solely to the parties to the assignment rather than to herself."…. Yhudai is such a borrower.' *Id*. As are Appellants.

B.  Appellant lacks standing to challenge the securitization of the Loan

Appellant asserts the lower court erred in finding he has no power to bring a suit to void the PSA. AOB p. 11-12. Given that Appellant is not a party to the PSA,

nor was he an intended third party beneficiary, he has no standing to challenge the securitization. *Green, supra*; *Saterbak, supra* at 814-815; *Kan v. Guild Mortgage Company* (2014) 230 Cal.App.4th 736, 743-744. Borrowers who are not parties to a trust agreement or other agreement governing securitization lack standing to enforce such agreements where their obligations under the promissory note remain unchanged. *Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal. App. 4th 497, 515 (2013), disapproved on other grounds by *Yvanova v. New Century Mortg. Corp.*, (2016) 62 Cal. 4th 919, ____, fn.13. "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements ... relating to such transactions." *Id.*

Assigning a loan into a securitized trust does not invalidate the transfer or change the obligations owed by a borrower under the terms of the loan. California courts have consistently rejected such claims. *See Bascos v. FHLMC,* 2011 WL 3157063 at *6 (C.D. Cal. July 22, 2011) ("to the extent Plaintiff contends that defendants do not have the authority to foreclose because the loan was packaged and resold in the secondary market, this argument is rejected."); *Hafiz v. Greenpoint Mortgage Funding, Inc.,* 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (argument that "all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool" is "both

-20-

unsupported and incorrect"); *Lane v. Vitek Real Estate Indus Group,* 713 F. Supp. 2d 1092, 1098-99 (E.D. Cal. 2010) ("[t]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); *Javaheri v. JPMorgan Chase Bank, NA.,* 2012 WL 6140962, at *7 (C.D. Cal. December 11, 2012) ("Although Javaheri contends that the Lender received payment in full upon securitization of his Note, courts have consistently disagreed, holding that 'the sale or pooling of investment interests in an underlying note [cannot] relieve borrowers of their mortgage obligations.").

Thus, any arguments regarding the PSA or securitization of the loan would, at best, be premature in this pre-foreclosure case. Even in a post-foreclosure case, Appellant would not fare better to the extent that any defect in securitization or substitution would merely make the transaction voidable, not void, and then only at the election of a beneficiary of Trust (which Appellant is not). *See Banares v. Wells Fargo Bank, N.A.*, 2014 WL 985532, at *4 (N.D. Cal. Mar. 7, 2014).

3. **The Trial Court Did Not Err in Finding That the Forgery, Cancellation or Rescission Arguments Were Time-Barred.**

Appellant's complaint that the Bankruptcy Court erred in stating his claims were not entitled to equitable tolling [AOB P.12] misapprehends the concept. Appellant fares even worse in arguing that the Bankruptcy Court erred in failing to consider evidence of continuing fraud under the continuing violation doctrine since

Respondents allegedly continued to "file fraudulent and unverified assignments up to . . . the date that Rosenberg filed his Adversary Complaint." [AOB p. 13].

A. <u>The Trial Court Did Not Err in Finding Appellant's Claims were Time-Barred</u>

Any claims in the Complaint based on the allegations of forgery are time-barred by the four-year statutes of limitation. Cal. Civ. Proc. §§ 337 (rescission of contract), 343 (cancellation of instruments). S*ee also, Walters v. Boosinger*, (2016) 2 Cal. App. 5th 421, 430. The only exception to this rule is when fraud or mistake are involved, in which case the three-year statute of limitations would apply. *Id*.; CCP § 338(4). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir.1986).

Although "equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim [citation]," a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *Santa Maria v. Pacific Bell* 202 F.3d 1170, 1178 (9th Cir.2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As the Ninth Circuit recently reaffirmed in *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019):

> To obtain equitable tolling a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." [citation omitted]….The first

-22-

element requires "the effort that a reasonable person might be
expected to deliver under his or her particular circumstances," id.
(*quoting Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011)), and asks
whether the plaintiff was "`without any fault' in pursuing his claim,"
id. (*quoting FEC v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996)). The
second element requires the litigant to "show that extraordinary
circumstances were the cause of his untimeliness and ... made it
impossible to file the document on time." Id. (*quoting Ramirez v.
Yates*, 571 F.3d 993, 997 (9th Cir. 2009)). "Whether a particular
untimely claim may be excused for a particular reason varies with the
reason." *Id.* at 1051.

Here, Appellant's forgery/rescission/cancellation claims are time-barred, and

Appellant is not entitled to tolling because he admitted that he was not only aware

of the existence of the purported forgery when he filed the 850 Petition on August

29, 2009 [RA 000101-000111] but also had raised claims of forgery in that

Petition. [RA 000106-000107]. Nonetheless, he still waited to file the instant

action until November 27, 2017, long after the four-year statutes of limitation on

any forgery had expired. (1:17-ap-01096-VK - Dkt No. 27).  Appellant makes no

showing of any legitimate excuse for his delay and, to the extent he seems to be

asserting fraudulent concealment [AOB at 10, 11, 12 and 14], his complaint failed

to establish that any such concealment actually existed, let alone was sufficient to

warrant equitable tolling.  *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir. 1996).

