District Court Case No. 2:18-cv-10188-AG

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT,
SANTA ANA DIVISION

IN RE: STEVEN MARK ROSENBERG,
*Debtor.*

STEVEN MARK ROSENBERG
*Appellant,*

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR ALLIANCE BANCORP, MORTGAGE BACKED
CERTIFICATE SERIES 2007-OA1, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING,
LLC,
*Appellees.*

Appeal from the U.S. Bankruptcy Court, Central District of
California, Case No. Case No. 1:17-bk-11748-VK, A.P. Case No.
1:17-ap-01096-vk, Hon. Victoria S. Kaufman,
**Hon. Andrew J. Guilford, District Court Judge**

### APPELLEE'S BRIEF

Zi C. Lin, SBN 236989
Motunrayo D. Akinmurele, SBN299868
Garrett & Tully, P.C.
225 S. Lake Avenue, Suite 1400
Pasadena, CA 91101-4869
Tel: (626) 577-9500/Fax: (626) 577-0813
E-mails: zlin@garrett-tully.com, mdakinmurele@garrett-tully.com
***Attorneys for Appellee***
**Deutsche Bank National Trust Company, As Trustee for Alliance
Bancorp Mortgage Backed Certificate Series 2007-OA1**

1

## Corporate Disclosure Statement

Appellee Deutsche Bank National Trust Company is a National Association and subsidiary of Deutsche Bank Trust Corporation.

DATED: August 2, 2019          GARRETT & TULLY, P.C.
                               Zi C. Lin
                               Motunrayo D. Akinmurele


                               MOTUNRYO D. AKINMURELE
                               Attorneys for Appellee Deutsche
                               Bank National Trust Company, as
                               Trustee for Alliance Bancorp
                               Mortgage Backed Certificate Series
                               2007-OA1

2

## Certification of Interested Parties

Pursuant to rule 8015(a)-1(a) of the Federal Rules of Bankruptcy, there are no interested entities or persons required to be listed.


DATED: August 2, 2019          GARRETT & TULLY, P.C.
                               Zi C. Lin
                               Motunrayo D. Akinmurele



                               MOTUNRYO D. AKINMURELE
                               Attorneys for Appellee Deutsche
                               Bank National Trust Company, as
                               Trustee for Alliance Bancorp
                               Mortgage Backed Certificate Series
                               2007-OA1

# TABLE OF CONTENTS

**PAGE(S)**

I.      Summary of arguments.........................................................11
II.     Factual and procedural background. ...................................16
        A.      The parties.................................................................16

        B.      Deutsche Bank's predecessor loans money to
                Rosenberg's father and obtains a deed of trust. .........17

        C.      Rosenberg institutes a probate action in August 2009
                challenging the validity of the deed of trust and loan,
                over five years later, Rosenberg voluntarily dismisses
                this action. ................................................................19

        D.      In June 2017, Rosenberg files a petition for Chapter 7
                Bankruptcy.................................................................21

        E.      Almost nine years after discovering the alleged fraud
                and relevant facts, Rosenberg institutes this adversary
                proceeding..................................................................21

        F.      Deutsche Bank files its motion for judgment on the
                pleadings and the bankruptcy court grants Deutsche
                Bank's motion without leave to amend. ......................23

        G.      This Court grants Rosenberg leave to file his untimely
                opening brief...............................................................25

III.    Standard of review. ............................................................26
IV.     Standard for judgment on the pleadings. ...........................26
ARGUMENT..............................................................................29
V.      The bankruptcy court properly ruled that Rosenberg does
        not have standing to challenge the assignments or
        securitization documents because Rosenberg's claims were
        instituted pre-foreclosure and Rosenberg was not party to or
        an intended beneficiary of the assignments or
        securitization. ...................................................................29

VI.    Rosenberg did not state a claim for fraud or fraudulent
       concealment because Rosenberg did not suffer any injury as
       a result of the assignments and securitization....................36
VII.   The complaint does not and cannot state a claim for
       "violation of Civil Code section 2924.17." ...........................38
VIII.  Any claims involving forgery, cancellation of instrument, or
       rescission are time barred, and the doctrines of equitable
       tolling and continuing violation do not apply.....................43
       A.    The applicable three and four year statutes of
             limitations. ..............................................................44

       B.    The doctrine of equitable tolling is inapplicable
             because Rosenberg did not diligently, reasonably, and
             in good-faith pursue the probate action or adversary
             proceeding...............................................................46

       C.    The doctrine of continuing violation is equally not
             applicable to this case because the assignments of the
             deed of trust are not "new and independent" acts and
             Rosenberg has not suffered any injury as a result of
             the assignments or securitization document..............51

IV.    Conclusion. .......................................................................55

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3550 Stevens Creek Assocs. v. Barclays Bank,*
  915 F.2d 1355 (9th Cir. 1990) ....................................................24

*Addison v. State of California,*
  21 Cal.3d 313 (1978) ..........................................................46, 49

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868
  (2009) .................................................................................26

*Balistreri v. Pacifica Police Department,*
  855 F.2d 1421 (9th Cir. 1988) ....................................................26

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929
  (2007) .................................................................................26

*In re Burnett,*
  435 F.3d 971 (9th Cir. 2016) .....................................................11

*Cardens v. Caliber Home Loans, Inc.,*
  281 F.Supp.3d 862 (9th Cir. 2017) .........................................39, 41

*Chavez v. U.S.,*
  683 F.3d 1102 (9th Cir. 2012) ....................................................26

*Cornejo v. Ocwen Loan Servicing, LLC,*
  151 F.Supp.3d 1102 (E.D. Cal. 2015) ..........................................40

*Crowley v. Bannister,*
  734 F.3d 967 (9th Cir. 2013) .....................................................25

*Ditto v. McCurdy,*
  510 F.3d 1070 (9th Cir. 2007) ....................................................27

*Durning v. First Boston Corp.*,
   815 F.2d 1265 (9th Cir. 1987)..................................................27

*Ervin v. Los Angeles County*,
   848 F.2d 1018 (9th Cir. 1988)..................................................46

*In Bacon v. City of Los Angeles*,
   843 F.2d 372 (9th Cir. 1988)...................................................46

*In Morgan v. Aurora Loan Services, LLC*,
   646 Fed.Appx. 546 (9th Cir. 2016)..........................................33

*Irish Lesbian & Gay Organization v. Giuliani*,
   143 F3d 638 (2nd Cir. 1998) ..................................................25

*Jackson v. Carey*,
   353 F.3d 750 (9th Cir. 2003).................................................28

*Johnson v. PNC Mortgage*,
   2014 WL 6629585 (N.D. Cal. Nov. 21, 2014) ....................39, 40

*Kan v. Guild Mortgage Co.*,
   230 Cal.App.4th 736 (2014) ..................................................29

*Lonberg v. City of Riverside*,
   300 F.Supp.2d 942 (C.D. Cal., 2004) .....................................25

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000)................................................28

*Lucioni v. Bank of America, N.A.*
   (2016) 3 Cal.App.5th 150, 163 ..............................................41

*Mackensen v. Nationstar Morg. LLC*,
   2015 WL 1938729 (N.D. Cal. Apr. 28, 2015) ..........................39

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*,
   6 Cal.App.4th 603 (1992) ......................................................35