Appellant might try to argue that this adversary proceeding is a continuation

of the 2009 850 Petition, thus it is not time-barred. [Compl., ¶24].  Such an

argument would be incorrect and improper since Appellant voluntarily dismissed

-23-

that Petition, albeit ultimately without prejudice. [Compl., ¶20].  California treats

an action dismissed without prejudice as if "no action has been brought," unless a

statute specifies otherwise. *Wood v. Elling Corp*., (1977) 20 Cal.3d 353, 359.  Nor

can he argue that his appeal from that dismissal (to have the dismissal be without

prejudice) was a factor since that appeal was decided on October 26, 2016 but the

adversary action was still not filed until over a year later, on November 27, 2017.

[AA 0070-0096].

Appellant also had numerous opportunities to amend the Petition while it

was pending but failed to seek further action against any of the parties in that

matter at that time. Rather, he waited over eight years from when he filed the

Petition to file the Adversary Complaint and then did so in his individual capacity,

not as administrator of the estate nor as trustee of the Family Trust. It is completely

improper to raise time-barred claims in a new action, especially when Appellant

clearly had an opportunity to raise those claims years ago in his 850 Petition.

>    B.  There is No Continuing Violation in This Case.

Appellant alleged that Isadore Rosenberg's signature on the March 2007

Deed of Trust was forged, thus the document was created by fraud and is void *ab

initio*. [RA 000105-000107]. He attempts to resurrect this long-since time-barred

allegations by claiming that the alleged fraud continued because MERS and Ocwen

recorded corrective Assignments of Deed of Trust in March 2017 and December

-24-

2017. [AOB p. 13-14].  What the assignments have to do with the claim that the Deed of Trust was forged is a mystery—the assignments merely transfer whatever rights exist under that Deed of Trust, they do not create new rights, nor do they serve to resurrect time-barred origination claims.

The allegedly wrongful act was the execution, at origination, of the deed of trust itself. That conduct did not occur again or otherwise continue, and the assignments and enforcement were merely effects of the original violation, not new violations in their own right. *Goodwin v. Executive Trustee Serv., LLC*, 680 F.Supp. 2d 1244, 1251 (D. Nev. 2010).  Allegations that relate only to the continuing effects of an earlier wrong are insufficient to invoke the continuing violations theory. *Schramm v. JP Morgan Chase Bank, N.A.*,  2012 WL 12882882, at *5 (C.D. Cal. Aug. 16, 2012).  Thus, the claims cannot be saved under the continuing violation doctrine because the recording of the corrective Assignments are not sufficiently linked to the putative "forgery" of the Deed of Trust to constitute an ongoing violation.

The continuing violation doctrine only permits recovery "for actions that take place outside the limitations period *if these actions are sufficiently linked to unlawful conduct within the limitations period*[.]" *Richards v. CH2M Hill, Inc.*, (2001) 26 Cal. 4th 798, 812. "The key is whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated

-25-

discrete acts. If there is a pattern, then the suit is timely if the action is filed within one year of the most recent violation[.]" *Komarova v. National Credit Acceptance, Inc.*, (2009)175 Cal. App. 4th 324, 343 (citation omitted).  "The key requirement of a continuing violation 'is that the incidents must be closely enough related, such as within the same category or type of violation.' " *Id.* (some citations omitted).

In *Green v. Los Angeles County,* 883 F.2d 1472 (9th Cir.1989), the Ninth Circuit found no continuing violation because the alleged violations (a series of harassments) that fell within the limitations period were not in the same category as those outside the limitations period. *Id*. at 1481. The same rationale applies to the instant case, Appellant's allegation that the forged Deed of Trust is fraudulent and void is separate from the corrective Assignments of the Deed of Trust, which actually arose from the transfer of the Deed of Trust. In *Lowther v. U.S. Bank N.A.,* 971 F. Supp. 2d 989 (D. Haw. 2013), the district court ruled that allegations of forging an assignment of debt and later using that assignment to foreclose on the plaintiff's property were two discrete acts, and the timely foreclosure claim could not save the forgery claim under the continuing violations doctrine. Id. at 1004. Case law establishes that the finding of a continuing violation requires that the underlying acts be substantively related and part of a larger pattern. *Id*. A discrete act does not constitute a continuing violation, and recording "corrective"

-26-

Assignments cannot be reasonably construed as anything but discrete acts. Thus, there was no continuing violation in this case.

**4.  Denial of Leave to Amend was Proper as There was no "Reasonable Possibility" That Appellant Could Cure the Defects in the Complaint.**

As noted above, where, as here, a complaint is dismissed without leave to amend, the denial of leave is reviewed under an abuse of discretion standard. *AE ex rel. Hernandez supra*, at 636.