*McCarthy v. Mayo*,
   827 F.2d 1310 (9th Cir. 1987)................................................26

*McDonald v. Antelope Valley Community College Dist.,*
45 Cal.4th.88 (2008)........................................................45

*Mendoza v. JPMorgan Chase Bank N.A.,*
6 Cal.App.5th 802, 811-813 (2016) ............................32, 33, 34

*Mitchell v. Frank R. Howard Memorial Hospital,*
6 Cal.App.4th 1396 (1992) ...................................46, 48

*In re Mortg. Electronic Registration Systems, Inc.,*
555 Fed.Appx.661(9th Cir. 2014).........................14, 50

*In re Multidistrict Vehicle Air Pollution,*
591 F.2d 68 (9th Cir. 1979)..........................................51

*Pace Industries, Inc. v. Three Phoenix Co.*
813 F.2d 234 (9th Cir. 1987).......................................51

*Ryan v. Microsoft Corporation,*
147 F.Supp.3d. 868 (N.D. Cal. 2015) .................................50, 51

*Salazar v. U.S. Bank N.A.,*
2015 WL 1542908 (C.D. Cal. Apr. 6, 2015) ............................39

*Saterbak v. JPMorgan Chase Bank N.A.,*
245 Cal.App.4th 808 (2016) ..............................................*passim*

*Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,*
245 F.2d 67 (9th Cir. 1956).........................................27

*In re Starky*
522 BR 220 (9th Cir. 2014) .........................................14

*Swanson v. U.S. Forest Serv.,*
87 F.3d 339 (9th Cir. 1996).........................................27

*United States v. Webb,*
655 F.2d 977 (9th Cir. 1981).......................................27

*Western Mining Council v. Watt,*
643 F.2d 618 (9th Cir. 1981)......................................34

*Wood v. Elling Corp.*,
   20 Cal.3d 353 (1977) ................................................................ 46

*Yhudai v. IMPAC Funding Corp.*,
   1 Cal.App.5th 1252 (2016) ........................................... 13, 31, 34

*Yvanova v. New Century Mortgage Corp.*,
   62 Cal.4th 919 (2016) ........................................... 28, 29, 31, 34

*Zakaessian v. Zakaessian*
   (1945) 70 Cal.App. 2d 721......................................................... 43

*Zeppeiro v. GMAC Mortgage, LLC*,
   662 Fed.Appx. 500, 2016 WL 5800472 (9th Cir. Oct.
   5, 2016, No. 13–55420)............................................................... 33

**Statutes**

11 U.S.C. section 524........................................................ 11, 20, 21

18 U.S.C. section 154........................................................................ 22

18 U.S.C. section 157........................................................ 11, 20, 21

California Civil Code section 2924.17..................................... 37, 38

California Probate Code section 850........................................... 18

Civil Code section 2924.12 ....................................................... 38, 39

Civil Code section 2924.17 ................................................... *passim*

Code of Civil Procedure section 583.310....................................... 47

Code of Civil Procedure section 337 .......................................... 43

Code of Civil Procedure section 338............................................. 44

Code of Civil Procedure section 343............................................ 43

Federal Rules of Bankruptcy rule 3001 ...................................... 20

Federal Rules of Civil Procedure rule 12................................. 25,26

Federal Rules of Civil Procedure rule 15.......................................27

Federal Rules of Civil Procedure rule 16.......................................25

# I.

## Summary of arguments.

The bankruptcy court's grant of Defendant/Appellee Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Certificate Series 2007-OA1's ("Deutsche Bank") motion for judgment on the pleadings should be affirmed and Plaintiff/Appellant Steven Mark Rosenberg ("Rosenberg") should not be permitted to amend his hopelessly defective complaint.

The underlying bankruptcy adversary proceeding stems from a $390,000 loan to Isadore Rosenberg, Rosenberg's deceased father. The loan was issued in 2007 and secured by a deed of trust for the same amount on real property located in Los Angeles County. Deutsche Bank is the current owner of the loan and beneficiary of the deed of trust.

In Rosenberg's complaint, he alleges that soon after his father's death in 2008, he allegedly discovered his father's caregiver, not his father, had fraudulently obtained and authorized the subject loan and deed of trust.

Rosenberg further alleges that in August 2009,

after the loan went into default and the non-judicial foreclosure process was initiated (but never completed), he instituted a probate action against some of the same entities named in this instant action. The probate case, in part, challenged the legality and enforceability of the note, deed of trust, and pending foreclosure.

After prosecuting the probate action for over five years, Rosenberg voluntarily dismissed the probate action in January 2015 and instituted this adversary proceeding *over two years later*, in November 2017.

In this adversary proceeding, like the probate action before it, Rosenberg seeks to invalidate the loan and deed of trust on the basis of fraud and the alleged invalidity of the assignments and securitization documents concerning the loan and deed of trust.

After the bankruptcy court granted Deutsche Bank's motion for judgment on the pleadings without leave to amend, Rosenberg instituted this appeal challenging some—but not all—of the bankruptcy court's holding.

As to those issues not raised in the opening brief—namely claims relating to 11 U.S.C. section 524(a)(2), 18 U.S.C. section 157, and allegations of Deutsche Bank's purported failure to file a proof of claim—Rosenberg has waived any challenge to these issues, and this Court need not consider them. (*See In*

12

*re Burnett*, 435 F.3d 971, 976-977 (9th Cir. 2016).)

Rosenberg's appeal is narrowly focused on two issues:

1. Rosenberg contends that despite not being party to the assignments of the deed of trust or securitization documents, he has standing, ***pre-foreclosure***, to challenge these agreements and the pending foreclosure sale.

2. Rosenberg contends that even if he waited almost ***nine years*** after discovery of the alleged fraud to file this adversary proceeding, his causes of action based on fraud, forgery, recession, and cancellation of instrument (which are the gravamen of the entire complaint) are not barred by the applicable three and four year statutes of limitations mandated for these claims because this action was purportedly tolled by the doctrines of equitable tolling and continuing violation.

Rosenberg misses the mark on both issues.

The bankruptcy court correctly held that Rosenberg did not have standing to prosecute his claims: "California Courts of Appeal have held that a homeowner lacks standing in a pre-foreclosure action

13

to challenge a foreclosure sale." (ASA, p. 313)[1]   [citing *Saterbak v. JPMorgan Chase Bank N.A.*, 245 Cal.App.4th 808 (2016) (*Saterbak*); *Yhudai v. IMPAC Funding Corp.*, 1 Cal.App.5th 1252 (2016) (*Yhudai*).) Furthermore, the bankruptcy court properly determined that as a non-party to the assignments, who also was *not* a third party beneficiary, Rosenberg lacked standing, **pre-foreclosure**, to argue the voidability of the assignments of the deed of trust. (ASA, p. 314.)

In Rosenberg's opposition to Deutsche Bank's motion for judgment on the pleadings, he contended that this adversary proceeding was equitably tolled because it is "a continuation [of] the [probate] litigation that was initiated in 2009." (ASA, p. 231.) This was the only argument Rosenberg asserted in support of his equitable tolling theory.

The bankruptcy court accurately ruled that Rosenberg's claims were time barred and not equitably tolled because no authority in this state has ever held that a bankruptcy adversary proceeding is a continuation of a probate matter. (ASA, p. 311.)