To preserve error in the district court's denial of leave to amend, a plaintiff must show that he or she requested leave to amend in the district court <u>and explained to that court how he or she could amend the complaint to state a claim meeting Rule 8(a) or 9(b) standards</u>. *Bowen v. Oistead,* 125 F.3d 800, 806 , (9th Cir. 1997).  Appellant failed to meet this requirement, both in connection with his arguments to the lower court and in his AOB.

Moreover, even if Appellant had requested leave to amend, the Ninth Circuit in *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir.2009), held that a district court is entitled to deny leave to amend where the party seeking leave has failed to either attach a proposed amended complaint in violation of local rules and has failed to even articulate a factual and legal basis for the proposed amendment.  *Accord Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011); *see also Cureton v. NCAA*, 252 F.3d 267, 273 (3rd Cir. 2001); *Van Boom v. Recontrust Co., N.A.*, 2010 WL 318402 at *1 (S.D. Cal. Jan. 19, 2010); *Santa Fe

-27-

*Pointe, LP v. Greystone Servicing Corp., Inc.,* 2008 WL 3875259 at *1 (N.D. Cal. Aug. 19, 2008).

Here, Appellant did not provide the lower court, nor has he provided this Court, with any specifics as to how he would amend his complaint or how any such amendment could cure the defects in the Complaint.  Vague promises and mere conclusions do not suffice.  It is not the Court's duty to search for Appellant's cure. *See, Keenan  v. Allan*, 889 F. Supp. 1320 (E.D. Wash. 1995) aff'd, 91 F.3d 1275 (9th Cir. 1996); *U.S. v. Ly*, (11th Cir. 2011) 646 F.3d 1307, 1315.

Here, Appellant did not and cannot demonstrate how he can possibly amend the Complaint to assert a valid cause of action as to Ocwen or MERS, as all of Appellant's theories and claims are barred by his lack of standing and/or the running of the applicable statutes of limitation. Though this Court is "cautious in approving a district court's decision to deny pro se litigants leave to amend," it affirms when "it is clear that the deficiencies cannot be cured by amendment" or that "amendment would be futile." *Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir. 2002).

///

///

///

-28-

## VI.    CONCLUSION

For the reasons set forth herein, Ocwen and MERS respectfully request this honorable Court to affirm the Trial Court's May 2, 2018 Order granting their Amended Motion for Judgment on the Pleadings entered on June 7, 2018, and awarding t\wm  their costs on appeal.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: August 2, 2019          By:    */s/ Nicole S. Dunn*
                                            Jonathan D. Fink, Esq.
                                            Nicole S. Dunn, Esq.
                                            Attorneys for Respondents/Defendants,
                                            Ocwen Loan Servicing, LLC and Mortgage
                                            Electronic Registration Systems, Inc.

## CERTIFICATE OF WORD COUNT

*Federal Rules of Bankruptcy Procedure*, Rule 8015(h)

Pursuant to Rule 8015(h) of the Federal Rules of Bankruptcy Procedure, I hereby certify that this brief contains 7,089 words including citations. In making this certification, I have relied on the on the Microsoft Word 2010 word-processing program used to prepare this brief.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: August 2, 2019          By:    */s/ Nicole S. Dunn*
                                                     Jonathan D. Fink, Esq.
                                                     Nicole S. Dunn, Esq.
                                                     Attorneys for Respondents/Defendants,
                                                     Ocwen Loan Servicing, LLC and Mortgage
                                                     Electronic Registration Systems, Inc.

**PROOF OF SERVICE**

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On August 2, 2019, I served the within **ANSWERING BRIEF OF APPELLEES OCWEN LOAN SERVICING, LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** on all interested parties in this action as follows:

[X]    by placing [   ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

<b>SEE SERVICE LIST</b>

[X]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[   ]    (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 2, 2019, at Newport Beach, California.

_____
Jovete Elguira

1
**PROOF OF SERVICE**

## SERVICE LIST

| | |
|---|---|
| Steven Mark Rosenberg<br>106 1-2 Judge John Aiso Street, PMB#225<br>Los Angeles, CA 90012<br>310-971-5037<br>Email: Founder@PuttingElders1st.org<br>*Plaintiff Pro Se* | ***Via Overnight Mail*** |
| Robert Garrett, Esq.<br>Zi C. Lin, Esq.<br>GARRETT & TULLY, P.C.<br>225 S. Lake Ave., Suite 1400<br>Pasadena, California 91101-4869<br>*Attorneys for Appellee and Defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1* | ***Via Overnight Mail & ECF*** |
| Honorable Andrew J. Guilford<br>Santa Ana Division<br>Court 10D<br>411 West 4th Street<br>Santa Ana, CA 92701-4516 | ***Via Overnight Mail*** |
| Honorable Victoria S. Kaufman<br>United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Suite 354 / Courtroom 301<br>Woodland Hills, CA 91367 | ***Via Overnight Mail*** |

2

**PROOF OF SERVICE**