In this appeal, upon realizing the deficiencies with his argument, Rosenberg abandoned the

---

[1] References in this brief to "(ASA___)" are to Appellee's Supplemental Appendix.

14

"continuation of litigation" contention. While still contending that his claims were equitably tolled (which they were not because Rosenberg did not act diligently, reasonably, or in good-faith), Rosenberg now avers—*for the first time ever*—that his claims were also tolled by the doctrine of continuing violation. Not so.

First, issues or arguments raised for the first time on appeal will not be considered. (*See In re Starky* 522 BR 220, 230 (9th Cir. 2014) [issues not raised before the bankruptcy court will not be considered on appeal and are deemed waived]; *see also In re Mortg. Electronic Registration Systems, Inc.*, 555 Fed.Appx.661, 665, 781(9th Cir. 2014).) Thus, this Court should disregard Rosenberg's alleged continuing violation argument.

Second, even if this Court decides to entertain this untimely argument and accepts Rosenberg's contention regarding Deutsche Bank's alleged fraud as true (which it is not), there was no continuing violation because the assignments and securitization were not "new and independent" conduct—they all arose from and concerned the same promissory note and deed of trust.

On the bases of the above facts and arguments, the bankruptcy court determined Rosenberg's complaint did not and could not state any claim for

relief as a matter of law, and no amount of amendments could cure these defects. Thus, the bankruptcy court granted Deutsche Bank's motion for judgment on the pleadings without leave to amend.

Since the bankruptcy court's holding is based on sound understanding and application of the relevant legal authorities, this Court should affirm.

## II.

## Factual and procedural background.

### A.    The parties.

Rosenberg is the son of borrower Isadore Rosenberg, who passed away in 2008. (ASA, pp. 20-22.) Rosenberg is the sole beneficiary of the Isadore and Norma P. Rosenberg Trust dated May 4, 1990 and personal representative of the Estate of Isadore Rosenberg. (ASA, p. 20.)

Deutsche Bank is the current owner and beneficiary of the subject $390,000 loan and deed of trust.

**B.  Deutsche Bank's predecessor loans money to Rosenberg's father and obtains a deed of trust.**

On or about March 1, 2007, Isadore Rosenberg obtained a loan from AMPRO Mortgage, a division of United Financial Mortgage Corp. ("AMPRO") in the amount of $390,000.00. (ASA, p. 20, 124-144.) The loan was secured by a deed of trust for the same amount encumbering real property located at 15814 Septo Street, North Hills, California, 91343 ("Property"). (ASA, p. 126.)

Under the deed of trust, Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary and nominee for the lender and lender's successors and assigns. (ASA, p. 124.)

Isadore Rosenberg died on February 4, 2008. (ASA, p. 148.) Due to Isadore's[2] default under the terms of the loan and deed of trust, a notice of default was recorded on April 17, 2008 (ASA, pp. 151-152), but it was subsequently rescinded on November 9, 2015. (ASA, pp. 172-173.)

On December 2, 2008, a quitclaim deed was recorded in which appellant Rosenberg, as Successor

---

[2] Deutsche Bank means no disrespect by referring to Isadore Rosenberg by his first name, and only does so for the sake of clarity.

17

Trustee of the Isadore and Norma P. Rosenberg Trust, Dated May 4, 1990, quitclaimed the Property to himself, Steven Mark Rosenberg, an unmarried man. (ASA, pp. 154-156.)

MERS subsequently granted, assigned, and transferred all beneficial rights and interests under the deed of trust, including the right to foreclose, to IndyMac Bank FSB under an Assignment of Deed of Trust recorded on August 12, 2008. (ASA, pp. 158-159.) All beneficial rights and interests under the Deed of Trust, including the right to foreclose, were subsequently granted, assigned and transferred from IndyMac Bank FSB to Deutsche Bank National Trust Company, as Trustee for Alliance 2007-OA1. (ASA, pp. 161-163.)

As evidence of this, but not as the operative instrument by which this sale and transfer occurred, an Assignment of Deed of Trust was later recorded on February 24, 2010. (ASA, p. 162.)

A new Notice of Default was recorded on November 3, 2015. (ASA, pp. 165-170.) When the default was not cured, a Notice of Trustee's Sale was recorded on May 18, 2017. (ASA, pp. 179-182.)

On March 21, 2017, a corrective Corporate Assignment of Deed of Trust was recorded against the Property. (ASA, pp. 175-177.) The purpose of this

18

corrective assignment was to correct the name of the assignee on the 2010 Assignment from Deutsche Bank National Trust Company as Trustee for Alliance 2007-0A1 to Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1. (ASA, p. 176.).

On December 14, 2017, another corrective Corporate Assignment of Deed of Trust was recorded against the Property. (ASA, pp. 184-188.) The purpose of this corrective assignment was to add the execution date and to correct the assignor on the Assignment recorded on 8/12/2008. (ASA, p. 185.)

To date, no foreclosure sale has occurred.


C.    **Rosenberg institutes a probate action in August 2009 challenging the validity of the deed of trust and loan, over five years later, Rosenberg voluntarily dismisses this action.**

On August 27, 2009, Rosenberg filed a petition under California Probate Code section 850 challenging OneWestBank's, MERS's, and Deutsche Bank's interests in the deed of trust and loan. (ASA, pp. 188-201.)

Specifically, Rosenberg contended that the loan to his father and accompanying deed of trust were invalid and unenforceable because Rosenberg's father did not

sign or authorize the loan or deed of trust. (ASA, p. 190, 192-196.) Rosenberg contended that the instruments were fraudulently executed by his father's caregiver. (ASA, p. 190.) Rosenberg sought to permanently block any foreclosure of the Property under the subject loan and deed of trust. (ASA, p. 192, p. 196.)

After over five years of purportedly prosecuting the probate action and fearing the action would be dismissed by the probate court for failure to bring it to trial within the five year limit, Rosenberg voluntarily dismissed the probate action with prejudice in January 2015. (ASA, p. 21, 23, 204, 214 [At the hearing, Rosenberg stated, "This court needs to dismiss this case immediately. The rule where claimant fails to bring an action to trial within five years, and the manner in which the delay is brought to the court's attention is immaterial. And when the courts become aware of the facts, it must dismiss the action. I am telling you right now, it has been more than five years... it's a public policy matter for ... cases to be dismissed after five years, mandatory. Why? Because people die who are integral to the case. People's memory fades. In this case, one of the key witnesses has dementia."].) The probate court granted Rosenberg's request for dismissal and dismissed the

20

probate action with prejudice. (ASA, p. 23, 204.)

Subsequently, Rosenberg appealed his own dismissal with prejudice. (ASA, pp. 209-218.) The Court of Appeal reversed the order of dismissal, ordering the probate action dismissed *without* prejudice. (ASA, p. 12, p. 217.)

**D.    In June 2017, Rosenberg files a petition for Chapter 7 Bankruptcy.**

In June 2017, over two years after dismissing the probate action, Rosenberg filed the underlying Chapter 7 Bankruptcy case, entitled *In re: Steven Mark Rosenberg*, Case No. 1:17-bk-11748-VK. (ASA, p. 103, 264.) Rosenberg received a Chapter 7 discharge in October 2017. (ASA, p. 265.)

**E.    Almost nine years after discovering the alleged fraud and relevant facts, Rosenberg institutes this adversary proceeding.**

On November 27, 2017, Rosenberg instituted this adversary proceeding against Deutsche Bank and many of the same entities named in the probate action. (ASA, p. 1, p. 18.)

Rosenberg's complaint alleges six causes of action against Deutsche Bank: (1) violation of 11 U.S.C. section 524(a)(2); (2) violation of Federal Rules of

21

Bankruptcy, Rule 3001(c)(2)(B); (3) violation of Federal Rules of Bankruptcy, Rule 3001(c)(2)(C); (4) fraudulent concealment; (5) violation of 18 U.S.C. section 157; and (6) declaratory relief. (ASA, pp. 19-44.)

The gravamen of this action is fraud, recession, and cancellation of instrument—similar to Rosenberg's claims in the probate action. Rosenberg alleges that the assignments and securitization documents concerning the loan and deed of trust were void *ab initio* because they occurred after the Pooling and Servicing Agreement ("PSA") closing date. (ASA, pp. 22-32.) Rosenberg further contends that Deutsche Bank engaged in fraud or fraudulent concealment (also alleged as a violation of 18 U.S.C section 157) by either: (1) recording the assignments after the closing date, (2) not filing a proof of claim and accompanying documents (in purported violation of FRBP 3001(c)(2)(B) and (C)), or  (3) proceeding with the foreclosure post bankruptcy discharge (in purported violation of 11 U.S.C. section 524(a)(2)). (ASA, pp. 33-43.)

Although not specifically plead as a cause of action, the complaint also contained allegations of Deutsche Bank's alleged violation of Civil Code section 2924.17. (ASA, pp. 27-30.) This allegation is duplicative and similar to the fraud and fraudulent concealment causes of action set forth in the complaint. (See ASA,

22

pp. 37-42.) Specifically, Rosenberg claims that on the basis of a Limited Power of Attorney memorandum prepared by OneWestBank's in-house counsel, Chris Brown, Deutsche Bank lacked the proper loan documents to enforce foreclosure. (ASA, pp. 28-29.) Rosenberg also alleged that the assignments and loan securitization after the PSA closing date violated Civil Code section 2924.17.  (ASA, p. 30.)

Like the probate action, Rosenberg seeks, in this adversary action, to invalidate the loan, deed of trust, and block any subsequent foreclosure of the Property. (ASA, p. 43.)

**F.     Deutsche Bank files its motion for judgment on the pleadings and the bankruptcy court grants Deutsche Bank's motion without leave to amend.**

Defendants Ocwen Loan Serving, LLC and MERS filed their motion for judgment on the pleadings on the basis of Rosenberg's failure to state any claim for which relief could be obtained. (ASA, pp. 93-115.)

The motion challenged Rosenberg's fraud, recession, and cancellation of instrument claims on the basis that they were barred by the applicable statutes of limitations. (ASA, pp. 105-107.) The motion also challenged Rosenberg's standing to challenge and

invalidate the assignments and securitization. (ASA, pp. 112-114.) The causes of action relating to proof of claim, injunction after discharge, and alleged fraud relating to 18 U.S.C. 154 were challenged on the grounds that Rosenberg either did not have standing or there was no violation. (ASA, pp. 107-114.)

Deutsche Bank joined in Ocwen's and MERS' motion for judgment on the pleadings. (ASA, pp. 219-222.)

Rosenberg opposed the motion. (ASA, pp. 224-250.) Rosenberg argued he had standing to challenge the assignments and securitization, and that his claims based in fraud, recession, and cancellation of instrument were timely because of the doctrine of equitable tolling. (ASA, pp. 231-232.) In particular, Rosenberg argued that equitable tolling applied because this adversary proceeding was "a continuation to the litigation that was initiated in 2009 [the probate action]." (ASA, p. 231.)

Ocwen and MERS filed their reply to Rosenberg's opposition, and Deutsche Bank joined in their reply. (ASA, pp. 268-274, 277-282.)

The bankruptcy court granted Ocwen's, MERS' and Deutsche Bank's motion without leave to amend and subsequently entered judgment in their favor. (ASA, pp. 302-316.)

24

The amended judgment was entered on June 7, 2018. (ASA, pp. 320-321.)

Rosenberg filed a motion to alter or amend the judgment. (ASA, pp. 324-337.) On November 21, 2018, Rosenberg's motion was denied. (AOB, p. 7.)

### G.     This Court grants Rosenberg leave to file his untimely opening brief.

Rosenberg filed this appeal on December 6, 2018. (ASA, pp. 361-362.) On March 15, 2019, this Court issued a minute order requiring Rosenberg to show cause why the appeal should not be dismissed for lack of prosecution. (ASA, p. 363.) On April 1, 2019, when Rosenberg failed to file any papers, this Court entered the order dismissing his appeal. (ASA, p. 363.) Subsequently, Rosenberg sought leave to vacate the order of dismissal on the basis of illness. (ASA, p. 365.)

Over the objection of Deutsche Bank, this Court granted Rosenberg's request to file his opening brief no later than June 5, 2019. (ASA, p. 364.) Rosenberg filed his opening brief on June 5, 2019.

# III.

## Standard of review.

A judgment on the pleadings is a decision on the merits which is reviewed de novo. (*3550 Stevens Creek Assocs. v. Barclays Bank*, 915 F.2d 1355, 1357 (9th Cir. 1990).)

However, the decision of a lower court denying leave to amend following a grant of a motion for judgment on the pleadings is reviewed for abuse of discretion. (*Lonberg v. City of Riverside*, 300 F.Supp.2d 942, 945 (C.D. Cal., 2004); *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).)

# IV.

## Standard for judgment on the pleadings.

Pursuant to Federal Rules of Civil Procedure Rule 12(c), after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Generally, any party may bring a motion for judgment on the pleadings if the motion is filed before the deadline set by the court under Rule 16(b).

Here, the motion was filed before the Court

26

scheduled a motion cut-off deadline or a trial date. Therefore, Deutsche Bank's joinder to Ocwen's and MER's motion was timely filed.

A motion under Rule 12(c) is similar to a motion to dismiss under Rule 12(b)(6) in that each motion tests the legal sufficiency of the parties' allegations. Accordingly, the same standard applies to both motions. (*Irish Lesbian & Gay Organization v. Giuliani*, 143 F3d 638, 644 (2nd Cir. 1998).)

The standard to be applied to a Rule 12(b)(6) motion is well established: "a court must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (*Chavez v. U.S.*, 683 F.3d 1102, 1108-1109 (9th Cir. 2012) [citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (*Twombly*) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*Iqbal*).].)

Additionally, where the claims in a complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal. (*Balistreri v. Pacifica Police Department*, 855 F.2d 1421, 1424 (9th Cir. 1988).) Although all well-pled facts in the complaint are deemed true in ruling on a motion

to dismiss, *conclusory allegations are disregarded.* (*McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987), emphasis added.)

As stated by the U.S. Supreme Court: "Factual allegations must be enough to raise a right to relief above the speculative level." (*Twombly, supra*, 550 U.S. 544; *Iqbal, supra,* 129 U.S. 662, 678 [quoting *Twombly, supra.*].)

Moreover, the Court is not limited to the allegations of the complaint in ruling on a motion to dismiss but can also consider any documents attached to the complaint. (*Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court does not have to accept alleged facts as true when they contradict matters subject to judicial notice. (*Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956).)

Finally, Courts have the discretion to grant or deny leave to amend a complaint. (*Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).) "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." (*United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).)

28

The factors courts commonly consider when determining whether to grant leave to amend are: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment. (*Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted).)

Dismissal without leave to amend is appropriate when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. (*Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).)

## ARGUMENT

## V.

**The bankruptcy court properly ruled that Rosenberg does not have standing to challenge the assignments or securitization documents because Rosenberg's claims were instituted pre-foreclosure and Rosenberg was not party to or an intended beneficiary of the assignments or securitization.**

In the operative complaint, Rosenberg avers that the assignments of the deed of trust were purportedly void *ab initio* because the assignments by MERS, as

29

nominee for Ampro Mortgage, were after the PSA closing date.

Relying in part on *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016) (*Yvanova*) and *Saterbak, supra,* 245 Cal.App.4th 808, the bankruptcy court correctly ruled that since Rosenberg's lawsuit was pre-foreclosure, Rosenberg had no standing to challenge the assignments or securitization documents. (ASA, pp. 313-314.)

In his opening brief, Rosenberg contends that the Bankruptcy Court purportedly misapplied *Saterbak* and *Yvanova* because these cases allegedly turned on the retroactivity and effective date of the California Homeowners Bill of Rights ("HBOR"). (AOB, pp. 10-11.)

Rosenberg's argument misses the mark and fails to appreciate the substance of these cases and the Bankruptcy Court's holding.

In *Yvanova, supra,* 62 Cal.4th at p. 924, the California Supreme Court expressly limited its holding to **post-foreclosure** actions—the court held that *post-foreclosure*, borrowers have standing to challenge an improper securitization loan deemed *void*. The court did "not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure [i.e. pre-foreclosure] by a suit questioning the foreclosing

30

party's right to proceed." (*Ibid.*)

*Yvanova* even discussed the pre-foreclosure case of *Kan v. Guild Mortgage Co.*, 230 Cal.App.4th 736, 743-745 (2014), and declined to disapprove it in any way. (*Yvanova, supra*, 62 Cal. 4th at p. 941.)

*Saterbak* and other post-*Yvanova* cases also clarified that the holding in *Yvanova* was limited to post-foreclosure actions, and the rules regarding pre-foreclosure challenges (i.e. pre-foreclosure, borrowers have no standing to challenge the assignment or securitization) remained unchanged. (*See Saterbak, supra*, 245 Cal.App.4th at p. 815.)

Like Rosenberg, the borrower in *Saterbak,* Laura Saterbak, brought a pre-foreclosure action challenging the assignment of the note and deed of trust. (*Saterbak, supra*, 245 Cal.App.4th at p. 812.) Saterbak alleged that the transfer to the trust four years after the closing date for the security rendered the assignment invalid. (*Ibid.*) Saterbak, just like Rosenberg, alleged the assignment document was either robo-signed or a forgery. (*Ibid.*) Saterbak's lender, JPMorgan Chase, demurred on the basis of her lack of standing to challenge the assignment or securitization. (*Ibid.*) The trial court sustained Chase's demurrer without leave to amend. (*Ibid.*) Saterbak

appealed, but the Court of Appeal affirmed the trial court's decision.

The Court of Appeal explained that "California courts do not allow such preemptive suits because they would result in the impermissible interjection of the courts into a non-judicial scheme…and impose the additional requirement that lenders demonstrate in court that they are authorized to initiate a foreclosure, which is inconsistent with the policy behind nonjudicial foreclosure providing a quick, inexpensive, and efficient remedy." (*Id.* at pp. 814-815.) Accordingly, the Court of Appeal held, "Because Saterbak brings a pre-foreclosure suit challenging Defendant's ability to foreclose, *Yvanova* does not alter her standing obligations." (*Id.* at p. 815.)

*Yvanova* and *Saterbak* recognized the fundamental distinction between standing pre-foreclosure and post-foreclosure.

Moreover, *Yvanova* recognized a borrower's standing only where the defect in the assignment renders the assignment void, *rather than voidable.*

In *Yhudai, supra*, 1 Cal.App.5th 1252, the court considered the implications of *Yvanova* in this regard. *Yhudai* held that a borrower had no standing to argue that an assignment of a deed of trust occurring after

the trust's closing date in violation of the PSA was void. In reaching this holding, the *Yhudai* court analyzed void versus voidable assignments, and which party, if any, had standing to raise the issue in the first place. The court reasoned:

> California law, the *Yvanova* court explained, does not give a party personal standing to assert rights or interests belonging solely to others. When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment; the transaction is not void unless and until one of the parties takes steps to make it so. *A borrower who challenges a foreclosure on the ground that an assignment to the foreclosing party bore defects rendering it voidable could thus be said to assert an interest belonging solely to the parties to the assignment rather than to herself.*

(*Id.* at. pp. 1256-1257, emphasis added, citation omitted.)

In *Mendoza v. JPMorgan Chase Bank N.A.,* 6 Cal.App.5th 802, 811-813 (2016) (*Mendoza*), the court held that the assignment of plaintiff's deed of trust to the investment trust after the trust's closing date or the alleged robo-signing of the loan documents rendered the assignment *merely voidable, and not void.* (*See also Saterbak, supra,* 245 Cal.App.4th at p. 815 [concluding that a transfer to the trust after the closing

33

date for the security, and allegations the assignment documents were robo-signed or a forgery ***was merely voidable, not void***.].)

In reaching its holding in *Mendoza*, the court explained, "New York state and federal courts continue to [hold that] a borrower does not have standing to challenge an assignment that allegedly breaches a term or terms of a PSA because the beneficiaries, not the borrower, have the right to ratify the trustee's unauthorized acts. As a consequence, an assignment after the publicized closing date is voidable, not void." (*Mendoza*, *supra*, 6 Cal.App.5th at p. 813.)

Indeed, "the Ninth Circuit [also] acknowledged that post-*Yvanova*, a California borrower has standing to challenge a *void assignment*, but explained, because an act in violation of a trust agreement is *voidable*— not void—under New York law, which governs the Pooling and Service Agreement (PSA) at issue, [the borrower] lacks standing." (*Mendoza*, *supra*, at p. 814, emphasis added [citing *In Morgan v. Aurora Loan Services, LLC*, 646 Fed.Appx. 546, 550 (9th Cir. 2016), accord, *Zeppeiro v. GMAC Mortgage, LLC*, 662 Fed.Appx. 500, 2016 WL 5800472 (9th Cir. Oct. 5, 2016, No. 13–55420).].)

In our case, it is undisputed that Rosenberg

instituted this action *pre-foreclosure*. The complaint asserts facts establishing that even if Rosenberg was correct that the assignments and securitization documents were defective (which they were not), as a matter of law, this purported defect is *only voidable, not void*. Thus, Rosenberg lacks standing to challenge the assignments or securitization.

Even if the assignments and securitization were *void ab initio* (again, as a matter of law, they were not)—as Rosenberg contends in his complaint[3]—the courts in this state have unequivocally held that a borrower has standing to challenge *void* assignments or securitization only when it is a *post-foreclosure action*. (*See Yvanova, supra*, 62 Cal.4th at p. 924; *see also Yhudai, supra*, 1 Cal.App.5th pp. 1256-1257.) Once again, this is a pre-foreclosure action.

Accordingly, as a matter of undisputed law, since Rosenberg was not party to the assignments or

---

[3] Whether or not the assignments and securitization documents are void or voidable is a question of law. Rosenberg's complaint contends that the assignments and securitizations documents are void. (ASA, p. 24) This is a legal conclusion. The Court is required to assume the truth of plaintiff's factual allegations, *not* his legal conclusions—the Court is not required to assume the truth of legal conclusions that are cast in the form of factual allegations. (*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *see also Mendoza, supra*, 6 Cal.App.5th at p. 810.)

securitization documents, or a third party beneficiary of the assignments or securitization, Rosenberg has no standing, pre-foreclosure (or even post-foreclosure) to challenge the assignments or securitization.

The bankruptcy court's ruling that Rosenberg lacks standing to challenge the validity of the assignments and securitization documents should be affirmed.

## VI.

## Rosenberg did not state a claim for fraud or fraudulent concealment because Rosenberg did not suffer any injury as a result of the assignments and securitization.

Rosenberg's complaint also contends that when Deutsche Bank purportedly recorded the assignments after the PSA closing date, Deutsche Bank fraudulently concealed the alleged "broken chain of assignment to title." (ASA, p. 37.)

In order to maintain a cause of action for fraudulent concealment, Rosenberg must sufficiently allege that he suffered injury or damage *as a result* of the concealment. (*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal.App.4th 603, pp. 612-613 (1992).)

Rosenberg could not, did not, and still can not

36

assert any claim for fraudulent concealment because Rosenberg did not suffer any purported damage or injury *as a result* of the purported concealment or alleged suppression of the assignments or securitization.

First, as already discussed, Rosenberg has *no standing* to recover for any alleged damage relating in any way to the purported defects with the assignments or securitization documents. Thus, Rosenberg cannot maintain a fraudulent concealment cause of action on the basis of the assignments or securitization.

Second, as the bankruptcy court correctly held, "Regardless of the specific holder of the assignment, the Property is encumbered. The harm to [Rosenberg] is not a result of the allegedly improper assignment or the failure of any defendant to reveal the nature of the assignments to [Rosenberg]." (ASA, p. 314) Any purported injury or damage is the result of the alleged fraud by the caregiver. Thus, the bankruptcy court accurately determined, as this Court should also find, that Rosenberg's claim for fraudulent concealment was hopelessly defective.

The bankruptcy court's ruling on Rosenberg's failure to state a claim for fraud and fraudulent concealment because he did not suffer injury as a result of the assignments and securitization should

37

also be affirmed.

## VII.

## The complaint does not and cannot state a claim for "violation of Civil Code section 2924.17."

Rosenberg contends that the bankruptcy court failed to even consider his allegations of violation of Civil Code section 2924.17, which, according to Rosenberg, was sufficiently plead in the complaint. (AOB, pp. 10-12.) Rosenberg is mistaken.

Rosenberg's complaint does not specifically allege a cause of action for alleged "violation of section 2924.17." (ASA, pp. 27-30.) The "General Allegations" section of the complaint contains a section called "Violations of California Civil Code Section 2924.17." (ASA, p. 27.)

In this section, Rosenberg contends that Deutsche Bank purportedly violated section 2924.17 because: (1) Deutsche Bank lacked proper documentation of their right to foreclose, and (2) the assignments of the deed of trust occurred after the closing date of the securitization trust. (ASA, pp. 27-30.) In purported support of these contentions, Rosenberg cites to a Limited Power of Attorney memorandum written by in-house counsel for CIT Bank, N.A. (OneWestBank),

wherein the memorandum purportedly contained the following language: "we do not have a recorded assignment into the appropriate entity." (ASA, pp. 28-29.)

Rosenberg contends that this language, along with the alleged "lack of documentation" and transfer after the closing date, support his conclusion that Deutsche Bank violated section 2924.17. (ASA, p. 30.) Not so.

California Civil Code section 2924.17(a) mandates that certain documents related to the foreclosure process, including "a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure… shall be accurate and complete and supported by competent and reliable evidence."

Civil Code section 2924.17(b) states, "Before recording or filing any of the documents described in [section 2924.17(a)], a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information."

Civil Code section 2924.12 provides borrowers a private right of action to enforce section 2924.17.

Specifically, section 2924.12(a)(1) states, "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a *material violation* of [section 2924.17]". (Emphasis added.) Section 2924.12(b) further states, "After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages...resulting from a *material violation* of [section 2924.17]." (Emphasis added.)

The use of the phrase "material violation" is key.

In interpreting section 2924.12, some Ninth Circuit Courts have "deemed a violation 'material' if it is plausible that the violation caused the plaintiff to suffer harm." (*Cardens v. Caliber Home Loans, Inc.*, 281 F.Supp.3d 862, 869 (9th Cir. 2017) (*Cardens*) [citing *Mackensen v. Nationstar Morg. LLC*, 2015 WL 1938729, at *7 (N.D. Cal. Apr. 28, 2015) (stating that but for defendant's alleged violation, plaintiff "may have been able to keep [his] house") and *Salazar v. U.S. Bank N.A.*, 2015 WL 1542908, at *7 (C.D. Cal. Apr. 6, 2015) (stating, "it is plausible that [defendant's compliance] would have prevented Plaintiff from suffering the loss of her home, ruined credit, emotional distress, and a future inability to purchase a home.").].)

40

"[T]he court in *Johnson v. PNC Mortgage*, 2014 WL 6629585 (N.D. Cal. Nov. 21, 2014) (*Johnson*), equated a 'material' violation to one that affected [the plaintiff's] loan obligations or the loan modification process. [Citation omitted]. Applying this definition, the *Johnson* court concluded that a sham assignment of a loan from one lender to another ***is not*** a 'material' violation of § 2924.17 because such an assignment does not affect the borrower's payment obligations under the loan. [Citation omitted]." (*Cardenas*, *supra*, 281 F.Supp.3d at p. 869-870; *see also Cornejo v. Ocwen Loan Servicing, LLC*, 151 F.Supp.3d 1102, 1113 (E.D. Cal. 2015) ["Courts have interpreted the term 'material' to refer to whether the alleged violation affected a plaintiff's loan obligations or the modification process."].)

Indeed, *Saterbak*, *supra*—which Rosenberg contends supports his violation of section 2924.17 claim—explicitly agreed with the analysis in *Johnson*, *supra*.

Even accepting Rosenberg's factual allegations as true (they are not), Rosenberg does not state a claim for violation of section 2924.17 because there was no ***"material violation."***

Rosenberg does not allege any facts indicating

that Deutsche Bank's purported lack of documentation, the Limited Power of Attorney memorandum, or alleged unauthorized recording of the assignments after the closing date of the securitization trust, affected Rosenberg's loan obligations, disrupted Rosenberg's loan modification process, or caused Rosenberg to suffer any harm he would not have otherwise suffered.

Rosenberg's allegation of violation of section 2924.17 also fails because it is derivative and identical to Rosenberg's fraudulent concealment cause of action, which as already discussed, is without merit.

The order specifically addressed Rosenberg's fraudulent concealment cause of action. The bankruptcy court determined that Rosenberg could not sufficiently state any claim on the basis of this cause of action because Rosenberg had no standing, the claims were time-barred, and the assignments and securitization did not result in any injury to Rosenberg.

Thus, although the order does not *specifically* mention or analyze the alleged section 2924.17 violation, because this claim was derivative and identical to other causes of action which the court specifically considered and rejected, the bankruptcy court need not echo its analysis on the section 2924.17 claim.

42

Moreover, it is undisputed that section 2924.17 does not create a ***pre-foreclosure*** right to litigate whether the foreclosing party (i.e. Deutsche Bank) actually has the right to foreclose. In other words, a borrower cannot use section 2924.17 to assert ***pre-foreclosure*** challenges about the foreclosing party's right to foreclose. (*Cardenas*, *supra*, 281 F.Supp.3d at p. 870 [citing *Lucioni v. Bank of America, N.A.*, (2016) 3 Cal.App.5th 150, 163.) Therefore, for this additional reason, Rosenberg's section 2924.17 claim is meritless.

The bankruptcy court properly addressed, analyzed, and rejected Rosenberg's section 2924.17 claim.

## VIII.

**Any claims involving forgery, cancellation of instrument, or rescission are time barred, and the doctrines of equitable tolling and continuing violation do not apply.**

The bankruptcy court ruled that the three and four year statutes of limitations applicable to Rosenberg's claims for forgery, cancellation of instrument, and recession were time-barred and the doctrine of "equitable tolling" did not apply. (ASA, p. 311.) The court also determined that Rosenberg's claim that the bankruptcy adversary action was merely a

43

"continuation" of the prior probate case was unavailing because "there is no authority supporting [the] argument [that]... a bankruptcy court adversary proceeding is [] a continuation of the state court probate proceeding." (ASA, p. 311.)

In his opening brief, Rosenberg argues that the bankruptcy court misapplied the doctrine of equitable tolling, which Rosenberg argued in his opposition to the motion for judgment on the pleadings. (AOB, p. 13, ASA, p. 24, 231-232.) However, for the first time ever, Rosenberg now contends, in this appeal, that the bankruptcy court's alleged failure "to consider" alleged evidence of continuing fraud on the part of Deutsche Bank, deprived Rosenberg of the opportunity to avail himself of the doctrine of continuous accrual or continuing violation. (AOB, p. 13.)

Rosenberg is once again mistaken.

The doctrines of equitable tolling and continuous accrual are not available to Rosenberg, thus Rosenberg's claims are time-barred.

### A.   The applicable three and four year statutes of limitations.

"An action upon any contract, obligation or liability founded upon an instrument in writing [and an] action based upon the rescission of a contract in

writing" must be commenced within *four years* of discovery. (Code of Civil Procedure section 337 (a) and (c).) "Where the ground for rescission is fraud or mistake, the time shall not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake." (Code of Civil Procedure section 337(c).)

An action for cancellation of instrument must likewise be instituted within *four years* of the discovery of the facts giving rise to the action. (Code of Civil Procedure §343; *Zakaessian v. Zakaessian* (1945) 70 Cal.App. 2d 721, 725.)

Finally, "[a]n action for relief on the ground of fraud or mistake[,] [which] is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake[,]" must be commenced within *three years*. (Code of Civil Procedure §338(d).)

The gravamen of Rosenberg's action is fraud and recession and cancellation of the instruments on the basis of fraud by the caregiver.

Rosenberg admits, in his complaint and opposition to the motion for judgment on the pleadings, that he learned of the alleged forgery of the deed of trust and promissory note by August 29, 2009, maybe sooner. (ASA, p. 21, 231 [lines 11-15].)

45

Three years from August 29, 2009 is August 29, **2012**; four years after is August 29, **2013**.

Rosenberg did not institute this bankruptcy adversary proceeding until November 27, **2017**— almost nine years after the time he admitted to discovering the alleged fraud or forgery.

Therefore, Rosenberg's claims based on fraud, forgery, recession, and cancellation of instrument— which is every claim in the complaint—are time-barred.

**B.     The doctrine of equitable tolling is inapplicable because Rosenberg did not diligently, reasonably, and in good-faith pursue the probate action or adversary proceeding.**

Rosenberg's opening brief contends that the applicable statutes of limitations were equitably tolled because in August 2009 he instituted the probate action. (AOB, pp. 12-13.)

Specifically, Rosenberg argues that since the probate action was purportedly timely filed and then dismissed, the subsequent filing of this action in 2017 was equitably tolled because he was pursuing all possible remedies to resolve the issues raised in this action. (AOB, pp. 12-13.) Therefore, according to

46

Rosenberg, this lawsuit is not time barred.

This argument misses the mark.

Equitable tolling, like the name suggests, is based in equity, and in appropriate circumstances, equity will toll the statute of limitations while a plaintiff who has several legal remedies for the same harm pursues one of those remedies ***reasonably and in good faith***. (*McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th.88, 100 (2008), emphasis added.)

Invocation of the doctrine requires: (1) timely notice to the defendant against whom the doctrine will apply given at or about the time of seeking the first remedy; (2) lack of prejudice to the defendant in gathering evidence and preparing for the second remedy; and (3) good faith and reasonable conduct by the plaintiff. (*Addison v. State of California*, 21 Cal.3d 313, 318 (1978) (*Addison*).) The mere fact that the plaintiff has previously filed an action that was terminated is insufficient for tolling under this doctrine. (*See Wood v. Elling Corp.*, 20 Cal.3d 353, 359-360 (1977).) The equitable tolling doctrine looks principally to whether there has been ***reasonable conduct and excusable delay on the part of the plaintiff***.

47

"[E]quitable tolling is not available to a plaintiff whose conduct evidences an intent to delay disposition of the case without good cause; and *it is certainly not available to a plaintiff who engages in the procedural tactic of moving the case from one forum to another in the hopes of obtaining more favorable rulings*." (*Mitchell v. Frank R. Howard Memorial Hospital*, 6 Cal.App.4th 1396, 1407-1408 (1992) (*Mitchell*), emphasis added [citing *In Bacon v. City of Los Angeles*, 843 F.2d 372 (9th Cir. 1988) and *Ervin v. Los Angeles County*, 848 F.2d 1018 (9th Cir. 1988).)

In our case, the complaint alleges that in or around August 29, 2009, Rosenberg instituted the probate action. The probate action challenged Deutsche Bank's right to foreclose on the basis of the purportedly forged deed of trust and note.

After almost six years of prosecuting the probate case, Rosenberg appeared at a hearing in January 2015 and asked the trial court to dismiss the probate action in its entirety. (ASA, pp. 213-215.) The judicially noticed evidence (the Court of Appeal's decision) established that Rosenberg had sought a dismissal of the probate action pursuant to Code of Civil Procedure 583.310, which mandates that all actions shall be

diligently prosecuted and brought to trial within five (5) years of commencement. (ASA, p. 213.)

Rosenberg's request was granted and the probate action was dismissed with prejudice. (ASA, p. 204, 214-215.) Rosenberg appealed the dismissal and the Court of Appeal reversed the order of dismissal, ordering the petition dismissed *without* prejudice. (ASA, p. 217.)

Rosenberg then filed the underlying Chapter 7 Bankruptcy case in June 2017. (ASA, p. 264.) Rosenberg admits, in his opening brief, that he filed the bankruptcy case in order to pursue his remedies in bankruptcy court, rather than probate court (AOB, p. 13), which again he failed to diligently prosecute, resulting in its dismissal.

On November 27, 2017, over two years after dismissing the probate action and almost **nine years** after discovering the fraud and relevant facts, Rosenberg finally instituted this adversary proceeding. (ASA, p. 1, 18.)

The facts alleged in the complaint, taken as true, establish that equitable tolling is inapplicable because Rosenberg's conduct was not diligent, reasoned, or in good-faith. The facts confirm that Rosenberg was not acting diligently or with reason when he prosecuted the probate matter for almost six years, dismissed it, petitioned for bankruptcy, and then filed this

49

adversary proceeding.

The facts also substantiate a finding that Rosenberg was essentially engaging in "forum shopping." Equitable tolling cannot be used to support a plaintiff's litigation decision to forum shop. (*See Mitchell, supra*, 6 Cal.App.4th at pp. 1407-1408.)

Further, Deutsche Bank was prejudiced by the institution of this lawsuit because any reasonable defendant would have believed that after Rosenberg dismissed the probate action, he had no intention of later pursuing another identical action or remedy more than two years later.

The emphasis on diligence and reasoned prosecution that does not result in prejudice to the defendant is meant to prevent evidence from becoming stale and memories from fading away. (*Addison, supra*, 21 Cal.3d. at p. 317 ["The right to be free of stale claims in time comes to prevail over the right to prosecute them."].) This public policy goal is not achieved by Rosenberg's nine year delay in bringing this action.

Finally, since equitable tolling requires the balancing of equities, Rosenberg cannot avail himself of this doctrine because Rosenberg did not act equitably. In the probate action, the court issued evidentiary sanctions against Rosenberg for repeated discovery

50

violations and gamesmanship—the motion was brought by Deutsche Bank. (ASA, pp. 14-15.) In granting Deutsche Bank's motion, the probate court had in essence determined that Rosenberg had not acted equitably or in good-faith when dealing with Deutsche Bank. (ASA, p. 15.) Thus, Rosenberg is not entitled to equitable relief in his favor and against Deutsche Bank.

The bankruptcy court was correct—the complaint, including, any forgery, fraud, recession, or cancellation of instrument causes of action are time-barred. No subsequent amendment can cure this fatal defect.

> **C.    The doctrine of continuing violation is equally not applicable to this case because the assignments of the deed of trust are not "new and independent" acts and Rosenberg has not suffered any injury as a result of the assignments or securitization document.**

Rosenberg's complaint did not plead Deutsche Bank's alleged "continued fraud" or "continuing violation" and Rosenberg did not raise this argument in his opposition to the motion for judgment on the

pleadings. Thus, Rosenberg should be barred from raising this argument for the first time in this appeal. (*See In re Mortg. Electronic Registration Systems, Inc.*, *supra*, 555 Fed.Appx at p. 665.)

Even if Rosenberg pled or argued "continued fraud," the doctrine of continuing violation does not apply to this case.

Under the "continuing violation" doctrine, "each overt act that is part of the [violation] ***and that injures the plaintiff*** [] starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times." (*Ryan v. Microsoft Corporation*, 147 F.Supp.3d. 868, 883 (N.D. Cal. 2015) (*Ryan*), emphasis added, citation omitted.)

"In the Ninth Circuit, an overt act restarts the statute of limitations if it: (1) is 'a new and independent' act that is not merely a reaffirmation of a previous act; and (2) inflict[s] new and accumulating injury on the plaintiff." (*Ryan*, *supra*, 147 F.Supp.3d. at p. 883, citation omitted.)

In *Ryan*, plaintiffs filed suit requesting the Court find Microsoft engaged in continuing violations by maintaining and renewing existing agreements entered into before 2009. (*Id.* at pp. 884-885.) The District Court rejected plaintiffs' argument.

The Court held, "Maintaining and reaffirming prior agreements do not suffice to show an overt act. [T]he continuing violation doctrine requires Plaintiffs to allege a new and independent act that is not merely a reaffirmation of a previous act." (*Ryan, supra,* 147 F.Supp.3d. at p. 885 [quoting *Pace Industries, Inc. v. Three Phoenix Co.* 813 F.2d 234, 237 (9th Cir. 1987); also quoting *In re Multidistrict Vehicle Air Pollution*, 591 F.2d 68, 71–72 (9th Cir. 1979) [holding that the defendants' refusal during the limitations period to purchase afterburner devices from a particular company did not constitute an overt act to restart the limitations period because the defendants' refusal was based on an agreement entered into prior to the limitations period].].)

In the case at bar, Rosenberg contends that Deutsche Bank's continued filing of the alleged fraudulent and unverified assignments amounted to continuing violation. Not so.

The assignments stemmed from one agreement— the deed of trust and promissory note—entered into prior to the limitation period. Assignments of the same deed of trust and promissory note are not "new and independent" act, it is merely a reaffirmation of the terms and conditions of the loan and trust deed. It is not a new agreement.

53

Further, in order to allege "continuing violation," Rosenberg was required to alleged sufficient facts that he was injured by the assignments and securitization. As discussed above, not only is it impossible, as a matter of law, for Rosenberg to establish injury on the basis of the assignments and securitization, Rosenberg has no standing to challenge the assignments or securitization.

The continuing violation doctrine does not shield Rosenberg's complaint from the applicable statues of limitations. The bankruptcy court properly held that Rosenberg's action is time-barred and could not be amended.

## IV.

## Conclusion.

For the forgoing reasons, Deutsche Bank respectfully requests that this Court affirm the bankruptcy court's decision. Rosenberg's adversary action against Deutsche Bank is time-barred and Rosenberg lacks standing to assert the claims; no amount of amendments can cure these defects.


DATED: August 2, 2019          GARRETT & TULLY, P.C.
                               Zi C. Lin
                               Motunrayo D. Akinmurele



                               MOTUNRYO D. AKINMURELE
                               Attorneys for Appellee Deutsche
                               Bank National Trust Company, as
                               Trustee for Alliance Bancorp
                               Mortgage Backed Certificate Series
                               2007-OA1

## CERTIFICATE OF COMPLIANCE

## PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE, RULE 8015 subd. (h)– TYPE-VOLUME LIMITATION

I hereby certify that the foregoing, Appellee's Brief, contains a total of 7,988 words. In reaching this total, I relied on the word count of the computer program used to prepare this brief.  This certification is prepared in accordance with Federal Rules of Bankruptcy Procedure rule 8015, subdivision (h), stating the number of words in a brief may not exceed 13,000 words.


DATED: August 2, 2019         GARRETT & TULLY, P.C.
                              Zi C. Lin
                              Motunrayo D. Akinmurele



                              MOTUNRYO D. AKINMURELE
                              Attorneys for Appellee Deutsche
                              Bank National Trust Company, as
                              Trustee for Alliance Bancorp
                              Mortgage Backed Certificate Series
                              2007-OA1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

**<u>VIA U.S. MAIL</u>**

Steven Mark Rosenberg
106-1/2 Judge John Aiso St., #225
Los Angeles, CA  90012

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 2, 2019.

/s/Linda C. Lozano
Linda C. Lozano
GARRETT & TULLY, P.C.
225 S. Lake Avenue, Ste 1400
Pasadena, CA 91101
Telephone:  (626) 577-9500
Facsimile:   (626) 577-0813
Email: zlin@garrett-tully.com