District Court Case No. 2:18-cv-10188-AG

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT, SANTA ANA DIVISION

IN RE: STEVEN MARK ROSENBERG,
*Debtor.*

STEVEN MARK ROSENBERG
*Appellant,*

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP, MORTGAGE BACKED CERTIFICATE SERIES 2007-OA1, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, LLC,
*Appellees.*

Appeal from the U.S. Bankruptcy Court, Central District of California, Case No. Case No. 1:17-bk-11748-VK, A.P. Case No. 1:17-ap-01096-vk, Hon. Victoria S. Kaufman,
**Hon. Andrew J. Guilford, District Court Judge**

**APPELLEE'S SUPPLEMENTAL APPENDIX**
VOLUME 1 OF 3

Zi C. Lin, SBN 236989
Motunrayo D. Akinmurele, SBN299868
Garrett & Tully, P.C.
225 S. Lake Avenue, Suite 1400
Pasadena, CA 91101-4869
Tel: (626) 577-9500/Fax: (626) 577-0813
E-mails: zlin@garrett-tully.com, mdakinmurele@garrett-tully.com
*Attorneys for Appellee*
**Deutsche Bank National Trust Company, As Trustee for Alliance Bancorp Mortgage Backed Certificate Series 2007-OA1**

# TABLE OF CONTENTS

## VOLUME 1 OF 3

Relevant Entries in Bankruptcy Docket....................................1

Notice of Ruling Regarding August 19, 2014 Hearing on
Respondents' Motion for Terminating Sanctions......................14

Adversary Proceeding Complaint.........................................18

Memorandum of Points and Authorities In Support of Defendants'
Motion for Judgment on the Pleadings...................................93

## VOLUME 2 OF 3

Request for Judicial Notice in Support of Defendants' Motion for
Judgment on the Pleadings...............................................118

Notice of Defendant Deutsche Bank National Trust Company, as
Trustee for Alliance Bancorp Mortgage Backed Pass-Through
Certificate Series 2007-OA1 of Joinder in Motion for Judgment on
the Pleadings By Defendants Ocwen Loan Servicing, LLC and
Mortgage Electronic Registrations Systems, Inc. ....................219

Memorandum of Points and Authorities in Support of Opposition
to Defendants' Motion for Judgment on the Pleadings.............224

## VOLUME 3 OF 3

Defendants' Reply Brief In Support of Motion for Judgment on the
Pleadings..................................................................268

Joinder of Defendant Deutsche Bank National Trust Company, as
Trustee for Alliance Bancorp Mortgage Backed Pass-Through
Certificate Series 2007-OA1 in Reply Brief in Support of Motion
for Judgment on the Pleadings By Defendants Ocwen Loan
Servicing, LLC and Mortgage Electronic Registrations Systems,
Inc..........................................................................277

Order Granting Defendants' Motion for Judgment on the
Pleadings.............................................................................284

Notice of Lodgment of Order or Judgment in Adversary
Proceeding Re: Motion for Judgment on the Pleadings............297

Judgment Following Defendants' Motion for Judgment on the
Pleadings.............................................................................300

Amended Order Granting Defendants' Motion for Judgment on
the Pleadings........................................................................302

Amended Judgment Following Defendants' Motion for Judgment
on the Pleadings....................................................................320

Notice of Motion and Motion to Alter or Amend Judgment;
Memorandum of Points and Authorities..................................324

Plaintiff's Declaration In Support of Plaintiff's Motion to Alter or
Amend Judgment..................................................................340

Transcript of May 2, 2018 Proceeding....................................346

Notice of Appeal...................................................................361

Order Dismissing Action for Lack of Prosecution for Failure to
Comply with the Court's Order...............................................363

Order Re: Plaintiff's Motion to Alter or Amend Judgment..........364

NoFeeRequired, APLDIST, APPEAL

**U.S. Bankruptcy Court**
**Central District of California (San Fernando Valley)**
**Adversary Proceeding #: 1:17-ap-01096-VK**

*Assigned to:* Victoria S. Kaufman
*Lead BK Case:* 17-11748
*Lead BK Title:* Steven Mark Rosenberg
*Lead BK Chapter:* 7
*Demand:* $390000

*Date Filed:* 11/27/17
*Date Dismissed:* 05/14/18

*Nature[s] of Suit:* 91 Declaratory judgment
14 Recovery of money/property - other
72 Injunctive relief - other
21 Validity, priority or extent of lien or other interest in property

*Plaintiff*
-----------------------
**Steven Mark Rosenberg**
15814 Septo St
North Hills, CA 91343
SSN / ITIN: xxx-xx-7342

represented by **Steven Mark Rosenberg**
PRO SE

V.

*Defendant*
-----------------------
**Deutsche Bank National Trust**
**Company, As Trustee For Alliance**
**Bankcorp Mortgage Backed Pass**
**Through Certificate Series 2007-**
**OA01**
6409 Congress Ave Suite 100  .
Boca Raton, FL 33487

represented by **Marvin B Adviento**
Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
949-477-5050
Fax : 949-608-9142
Email: madviento@wrightlegal.net

**Nicole S Dunn**
Wright Finlay & Zak
4665 MacArthur Ct Ste 280
Newport Beach, CA 92660
949-477-5050
*TERMINATED: 03/02/2018*
*LEAD ATTORNEY*

**T Robert Finlay**
4665 McArthur Ct Ste 280
Newport Beach, CA 92660
949-477-5050
*LEAD ATTORNEY*

1

Zi Chao Lin
Garrett & Tully, PC
225 S Lake Ave Ste 1400
Pasadena, CA 91101
626-577-9500
Fax : 626-577-0813
Email: zlin@garrett-tully.com

Tomas A Ortiz
Garrett & Tully
225 S Lake Ave Ste 1400
Pasadena, CA 91101
626-577-9500
Fax : 625-577-0813
Email: tortiz@garrett-tully.com

Lukasz I Wozniak
Wright Finlay & Zak LLP
4665 MacArthur Court Ste 280
Newport Beach, CA 92660
949-949-5050
Fax : 949-608-9142
Email: Lwozniak@wrightlegal.net

*Defendant*
------------------------
**Ocwen Loan Servicing, Inc**          represented by **Marvin B Adviento**
PO Box 24781                                          (See above for address)
West Palm Beach, FL 33416-4781
                                                     **Nicole S Dunn**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

                                                     **T Robert Finlay**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

                                                     **Lukasz I Wozniak**
                                                     (See above for address)

*Defendant*
------------------------
**Alliance Bancorp, Inc**              represented by **Marvin B Adviento**
815 Commerce Dr                                      (See above for address)
Oak Brook, IL 60523

*Defendant*
------------------------
**Alliance Bancorp Estate Trustee**    represented by **Alliance Bancorp Estate Trustee Charles A. Stanziale, Jr**
**Charles A. Stanziale, Jr**                          PRO SE
100 Mulberry St Four Gateway

2

Center
Newark, NJ 07102

*Defendant*
-----------------------
**MERS Mortage Electronic**          represented by **Marvin B Adviento**
**Registration Systems, Inc**                        (See above for address)
1818 Library St Suite 300
Reston, VA 20190                                     **Nicole S Dunn**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

                                                     **T Robert Finlay**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

                                                     **Lukasz I Wozniak**
                                                     (See above for address)

*Defendant*
-----------------------
**One West Bank**                    represented by **One West Bank**
888 East Walnut St                                   PRO SE
Pasadena, CA 91101

*Defendant*
-----------------------
**DOES 1 through 25, inclusive**     represented by **DOES 1 through 25, inclusive**
                                                     PRO SE

*Defendant*
-----------------------
**CIT BANK, N.A. (f/k/a One West**   represented by **KRISTIN WEBB**
**Bank N.A., erroneously sued as**                   BRYAN CAVE LLP
**One West Bank)**                                   3161 MICHELSON DR STE 1500
*TERMINATED: 01/23/2018*                             IRVINE, CA 92612
                                                     949-223-7000
                                                     Fax : 949-223-7100
                                                     Email: webbk@bryancave.com
                                                     *TERMINATED: 01/23/2018*

*Trustee*
-----------------------
**Amy L Goldman (TR)**
633 W 5th Street, Suite 4000
Los Angeles, CA 90071

(213) 250-1800

*U.S. Trustee*
------------------------

**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 11/27/2017 | 1<br>(75 pgs) | Adversary case 1:17-ap-01096. Complaint by Steven Mark Rosenberg against Deutshe Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 , Ocwen Loan Servicing, Inc , Alliance Bancorp Estate Trustee , Alliance Bancorp Estate Trustee Charles A. Stanziale, Jr , Mortgage Electronic Registration Systems, Inc , One West Bank . (Fee Not Required). Nature of Suit: (14 (Recovery of money/property - other)) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(72 (Injunctive relief - other)) ,(91 (Declaratory judgment)) (Gasparian, Ana). (Entered: 11/27/2017) |
| 11/29/2017 | 2<br>(12 pgs; 2 docs) | Summons Issued on Alliance Bancorp Estate Trustee Charles A. Stanziale, Jr Date Issued 11/29/2017, Answer Due 12/29/2017; Alliance Bancorp, Inc Date Issued 11/29/2017, Answer Due 12/29/2017; DOES 1 through 25, inclusive Date Issued 11/29/2017, Answer Due 12/29/2017; Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 Date Issued 11/29/2017, Answer Due 12/29/2017; MERS Mortage Electronic Registration Systems, Inc Date Issued 11/29/2017, Answer Due 12/29/2017; Ocwen Loan Servicing, Inc Date Issued 11/29/2017, Answer Due 12/29/2017; One West Bank Date Issued 11/29/2017, Answer Due 12/29/2017 (RE: related document(s)1 Complaint filed by Plaintiff Steven Mark Rosenberg) Status hearing to be held on 1/24/2018 at 01:30 PM at Crtrm 301, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Victoria S. Kaufman (Bever, Sabine) (Entered: 11/29/2017) |
| 12/06/2017 | 3<br>(2 pgs) | Proof of service Filed by Plaintiff Steven Mark Rosenberg (RE: related document(s)1 Complaint). (Garcia, Patty) (Entered: 12/07/2017) |
| 12/06/2017 | 4<br>(2 pgs) | Proof of service Filed by Plaintiff Steven Mark Rosenberg (RE: related document(s)2 Summons Issued). (Garcia, Patty) (Entered: 12/07/2017) |
| 12/08/2017 | | Receipt of Photocopies Fee - $2.00 by 20. Receipt Number |

4

| | | |
|---|---|---|
| | | 20223915. (admin) (Entered: 12/08/2017) |
| 12/15/2017 | 5<br>(6 pgs) | Notice of Errata Filed by Plaintiff Steven Mark Rosenberg (RE: related document(s)1 Complaint). (Bever, Sabine) (Entered: 12/18/2017) |
| 12/19/2017 | | Receipt of Photocopies Fee - $3.00 by 19. Receipt Number 20224155. (admin) (Entered: 12/19/2017) |
| 12/29/2017 | 6<br>(17 pgs; 2 docs) | Motion to Dismiss Adversary Proceeding Filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank) (Attachments: # 1 Memorandum of Points and Authorities) (WEBB, KRISTIN) (Entered: 12/29/2017) |
| 12/29/2017 | 7<br>(87 pgs; 2 docs) | Request for judicial notice Filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank) (RE: related document(s)6 Motion to Dismiss Adversary Proceeding ). (Attachments: # 1 Exhibits A-K) (WEBB, KRISTIN) (Entered: 12/29/2017) |
| 12/29/2017 | 8<br>(4 pgs) | Notice of lodgment Filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank) (RE: related document(s)6 Motion to Dismiss Adversary Proceeding Filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank) (Attachments: # 1 Memorandum of Points and Authorities) filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank)). (WEBB, KRISTIN) (Entered: 12/29/2017) |
| 12/29/2017 | 9<br>(16 pgs) | Answer to Complaint Filed by Alliance Bancorp, Inc, Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01, MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc. (Adviento, Marvin) (Entered: 12/29/2017) |
| 01/10/2018 | 10<br>(7 pgs) | Status report Filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank) (RE: related document(s)1 Complaint). (WEBB, KRISTIN) (Entered: 01/10/2018) |
| 01/19/2018 | 11<br>(3 pgs) | Notice of Hearing *on Motion to Dismiss Adversary Complaint* Filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank) (RE: related document(s)6 Motion to Dismiss Adversary Proceeding Filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank) (Attachments: # 1 Memorandum of Points and Authorities) filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank)). (WEBB, KRISTIN) (Entered: 01/19/2018) |

| | | |
|---|---|---|
| 01/19/2018 | 12 | Hearing Set (RE: related document(s)6 Motion to Dismiss Adversary Proceeding filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank)) The Hearing date is set for 3/14/2018 at 02:30 PM at Crtrm 301, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Victoria S. Kaufman (Bever, Sabine) (Entered: 01/19/2018) |
| 01/23/2018 | 13 (3 pgs) | Notice of Voluntary Dismissal of an Adversary Proceeding that does not Involve Claims under U.S.C. sec 727 RE: Defendant's CIT Bank, N.A. f/k/a/ One West Bank, N.A. erroneously sued as One West Bank & Alliance Bancorp, Inc. (Estate) Filed by Plaintiff Steven Mark Rosenberg (RE: related document(s)1 Adversary case 1:17-ap-01096. Complaint by Steven Mark Rosenberg against Deutshe Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 , Ocwen Loan Servicing, Inc , Alliance Bancorp Estate Trustee , Alliance Bancorp Estate Trustee Charles A. Stanziale, Jr , Mortgage Electronic Registration Systems, Inc , One West Bank . (Fee Not Required). Nature of Suit: (14 (Recovery of money/property - other)) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(72 (Injunctive relief - other)) ,(91 (Declaratory judgment)) . filed by Plaintiff Steven Mark Rosenberg). (Bever, Sabine) (Entered: 01/24/2018) |
| 01/25/2018 | | Hearing (Adv Other) Continued (RE: related document(s) 1 COMPLAINT filed by Steven Mark Rosenberg) Status Hearing to be held on 03/14/2018 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 1 , (Garcia, Patty) (Entered: 01/25/2018) |
| 02/02/2018 | 14 (4 pgs) | Notice *of Change of Handling Attorney* Filed by Defendants Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01, MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc. (Wozniak, Lukasz) (Entered: 02/02/2018) |
| 02/13/2018 | 15 (4 pgs) | Notice of Hearing *of Motion for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc. (Wozniak, Lukasz) (Entered: 02/13/2018) |
| 02/13/2018 | 16 (25 pgs) | Motion *for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (Wozniak, Lukasz) (Entered: 02/13/2018) |
| 02/13/2018 | 17 (102 pgs; 2 docs) | Request for judicial notice *in Support of Motion for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (RE: related document(s)16 Motion *for Judgment on the* |

6

| | | |
|---|---|---|
| | | *Pleadings*). (Attachments: # 1 Exhibit Exhibits 1-14) (Wozniak, Lukasz) (Entered: 02/13/2018) |
| 02/15/2018 | 18 | Hearing Set (RE: related document(s)16 Motion for Judgment on the Pleadings filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc) The Hearing date is set for 4/4/2018 at 02:30 PM at Crtrm 301, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Victoria S. Kaufman (Bever, Sabine) (Entered: 02/15/2018) |
| 02/15/2018 | 19 (4 pgs) | Notice of Hearing *on Defendants' Motion for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (RE: related document(s)16 Motion *for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc). (Wozniak, Lukasz) (Entered: 02/15/2018) |
| 02/26/2018 | 20 (1 pg) | Transcript Order Form , regarding Hearing Date 1/24/2018 Filed by Plaintiff Steven Mark Rosenberg . (Garcia, Patty) (Entered: 02/26/2018) |
| 02/26/2018 | 21 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 18-VK-06. RE Hearing Date: 1/24/2018, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s)20 Transcript Order Form (Public Request) filed by Plaintiff Steven Mark Rosenberg) (Garcia, Patty) (Entered: 02/26/2018) |
| 02/26/2018 | | Receipt of Tape Duplication Fee - $31.00 by 22. Receipt Number 10071806. (admin) (Entered: 02/26/2018) |
| 03/02/2018 | 22 (5 pgs) | Substitution of attorney *Substitution of Attorney [LBR 2091-1(b)]* Filed by Defendant Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01. (Ortiz, Tomas) (Entered: 03/02/2018) |
| 03/08/2018 | 23 (11 pgs) | Status report with Declaration Filed by Plaintiff Steven Mark Rosenberg (RE: related document(s)1 Complaint). (Bever, Sabine) (Entered: 03/09/2018) |
| 03/09/2018 | 24 (5 pgs) | Motion *Notice By Defendant Deutsche Bank National Trust Company, As Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1 of Joinder and Joinder in Motion for Judgment on the Pleadings by Defendant Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc. 16 Motion for Judgment on the Pleadings; 17 Request for Judicial Notice; and 19 Notice of* |

| | | |
|---|---|---|
| | | *Hearing on Defendants' Motion for Judgment on the Pleadings* Filed by Defendant Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 (Ortiz, Tomas) (Entered: 03/09/2018) |
| 03/12/2018 | 25 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this document. THE FILER IS INSTRUCTED TO FILE WITHDRAWAL OF MOTION AND RE-FILE THE DOCUMENT USING THE CORRECT EVENT.** (RE: related document(s)24 Generic Motion filed by Defendant Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01) (Garcia, Patty) (Entered: 03/12/2018) |
| 03/12/2018 | 26 (5 pgs) | Notice *Notice of Defendant Deutsche Bank National Trust Co., As Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1 of Joinder and Joinder in Motion for Judgment on the Pleadings* Filed by Defendant Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 (RE: related document(s)16 Motion *for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc, 17 Request for judicial notice *in Support of Motion for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (RE: related document(s)16 Motion *for Judgment on the Pleadings*). (Attachments: # 1 Exhibit Exhibits 1-14) filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc, 19 Notice of Hearing *on Defendants' Motion for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (RE: related document(s)16 Motion *for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc). filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc). (Ortiz, Tomas) (Entered: 03/12/2018) |
| 03/12/2018 | 27 (8 pgs) | Transcript regarding Hearing Held 01/24/18 RE: In Re: Steven Mark Rosenberg. Remote electronic access to the transcript is restricted until 06/11/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 8882720022.]. Notice of Intent |

| | | |
|---|---|---|
| | | to Request Redaction Deadline Due By 3/19/2018. Redaction Request Due By 04/2/2018. Redacted Transcript Submission Due By 04/12/2018. Transcript access will be restricted through 06/11/2018. (Hyatt, Mitchell) (Entered: 03/12/2018) |
| 03/16/2018 | | Hearing (Adv Other) Continued (RE: related document(s) 1 COMPLAINT filed by Steven Mark Rosenberg) Status Hearing to be held on 04/04/2018 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 1 , (Garcia, Patty) (Entered: 03/16/2018) |
| 03/16/2018 | 28 | Hearing Held 3/14/18 - Ruling: Moot. (RE: related document(s)6 Motion to Dismiss Adversary Proceeding filed by Defendant CIT BANK, N.A. (f/k/a One West Bank N.A., erroneously sued as One West Bank)) (Garcia, Patty) (Entered: 03/16/2018) |
| 03/20/2018 | 29 (2 pgs) | Order Denying as Moot Motion of Defendant CIT Bank, N.A. to Dismiss Adversary Proceeding of Plaintiff Steven Mark Rosenberg (BNC-PDF) (Related Doc # 6) Signed on 3/20/2018. (Bever, Sabine) (Entered: 03/20/2018) |
| 03/21/2018 | 30 (44 pgs) | Memorandum of points and authorities in support of the opposition to defendants' motion for judgment on the pleadings Filed by Plaintiff Steven Mark Rosenberg . (Ogier, Kathy)CORRECTION: Hearing date of document incorrect. Correct date of hearing is 4/4/18 at 2:30 p.m. Modified on 3/22/2018 (Ogier, Kathy). (Entered: 03/22/2018) |
| 03/22/2018 | 31 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)29 Order on Motion to Dismiss Adversary Proceeding (BNC-PDF)) No. of Notices: 7. Notice Date 03/22/2018. (Admin.) (Entered: 03/22/2018) |
| 03/28/2018 | 32 (9 pgs) | Reply to (related document(s): 16 Motion *for Judgment on the Pleadings* filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc) Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (Wozniak, Lukasz) (Entered: 03/28/2018) |
| 03/29/2018 | 33 (7 pgs) | Notice *Joinder of Defendant Deutsche Bank National Trust Company, As Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1 in Reply Brief in Support of Motion for Judgment on the Pleadings by Defendants Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc.* Filed by Defendant Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 (RE: related document(s)32 Reply to (related document(s): 16 Motion *for Judgment on the Pleadings* filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, |

| | | |
|---|---|---|
| | | Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 (Ortiz, Tomas) (Entered: 04/19/2018) |
| 04/19/2018 | | Hearing (Adv Motion) Continued (RE: related document(s) 16 GENERIC MOTION filed by Ocwen Loan Servicing, Inc) Hearing to be held on 05/02/2018 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 16 , (Garcia, Patty) (Entered: 04/19/2018) |
| 04/19/2018 | | Hearing (Adv Other) Continued (RE: related document(s) 1 COMPLAINT filed by Steven Mark Rosenberg) Status Hearing to be held on 05/02/2018 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 1 , (Garcia, Patty) (Entered: 04/19/2018) |
| 04/19/2018 | 38 (20 pgs) | Opposition to (related document(s): 34 Application filed by Plaintiff Steven Mark Rosenberg) Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (Wozniak, Lukasz) (Entered: 04/19/2018) |
| 04/26/2018 | 39 (5 pgs) | Affidavit Reply to Filed by Plaintiff Steven Mark Rosenberg (RE: related document(s)34 Application for Appointment of Attorney). (Bever, Sabine) (Entered: 04/27/2018) |
| 05/02/2018 | 40 (8 pgs) | See attached PDF re Courts' Ruling at hearing held on May 02, 2018 at 2:30 p.m. (RE: related document(s)34 Application (Generic)for Appointment of Counsel filed by Plaintiff Steven Mark Rosenberg) (Bever, Sabine) (Entered: 05/03/2018) |
| 05/02/2018 | 41 (13 pgs) | See attached PDF re Courts' Ruling at hearing held on May 02, 2018 at 2:30 p.m. (RE: related document(s)16 Generic Motion for Judgment on the Pleadings filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc) (Bever, Sabine) (Entered: 05/03/2018) |
| 05/03/2018 | 42 (21 pgs; 2 docs) | Notice of lodgment *of Order or Judgment in Adversary Proceeding re: Motion for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (RE: related document(s)16 Motion *for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc). (Attachments: # 1 Proposed Order)(Wozniak, Lukasz) (Entered: 05/03/2018) |
| 05/03/2018 | | Receipt of Tape Duplication Fee - $62.00 by 12. Receipt Number 10072172. (admin) (Entered: 05/03/2018) |
| 05/04/2018 | 43 | Hearing Held 5/2/2018 - Ruling: Motion Denied. (RE: related |

| | | |
|---|---|---|
| | | document(s)<u>34</u> Application (Generic) for Appointment of Counsel filed by Plaintiff Steven Mark Rosenberg (Bever, Sabine) (Entered: 05/04/2018) |
| 05/04/2018 | 44 | Hearing Held 5/2/2018 - Ruling: Motion Granted. (RE: related document(s)<u>16</u> Generic Motion filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc) (Bever, Sabine) (Entered: 05/04/2018) |
| 05/04/2018 | 45 | Hearing Held 5/2/2018 - Ruling: Vacated. (RE: related document(s)<u>1</u> Complaint filed by Plaintiff Steven Mark Rosenberg) (Bever, Sabine) (Entered: 05/04/2018) |
| 05/04/2018 | <u>46</u><br>(5 pgs) | Notice of lodgment *Notice of Lodgment of Order in Judgment in Adv. Proceeding re: [Proposed] Order Denying Plaintiff's Application for Appointment of Counsel* Filed by Defendant Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 (RE: related document(s)<u>34</u> Application for Appointment of Counsel (U.S.C. 1915(e)(1) and Attached Declaration Filed by Plaintiff Steven Mark Rosenberg filed by Plaintiff Steven Mark Rosenberg). (Ortiz, Tomas) (Entered: 05/04/2018) |
| 05/04/2018 | <u>47</u><br>(7 pgs; 2 docs) | Notice of lodgment *of Judgment Following Defendants' Motion for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (RE: related document(s)<u>16</u> Motion *for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc). (Attachments: # 1 Proposed Order Proposed Judgment) (Wozniak, Lukasz) (Entered: 05/04/2018) |
| 05/14/2018 | <u>48</u><br>(2 pgs) | Order Denying Plaintiff's Application For Appointment Of Counsel (BNC-PDF) (Related Doc # <u>34</u> ) Signed on 5/14/2018 (Garcia, Patty) (Entered: 05/14/2018) |
| 05/14/2018 | <u>49</u><br>(2 pgs) | Order Granting Defendants' Motion For Judgment On The Pleadings (BNC-PDF) (Related Doc # <u>16</u> ) Signed on 5/14/2018 (Garcia, Patty) (Entered: 05/14/2018) |
| 05/14/2018 | <u>50</u><br>(2 pgs) | Judgment Following Defendants' Motion For Judgment On The Pleadings (BNC-PDF) (Related Doc # <u>16</u> ) Signed on 5/14/2018 (Garcia, Patty) (Entered: 05/14/2018) |
| 05/16/2018 | <u>51</u><br>(18 pgs) | Notice of lodgment *of Amended Order Granting Defendants' Motion for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (RE: related document(s)<u>16</u> Motion *for Judgment on the Pleadings* Filed by Defendants MERS |

| | | |
|---|---|---|
| | | Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc). (Wozniak, Lukasz) (Entered: 05/16/2018) |
| 05/16/2018 | 52 (4 pgs) | Notice of lodgment *of Amended Judgment Following Defendants' Motion for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc (RE: related document(s)16 Motion *for Judgment on the Pleadings* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc filed by Defendant Ocwen Loan Servicing, Inc, Defendant MERS Mortage Electronic Registration Systems, Inc). (Wozniak, Lukasz) (Entered: 05/16/2018) |
| 05/16/2018 | 53 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)48 Order on Generic Application (BNC-PDF)) No. of Notices: 7. Notice Date 05/16/2018. (Admin.) (Entered: 05/16/2018) |
| 05/16/2018 | 54 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)49 Order on Generic Motion (BNC-PDF)) No. of Notices: 7. Notice Date 05/16/2018. (Admin.) (Entered: 05/16/2018) |
| 05/16/2018 | 55 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)50 Order on Generic Motion (BNC-PDF)) No. of Notices: 7. Notice Date 05/16/2018. (Admin.) (Entered: 05/16/2018) |
| 06/07/2018 | 56 (2 pgs) | Order Amended Judgment Following Defendants' Motion For Judgment On The Pleadings (BNC-PDF) (Related Doc # 16 ) Signed on 6/7/2018 (Garcia, Patty) (Entered: 06/07/2018) |
| 06/09/2018 | 57 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)56 Order on Generic Motion (BNC-PDF)) No. of Notices: 7. Notice Date 06/09/2018. (Admin.) (Entered: 06/09/2018) |
| 06/11/2018 | 58 (16 pgs) | Motion to Amend and Notice of Motion to Alter Or Amend Judgment; Memorandum of Points and Authorities. Filed by Plaintiff Steven Mark Rosenberg (Garcia, Patty) (Entered: 06/12/2018) |
| 07/02/2018 | 59 (4 pgs) | Notice of Non-Availability Filed by Plaintiff Steven Mark Rosenberg . (Bever, Sabine) (Entered: 07/02/2018) |
| 07/18/2018 | | Receipt of Certification Fee - $11.00 by 01. Receipt Number 10072603. (admin) (Entered: 07/18/2018) |
| 08/16/2018 | | Receipt of Certification Fee - $11.00 by 07. Receipt Number 10072772. (admin) (Entered: 08/16/2018) |

| | | |
|---|---|---|
| | | **RECEIVING A DATE FROM THE COURT.** (RE: related document(s)61 Generic Motion filed by Defendant Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01)). (Ortiz, Tomas) (Entered: 09/14/2018) |
| 09/14/2018 | 68 (5 pgs) | Notice *of Amended Joinder to the Motion for Sanctions* Filed by Defendants MERS Mortage Electronic Registration Systems, Inc, Ocwen Loan Servicing, Inc. (Wozniak, Lukasz). Related document(s) 61 Motion *Notice of Motion and Motion for Sanctions Against Plaintiff Steven Mark Rosenberg Pursuant to FRCP Rule 11 and FRBP Rule 9011; in the Form of Monetary Sanctions in the Striking of the Notice of Motion and Motion to Alter or Amend Judgment; Dec filed by Defendant Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01. (Entered: 09/14/2018)* |
| 10/26/2018 | 69 (1 pg) | Transcript Order Form , regarding Hearing Date 05/02/2018 Filed by Plaintiff Steven Mark Rosenberg (RE: related document(s)16 Motion *for Judgment on the Pleadings*). (Bever, Sabine) (Entered: 10/29/2018) |
| 10/29/2018 | 70 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 18-VK-37. RE Hearing Date: 05/02/18, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number 858-453-7590.] (RE: related document(s)69 Transcript Order Form (Public Request) filed by Plaintiff Steven Mark Rosenberg) (Bever, Sabine) (Entered: 10/29/2018) |
| 11/02/2018 | 71 (15 pgs) | Transcript regarding Hearing Held 05/02/18 RE: Defendant's motion for judgment on the pleadings. Remote electronic access to the transcript is restricted until 01/31/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal or purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590.]. Notice of Intent to Request Redaction Deadline Due By 11/9/2018. Redaction Request Due By 11/23/2018. Redacted Transcript Submission Due By 12/3/2018. Transcript access will be restricted through 01/31/2019. (Bauer, Tara) (Entered: 11/02/2018) |
| 11/20/2018 | 72 (12 pgs) | Response to (related document(s): 61 Motion *Notice of Motion and Motion for Sanctions Against Plaintiff Steven Mark Rosenberg Pursuant to FRCP Rule 11 and FRBP Rule 9011; in the Form of Monetary Sanctions in the Striking of the Notice of Motion and Motion to Alter or Amend Judgment; Dec filed by Defendant Deutsche Bank National Trust Company, As Trustee For Alliance Bankcorp Mortgage Backed Pass Through* |

13

Robert Garrett, SBN 065886
rgarrett@garrett-tully.com
Jennifer R. Slater, SBN 216207
jslater@garrett-tully.com
GARRETT & TULLY, P.C.
225 South Lake Avenue, Suite 1400
Pasadena, CA 91101-4869
Telephone: (626) 577-9500
Facsimile:  (626) 577-0813

Attorneys for Respondents OneWest Bank, FSB  and Deutsche Bank National Trust
Company, pursuant to the Trustee Pooling and Servicing Agreement Dated as of
May 1, 2007, as trustee or the Mortgage Backed Pass-Through Certificates Series 2007

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| STEVEN MARK ROSENBERG as Trustee of the Isadore Rosenberg Family Trust and STEVEN MARK ROSENBERG as Administrator of the Estate of Isadore Rosenberg, <br><br> Petitioner, <br><br> vs. <br><br> FIDELITY NATIONAL TITLE INSURANCE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ONEWEST BANK, R.D. SALAZAR, KIM BATEMAN, SAMIA S. SWEISS, CHRIS THOMPSON, LILIAN GARCIA, AND DOES 1 THROUGH 100, INCLUSIVE, <br><br> Respondents. | CASE NO.  BP109162 (related to BP128307) (Hon. Maria E. Stratton, Dept. 5) <br><br> **NOTICE OF RULING REGARDING AUGUST 19, 2014 HEARING ON RESPONDENTS' MOTION FOR TERMINATING SANCTIONS** <br><br> **DATE:**   August 19, 2014 <br> **TIME:**   10:00 a.m. <br> **DEPT.:**   5 <br><br> Action Filed:  August 27, 2009 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 19, 2014, in Department 5 of the above-entitled court, the following matters came on for hearing before the Honorable Maria E. Stratton, judge presiding: (1) Motion for Terminating Sanctions filed by respondents OneWest Bank, FSB ("OneWest") and Deutsche Bank National Trust Company, pursuant to the Trustee Pooling and Servicing Agreement Dated as of May 1, 2007, as trustee for the Mortgage Backed Pass-Through Certificates Series 2007-OA1 ("Deutsche Bank") ; and (2) petitioner Steven Mark Rosenberg's 850 Petition.  C.Keila Nakasaka

175992.wpd
91539-093

specially appeared on behalf of petitioner Steven Mark Rosenberg. Jennifer R. Slater, Garrett & Tully, P.C., appeared on behalf of respondents OneWest and Deutsche Bank. Donald Leonhardt, Fidelity National Law Group, specially appeared on behalf of respondents OneWest and Deutsche Bank. Steven Mark Rosenberg was also present. No other appearances were made

The Court issued the following ruling:

(1)    The motion for terminating sanctions is denied;

(2)    Evidentiary sanctions are awarded against petitioner Steven Mark Rosenberg. Mr. Rosenberg is precluded from introducing any documents or evidence at trial not previously produced to respondents OneWest Bank and Deutsche Bank in response to all prior discovery requests;

(3)    A further status conference is scheduled for December 9, 2014 at 8:30 a.m. in department 5 of the above-entitled court. At this time the parties will advise the court when this matter will be ready for trial; and

(4)    If petitioner Rosenberg has not retained counsel to represent him for all purposes, including trial, by the December 9, 2014 further status conference, the court will scheduled an order to show cause hearing why both 850 petitions (Case Nos. BP109162 and BP128307) should not be dismissed.

DATED: August 20, 2014

GARRETT & TULLY, P.C.
Robert Garrett
Jennifer R. Slater

JENNIFER R. SLATER
Attorneys for Respondents OneWest Bank, FSB and Deutsche Bank National Trust Company, pursuant to the Trustee Pooling and Servicing Agreement Dated as of May 1, 2007, as trustee or the Mortgage Backed Pass-Through Certificates Series 2007-OA1

GARRETT & TULLY
A PROFESSIONAL CORPORATION

175992.wpd
91539-093

2

NOTICE OF RULING REGARDING AUGUST 19, 2014 HEARING ON RESPONDENTS' MOTION FOR TERMINATING SANCTIONS

**PROOF OF SERVICE**
*Rosenberg v. Fidelity, et* al.
Case No. BP109162 (related to BP128307)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 225 South Lake Avenue, Suite 1400, Pasadena, California 91101.

On August 20, 2014, I served the following document(s): **NOTICE OF RULING REGARDING AUGUST 19, 2014 HEARING ON RESPONDENTS' MOTION FOR TERMINATING SANCTIONS**

☒ **BY MAIL** by depositing in the United States Postal Service mail box at 225 South Lake Avenue, Suite 1400, Pasadena, California 91101, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

☐ **BY OVERNIGHT COURIER** by depositing in the facility regularly maintained by _____, a true copy thereof in a sealed envelope with delivery fees fully provided for and addressed as follows:

☐ **BY E-MAIL or ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:
　　☐　the written confirmation of counsel in this action:
　　☐　[State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):
　　☐　[Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 20, 2014, at Pasadena, California.

_____
Sofia Escalante

GARRETT & TULLY
A PROFESSIONAL CORPORATION

16

**PROOF OF SERVICE**
*Rosenberg v. Fidelity, et al.*
Case No. BP109162 (related to BP128307)

Steven Mark Rosenberg                                    Petitioner In Pro Per
106 1/2 Judge John Aiso Street, #225
Los Angeles, CA 90012

Richard S. Busch, Esq.                                   Attorneys for Respondent R.D. Salazar
2660 Townsgate Road, Suite 400
Westlake Village, CA 91361

Western Surety Company
P.O. Box 5077
Sioux Falls, SD 57117

GARRETT & TULLY
A PROFESSIONAL CORPORATION

175992.vrpd

17

Case 1:17-bk-11748-VK   Doc 27   Filed 11/27/17   Entered 11/27/17 15:02:20   Desc
Main Document   Page 1 of 75

FILED

NOV 27 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                   Deputy Clerk

1   Steven Mark Rosenberg
    106 ½ Judge John Aiso St, #226
2   LA, CA 90012
    Tel: 310.971.5037
3
4   email: founder@ PuttingElders1st.org
5   In Pro Per
6              UNITED STATES BANKRUPTCY COURT
7   CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION
8
9   In re: STEVEN MARK ROSENBERG.        ) Chapter 7 Case
             Debtor                      )
10                                       ) Bank. Case No. 1:17-bk-11748-VK
                                         )
11                                       ) Adv. Proc. No.——
                                         )
12  ————————————————                     )
                                         ) ADVERSARY PROCEEDING:
13                                       )
14  STEVEN MARK ROSENBERG                )   1.  VIOLATION OF 11 U.S.C. § 524(a)(2)-
                                         )       Debtor Discharge Injunction
15  Plaintiff                            )   2   VIOLATION OF FRBP, Rule
             vs.                         )       3001(c)(2) (B);Failure To File Proof Of
16                                       )       Claim Re Security Interest Statement Of
    ALLIANCE BANCORP, INC (Estate),      )       Amount To Cure Default As Of Petition
17  MORTGAGE ELECTRONIC                  )       Filing Date;
    REGISTRATION SYSTEMS, INC.,          )   3.  VIOLATION OF FRBP, Rule 3001(c)(2)
18  OCWEN LOAN SERVICING, ONE WEST       )       (C); Failure To File Attachment To
    BANK, DEUTSCHE BANK NATIONAL         )       Appropriate Official Form Re Security
19  TRUST COMPANY, AS TRUSTEE FOR        )       Interest In Debtor's Principal Residence
    ALLIANCE BANCORP MORTGAGE            )   4.  FRAUDULENT CONCEALMENT
20  BACKED PASS-THROUGH                  )   5.  VIOLATION OF 18 U.S.C § 157;
    CERTIFICATE SERIES 2007-OA1          )       Fraud And Deceit
21  AND DOES 1 THROUGH 25, INCLUSIVE,    )   6.  DECLARATORY RELIEF
                                         )
22  Defendants                          )
23                                             DEMAND FOR JURY TRIAL
24
25  ————————————————
26
    I, STEVEN MARK ROSENBERG, Debtor (Plaintiff), hereby consent to
27  ACCEPT all Orders or Judgements from the honorable Bankruptcy Court.
28

ADVERSARY PROCEEDING-S.ROSENBERG                                    Page 1

1  Plaintiff and Debtor STEVEN MARK ROSENBERG, Debtor (Plaintiff), hereby

2  complains of Defendants ALLIANCE BANCORP, INC. (Estate) ; MORTGAGE

3  ELECTRONIC REGISTRATION SYSTEMS, INC.; ONEWEST BANK; DEUTSCHE

4  BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP

5

6  MORTGAGE BACKED PASS THROUGH CERTIFICATE SERIES 2007-A1

7  (hereinafter referred to as "DEUTSCHE BANK")  as follows:

8                                          I.

9                          GENERAL ALLEGATIONS

10                                        A.

11                              THE PARTIES

12

13      1.      Steven M. Rosenberg ("Plaintiff") is an individual residing in the County

14  of Los Angeles, State of California.

15      2.      Plaintiff is informed and believes that Defendants are entities doing

16  business in the state of California.

17      3.      Defendant Alliance Bancorp, Inc, as lender and Mortgage Electronic

18  Registration Systems, Inc ("MERS") as beneficiary purports to be the parties of that

19  certain deed of trust entered on March 15, 2007, and purport securing a $390,000

20  promissory note was recorded against the  Estate property located at 15814 Septo

21  Street, North Hills, California 91343 (hereinafter referred to as "Subject Property").

22      4.      Defendants OneWest Bank/ a part of CIT Bank, N.A. (stating in public

23  records to be acting as Attorney in Fact for OCWEN LOAN SERVICING ) and

24  Deutsche Bank *claims* to be the current holders of the above mentioned deed of

25  trust.

26                                        B.

27                      JURISDICTION AND VENUE

28      5.      This Court has jurisdiction over this Adversary, pursuant to 28 U.S.C. §§

ADVERSARY PROCEEDING-S.ROSENBERG                                        Page 2

1 | 157 and 1334 in that it arises in or is related to the above-captioned case under

2 | Chapter 11 of the United States Bankruptcy Code.

3 |      6.    This action is a "core proceeding" under 28 U.S.C. § 157(b)(2).

4 |      7.    Venue of this action is proper, under 28 U.S.C. § 1408 and 1409, in that it

5 | arises in or relates to the Case, which is presently pending in the United States

6 | Bankruptcy Court for the Central District of California.

7 | <div align="center">C.</div>

8

9 | <div align="center">PROCEDURAL AND FACTUAL BACKGROUND</div>

10 |      8.    Petitioner Steven M. Rosenberg is the sole beneficiary of the Isadore and

11 | Norma P. Rosenberg Trust dated May 4, 1990 and personal representative of the Estate

12 | of Isadore Rosenberg, Deceased (1918 - 2008).

13 |      9.    On March 15, 2007, an alleged valid deed of trust ("DOT") securing a

14 | $390,000 promissory note was recorded against the Estate property located at 15814

15 | Septo Street, North Hills, California 91343 indicating Ampro Mortgage, a division of

16 | United Finance Mortgage Corp ("Alliance Bancorp, Inc") as the lender and MERS

17 | acting solely as a nominee for the lender and the lender's successors and assigns was the

18 | beneficiary under deed of trust. The contented trustor of the note and the March 15, 2007

19 | DOT was the now, deceased Isadore Rosenberg. Feeble, with age related macular

20 | degeneration affecting his eyesight, and age related cognitively impaired Isadore

21 | Rosenberg, was 88 years of age, at the time of his death, in early 2008.

22 |      10.    The DOT has been supposedly further assigned by two assignments and a

23 | correction assignment; the first Assignment (see Exhibit -1-/29 pages to30) purports to

24 | have been made on April 16, 2008 at 7:55 am (though not acknowledged until August

25 | 2008). According to Exhibit -2 -, as found on pages 31 to33 , the second assignment

26 | purports to have been made simultaneously with the first assignment as of April 16, 2008

27 | at 7:55 am although it is not acknowledged until 2009 and recorded in 2010.

28

ADVERSARY PROCEEDING-S.ROSENBERG                                Page 3

1  The recorded "contested" **Correction Assignment of March 17, 2017** has been Robo

2  Signed by John Dickerson on behalf of FDIC, pertains *astonishingly* going back over 7

3  years to now at this belated date, correct the recital party name found in the DOT

4  robosigned (Jessica Seck) assignment *recorded in 2010* ! ! Exhibit - 3- / *page 34 to 35*.

5  The above County Recorder assignment/ correction to assignment. chronology raises

6  serious judicial doctrines red flags (e.g; laches, statute of limitations, unclean hands,

7  marketability harm by way of slander of title, ) that something is not right in Denmark.

8       11.    The contested first Assignment is in the name of Mortgage Electronic

9  Registration Systems, Inc. (MERS) as nominee for Ampro Mortgage, a division of

10  United Finance Mortgage Corp. By the time of the purported assignment the party on

11  whose behalf MERS purported to act, had filed a petition for Bankruptcy under Chapter

12  7 on July 13, 2007, and was subsequently voluntarily dissolved in Illinois, its State of

13  Incorporation on February 1, 2008 as Case No. 07-10941 (CSS).

14       12.    The claims were presented by OneWest Bank and Deutsche Bank to the

15  Plaintiff as the administrator of the estate of his father, Isadore Rosenberg, and the

16  

17  trustee/ sole beneficiary of the Isadore Rosenberg & Norma Rosenberg Trust dated May

18  03, 1990.

19       13.    On realizing the DOT was not executed by his father and suspected forgery,

20  on August 29, 2009 the plaintiff filed a petition in Los Angeles Superior Court pursuant

21  to Probate Code §850 as estate personal representative. LASC BP109168

22       14.    This action sought to determine title to real Estate property where someone

23  other than the decedent or trustor claims to have title to or an interest in the Estate

24  property & for forgery as the signature of the Deed of Trust document was forged by a

25  unscrupulous criminal caregiver of Isadore Rosenberg.

26       15.    The complaint regarding forgery of the above mentioned DOT was

27  dismissed without prejudice.

28  

ADVERSARY PROCEEDING-S.ROSENBERG                                     Page 4

1      16.   The DOT that was recorded is void ab initio as it was entered by forging

2  the signature of Isadore Rosenberg who is the contended trustor of the DOT. Moreover

3  the assignments made by MERS as nominee for Ampro Mortgage, a division of United

4  Finance Mortgage Corp were after the PSA closing date for such assignments, making

5  such transfers void.   Alliance Bancorp Securitization requirements per SEC edgar.

6  https://www.sec.gov/Archives/edgar/data/1400428/000088237707001571/d679954_424b5.htm

7                      **D.**

8      **THE DEED OF TRUST IS VOID AB INITIO Based on FORGERY**

9      17.   The alleged DOT is void ab initio as the signature of the borrower i.e.

10  Isadore Rosenberg in the said DOT is forged and such DOT has been created by means

11  of fraud and forgery apparently by the criminal caregiver, David Curtis Harder

12

13

14  

15

16

17

18

19  (NCIC: A10433454) as well as the lender bank and all other parties that have alleged

20  beneficial and legal interest in the existence of the said DOT.

21      18.   The plaintiff in this adversary proceeding is the son (and sole heir) and

22  the personal representative of the estate of his father, Isadore Rosenberg who is the

23  "Borrower" in the alleged DOT. The "borrower" in the DOT died in 2008. In August

24  2009 the plaintiff had filed a petition pursuant to Probate Code § 850 as administrator

25  and trustee of the estate of Isadore Rosenberg to determine title to Estate property

26  where someone other than the decedent or trustor claims to have title to or an interest

27  in the Estate property before the Superior Court of California, County of Los Angeles,

28

ADVERSARY PROCEEDING-S.ROSENBERG                                    Page 5

22

1   the Honorable Maria E. Stratton, Judge , the last presiding justice in the dismissed

2   case.

3        19.    The plaintiff had in the petition claimed that Isadore Rosenberg had

4   record title to Estate property in North Hills, California, but that prior to his death

5   "Isadore Rosenberg's" name was forged on a number of written instruments that were

6   recorded on the Estate property. This resulted in the present Bankruptcy Estate

7   property going from free and clear ownership in 2001 to approximately $390,000 of

8   loans and liens being recorded on the Estate property as of February 2007. The

9   plaintiff had also stated in the petition that various individuals and financial

10  institutions, including OneWest Bank and Mortgage Electronic Registration Systems,

11  aided and abetted the Caregiver Harder in his aforesaid acts. These documents,

12  included deeds of trust securing promissory notes and lines of credit, were allegedly

13  forged before Isadore Rosenberg's mysterious death, occurring in Orange County,

14  more than 60 miles from his long time home.

15       20.    The aforesaid petition was dismissed with prejudice on January 15, 2015,

16  however the plaintiff made a timely appeal in April 2015, before the Court Of Appeal

17  of the State Of California, Second Appellate District, Division Seven, in Case No.

18  B263242, wherein the Court of Appeal rule favorably regarding Plaintiff's appeal.

19  The matter was remanded with directions to vacate the order dismissing the Probate

20  Code 850 petition (Los Angeles County Super. Ct. Nos.BP109162 )with prejudice,

21  and enter a new order dismissing the petition without prejudice.

22  

23       21.    Plaintiff is informed and believes, and thereon alleges that the signatures

24  in the DOT and all related endorsements and documents with regard to the Estate

25  property that has been purported to be signed by Isadore Rosenberg are forged, and

26  fraudulent. A true and correct copy of the Forensic Handwriting Expert Summary

27  Report is attached and incorporated by reference to this petition as Exhibit -4-( refer to

28  page 36#'s to 43)

22.    Plaintiff is informed and believes that based on the report of the highly qualified handwriting expert the signatures of Isadore are forged with regard to the DOT, endorsements and such related documents, and the DOT, endorsements and all such documents are invalid and void ab initio.

23.    Plaintiff is informed, believes and alleges that **none** of the defendants in the previous petition that was filed in 2009, had produced a counter expert opinion that the documents and DOT were not forged nor did they avail themselves to do a deposition of Steven Mark Rosenberg's, retained handwriting forensic expert Howard C. Rile, Jr. in order to attempt impeachment or rehabilitation.

24.    The ground of forgery was raised by the plaintiff on August 29 , 2009 in the filed petition pursuant to Probate Code section 850 as administrator and trustee of the estate of Isadore Rosenberg to determine title to real *Estate property which is within the statutory time of three years in which such a case should be initiated.* The present adversary proceeding is a continuation of the litigation that was initiated in 2009 and therefore is maintainable according to the Statute of Limitations.

25.    Plaintiff is informed and believes, and based thereon alleges, that the DOT, endorsements, notes do not contain the true signing of Isadore Rosenberg, that the signings in the DOT and such other related documents are forged, there is no valid DOT, the DOT is void ab initio, all claims arising from such DOT are invalid and void and accordingly none of the defendants have the standing to claim.

### E.

### ASSIGNMENTS MADE BY ALLIANCE BANCORP, INC OF DEED OF TRUST ARE VOID

26.    Plaintiff is informed and believes, and based thereon alleges, that neither OneWest Bank nor Deutsche Bank has an interest in the Deed of Trust or is a real party in interest. One West Bank, joined by Deutsche Bank National Trust Company cannot

1 contend that they are holders thereof based on two "fabricated" recorded assignments

2 *both* dated April 16, 2008 (at 7:55 am).

3     27.     Plaintiff is informed and believes, that the Lender under the Deed of Trust

4 was contended to be Ampro Mortgage, a Division of United Financial Mortgage Corp

5 which was an assumed name of Alliance Bancorp, Inc. Alliance Bancorp, Inc filed a

6 petition in Bankruptcy, Chapter 7 on July 13, 2007, and was involuntarily dissolved in

7 Illinois, its State of Incorporation, February 1, 2008. Exhibit -5-  (    pages 44 to 45).

8     28.     Plaintiff is informed and believes, and based thereon alleges, that as per the

9 purported DOT, the closing date in the mortgage backed security (MBS) prospectus was

10 May 30, 2007. It also stated that the Sponsor will convey the mortgage loans to the

11 Depositor on the Closing Date and the Depositor will convey the mortgage loans to the

12 Issuing Entity on the Closing date.

13     29.     Plaintiff is informed and believes, and based thereon alleges that Section

14 10.02 of the Pooling and Service Agreement (PSA), provides that the Depositor, Master

15 Servicer, Trustee or the Securities Administrator shall **not accept any contributions to**

16 **the REMICs after the closing date.**

17     30.     REMIC is an entity enjoying special tax treatment and the defendants were

18 such entities that enjoyed benefits, required that the mortgages be purchased within a 3

19 month period. The appropriate processing for said Estate property was "botched" by

20 never being properly transferred to the Alliance Bancorp 2007 OA-1 Trust as per the

21 requirements of the PSA prospectus by the closing date of May 30, 2007. Exhibit -6-

22 (*see page # 46 to 50*). Plaintiff will present fact pattern of harm to himself as result.

23     31.     Plaintiff is informed and believes, and based thereon alleges, that the two

24 purported assignments recorded in the years 2009 & 2010 respectively and the

25 Correction of Assignment recorded March 17, 2017   relied  by the defendants have

26 serious unexplained anomalies which collectively show them to be ineffective and Void

27 at Law.

ADVERSARY PROCEEDING-S.ROSENBERG                                    Page 8

1    32.    The first Assignment purports to have been executed April 16, 2008 at

2    7:55 am. However, the purported Assignment is in the name of MORTGAGE

3    ELECTRONIC REGISTRATIONS SYSTEMS, INC AS NOMINEE FOR AMPRO

4    MORTGAGE, A DIVISION OF UNITED FINANCIAL MORTGAGE CORP. By the

5    time of the purported assignment the party on whose behalf MERS purported to act had

6    filed a petition in bankruptcy and had been involuntarily dissolved. This gives rise to an

7    ultra virous situation.

8    33.    Plaintiff is informed and believes, and based thereon alleges, that the signer

9    of the first Assignment is Laura Hescott, who is identified as a "Robo Signer" in

10   the following case amongst others: *IndyMac Bank, FSB v. Bethley*, 2009 NY Slip Op.

11

12

13   34.    The second Assignment purports to have been made simultaneously

14   with the first Assignment as of April 16, 2008 at 7:55 a.m. It was signed by Erica

15   Johnson-Seck, also identified as a Robo signer. Both assignments in this instance were

16   purportedly signed simultaneously—it would appear that neither of the defendants ever

17   received any interest therein.

18   35.    Plaintiff is informed and believes, and based thereon alleges, that the trustee

19   performing their required duties pursuant to 11 U.S. Code § 704 (1) under Defendant

20   AllianceBancorp, Inc bankruptcy estate;  while trying to sell newly discovered loans

21   ("assets of the Bankruptcy estate),   was severely hampered in such duty because the

22   various mortgage loans of the Defendant Alliance Bancorp, Inc could not be located

23   according to proceedings in their open bankruptcy case . Exhibit -7- *(pages$1 to$2 )*

24   36.    Questionable title & loan documentation substantiation was the situation

25   involved in *Yvanova v. New Century Mortgage Corp,*Case No. S218973 (Cal. Sup. Ct.

26   February 18, 2016),

27          *The Supreme Court held that a home loan borrower who has*

28          *suffered a non-judicial foreclosure has standing to sue for wrongful*

ADVERSARY PROCEEDING-S.ROSENBERG                                                    Page 9

*foreclosure based on an allegedly void assignment even though she was in*
*default on the loan and was not a party to the challenged assignment*
*because an allegation that the assignment was void will support an action*
*for wrongful foreclosure.*

37.     This case implies that belated transfers would be void ab initio, (a public policy reason being that a contrary result exposes the trust and its certificate holders leading to a complete collapse of its favoured status as a REMIC).

38.     Plaintiff is informed and believes, and based thereon alleges, that the defendants have not followed the regulations of PSA as required before the closing date making such late assignment void.  The Lender in the purported DOT had filed for bankruptcy before assignment of interest to any of the defendants; the purported two assignments are Robo signed making such late assignment **VOID**;  as well as most recently the LA County Recorder Office recorded as <u>Instrument # 20170317787</u> "so called" "Correction  of Assignment" of the Assignee name, dated March 17,2017; the defendants CANNOT  make legitimate  claims and initiate proceedings of foreclosure on the bankruptcy estate  property.

F.

VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 2924.17

39.     Civil Code § 2924.17 requires that a declaration recorded pursuant to Civil Code § 2923.55, <u>a notice of default</u>, notice of sale, <u>assignment of deed of trust</u>, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Civil Code § 2924, or a declaration or affidavit <u>filed in any court relative to a foreclosure proceeding, must be accurate</u> <u>complete and supported by competent and reliable evidence.</u>

40.     Moreover, Civil Code § 2924.17(b) states that before recording or filing any of the documents described above, a mortgage servicer shall ensure that it has

1   reviewed competent and reliable evidence to substantiate the borrower's default and
2   the right to foreclosure.

3       41.    From the year 2008 to the present the Defendants One West Bank and
4   Deutsche Bank have been engaging in a pattern and practice scheme initiating wrongful
5   foreclosure proceedings against the Plaintiff. Here once again, the foreclosure
6   proceedings had been initiated by the Defendants but the Defendants rights to
7   foreclosure are not based on any legitimate documentation, whatsoever.
8
9       42.    Plaintiff is informed and believes, and based thereon alleges, that the
10  Defendant Alliance Bancorp, Inc on whose behalf MERS has assigned the trust deed on
11  April 16, 2008 lacks proper loan documentation. This is clear from the relevant motion
12  and corresponding issue Order in Alliance Bancorp inc Case 07-10942-CSS Doc 519
13  filed on 01/20/09 in the previously referred to Exhibit 7 ( page 51  #  to 62).

14      43.    This was a motion filed by the above Trustees appointed in the bankruptcy
15  case of Alliance Bancorp, Inc and referring to bottom half page 9 of said  Exhibit 7
16  there is documentation clearly indicating the <u>"trustee's lack of loan documentation"</u>.
17  (emphasis added)  Page: 60

18      44.    The Plaintiff, exercising Freedom of Information Act (FOIA) citizen
19  powers, on request to FDIC regarding information of executed (POA) *Jon Dickerson*
20  assignments executed made by entities Alliance Bancorp, Inc/CIT BANK/ Onewest
21  Bank/ IndyMac Bank et al.  , was provided "buried" among the many documents, an
22  internal Power of Attorney (POA) justification memo submitted  from Chris Brown,
23  Director, Senior Counsel on behalf of  CIT Bank, N.A (OneWest Bank) to the FDIC
24  Failed Bank Institution Department  regarding Failed Bank, Indymac Bank, F.S.B on
25  form titled: *Request Form for Renewal-Limited Power of Attorney For Assuming*
26  *Bank/Institution Employees* as follows:
27
28

1
*Despite having exercised considerable efforts, we find at the*

2
*commencement of collection or bankruptcy activities that we do not have*

3
*a recorded assignment into the appropriate entity,*

4
*We have undertaken a thorough review of our books, records, and
existing loan files of all of our group 2 loans, and we believe we have*

5
*completed assignments into the appropriate entity for both portfolios
where appropriate, available, and where such a need for an assignment is*

6
*known. However, in our mortgage servicing activities, we continue to be*

7
*faced with legal and technical challenges, such as borrower bankruptcies,
and enjoined proceedings, requiring we recreate a chain of title based on*

8
*factors that cannot be identified in advance without obtaining an updated*

9
*title report on every loan serviced. It is cost prohibitive to obtain an*

10
*updated loan level title report for each loan we are servicing, which
again, would be the only way to insure a clean chain of title through all*

11
*prior transfers.*

12
*Absent a renewed power of attorney, to avoid the risk of jeopardizing
our lien position and to enable the bank to transfer title when legally*

13
*permissible, we would be obliged to approach the FDIC for each instance*

14
*requiring a signature on an assignment or other instrument of transfer or
conveyance where, despite having exercised considerable efforts, we find*

15
*at the commencement of collection or bankruptcy activities that we do not*

16
*have a recorded assignment into the appropriate entity.*
Exhibit -8-(    pages 2 to 67)

17

18
45.    This information, accurately translated by any reasonable person, would

19
prohibit any valid claim from being claimed in this action, and ultimately forms the

20
basis, and backdrop for this adversary proceeding that will be proving that the

21
Defendants not only did not file a proof of claim in this disputed matter, they

22
cannot...ever.

23
46.    The Defendants are asking for a pass under the cover of darkness with

24
government oversight, while totally concealing from the public, homeowners and

25
government by the People and for the People", what has been believed all along but

26
could not be clearly established until the production of the above-cited official

27
documentation under the Freedom Of Information Act, has now shined a light on

28

ADVERSARY PROCEEDING-S.ROSENBERG                                                    Page 12

1   skullduggery, fraud, and criminal enterprise at the highest levels of business and
2   government.

3

4       47.    These Exhibits herein stand on their own to state that the assignments made
5   by Defendant Alliance Bancorp, Inc were not in compliance with required Pooling and
6   Service Agreement (PSA) transfer into the trust as set forth in New York Security
7   Law/Real Estate Investment Conduit (REIC) imposed deadline statutory codes. This
8   makes it abundantly clear that the Defendants lacks valid documentation regarding their
9   rights to foreclosure.

10      48.   Plaintiff is informed and believes, and based thereon alleges, that accordingly,
11  pursuant to Civil Code §2924.17, under the California Homeowner's Bill of Rights
12  (HBOR) Plaintiff has authority to seek redress of "material" violations of the foreclosure
13  process. As fully explained above, Defendants willful and serious failure to comply with
14  Civil Code §2924.17 directly undermines the intent of the Homeowners Bill of Rights.
15  To use a clinique, "Exhibit "A",  by way of example of  a recorded  document being
16  presented  without it being verified  for being accurate is the March 17, 2017 Correction
17  of Assignment. . (See Foia Exhibit -𝔔-- with Jon Dickerson on POA list/ and this
18  matching this LA County Recorder fake "correction of assignment").   To be clear here:
19  a key harm the Plaintiff suffers  is slander /marketability upon their title (currently  the
20  bankruptcy estate suffers).
21
22      This blatant failure to adhere to the statute renders it essentially meaningless and,
23  if the statute is not enforced, it will serve to perpetuate a cycle that results in far too
24  many homeowners being rendered helpless.

25      49.   As directed and proximate result of Defendants failure to comply with Civil
26  Code § 2924.17, Defendants' are liable to Plaintiff for any and all statutory and/or actual
27  damages which have resulted from their conduct.

28                                       G.

## GROUND FOR THE INSTANT ACTION

50.    Notwithstanding that the foregoing information, beliefs, and allegations from a thorough and contextual background for relevance, and however factual and evidentiary they may be from the Plaintiff's perspective, these issues have become ultimately and finally, if not incredibly so…moot.

51.    Moot because in not  responding to this Plaintiff/Debtor's Chapter 7 petition to some limited degree, and even if appearing at a 341 meeting it/they never have  filed a proof of claim.

Note: Docket Number 12 in main Bankruptcy case, requesting for formal special service notice by:  **Deutsche Bank National Trust Company, As Trustee For Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1.** The honorable Court should be aware that the above full name was fraudulently concealed in the protracted Probate litigation.  A close review of the LASC Probate  docket will show that above Entity Name as represented to this court as being a Real party in interest, WAS NEVER  in any captions or pleadings  filed by this particular defendant (spanning a period from 2009 to 2017).  Exhibit - 9 - ( page 68 #  to 70 ).

52.    Instantly, it is presumed, it/they would argue that in a Chapter 7 proceeding as a secured creditor, it/they do not have to file a secured creditors claim.  If that is it's/their argument it would appear that they are severely mistaken.  If that is not their argument, and only sufficient argument for not having done so, then they have proceeded to its/their legal fatality.

53.    Federal Rules Of Bankruptcy Procedure, Rule 3001(c)(2)(B) clearly states, "If a security interest is claimed in the debtor's  Estate property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim."  In the instant proceeding, and in the related matter, this is indeed the case.

54.    The exception to filing a proof of claim in a Chapter 7 case would be where there are no assets remaining for distribution before discharge. Yet the statute is clear that the amount in arrears to cure the default on a secured debt must be stated.   Any interpretation to the contrary of the clearly written English would have to be a legal stretch at the very least, but inescapably overbroad, and void on its face.

55.    Further, the purported arrearages are wholly in dispute not only because of all that stated hereinabove, but the accrual of debt based upon forgery fraudulent documents, loss of chain of assignment and title by creditor(s) own admission(which is inescapable), which has been fraudulently concealed from the Plaintiff when the creditor was bound to disclose it, precludes any possibility of not only filing a proof of claim, but one that can pass legal muster.

56.    FRBP, Rule 3001(c)(2)(C) states in pertinent part, "If a security interest is claimed in Estate property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim.

57.    The record will show that to date no such claim was ever filed.

58.    Without the filing of a proof of claim, the creditor, on the disputed claim lost any ability to recover Subject Property, along with the purported debt incurred upon the sudden, but instant discharge.  That is the law.

59.    Currently the Defendants are proceeding in an unlawful conversion type manner with nonjudicial foreclosure proceedings against a declaratory Debtor's Discharge Directive, with their intent to foreclose on the alleged debt and sell or wrongfully convert Property on November 28, 2017. Exhibit -10-, *page #71-72*.

60.    While this action is intended to preclude the violations from continuing, it is also brought forth to recover Estate damages for past transgression, and in the future, disgorgement/ with any such proceeds distributed to the Bankruptcy Estate for creditor allocation, should that become necessary.

Case 1:17-bk-11748-VK   Doc 27   Filed 11/27/17   Entered 11/27/17 15:02:20   Desc
Main Document      Page 16 of 75

## FIRST CLAIM

### (Against All Defendants For VIOLATION OF 11 U.S.C. § 524(a)(2)- Debtor Discharge Injunction)

61.   Plaintiff refers to re-alleges and incorporates by reference the allegations of paragraphs 1 through 60 of this Adversary Pleading , as though fully set forth herein.

62.   Plaintiff is informed and believes and on that basis alleges that the defendants and each of them knew or should have known that by committing acts described hereinabove, that such acts constitute a cause of action for **VIOLATION OF FRBP, Rule 3001(c)(2)(B);Failure To File Proof Of Claim Re Security Interest Statement Of Amount To  Cure Default As Of Petition Filing Date,** based on the following:

a)   each of the named defendant knows or should know that the debtors debts have been discharged;

b)   the clerk of the court has notified the creditors of the debtors discharge;

c)   the defendants know or should <u>know that they did not file a proof of claim in a timely manner, nor before debtor's debts were discharged</u>;

d)   the defendants know or should know that because of the type of security interest that they are **illegally acting upon**, that before doing so <u>to effect legal process</u>, they have a **duty to file a claim**;

e)   failing to do so they are inflicting upon  Plaintiff severe mental anguish  suffering in the form of: 1) clinical diagnosis stress 2) anxiety 3) depression

ADVERSARY PROCEEDING-S.ROSENBERG                                                     Page 16

33

1   while intentionally but illegally attempting to collect a  debt ( that also happens to be

2   time barred). Plaintiff has been and continues to be irreparably harmed by defendants

3   actions (e.g; slander of title/ infliction of won ton emotional distress requiring

4   psychiatric care through the Plaintiffs HMO over the  past 4 years).

5       63.   As a direct, proximate result of their actions, Plaintiff seeks

6   compensatory damages commensurate with standards of precedence in such matters.

7       64.   Plaintiff seeks punitive damages in an amount that a jury may find just

8   proper.

9                           SECOND CLAIM

10   (Against All Defendants, VIOLATION OF FRBP, Rule 3001(c)(2)(B);Failure
11   To File Proof Of Claim Re Security Interest Statement Of Amount To Cure
12                    Default As Of Petition Filing Date)

13      65.   Plaintiff refers to re-alleges and incorporates by reference the allegations

14   of paragraphs 1 through 64 of this Adversary Proceeding, as though fully set forth
15
     herein.
16
        66.   Plaintiff is informed and believes and on that basis alleges that the
17
18   defendants and each of them knew or should have known that by committing acts

19   described hereinabove, that such acts constitute a cause of action for *Violation Of*

20   *Rule 3001(c)(2)(B); For Failure To File Proof Claim Re  Security Interest*

21   *Statement*, based on the following:

22          a)   each of the named defendant knows or should know that the

23               debtors debts have been discharged;

24          b)   the clerk of the court has notified the creditors of the debtors

25               discharge;

26          c)   the defendants know or should know that they did not file a proof

27               of claim in a timely manner, nor before debtor's debts were

28               discharged;

ADVERSARY PROCEEDING-S ROSENBERG                                    Page 17

34

d) the defendants know or should know that because of the type of security interest that they are illegally acting upon, that before doing so to effect legal process, they have a duty to file a proof of claim;

e) the defendants know or should know that there is a declaratory injunction in force which prohibits the defendants from making any attempt whatsoever to take possession of, or sell Estate Subject Property or, otherwise collect the debt thereon

f) failing to do so they are creating undue stress upon the while intentionally but illegally attempting to collect a debt.

67. As a direct, proximate result of the actions, Plaintiff seeks sanctions prohibiting the Defendants from making any attempts of any kind whatsoever, and without exception, to collect the debt for Subject Property, or recover same through attempts to sell or take possession of same proper.

### THIRD CLAIM

**(Against All Defendants, VIOLATION OF FRBP, Rule 3001(c)(2)(C);Failure To File Attachment To Appropriate Official Form Re Security Interest In Debtor's Principal Residence)**

68. Plaintiff refers to re-alleges and incorporates by reference the allegations of paragraphs 1 through 67 of this Complaint, as though fully set forth herein.

69. Plaintiff is informed and believes and on that basis alleges that the defendants and each of them knew or should have known that by committing acts described hereinabove, that such acts constitute a cause of action for *Failure To File Attachment To Appropriate Official Form Re Security Interest In Debtor's Principal Residence* based on the following:

a) each of the named defendant knows or should know that the

debtors debts have been discharged;

b) the clerk of the court has notified the creditors of the debtors discharge;

c) the defendants know or should know that they did not file a proof of claim in a timely manner, nor before debtor's debts were discharged;

d) the defendants know or should know that because of the type of security interest that they are illegally acting upon, that before doing so to effect legal process, they have a duty to file a proof of claim *with the proper attachment thereto according to statute;*

e) the defendants know or should know that there is a declaratory injunction in force which prohibits the defendants from making any attempt whatsoever to take possession of, or sell Subject Property or, otherwise collect the debt thereon

f) the defendants know or should know that there is a declaratory injunction in force which prohibits the defendants from making any attempt whatsoever to take possession of, or sell BANKRUPTCY ESTATE Subject Property or, otherwise collect the debt thereon ( Note: as of the filing of this Adversary Proceeding, the Trustee has not made any Motion for Abandonment of Estate Property pursuant to governing Statute 11 U.S §554 ).

f) failing to do so they are creating undue stress upon the while intentionally but illegally attempting to collect a debt.

70.   As a direct, proximate result of their actions, Plaintiff seeks sanctions prohibiting the Defendants from making any attempts of any kind whatsoever, and

1    without exception, to collect the debt for Bankruptcy Estate  Subject Property, or

2    recover same through attempts to sell or take possession of same proper.

3                                 FOURTH CLAIM

4         (Against All Defendants, For Fraudulent Concealment(Related State Claim)

5         71.   Plaintiff refers to re-alleges and incorporates by reference the allegations

6    of paragraphs 1 through 70of this Complaint, as though fully set forth herein.

7         72.   Plaintiff is informed and believes and on that basis alleges that the

8    defendants and each of them knew or should have known that by committing acts

9    described hereinabove, that such acts constitute a cause of action for intentional

10

11   *Fraudulent Concealment Based* on the following:

12        a)    Each of the Defendant in this action on any number of  occasions

13              have falsely represented to this Plaintiff and courts of law, as well

14

15              as the instant one,  that they have a valid security interest in Subject

16              Property through a known broken  chain of assignment to title upon

17              faulty securitization shenanigans  and other fraudulent  mortgage

18

19              loan processing charades including significant

20              misrepresentations to borrowers such as inflated appraisals.

21

22

23        b)    In fact, the Defendants knew at all times relevant that in fact they

24              could not and cannot reconstruct a chain of assignments and titles

25              for presumably countless residential mortgages and Deeds of Trust

26

27              -scienter

28

c)   the knowing falsity of their claims was intentional because the

defendants had mastered a scheme to commit literally the greatest

heist against one's fellow man in the known history of mankind,

and to date they continue to do so, with relative impunity.

d)   the Defendants and each of them, had a duty to disclose these

facts about their lies, as required in federal Truth In Lending Laws

among many others, but instead chose to conceal the fact that they

"…we do not have a recorded assignment into the appropriate

entity", for what is contended to be millions of homeowners, nor

will they ever.

e)   the Plaintiffs' 88 year old father , although suffering from

dementia, justifiably to the extent possible given his condition,

relied on the representations of the defendants as did the

American People at one time because they were among some of

the most highly respected financial institutions in the world with a

supposed reputation for honesty.

f)   Because of their fraud, and patent dishonesty, and deadly

conspiracies through "Wall Street fraud incorporated", millions

unjustly lost their home , many their will to live happy , and some

even their lives due to suicide.

ADVERSARY PROCEEDING-S.ROSENBERG                                         Page 21

g)    Because of the Defendants' fraud and fraudulent concealment

*this Plaintiff is the poster child for the harm associated with*

*being* taken advantage of by the unchecked criminal acts of the

Defendants and their cohorts who have been and are acting out

with seeming impunity. (Jesse Eisinger, The Chickenshit Club:

Why the Justice Department Fails to Prosecute Executives (Simon

& Schuster 2017)

73.   As a direct, proximate result of the actions of the Defendants and each

of them, Plaintiff seeks compensatory damages commensurate to ones already

adjudicated in this Court nationwide.

74.   Plaintiff seeks punitive damages in an amount that a Jury may deem just

and proper.

## FIFTH CAUSE OF ACTION

**(Against All Defendants, For Violation Of 18 U.S.C. § 157-Re Fraud)**

75.   Plaintiff refers to re-alleges and incorporates by reference the allegations

of paragraphs 1 through 74 of this Adversary Proceeding, as though fully set forth

herein.

76.   Plaintiff is informed and believes and on that basis alleges that the

defendants and each of them knew or should have known that by committing acts

described hereinabove, that such acts constitute a cause of action for Violation Of

*18 U.S.C. § 157* based on the following:

ADVERSARY PROCEEDING-S.ROSENBERG                                          Page 22

a)    Each of the Defendant in this action on any number of occasions have falsely represented to this Plaintiff and courts of law, as well as the instant one that they have a valid security interest in Subject Property through a known broken chain of assignment to title upon securitization (failure) and other fraudulent mortgage loan processing misrepresentation schemes.

b)    In fact, the Defendants knew at all times relevant that in fact they could not and cannot reconstruct a chain of assignments and titles for presumably countless residential mortgages and Deeds of Trust

*-scienter*

c)    the knowing falsity of their claims was intentional because the defendants had mastered a plan to commit literally the greatest heist against one's fellow man in the known history of mankind, and to date they continue to do so, with impunity.

d)    the Defendants and each of them, had a duty to disclose and not these facts about their untruthfulness, as required in federal Truth In Lending Act (TILA) / Real Estate Settlement Practices Act (RESPA), but instead chose to fraudulently conceal the fact per the obtained Freedom of Information Act Internal Memo seeking approval from the FDIC for Renewal Request For Limited Power

ADVERSARY PROCEEDING-S.ROSENBERG      Page 23

40

of Attorney for Assuming Bank/Institution Employees (in this instance CIT Bank/OneWest Bank) - **RE: FDIC FOIA Log Number 17-0271**, quoting verbatim:

"...we do not have a recorded assignment into the appropriate entity", it would not be conjecture to state that this holds true for for millions of homeowners with an entity such as MERS clouding their property title.

e) the Plaintiffs' father , justifiably relied on the representations of the defendants as did the American People at one time because they were among some of the most highly respected financial institutions in the world with a supposed reputation for honesty.

f) Because of the systematic industry· fraud, and patent dishonesty, and deadly conspiracies through "mortgage fraud incorporated", millions lost their homes, many their will to live, and some their lives.

g) Because of the Defendants' fraud and fraudulent concealment this Plaintiff is next in line to be taken advantage of by the unchecked criminal acts of the Defendants who have been and are acting out with seeming impunity.

h) *18 U.S.C. § 157 in pertinent part states,*

*A person who, having devised or intending to devise a scheme or*
*artifice to defraud and for the purpose of executing or concealing such*
*a scheme or artifice or attempting to do so—*
*(2)  files a document in a proceeding under title 11; or*
*(3)  makes a false or fraudulent representation, claim, in relation to*
*a proceeding under title 11, at any time before or after the filing of the*
*petition, or in relation to a proceeding falsely asserted to be pending*
*under such title, shall be fined under this title, imprisoned not more*
*than 5 years, or both.*
*i)  the mere appearance of the Defendants in this action through*
*their employee representatives, agents, assigns, and proxies, etc., as*
*they continue to conspire to break the law, and commit fraud to deceive*
*the People of America out of trillions of dollars of their hard earned*
*income, and possessions and then make the rest of America pay for*
*their criminal shortcomings, including the instant Plaintiff requires that*
*they too must suffer the consequences for their harmful actions.*

77.  As a direct, proximate result of the actions of the Defendants and each

of them, Plaintiff seeks compensatory damages commensurate to ones already

adjudicated in this Court nationwide.

78.  Plaintiff seeks punitive damages in an amount that a Jury may deem just

and proper.

## RELIEF

### (Declaratory Relief)

79.  Plaintiff refers to re-alleges and incorporates by reference the allegations

of paragraphs 1 through 78 of this Complaint as though fully set forth herein.

80.  Plaintiff has alleged that a dispute has arisen between himself and the

Defendants, if not in words, by their actions, where it appears they are in willful

violation of a Debtor's Discharge Injunction that somehow they feel does not apply to

them.

ADVERSARY PROCEEDING-S.ROSENBERG                                    Page 25

82.    Plaintiff alleges that the Defendants failed to file a proof of claim in this action re: highly contested disagreements re possession and control of Subject Property, spanning over 9 (nine) plus years to date in the judicial systemt prior and subsequent to the filing of the relevant petition, and after discharge. They have continued to foreclose on Subject Property, even though, arguably, they no longer have any interest in it by operation of the law.

83.    As a result, the Court is being requested to resolve the dispute according to the strict confines of the statutes governing bankruptcies with the benefits and limitations available to the debtor vis-à-vis with the legitimate creditors claims.

85.    As a direct proximate result the Court is asked to find that the Defendants are declaratory enjoined from violating the discharge of the debts of the Debtor, while he is still and forever in possession of Subject Property as it relates to them and with respect to the Debtor.

WHEREFORE, Plaintiff prays for judgment as follows:

On The First, Fourth, And Fifth Claims:

1.    For compensatory damages commensurate with just, fair, and equitable damages as has been set by precedent.

2.    For punitive damages from all the Defendants and each of them that a jury may find just and proper.

3.    For allowed out-of-pocket expenses according to proof.

<u>On The Second And Third Claims:</u>

4.     Plaintiff seeks sanctions prohibiting all the Defendants from making any attempts of any kind whatsoever, and without exception, to collect the debt for Subject Property, or recover same through attempts to sell or take possession of same proper .

5.     For out-of-pocket expenses according to proof.

6.     For cost of suit.

7.     For such other further relief that the court may deem just and proper.

Dated:  November 22, 2017

*Steven Rosenberg*

STEVEN ROSENBERG, Plaintiff,
pro se

///

///

| EXHIBIT LIST | Page # |
|---|---|
| EXHIBIT -1- | 29 |
| EXHIBIT -2- | 31 |
| EXHIBIT -3- | 34 |
| EXHIBIT -4- | 36 |
| EXHIBIT -5- | 44 |
| EXHIBIT -6- | 46 |
| EXHIBIT -7- | 51 |
| EXHIBIT -8- | 63 |
| EXHIBIT -9- | 68 |
| EXHIBIT -10- | 71 |

+ADVERSARY PROCEEDING-S.ROSENBERGPage+

28

# EXHIBIT -1-

+ADVERSARY PROCEEDING-S.ROSENBERGPage

29

Recording requested by

When recorded mail to

Indymac Bank FSB
6000 Deerfield Drive
Kalamazoo, MI 48009

20081445795

T&S CA/08-163268-OL        Order # E310944        Loan # 500242SOH
                                              Investor No. 8140377

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to

**IndyMac Bank F.S.B.**

all beneficial interest under that certain Deed of Trust dated 1/11/2007 executed by ISADORE KOSTENBERG, A TRUSTOR(?), as Trustor(s) to FIDELITY NATIONAL TITLE COMPANY, as Trustee and recorded as Instrument No. 2947997S017, as INSTRMT, in Book xxx, Page xxx of Official Records, in the Office of the County Recorder of LOS ANGELES County, CA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated:  6/18/2008 7:56 AM

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, AS NOMINEE FOR AMPRO MORTGAGE, A DIVISION OF UNITED FINANCIAL MORTGAGE CORP.

By:

Lisa Hozey        - VP

State of Minnesota(?)
County of Dakota(?)

On _____ before me, _____, a notary public personally appeared _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____        (Seal)

JAMES O. MORRIS
NOTARY PUBLIC-MINNESOTA
MY COMMISSION
EXPIRES JAN 31, 20XX

# EXHIBIT -2-

2  1

Recording requested by:

When recorded mail to:
OneWest Bank, FSB
888 East Walnut Street
Pasadena, CA 91101



Space above this line for recorder's use

TS # CA-08-153268-DL          Order # E219844          Loan # 3002889594
                                                      Investor No. 6146077

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to

Deutsche Bank National Trust Company as Trustee for ALLIANCE 2007-OA1

all beneficial interest under that certain Deed of Trust dated 3/12/2007 executed by ISADORE ROSENBERG, A WIDOWER, as Trustor(s) to FIDELITY NATIONAL TITLE COMPANY, as Trustee and recorded as Instrument No. 20070575057, on 3/16/2007, in Book xxx, Page xxx of Official Records, in the office of the County Recorder of LOS ANGELES County, CA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

"This instrument is being recorded as an
ACCOMMODATION ONLY, with no
Representation as to its effect upon title"

Page 1 of 2

32

13

TS# CA-08-153263-DL
Page 2

Effective Date: 4/16/2008 7:55 AM

IndyMac Bank F.S.B.

By: _____
     Erica A. Johnson-Seck
     Attorney in Fact

State of      Texas
County of     Travis

On 11/19/09 before me, _____ a notary public
personally appeared _____ Erica A. Johnson-Seck _____ who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the
State of _____ Texas _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____     (Seal)

[Notary seal: CAMILLE CAMILLE PRICE / Notary Public State of Texas / My Commission Expires / June 16, 2011]

Page 2 of 2

33

# EXHIBIT -3-

IVRRSARY PROCEEDING-S.ROSENBERGPage

34

Recording Requested By:
OCWEN LOAN SERVICING, LLC

Temp Doc Number: 10057432

Back Number: 734733

When recorded return to:
Security Connections / WPB
340 Technology Drive
Idaho Falls, ID 83401

CORPORATE ASSIGNMENT OF DEED OF TRUST

Los Angeles, California
SELLER'S SERVICING #: 7191354413 "LAZAROVITS"-6990
#SELLER'S LENDER ID#: NW349444
OLD SERVICING #: 100843072

For Value Received, FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL
BANK, F.S.B. hereby grants, assigns and transfers to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
FOR INDYMAC INDX, MORTGAGE LOAN TRUST 2005-AR1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES
2005-AR1 at C/O OCWEN LOAN SERVICING, LLC., 1661 WORTHINGTON ROAD, STE 100, WEST PALM BEACH, FL
33409 all its interest under that certain Deed of Trust dated 11/24/2004 , in the amount of $648,000.00, executed by
MOSHE LAZAROVITS AND BARRT LAZAROVITS, HUSBAND AND WIFE AS JOINT TENANTS to MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), SOLELY AS NOMINEE FOR INDYMAC BANK, F.S.B. A
FEDERALLY CHARTERED SAVINGS BANK, ITS SUCCESSORS AND ASSIGNS and Recorded: 12/02/2004 as
Instrument No.: 04-3118059 in the County of Los Angeles, State of California.

This instrument is made without recourse, representation
or warranty, express or implied, by the FDIC in its
In witness whereof this instrument is executed.          corporate capacity or as Receiver.

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, F.S.B.
On __MAR 1 1 2015__

Jon Dickerson
Attorney-In-Fact

THIS DOCUMENT PREPARED BY AND WHEN RECORDED MAIL TO: "CALOS A. TYPSMAN LMS MS_TRUST_ASSOC_LMS_ASSOC"

$2.15^{35}$

# EXHIBIT -4-

ADVERSARY PROCEEDING-S.ROSENBERGPage:

36

HOWARD C. RILE, JR.
*Forensic Document Examiner*

AMERICAN SOCIETY OF
QUESTIONED DOCUMENT EXAMINERS

AMERICAN ACADEMY OF
FORENSIC SCIENCES

100 OCEANGATE, SUITE 870
LONG BEACH CALIFORNIA 90802-4318
TEL: (562) 901-3376
FAX: (562) 304-2376
E-MAIL: HCRODE@AOL.COM

FORMERLY AFFILIATED WITH
HARRIS & HARRIS

DIPLOMATE AMERICAN BOARD OF
FORENSIC DOCUMENT EXAMINERS

July 23, 2009

8309BR

VIA PERSONAL DELIVERY

Steven Mark Rosenberg
15814 Septo Street
North Hills, CA  91343

SIGNATURE REPORT

Re:   Estate of Isadore Rosenberg

Dear Mr. Rosenberg:

Pursuant to your request, I have examined:

1. Certified true copy of an Abandonment of Homestead dated March 5, 2007,
   recorded as Instrument Number 20070575005 in Los Angeles County on
   March 15, 2007;

2. Certified true copy of a Grant Deed dated March 5, 2007, recorded as
   Instrument Number 20070575006 in Los Angeles County on March 15, 2007;

3. Certified true copy of a Deed of Trust dated March 5, 2007, with an
   Adjustable Rate Balloon Rider also dated March 5, 2007, recorded as
   Instrument Number 20070575007 in Los Angeles County on March 15, 2007;

4. Redacted photocopy of notary log entries corresponding to the above three
   documents for notary R. D. Salazar dated March 5, 2007;

5. Photocopy of an Amended Escrow Instruction dated March 5, 2007.

Specifically in question on each of these documents is the purported signature of

Isadore Rosenberg.  Attached as Exhibits A and B are copies of the Abandonment of Homestead

Declaration Exhibit B

ADVERSARY PROCEEDING-S.ROSENBERGPage

37

54

Steven Mark Rosenberg                    2                         July 23, 2009

and Grant Deed. Attached as Exhibit C are copies of the first and signature pages of the Deed of

Trust and the signature page of the Adjustable Rate Rider. Attached as Exhibit D is a copy of the

notary log pages. Attached as Exhibit E is a copy of the Amended Escrow Instruction.

        Submitted and identified as bearing the acknowledged genuine signature of

Isadore Rosenberg were:

1.   Photocopy of California Driver License D0572742 dated May 20, 1978;

2.   California Driver License D0572742 dated May 3, 1990;

3.   Photocopy of a Health Insurance card dated May 1, 1983;

4.   Original report card dated January 29, 1960;

5    Original of Isadore and Norma P. Rosenberg Trust dated May 4, 1990;

6.   Original Individual Grant Deed dated May 4, 1990, recorded as Instrument
     Number 90-847083 on May 8, 1990;

7.   NCR copy of Cemetery Purchase Agreement dated August 29, 1996;

8.   Original check number 4029 dated November 6, 1996;

9.   Machine copy of a Customer Account Transfer Form dated November 25,
     1999;

10.  Copy of an Affidavit of Domicile notarized March 2, 2000;

11.  Machine copy of a Third Party Trading Authorization dated May 8, 2000;

12.  Two original checks, numbers 1332 and 1334, both dated April 5, 2001;

13.  Original check number 2332 dated April 4, 2004;

14.  Fax copy of a Statement of No Loss dated June 20, 2004;

15.  Copy of a Conditions of Admission dated October 21, 2005.

Steven Mark Rosenberg                    3                    July 23, 2009

16.  Patient Authorization dated October 21, 2005;

17.  Fax copy of a Transfer/1035 Exchange dated March 4, 2007;

18.  Machine copies of four checks consisting of:

    a.  check number 1597 dated January 3, 2007

    b.  check number 1606 dated January 29, 2007;

    c.  check number 1644 dated March 15, 2007;

    d.  check number 1521 dated May 21, 2007

Attached as Exhibit F are photocopies of the above described documents.

As a result of the examination and analysis, my observations are as follows:

1.  The evaluation of original signatures is a three-step procedure. The first step is to determine if the purported original ink signature is, in fact, a signature written by a human and not a machine reproduction. In the second step, the overall spontaneity or naturalness of the original disputed signature is evaluated. The purpose of this is to determine if one is dealing with handwriting as opposed to a tracing or a slowly written simulation. The third step involves the comparison of the overall execution and design of the questioned signature to a verified representative sampling of the individual's signature.

2.  There are intrinsic limits in the examination of copies rather than original documents. Copies are subject to manipulation that may not always be detectable. Additionally, subtle details that are of significance in evaluating signatures are obscured. The assumption is made in this report that the copies provided depict the physical evidence to be found on the original documents. While copies are not the best evidence, they can be of value if their limitations are recognized. Should the originals become available, I would reserve the right to review them prior to testimony.

3.  With respect to evaluating copied reproductions of signatures, if there are gross differences in terms of design and construction between the questioned and known signatures, that is generally not the fault of the copy process.

Steven Mark Rosenberg                    4                    July 23, 2009

Consequently, an opinion that the signature is either not genuine or probably not genuine would be justified. If, on the other hand, there is agreement in terms of execution and design, and no blatant evidence of tracing or manipulation, the document may be what it purports to be and the signature may be genuine. The possibility of a carefully executed manipulation or simulation cannot be precluded. The only way to reach a definite opinion that the signature and document is authentic is to examine the original of the document in question.

4.   All of the submitted questioned documents are copies. I cannot completely evaluate the execution of the signatures. I can evaluate the individual letter design and overall construction.

5.   Bearing the above limitations in mind, I intercompared all of the submitted exemplars for Isadore Rosenberg. Attached as Exhibit G is an enlarged composite photocopy showing four of the six questioned signatures. In terms of overall design and construction, the six questioned signatures are consistent with being the work of one writer.

6.   I intercompared all of the submitted exemplars for Isadore Rosenberg; which are dated from 1960 through 2007. His signature throughout the 47-year-time period covered by the exemplars remained remarkably consistent in terms of overall design and construction. Mr. Rosenberg's signature was a complicated design executed in a spontaneous manner. On most of his checks, Mr. Rosenberg used a contraction, "I Rosenberg." The most proximate exemplar to the March 5, 2007 date on all six of the questioned documents [Exhibits A through E] are the copies of the four checks dated from January 3 through May 21, 2007 and the Transfer/1035 Exchange (known signatures #17 and #18, Exhibit F). The Transfer/1035 Exchange is dated March 4, 2007, the day before the date on all six questioned signatures. Attached as Exhibit H is a composite photocopy showing a sampling of the submitted exemplars.

7.   I next intercompared all of the six questioned Isadore Rosenberg signatures to his submitted exemplars. Comparing the questioned to all of the submitted exemplars, I observed what I consider to be significant consistent differences between the questioned and known signatures. Among the features that I considered significant were the "sad" combination in "Isadore," the capital "R" in "Rosenberg," and the "osen" combination in "Rosenberg."

Steven Mark Rosenberg                    5                    July 23, 2009

8.   I next examined and compared the handwriting and signature in the jurats on
the Abandonment of Homestead, Grant Deed and Deed of Trust to the
certified true copy of the Surety Bond for notary R. D. Salazar dated January
28, 2004. Attached as Exhibit I is a copy of the certified copy of the Surety
Bond. The handprinted name and signature of R. D. Salazar on the three
jurats and the bond were in very close agreement.

## OPINION

After due consideration, and bearing in mind the limitations imposed by the

examination of copies, my opinions are as follows:

1   The purported signature of Isadore Rosenberg on the Abandonment of

Homestead, Grant Deed, Deed of Trust, Adjustable Rate Rider, notary log, and Amended Escrow

Instruction described and copies attached as Exhibits A through E, and the exemplars attributed

to him, were not written by the same individual. The differences observed in the questioned and

known signatures cannot reasonably be explained as caused by the copy process(es).

2.   The handprinting and signature of R. D. Salazar on the jurats for the

Abandonment of Homestead, Grant Deed, and Deed of Trust, and on the Surety Bond were very

probably written by the same individual.

All of the submitted materials are being returned with this report by personal

delivery.

Respectfully submitted,

Howard C. Rile, Jr.

HCR:nad

## DECLARATION OF HOWARD C. RILE, JR.

I, Howard C. Rile, Jr., having knowledge of the following facts, declare the same to be true.

My qualifications as a forensic document examiner are set forth in the attached resume, which is marked Exhibit A and incorporated herein by reference.

I was retained by Steven Mark Rosenberg to examine documents in connection with the Estate of Isadore Rosenberg. A copy of my report, based upon said examination, is attached, marked Exhibit B, and incorporated herein by reference.

I have first-hand knowledge of the matters stated above, and if called as a witness, I could and would testify competently thereto under oath. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I am signing this declaration on July _2y__, 2009 at Long Beach, California.

Howard C. Rile, Jr.

DECLARATION OF HOWARD C. RILE, JR.

JVERSARY PROCEEDING-S.ROSENBERGPage

42

Howard C. Rile, Jr.
*Forensic Document Examiner*
180 Oceangate, Suite 470
Long Beach, CA 90802-4312
Tel: 562/901-1378  ⬩  Fax: 562/901-1379
Website: www.sceqd.org/file.htm  Email: hcryle@aol.com

Successor to Harris & Harris

American Society of Questioned
Document Examiners

American Academy of
Forensic Sciences

Diplomate, American Board of
Forensic Document Examiners

## RÉSUMÉ

### HOWARD C. RILE, JR.
### FORENSIC DOCUMENT EXAMINER

I graduated from California State University at Los Angeles in 1968 with a Bachelor of Science degree in Chemistry. From 1968 to 1972, I worked as a chemist at the Jet Propulsion Laboratory in Pasadena, California. Since 1972, I have devoted full time to the study and examination of problems relating to disputed handwriting, signatures, typewriting, and identification of photocopiers, ink, and papers.

From 1972 to 1974, I was employed and trained at the firm of Harris and Harris, Examiners of Questioned Documents, at Los Angeles, California. Between 1974 and 1979, I was employed by the Los Angeles County Auditor-Controller as a document examiner; and from 1979 to 1983, I was the questioned document examiner for the State of Colorado at the Colorado Bureau of Investigation in Denver. Since 1983 I have been an independent, private examiner; I was affiliated with Harris and Harris until 1996.

I am certified by and past president (1997-1999) of the American Board of Forensic Document Examiners, Inc. I am also a member of and past president (2006-2008) of the American Society of Questioned Document Examiners, Inc. I am a member and ex-Membership/Credentials Chairman of the Southwestern Association of Forensic Document Examiners. I am a member of the Canadian Society of Forensic Science; and the Document Section of the American Academy of Forensic Science, and the ASTM. I revised a chapter on signatures in *Scientific Examination of Questioned Documents, 2nd Edition.*

I have qualified and testified as an expert witness in my specialty in more than 800 cases involving criminal and civil matters in federal and/or state courts in California, Arizona, Colorado, Nevada, Hawaii, Kansas, New York, and Wyoming.

Our office and laboratory are equipped with microscopes, cameras, a digital and photographic darkroom, ESDA, a Video Scanning Comparator (VSC-4), measuring devices, and other specialized instruments. We maintain a library and extensive reference files.

References and a listing of cases in which I have testified are available upon request.

Declaration Exhibit A

# EXHIBIT -5-

DVERSARY PROCEEDING-S.ROSENBERGPage:

44



## CORPORATION FILE DETAIL REPORT

| | |
|---|---|
| 54233560 | |
| ALLIANCE BANCORP, INC. | |
| DISSOLVED | |
| CORPORATION | DOMESTIC BCA |
| 04/30/1986 | ILLINOIS |
| VACATED | 10/31/2007 |
| VACANT | STEVE KHOSHABE #15 COMMERCE DRIVE #100 OAK BROOK 60523 |
| OAK BROOK | INVOLUNTARY DISSOLUTION 02 01 08 |
| 60523 | PERPETUAL |
| 04/05/2007 | 2007 |

INACTIVE - AAA UNITED FINANCIAL MORTGAGE
INACTIVE - PORTLAND MORTGAGE COMPANY
INACTIVE - MORTGAGE SERVICE AMERICA
INACTIVE - VISION MORTGAGE GROUP
INACTIVE - AMPRO MORTGAGE
INACTIVE - UNITED FINANCIAL MORTGAGE CORP.

12/16/1993 - UNITED FINANCIAL MORTGAGE, CORP.
12/14/2006 - UNITED FINANCIAL MORTGAGE CORP.

Return to the Search Screen

DVERSARY PROCEEDING-S.ROSENBERG Page

45

# EXHIBIT -6-

DVERSARY PROCEEDING-S.ROSENBERG Page

46

FREE WRITING PROSPECTUS

The issuing entity has filed a registration statement (including a prospectus) with the SEC for the offering to which this free writing prospectus relates. Before you invest, you should read the prospectus in that registration statement and other documents the issuing entity has filed with the SEC for more complete information about the issuing entity and this offering. You may get these documents for free by visiting EDGAR on the SEC Web site at www.sec.gov. Alternatively, the issuing entity, any underwriter or any dealer participating in the offering will arrange to send you the prospectus if you request it by calling toll-free 1-866-227-2775 ext. 2633.

This free writing prospectus is not required to contain all information that is required to be included in the prospectus and the prospectus supplement.

The information in this free writing prospectus is preliminary and is subject to completion or change.

The information in this free writing prospectus, if conveyed prior to the time of your commitment to purchase, supersedes information contained in any prior similar free writing prospectus relating to these securities.

This free writing prospectus is not an offer to sell or a solicitation of an offer to buy these securities in any state where such offer, solicitation or sale is not permitted.

$334,894,000
(Approximate)

Alliance Bancorp
Seller and Sponsor

Alliance Securities Corp.
Depositor

Alliance Bancorp Trust 2007-OA1
Issuing Entity
Mortgage Backed Pass-Through Certificates, Series 2007-OA1

You should consider carefully the risk factors beginning on page 19 in this free writing prospectus.

The Issuing Entity

The issuing entity will be a trust consisting of a pool of adjustable-rate, first-lien, one-to-four family residential mortgage loans which may be subject to negative amortization.

The issuing entity will issue fifteen classes of certificates, twelve of which are offered under this free writing prospectus.

Credit Enhancement

The offered certificates will have credit enhancement in the form of excess interest, overcollateralization and subordination of certain classes of certificates.

Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or passed upon the adequacy of this free writing prospectus. Any representation to the contrary is a criminal offense.

The Attorney General of the State of New York has not passed on or endorsed the merits of this offering. Any representation to the contrary is unlawful.

Barclays Capital Inc.
The date of this Free Writing Prospectus is May 23, 2007.

http://yahoo.brand.edgar-online.com/displayfiling/info.aspx?filing... index=2&companyid=745457&cpv=9252fecfsuk.aspx%253fcik%253d1400429   Page 1 of 88

Main Document Page 48 of 75

EDGAR ONLINE - ALLIANCE BANCORP TRUST 20... - FWP - [illegible]

European Economic Area

In relation to each Member State of the European Economic Area which has implemented the Prospectus Directive (each, a "Relevant Member State"), the Underwriter has represented and agreed that with effect from and including the date on which the Prospectus Directive is implemented in that Relevant Member State (the "Relevant Implementation Date") it has not made and will not make an offer of certificates to the public in that Relevant Member State prior to the publication of a prospectus in relation to the certificates which has been approved by the competent authority in that Relevant Member State or, where appropriate, approved in another Relevant Member State and notified to the competent authority in that Relevant Member State, all in accordance with the Prospectus Directive, except that it may, with effect from and including the Relevant Implementation Date, make an offer of certificates to the public in that Relevant Member State at any time:

(a) to legal entities which are authorised or regulated to operate in the financial markets or, if not so authorised or regulated, whose corporate purpose is solely to invest in securities;

(b) to any legal entity which has two or more of (1) an average of at least 250 employees during the last financial year; (2) a total balance sheet of more than [illegible] and (3) an annual net turnover of more than [illegible], as shown in its last annual or consolidated accounts; or

(c) in any other circumstances which do not require the publication by the issuing entity of a prospectus pursuant to Article 3 of the Prospectus Directive.

For the purposes of this provision, the expression "offer of certificates to the public" in relation to any certificates in any Relevant Member State means the communication in any form and by any means of sufficient information on the terms of the offer and the certificates to be offered so as to enable an investor to decide to purchase or subscribe the certificates, as the same may be varied in that Member State by any measure implementing the Prospectus Directive in that Member State and the expression "Prospectus Directive" means Directive 2003/71/EC and includes any relevant implementing measure in each Relevant Member State.

United Kingdom

The Underwriter has represented and agreed that:

(a) it has only communicated or caused to be communicated and will only communicate or cause to be communicated an invitation or inducement to engage in investment activity (within the meaning of Section 21 of the FSMA) received by it in connection with the issue or sale of the certificates in circumstances in which Section 21(1) of the FSMA does not apply to the issuing entity; and

(b) it has complied and will comply with all applicable provisions of the FSMA with respect to anything done by it in relation to the certificates in, from or otherwise involving the United Kingdom.

[illegible URL] Page 2 of 88

DVERSARY PROCEEDING-S.ROSENBERGPage:
48

65

LOCAL ONLINE - ALLIANCE BANCORP TRUST 20 ... - FAX - 1/2/971007                          3/17/08 12-11 PM

Important under about information provided in this free writing prospectus and the accompanying prospectus

You should rely on the information contained in this document. We have not authorized anyone to provide you with different information.

We provide information to you about the offered certificates in two separate documents that provide progressively more detail:

? the accompanying base prospectus, which provides general information, some of which may not apply to this series of certificates, and

• this free writing prospectus, which describes the specific terms of this series of certificates.

The Depositor's principal offices are located at 1000 Marina Boulevard, Suite 100, Brisbane, California 94005 and its phone number is (650) 933-1000.

Table of Contents

Free Writing Prospectus

SUMMARY OF FREE WRITING PROSPECTUS
RISK FACTORS
THE MORTGAGE POOL
STATIC POOL INFORMATION
THE ISSUING ENTITY
THE DEPOSITOR
THE SPONSOR AND THE SERVICER
PERMITTED INVESTMENTS
YIELD ON THE CERTIFICATES
DESCRIPTION OF THE CERTIFICATES
POOLING AND SERVICING AGREEMENT
SERVICING OF MORTGAGE LOANS
FEDERAL INCOME TAX CONSEQUENCES
STATE AND OTHER TAX CONSEQUENCES
SECONDARY MARKET
LEGAL OPINIONS
LEGAL PROCEEDINGS
AFFILIATIONS, RELATIONSHIPS AND RELATED TRANSACTIONS
RATINGS
LEGAL INVESTMENT
ERISA CONSIDERATIONS
AVAILABLE INFORMATION
GLOSSARY
ANNEX I
ANNEX II

SUMMARY OF FREE WRITING PROSPECTUS

The following summary is a very broad overview of the offered certificates and does not contain all of the information that you should consider in making your investment decision. To understand all of the terms of the offered certificates, read carefully this entire free writing prospectus and the accompanying prospectus. A glossary is included at the end of this free writing prospectus. Capitalized terms used but not defined in this glossary or at the end of this free writing prospectus have the meanings assigned to them in the glossary of this and of the prospectus.

| | |
|---|---|
| Issuing Entity | Alliance Bancorp Trust 2007-OA1 |
| Title of Series | Alliance Securities Corp., Mortgage Backed Pass-Through Certificates, Series 2007-OA1. |
| Cut-off Date | May 1, 2007 |
| Closing Date | May 30, 2007 |
| Mortgage Loans | The thirty-bid loans add its adjustable-rate, first-lien, one-to-four family residential mortgage loans which may be subject to negative amortization. |
| Depositor | Alliance Securities Corp., an affiliate of Alliance Bancorp. |
| Sponsor | Alliance Bancorp. |
| Servicer | Alliance Bancorp |
| Subservicer and Backup Servicer | GMAC Mortgage, LLC. |
| Securities Administrator | Wells Fargo Bank, N.A. |

http://yahoo.brand.edgar-online.com/displayfilinginfo.aspx?Filing/...Index=26&companyid=7454578&ppv=%252&default.aspx%253JcfkN253d1400428          Page 1 of 68

VERSARY PROCEEDING-S.ROSENBERGPage1

49

EDGAR ONLINE - ALLIANCE BANCORP TRUST 20 ... - FWP - 5/10/2007                          5/7/08 12.13 PM

| Master Servicer | Wells Fargo Bank, N.A. |
| Trustee | Deutsche Bank National Trust Company |
| Custodian | Deutsche Bank National Trust Company |
| Distribution Date | Distributions on the offered certificates will be made on the 25 th day of each month or, if the 25 th day is not a business day , on the next business day  beginning on June 2007. |
| Offered Certificates | The classes of offered certificates and their pass-through rates and amounts obtained hereunder are set forth in the table below. |

http://yahoo.brand.edg.w--online.com/display?Single.is.aspx?FILingI.... Index=2&companyid=745457&apps=1675.7?dofuch.aspx62?3hfi?6275d?400418      Page 4 of 62

# EXHIBIT -7-

)VERSARY PROCEEDING-S.ROSENBERGPage

51

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Alliance Mortgage Investments, Inc., | ) | Case No. 07-10941 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| Alliance Bancorp, | ) | Case No. 07-10942 (CSS) |
| | ) | |
| Debtor. | ) | Objection deadline: February 2, 2009 at 4:00 p.m. |
| | ) | Hearing date: February 9, 2009 at 10:00 a.m. |

## MOTION FOR ENTRY OF ORDER AUTHORIZING SALE OF CERTAIN MORTGAGE LOANS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE

Tracy L. Klestadt, permanent chapter 7 trustee ("Trustee") appointed in the above-entitled bankruptcy cases, by his co-counsel, Klestadt & Winters, LLP and Fox Rothschild LLP[1], hereby files his Motion for Entry Of An Order Authorizing Sale Of Certain Mortgage Loans Free And Clear Of All Liens, Claims, Encumbrances And Other Interests Pursuant To Sections 363(b), (f) and (m) Of The Bankruptcy Code (the "Motion"), and in support thereof respectfully represents:

### Case Background

1.    On July 13, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief with this Court under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases").

---

[1]  As more fully set forth in the application of the Chapter 7 Trustee for Authority to Employ Fox Rothschild LLP as Co-counsel to the Chapter 7 Trustee, nunc pro tunc to December 18, 2008 [Docket nos. 262; 517], Jeffrey M. Schler ("and Felix M. Sixty, the attorneys primarily responsible for this engagement, recently left Buynt, P.A. and joined Fox Rothschild LLP ("Fox"). Fox's retention application is pending.

WM:LA 9781134v2 01/20/09

62

2.      On July 16, 2007, Montague S. Claybrook was appointed as interim chapter 7 trustee ("Interim Trustee") in the Chapter 7 cases of Alliance Bancorp ("AB"), Alliance Mortgage Investments, Inc. ("AMI") and Alliance Bancorp, Inc. ("ABI").

3.      By order of this Court dated September 12, 2007, the Trustee was appointed permanent chapter 7 trustee in the Chapter 7 cases of AB and AMI.

4.      No committee of unsecured creditors has been elected pursuant to section 705 of the Bankruptcy Code.

5.      AMI is a corporation, organized under the laws of the State of Delaware, with its principal place of business formerly located at 1000 Marina Boulevard #100, Brisbane, California 94005.

6.      AB is a wholly owned corporate subsidiary of AMI, organized under the laws of the State of California, with its principal place of business formerly located at 1000 Marina Boulevard #100, Brisbane, California 94005.

### Jurisdiction

7.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Factual Background

8.      Prior to the Debtors' Chapter 7 filings, the Debtor AB was in the business of, among other things, mortgage loan origination and servicing. To maintain liquidity, the Debtor AB would sell and/or securitize the loans it originated to financial institutions and others.

2

WM:IA 918134v2 01/20/09

9.  Shortly after his appointment, with the assistance of his financial advisors, FTI
Consulting, Inc., the Trustee learned that the debtor AB owned certain mortgage loans (the
"Mortgage Loans"). Upon information and belief, the Mortgage Loans were repurchased by AB
prior to the Petition Date pursuant to terms of various loan purchase agreements under which AB
had previously sold the Mortgage Loans to third parties. To the best of the Trustee's knowledge,
information and belief, no party to such loan purchase agreements have asserted any continuing
interest in the Mortgage Loans that were repurchased by AB.

10.  Wells Fargo Bank, National Association ("WF"), in its capacity as Administration
Agent, Term A Collateral Agent, and Term B Collateral Agent (the "Agent") and the other Pre-
Petition Lenders, from time to time parties to that certain Term Loan Agreement dated as of June
9, 2005 (as amended and/or modified from time to time, the "Pre-Petition Credit Agreement"),
assert fully perfected security interests and liens in substantially all the assets of the Debtors.

11.  Since the Petition Date, the Loans have been serviced by GMAC Mortgage
pursuant to a servicing agreement entered into between the debtor AB and GMAC Mortgage
prior to the Petition Date.

12.  The Trustee has actively sought to sell the Loans since his appointment; however,
his efforts have been severely hampered by his lack of books and records, and in addition, the
loan documents, e.g., promissory notes and mortgages ("Loan Documents") evidencing the
Mortgage Loans have never been located. The inability of the Trustee to deliver the Loan
Documents to prospective purchasers has proven to be a significant difficulty, as many
prospective purchasers of the Loans were unwilling to purchase the Mortgage Loans without the
Loan Documents.

3

WM1A 918134v2 01/20/09

54

13.    Notwithstanding this difficulty, the Trustee persisted in his efforts to identify
parties who may have an interest in purchasing the Loans.  In addition to contacts made by the
Trustee's financial advisors in these cases, FTI Consulting, the Trustee offered to surrender the
Mortgage Loans to WF on the condition that WF agree to take over the servicing obligations for
the loans.  WF declined to do so.

14.    Eventually, the Trustee received an offer for the purchase of the Mortgage Loans
for ten percent (10%) of the unpaid principal balance of the Mortgage Loans, or approximately
$194,310, as of January 9, 2009, from Hexagon Mortgage LLC or its designee (the "Purchaser")
on the terms and conditions set forth in the Mortgage Loan MLPA (the "MLPA") to be executed
substantially in the form annexed hereto as Exhibit A.  The sale of the Mortgage Loans to
Purchaser is conditioned only upon Purchaser's ability to obtain title insurance for the Mortgage
Loans evidencing a valid first or second lien as the case may be, and other standard closing
conditions.  The sale of the Mortgage Loans shall be on a servicing-released basis, i.e., the
servicing of the Mortgage Loans will be transferred from GMAC to a servicer to be designated
by the Purchaser.

15.    The Trustee believes that under the circumstances, the offer made by Purchaser is
fair and reasonable, particularly in light of current market conditions, the nature of the Mortgage
Loans, and the lack of Loan Documents.  Therefore, by this Motion, the Trustee requests that the
Court approve the sale of the Mortgage Loans pursuant to the MLPA, without recourse, on an as-
is, where-is basis, with no representations or warranties of any kind by the Trustee, free and clear
of all liens, claims, encumbrances and other interests pursuant to sections 363(b), (f) and (m) of
the Bankruptcy Code.

WM1A 918134v2 01/20/09

4

Case 1:17-bk-11748-VK   Doc 27   Filed 11/27/17   Entered 11/27/17 16:02:20   Desc
Case 07-10943-CSS   Doc 27   Main Document   Page 56 of 75   Page 6 of 20

Case 07-10942-CSS   Doc 519   Filed 01/20/09   Page 5 of 11

### Nature Of The Mortgage Loans

16.     A schedule of the Mortgage Loans that the Trustee proposes to sell by this Motion is annexed hereto as Exhibit B.  In summary, as of January 9, 2009, there were twenty one (21) Mortgage Loans, with an aggregate unpaid principal balance ("UPB") of approximately $1,943,102.  Of the twenty-one (21) Mortgage Loans, five (5) are first priority liens and mortgages on the property securing the Mortgage Loans, and sixteen (16) are second priority liens and mortgages on the property securing the Mortgage Loans.[2]

17.     According to data provided by GMAC Mortgage, four (4) of the Mortgage Loans are current, one (1) of the Mortgage Loans is currently thirty (30) days delinquent; one (1) of the Mortgage Loans is sixty (60) days delinquent; three (3) of the first-lien Mortgage Loans are currently in foreclosure; one of the Mortgage Loans is in REO; and eleven (11) of the Mortgage Loans have been charged off due to the first priority lien holder have foreclosed on the property securing the Mortgage Loans and there having been insufficient proceeds to satisfy such first priority liens.  As of the date hereof, GMAC, pursuant to the terms of the Subservicing Agreement, has been pursuing deficiencies against the borrowers of the nine Mortgage Loans which have been charged off.

### Salient Terms Of The MLPA

18.     The MLPA contains the following salient terms and conditions[3]:

(a)  The Trustee, will sell, and Purchaser will purchase, all of the Trustee's right, title and interest in the Mortgage Loans, without recourse, as-is, where-is, and

---

[2]  Of the five first priority lien mortgages, JP Morgan Chase Bank has asserted that it purchased one of the loans [Alliance #110001227, GMAC #0355437985] from AB prior to the Petition Date.  The Trustee has requested from JP Morgan Chase Bank evidence that it purchased and paid consideration for said loan, but to date, has not received evidence satisfactory responding to the Trustee's request.  If JP Morgan Chase Bank provides such evidence prior to the return date hereon, the Trustee will withdraw this loan from the sale contemplated hereby, to which Purchaser has consented.

5

without any surviving representations or warranties of any kind, free and clear

of all liens, claims, encumbrances or other interests pursuant to sections

363(b), (f) and (m) of the Bankruptcy Code;

(b) The Purchase Price shall be ten percent (10%) of the aggregate UPB of the

Mortgage Loans as of the Closing Date;

(c) The Purchase Price shall be paid in full in cash on the Closing Date;

(d) The sale of the Mortgage Loans to Purchaser shall be subject to higher and

better offers; provided, however, that if the Purchaser is not ultimately the

purchaser of the Mortgage Loans due to a higher and better offer having been

received, then Purchaser shall be entitled to up to $10,500 for actual out-of-

pocket expenses incurred (the "Expense Reimbursement") plus a $20,000

break-up fee (the "Break-up Fee"), payable from, and only from, the proceeds

of sale of the Mortgage Loans, as an expense reimbursement.

### Competitive Bidding

19.   In addition, since the proposed sale is subject to higher and better offers, the

Trustee has agreed with the Purchaser to apply the following procedures for any competing

offers for the Mortgage Loans[4]:

### Characteristics of Competing Offers:

(a) Any competing offer must be for all of the Mortgage Loans to be purchased

by the Purchaser, as-is, where-is, with no representations or warranties by the

Trustee.

---

[3]  The following is a summary only, and is presented herein only for the convenience of the Court. To the extent any
provision of the summary is inconsistent with the terms of the MLPA, the terms of the MLPA shall control.
[4]  These procedures are by agreement of the Trustee and the Purchaser. Under the circumstances of these cases and
the nature of the sale, the Trustee is not seeking prior approval of bidding procedures by this Court.

6

(b) Any competing offer must be for the Purchase Price plus (i) an overbid of $25,000 and (ii) an amount equal to the Expense Reimbursement plus the Break-Up Fee.

(c) Any competing offeror must submit a written bid to the Trustee on a form substantially similar to the MLPA (with any proposed different terms to be blacklined to the MLPA) ("Competing Bid").

Bid Deadline:

(d) on or before February 5, 2009 at 5:00 p.m. (prevailing eastern time) ("Bid Deadline"). Any Competing Bid must be accompanied by an earnest-money deposit equal to 20% percent of the Competing Bid.

Auction:

(e) In the event a Competing Bid is received, an auction shall be held on February 9, 2009 at 9:00 a.m. (prevailing eastern time) at the offices of Fox Rothschild LLP, 919 North Market Street, Suite 1600, Wilmington, DE 19801.

Sale Hearing:

(f) The Trustee shall seek approval of the sale of the Mortgage Loans to the Purchaser or Competitive Bidder at a hearing to be held on February 9, 2009 at 10:00, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom #6, Wilmington, Delaware 19801 (the "Sale Hearing"). The Sale Hearing may be adjourned without further notice except as announced in the Bankruptcy Court at the Sale Hearing.

7

### Relief Requested and Basis Therefor

20.     By this Motion, the Trustee is seeking entry of an order (the "Order", substantially in the form attached hereto as Exhibit C) under sections 105 and 363(b), (f) and (m) of the Bankruptcy Code authorizing the Trustee to enter into the MLPA.

### Sale Outside Ordinary Course Of Business

21.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate...."

22.     A sale of assets pursuant to section 363(b) of the Bankruptcy Code should be authorized as long as the transaction is supported by sound business judgment. See, e.g., In re Martin, 91 F.3d 389, 395 (3d Cir. 1996); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991); In re Trans World Airlines, Inc., No. 01-0056, 2001 Bankr. LEXIS 980, at *29 (Bankr. D. Del. Apr. 2, 2001).

23.     Courts typically consider the following factors in determining whether a proposed sale satisfies the sound business judgment standard: (a) whether a sound business justification exists to support the transaction; (b) whether adequate and reasonable notice of the sale was given to interested parties; (c) whether the sale will produce a fair and reasonable price for the property proposed to be sold; and (d) whether the parties to the sale have acted in good faith. See Delaware & Hudson Ry. Co., 124 B.R. at 176; In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (D. Del. 1987).

24.     A sound business purpose for the sale of assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of the assets for the

8

estate, its creditors or interest holders. See e.g., In re Abbotts Dairies of Pennsylvania, 788 F.2d

143 (3d Cir. 1986); In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983). The primary goal of any

proposed sale of estate property is to maximize the proceeds received by the estate.

25.    The Trustee respectfully submits that the foregoing criteria are satisfied herein.

First, the Trustee submits that sound business justification exists for the sale of the Mortgage

Loans in that the Trustee was appointed to liquidate the Debtors' assets. Second, the Trustee

proposes to serve notice of the proposed sale on such parties as is required by the Bankruptcy

Code and Bankruptcy Rules at least twenty (20) days prior to the return date hereon, and in

addition, intends to publish notice of the sale in *National Mortgage News*, an industry

publication which reaches approximately 9,000 readers weekly in the mortgage industry (or in a

similar publication). The Trustee submits that such notice is more than adequate and is

intrinsically reasonable under the circumstances. Third, the Trustee believes that the Purchase

Price is fair and reasonable. This determination is based, *inter alia*, upon the Trustee's efforts to

sell the Mortgage Loans, the current economic climate and status of the mortgage industry, the

nature of the Mortgage Loans, and the Trustee's lack of Loan Documentation. Under these

circumstances, the Trustee believes that the sale of the Mortgage Loans at the Purchase Price is

the highest and best offer attainable. Moreover, the continuing deterioration of capital markets

and recessionary conditions make it possible, if not probable, that the value of the Mortgage

Loans is maximized by a sale as soon as reasonably practicable. Finally, the Trustee and

Purchaser have negotiated the terms of sale of the Mortgage Loans at arms-length and in good

faith.

WM1A 918134v2 01/20/09

9

### Sale Free And Clear Of Liens And Interests

26.     The Trustee proposes to sell the Mortgage Loans free and clear of any and all liens, claims, encumbrances or other interests pursuant to section 363(f) of the Bankruptcy Code, with any such liens, claims, encumbrances or other interests, if any, attaching to the proceeds of sale of the Mortgage Loans.

27.     Section 363(f) of the Bankruptcy Code allows for the sale of assets free and clear of liens, claims, encumbrances or interests if any one of the following are met: (i) applicable nonbankruptcy law permits sale of such property free and clear of such interests; (ii) such entity consents; (iii) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property; (iv) such interest is in bona fide dispute; or (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f) (2008).

28.     To the best of the Trustee's knowledge, information and belief, no party other than WF, the Debtors' pre-petition lender, has asserted a lien or other interest in the Mortgage Loans. The Trustee believes that WF will consent to the sale of the Mortgage Loans on the terms set forth in the MLPA. Therefore, section 363(f) will be satisfied.

### Notice

29.     Notice of the relief sought herein will be given to: (a) the Office of the United States Trustee; (b) any known prospective purchasers; (c) known holders of pre-petition liens against the Debtors' property; (d) the twenty (20) largest unsecured creditors of each of the Debtors; and (e) those parties requesting notice by filing of a notice of appearance in accordance with Bankruptcy Rule 2002.  The Trustee will also publish a notice of the sale proposed hereby in *National Mortgage News* or similar publication. The Trustee submits that such notice is

WM1A 918134-2 01/20/09

10

Case 1:17-bk-11740-VK   Doc 27   Filed 11/27/17   Entered 11/27/17 15:02:20   Desc
Case 07-10943-CSS   Doc 1491-1   Filed 11/__/__   Page 62 of 75   Page 12 of 84
Main Document

Case 07-10942-CSS   Doc 519   Filed 01/20/09   Page 11 of 11

targeted to reach all parties who may have an interest in the Mortgage Loans or may be
interested in submitting a competing offer, and submits that no other or further notice need be
given.

## No Prior Request

30.   No previous motion for the relief requested herein has been made to this
or any other court.

WHEREFORE, the Trustee respectfully requests that this Court grant the relief
requested herein and such other relief as may be just and proper.

Dated:   Wilmington, Delaware
         January 20, 2009

FOX ROTHSCHILD LLP

By: _____
Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
919 North Market Street
16th Floor
Wilmington, Delaware 19801
(302) 654-7444

-and-

KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Joseph C. Corneau
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone no. (212) 972-3000

Attorneys for Tracy L. Klestadt,
Chapter 7 Trustee

WM1A 988134v2 01/20/09

11

62

# EXHIBIT -8-

VERSARY PROCEEDING-S.ROSENBERGPage

83

Case 07-10943-CSS   Doc 499-1   Filed 07/24/17   Page 31 of 64

**FDIC**

Federal Deposit Insurance Corporation
550 17th Street, NW, Washington, DC 20429-9990                          Legal Division

June 29, 2017

Steven Rosenberg
15814 Sepia Street
North Hills, California 91343

RE: FDIC FOIA Log Number 17-0271

Dear Mr. Rosenberg:

This will respond to your Freedom of Information Act (FOIA) request received on May 25, 2017, in which you requested any FDIC power of attorney records that reference Jon Dickerson.

Enclosed please find copies of the records located by the FDIC (consisting of a total of 42 pages) which are responsive to your request. However, certain information in these records has been redacted pursuant to FOIA Exemptions 4 and/or 6, 5 U.S.C. §552(b)(4), and/or (b)(6).

Exemption 4 permits the withholding of trade secrets, and confidential or privileged commercial or financial information obtained from a person. Exemption 6 permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

You may contact me at 703-562-2007, or our FOIA Public Liaison, Acting FDIC Ombudsman Benjamin E. Vaughn, by email at BenVaughn@fdic.gov or telephone at 703-562-6040, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the FDIC's General Counsel. Your appeal must be postmarked or electronically transmitted within 90 days of the date of the response to your request. Your appeal should be addressed to the FOIA/PA Group, Legal Division, FDIC, 550 17th Street, NW, Washington, D.C. 20429. Please refer to the log number and include any additional information that you would like the General Counsel to consider.

Sincerely,

Natasha Smith
Government Information Specialist

Case 07-10943-CSS   Doc 499-1   Filed 07/24/17   Page 33 of 64

Page 40   03-7-2023   49564

**Request Form for Renewal - Limited Power of Attorney
For Assuming Bank/Institution Employees**

**1.   Renewal of Limited Power of Attorney**

Is this a renewal? Yes          Justification See attached

Who is requesting this Renewal?
| Name | Chris Moore |
| Title | Director, Senior Counsel |

**2.   Receivership Information (Failed Bank)**
| Failed Bank Name | IndyMac Bank, F.S.B. and IndyMac Federal Bank FSB   Group |
| Failed Bank City/State | Pasadena, California |
| Closed/Opening Date | 8/1/08 7/11/08 and 3/19/09   Effective From: 3/2/16   To: 8/2/16 |

**3.   Assuming Bank Information**
| Assuming Bank/Institution Name | CIT Bank, N.A. |
| Street Address | 2100 Experience Crossing |
| City/State/Zip | Austin, TX 78758 |
| Phone Number(s) | 612.260.2704 |
| Assuming Bank Contact (the individual providing the list of employees for the POA) | Christopher Moore |

Assuming Bank Employees for the Power of Attorney (the employees for the Attorney-in-Fact)(I (*need at least one employee, if more than two employees LPOA will include an Exhibit) *Do Not include Titles*
| 1.  Employee Name | See attached list |
| 2.  Employee Name | |
| 3.  Employee Name | |
| 4.  Employee Name | |
| 5.  Employee Name | |
| 6.  Employee Name | |
| 7.  Employee Name | |
| 8.  Employee Name | |
| 9.  Employee Name | |
| 10. Employee Name | |

**4.   Filing Information for POA Record(s)**
(Failed Bank Institution ID #) 1 29720

**5.   After completing this form, please Email the form as soon as possible to:**
[_____] (contract vendor services)

**6.   After Customer Service processes the Power of Attorney, where should they be delivered?**
| Name of FDIC Requestor | |
| Contact Phone Number | |
| Email Address | |

OR, if requesting delivery to the Assuming Bank/Institution or other designation, please provide information below.

(***POA's will be sent via Overnight Delivery to ensure delivery***)
| Name | Rebecca Marler |
| Street Address | 2100 Experience Crossing, 5th Floor |
| City/State/Zip | Austin, TX 78758 |
| Phone & Email | 612-260-3716 |

¹ OneWest Bank merged with CIT Group and changed its name to CIT Bank, N.A.
   Renewal Request for Limited Power of Attorney for Assuming Bank/Institution Employees 3/9/16 dbr



Case 07-10943-CSS   Doc 499-1   Filed 07/24/17   Page 34 of 64

Page 41

CIT Bank, N.A. employees requested to be attorneys in fact on IndyMac Bank, F.S.B. and IndyMac
Federal Bank, FSB LPOA:

Aaron Wada
Allen Ashikyan
Ashley Stephenson
Bart Uriel
Bernadette Nelson
Darcy Pelars
David Power
David Rodriguez
Emmett Myatt
Fran Varner
Joy Jones
JC San Pedro
Jennie Calchasek
Jon Dickinson ✓
Kenneth E. Janoura
Kurt Johnson
Luciae Chavez
Mike Stanford
Sandy Schneider
Sean Costarell
Stephanie McQueen
Sue Kurth
Sujata Raman

Renewal Request for Limited Power of Attorney for Assuming Bank/Institution Employees 9/8/11 d?e

VERSARY PROCEEDING-S.ROSENBERGPage

Page 42

#### Justification

We have undertaken a thorough review of our books, records, and existing loan files for all the Group 2 loans and believe we have completed assignments into the appropriate entity, for both portfolios where appropriate, available, and where such a need for an assignment is known. However, in our mortgage servicing activities, we continue to be faced with legal and technical challenges, such as borrower bankruptcies and enjoined proceedings, requiring we recreate a chain of title based on factors that cannot be identified in advance without obtaining an updated title report on every loan serviced. It is cost prohibitive to obtain an updated loan level title report for each loan we are servicing, which, again, would be the only way to ensure a clear chain of title through all prior transfers. Absent a renewed power of attorney, to avoid the risk of jeopardizing our lien position and to enable the bank to transfer title when legally permissible we would be obliged to approach the FDIC for each instance requiring a signature on an assignment or other instrument of transfer or conveyance where, despite having exercised considerable effort, we find at the commencement of collection or bankruptcy activities that we do not have a recorded assignment into the appropriate entity. See below for the form of signature block in the new LPOAs, as we request signature authority for both IndyMac Bank and IndyMac Federal Bank.

The form which the Attorney(s)-in-Fact shall use for endorsing promissory notes or preparing allonges to promissory notes is as follows:

Pay to the order of
CIT Bank, N.A.
Without Recourse

FEDERAL DEPOSIT INSURANCE CORPORATION as
Receiver for IndyMac Federal Bank, FSB, Pasadena, California,
And IndyMac Bank, F.S.B., Pasadena, California

All other documents of assignment, conveyance, or transfer shall contain this sentence: "This assignment is made without recourse, representation or warranty, express or implied, by the FDIC in its corporate capacity or as Receiver."

Renewal Request for Limited Power of Attorney for Amending Bank/Institution Employees 3/3/18 Rte

OVERSARY PROCEEDING-S.ROSENBERGPage

67

84

# EXHIBIT -9-

VERSARY PROCEEDING-S.ROSENBERGPage

86

85

Case 1:17-bk-11748-VK   Doc 12   Filed 08/09/17   Entered 08/09/17 10:13:27   Desc
Main Document     Page 1 of 2

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

IN RE:                                      CASE NO.: 1:17-bk-11748-VK
                                                      CHAPTER 7

Steven Mark Rosenberg,

    Debtor.

_____/

### REQUEST FOR SERVICE OF NOTICES

PLEASE TAKE NOTICE THAT, on behalf of DEUTSCHE BANK NATIONAL

TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED

PASS-THROUGH CERTIFICATE SERIES 2007-OA1 ("Secured Creditor"), and pursuant to

Rule 2002 of the Federal Rules of Bankruptcy Procedure, the undersigned requests all notices

given or required to be given and all papers required to be served in this case to creditors, any

creditors committees, and any other parties-in-interest, be sent to and served upon the

undersigned counsel and the following be added to the Court's Master Mailing List:

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
BANKRUPTCY DEPARTMENT
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487
Robertson, Anschutz & Schneid, P.L.
Authorized Agent for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
By: /s/Sean Perry
Sean Perry, Esquire
Email: sferry@raslaw.com

17-060193 - TaU
ROSENBERG, ESTATE OF
Request for Service
Page 1

Case 1:17-bk-11748-VK   Doc 27   Filed 11/27/17   Entered 11/27/17 15:02:20   Desc
Main Document     Page 70 of 75

Case 1:17-bk-11748-VK   Doc 12   Filed 08/09/17   Entered 08/09/17 10:13:27   Desc
Main Document     Page 2 of 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2017, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been

served via CM/ECF or United States Mail to the following parties:

CACERES & SHAMASH LLP
9200 WILSHIRE BLVD STE 400
BEVERLY HILLS, CA 90211

STEVEN MARK ROSENBERG
106 1/2 JUDGE JOHN AISO ST #225
LOS ANGELES, CA 90012

DIANE C WEIL (TR)
1900 AVENUE OF THE STARS, 11TH FLOOR
LOS ANGELES, CA 90067

UNITED STATES TRUSTEE (SV)
915 WILSHIRE BLVD, SUITE 1850
LOS ANGELES, CA 90017

Robertson, Anschutz & Schneid, P.L.
Authorized Agent for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
By: /s/Sean Ferry
Sean Ferry, Esquire
Email: sferry@rasflaw.com

17-066192 - TrU
ROSENBERG, ESTATE OF
Request for Service
Page 2

)VERSARY PROCEEDING-S.ROSENBERGPage

70

Case 1:17-bk-11748-VK   Doc 27   Filed 11/27/17   Entered 11/27/17 15:02:20   Desc
Main Document      Page 71 of 75

# EXHIBIT  -10-

VERSARY PROCEEDING-S.ROSENBERGP:

71

TS No.: 2015-04438-CA

October 17, 2017

VIA First Class Mail
VIA Certified Mail (return receipt requested)
Certified Number:
Reference Code:

Isadore Rosenberg
15814 Septo Street, North Hills Area, CA
91343

Property Address
15814 Septo Street, North Hills Area, CA
91343

Trustee's Sale No.:      2015-04438-CA
Re:                      Notice to Borrower of Postponement of Trustee's Sale Pursuant
                         to Civil Code § 2924(a)(5)

### FORECLOSURE SALE HAS BEEN POSTPONED

Notice is hereby given by Western Progressive, LLC, that the Trustee's Sale set for 10/18/2017,
at the hour of 11:00 AM, at BEHIND THE FOUNTAIN LOCATED IN CIVIC CENTER
PLAZA, 400 CIVIC CENTER PLAZA, POMONA, CA 91766
, County of Los Angeles, State of California, has been postponed and rescheduled.

New Foreclosure Sale Date:
The sale is now scheduled to occur on 11/28/2017 at the hour of 11:00 AM, at BEHIND THE
FOUNTAIN LOCATED IN CIVIC CENTER PLAZA, 400 CIVIC CENTER PLAZA,
POMONA, CA 91766
, County of Los Angeles, State of California, for the property located at the address above, as
more fully described on said Security Instrument.

The real property is secured by a Deed of Trust dated 03/01/2007, and recorded 03/15/2007,
under Instrument No. 20070575007, Book ---, Page ---, records of Los Angeles County,
California, from Isadore Rosenberg, A Widower, as Grantors, to FIDELITY NATIONAL TITLE
COMPANY, as Trustee, to secure an obligation in favor of AMPRO MORTGAGE, A
DIVISION OF UNITED FINANCIAL MORTGAGE CORP., As Lender, Mortgage Electronic
Registration Systems, Inc., As Beneficiary ., as Beneficiary ("Security Instrument").

Stay Informed About Sale Activity
YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE
TRUSTEE'S SALE IS POSTPONED. To ensure you have current information about the sale, we
encourage you to monitor all sale activity and attend the sale to protect your interest. The sale
may proceed without further notification.

Version 1.1 CA PPLTR 0417                                              Page 1 of 2

Case 1:17-bk-11748-VK   Doc 27   Filed 11/27/17   Entered 11/27/17 15:02:20   Desc
Main Document   Page 73 of 75

B1040 (FORM 1040) (12/15)

**RECEIVED**

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

NOV 27 2017

CLERK U S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Steven Mark Rosenberg, IN pro per<br>15814 Septo Street<br>North Hills, CA 91343 | DEUTSHE Bank NATIONAL Trust Company, As Trustee For Alliance Bancorp mortgage Backed Pass Through Certificate series Additional Defendents on Attached Page |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) Robertson, ANSchutz<br>& Schned, PL   6409 Congress Ave<br>Suite 100   Boca Raton, FL<br>33487 |
|---|---|
| N/A | (ER: Docket #12 / 1:17-bk-11748 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☒ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Arising From a predatory home Loan to Plaintiffs deceased father
who suffered Dementia & poor eye sight (Age 87 & Time) a casuing
result of fraud, Negligence, need for Declaratory relief & other
Torts has occured. 18 U.S.C § 157: violation is Docket #12 / main case

### NATURE OF SUIT
(Check the one most appropriate box only.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
| ☐ 11-Recovery of money/property – $542 turnover of property | ☐ 61-Dischargeability – §523(c)(1), domestic support |
| ☐ 12-Recovery of money/property – $547 preference | ☐ 68-Dischargeability – §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property – $548 fraudulent transfer | ☐ 63-Dischargeability – §523(a)(8), student loan |
| ☒ 14-Recovery of money/property – other | ☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation |
| | (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability – other |
| ☒ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h) | ☒ 72-Injunctive relief – other |
| | |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge – §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| | |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☒ 91-Declaratory judgment |
| | |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §78aaa et.seq. |
| (continued next column) | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☒ Check if a jury trial is demanded in complaint | Demand $ 390,000. ⁰⁰/₁₀₀ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR Steven mark Rosenberg | BANKRUPTCY CASE NO. 1:17-bk-11748-VK |
| DISTRICT IN WHICH CASE IS PENDING CENTRAL District of California | DIVISION OFFICE San Fernando Vally | NAME OF JUDGE Hon. Victoria Kaufman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF N/A | DEFENDANT N/A | ADVERSARY PROCEEDING NO. N/A |
| DISTRICT IN WHICH ADVERSARY IS PENDING N/A | DIVISION OFFICE N/A | NAME OF JUDGE N/A |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

Steven mark Rosenberg (Plaintiff)

| DATE November 27, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Steven mark Rosenberg |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

Plaintiffs and Defendants. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

Attorneys. Give the names and addresses of the attorneys, if known.

Party. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

Demand. Enter the dollar amount being demanded in the complaint.

Signature. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Adversary Proceeding Cover Sheet- Cont:

Additional Defendants

Ocwen Loan Servicing, Inc
P.O Box 24781
West Palm Beach, FL 33416-4781

One West Bank
888 East Walnut Street
Pasadena, CA 91101

Alliance Bancorp, Inc
815 Commerce Drive
Oak Brook, Il 60523

Alliance Bancorp Estate Trustee
Charles A. Stanziale, Jr
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102

MERS
Mortgage Electronic Registration Systems, Inc
1818 Library Street
Suite 300
Reston, VA 20190

Deutche Bank National Trust Company, As Trustee
For Alliance Bancorp Mortgage Backed Pass Through
Certificate Series 2007 - OA01
Authorized Agent: Robertson, Anschutz, Schneid, P.L
6409 Congress Ave, Suite 100
Boca Raton, Florida 33487
·········· notice only ··········································· ···

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

Trustee Amy Goldmang
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071

1  **WRIGHT, FINLAY & ZAK, LLP**
   T. Robert Finlay, Esq., SBN 167280
2  Nicole S. Dunn, Esq., SBN 213550
   4665 MacArthur Court, Suite 200
3  Newport Beach, CA 92660
   Telephone: (949) 477-5050; Facsimile: (949) 608-9142
4
5
   Attorneys for Defendants, Ocwen Loan Servicing, LLC
6  and Mortgage Electronic Registration Systems, Inc.
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 In re: STEVEN MARK ROSENBERG, Debtor. | Bankruptcy Case No. 1:17-bk-11748-VK Chapter 7 |
| 13 | Adversary Case No. 1:17-ap-01096-VK |
| 14 STEVEN MARK ROSENBERG, | |
| 15 Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| 16 v. | |
| 17 ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE, | Hearing: Date:   TBD Time:   TBD Crtrm:  301 [*Filed concurrently with Notice of Motion and Request for Judicial Notice*] |
| 26 Defendants. | |

27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

93

## TABLE OF CONTENTS

Page No.

I.   INTRODUCTION ........................................................................................ 1

II.  STATEMENT OF FACTS ........................................................................ 1

     A.   Loan and Foreclosure ................................................................... 1

     B.   Plaintiff's Prior Lawsuit .............................................................. 3

III. JURISDICTION ......................................................................................... 3

IV.  THE STANDARDS APPLIED TO A MOTION FOR
     JUDGMENT ON THE PLEADINGS ....................................................... 4

V.   LAW AND ARGUMENT .......................................................................... 5

     A. Any Forgery, Cancellation or Rescission Claims are
        Time-Barred .................................................................................. 5

     B. Plaintiff's First Claim for Violation of 11 U.S.C. §524(a)(2)
        Fails Because That Section Only Applied to Personal
        Liability and Cannot Void a Creditor's In Rem Rights ................ 7

     C. Plaintiff's Violation of FRBP, Rule 3001(c)(2)(B) Fails
        Because a Creditor's Right to Foreclose on the Mortgage
        Survives or Passes Through the Bankruptcy ............................... 8

     D. Plaintiff's Fourth Claim for Fraudulent Concealment and Fifth
        Claim for "Violation of 18 U.S.C. 157 – Re Fraud" Both Fail ..... 10

        1. The fraud based on concealment is time-barred ...................... 11

        2. The claims are not specifically pled .......................................... 11

        3. No duty is owed to Plaintiff ....................................................... 11

i

4. Plaintiff lacks standing to challenge the Assignments
or securitization ............................................................. 12

E. Plaintiff's Declaratory Relief Claim Fails Because it is
Duplicative and Plaintiff Has Not Sufficiently Alleged "a
Very Significant Possibility of Future Harm." .................... 14

VI.    CONCLUSION ............................................................................. 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

## TABLE OF AUTHORITIES

Page No.

**Cases**

*Ashcroft v. Iqbal*

    129 U.S. 662, 678 (2009) .................................................................5

*Balistreri v. Pacifica Police Department*

    (9th Cir. 1988) 855 F.2d 1421, 1424.................................................5

*Bell Atlantic Corp. v. Twombly*

    (2007) 550 U.S. 544, 127 S. Ct. 1955, 1965......................................5

*Boyce v. TD. Serv. Co.*

    (2015) 235 Cal.App.4th 429, 438 (2015).........................................14

*Calvo v. HSBC Bank USA, N.A.*

    (2011) 199 Cal.App.4th 118, 122....................................................13

*Castaneda v. Saxon Mortgage Services, Inc.*

    687 F.Supp.2d 1191, 1198 (E.D. Cal. 2009)....................................12

*Cesar v. Charter Adjustments Corp.*

    519 B.R. 792, 797 (Cal. E.D. 2014)..................................................7

*Conley v. Gibson*

    355 U.S. 41, 45-46 (1957)................................................................5

*Copesky v. Superior Court*

    229 Cal. App. 3d 678, 694 (1991....................................................12

*Coral Constr. Co. v. King Cnty.*

    941 F.2d 910, 929 (9th Cir. 1991)...................................................15

*Dewsnup v. Timm*

    502 U.S. 410, 418, 112 S. Ct. 773, 778 (1992).................................9

*Durning v. First Boston Corp.*

    (9th Cir. 1987) 815 F.2d 1265, 1267.................................................5

iii

1  *Farrey v. Sanderfoot*
2    500 U.S. 291, 297, 111 S. Ct. 1825 (1991)...................................................9
3  *Fernandez-Lopez*
4    37 B.R. 664, 669 9 (Bankr.E.D.Cal.1984)...................................................8
5  *Fontenot v. Wells Fargo Bank, N.A.*
6    198 Cal.App.4th 256, 272 (2011)...............................................................13
7  *Gillespie v. Civiletti*
8    (9th Cir. 1980) 629 F.2d 637, 640..............................................................5
9  *Gomes v. Countrywide Home Loans, Inc.*
10   192 Cal.App.4th 1149 (2011)....................................................................13
11  *Griffith v. Oles (In re Hipp, Inc.)*
12   895 F.2d 1503, 1518 (5th Cir. 1990).........................................................10
13  *Guerra v. Sutton*
14   783 F.2d 1371, 1376 (9th Cir. 1986).........................................................14
15  *Hahn v. Mirda*
16   (2007) 147 Cal.App.4th 740, 748.............................................................10
17  *Herrera v. Fed. Nat. Mortg. Assn.*
18   (2012) 205 Cal.App.4th 1495, 1507-1508.................................................14
19  *Hoffman v. 162 North Wolfe LLC*
20   (2014) 228 Cal. App. 4th 1178.................................................................10
21  *HSBC Bank USA, N.A. v. Blendheim (In re Blendheim)*
22   803 F.3d 477, 493-94 (9th Cir. 2015)........................................................8
23  *In re Bracamortes*
24   166 Bankr. 160, 162 (Bankr.S.D.Cal.1994)................................................8
25  *In re Fietz*
26   852 F.2d 455, 457 (9th Cir. 1988).............................................................4
27  *In re Kold Kist Brands, Inc.*
28   158 B.R. 175, 178 (C.D. Cal. 1993)..........................................................3

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

1   *In re Stamford Color Photo, Inc.*

2      105 B.R. 204, 206-07 (Bankr. D. Conn. 1989)....................................................9

3   *Irish Lesbian & Gay Organization v. Giuliani*

4      (2nd Cir. 1998) 143 F3d 638, 644 ........................................................................5

5   *Irwin v. Department of Veterans Affairs*

6      (1990) 498 U.S. 89, 96 [111 S.Ct. 453, 458, 112 L.Ed.2d 435]...........................6

7   *Javier Cortez v. American Wheel, Inc. (In re Cortez)*

8      191 B.R. 174, 177-179 (9th Cir. BAP 1995) .....................................................9

9   *Jenkins v. JP Morgan Chase Bank, NA.*

10     (2013) 216 Cal.App.4th 497, 515 ...................................................................14

11  *Jensen Quality Loan Serv. Corp.*

12     702 F.Supp.2d 1183, 1189 (E.D. Cal. 2010)........................................................15

13  *Johnson v. Home State Bank*

14     501 U.S. 78, 84, 111 S. Ct. 2150 (1991) ............................................................8, 9

15  *Kalnoki v. First American Trustee Servicing Solutions, LLC*

16     (2017) 8 Cal. App.5th 23, 40.............................................................................14

17  *King v. California*

18     (9th Cir.1986) 784 F.2d 910, 915 .........................................................................6

19  *Lazar v. Superior Court*

20     12 Cal.4th 631, 645 (1996) ..................................................................................11

21  *Lueras v. BAC Home Loans Servicing, LP*

22     (2013) 221 Cal.App.4th 49, 67.............................................................................12

23  *McCarthy v. Mayo*

24     (9th Cir. 1987) 827 F.2d 1310, 1316.....................................................................5

25  *Neubronner v. Milken*

26     6 F.3d 666, 672 (9th Cir. 1993)............................................................................10

27  *Nymark v. Hart Federal Savings & Loan Assoc.*

28     (1991) 231 Cal.App.3d 1089, 1096.......................................................................12

v

1   *O'Donnell v. Vencor, Inc.*
2       (9th Cir. 2006) 466 F.3d 1104, 1112......................................................6
3   *Osei v. GMAC Mortg.*
4       2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010)..............................12
5   *Pace v. DiGuglielmo*
6       (2005) 544 U.S. 408, 418 [125 S.Ct. 1807, 1814, 161 L.Ed.2d 669].........6
7   *Pacor, Inc. v. Higgins*
8       743 F.2d 984, 994 (3rd Cir. 1984)...............................................4
9   *Perlas v. GMAC Mortg., LLC*
10      (2010) 187 Cal.App.4th 429, 436.................................................12
11  *Robinson Helicopter Co., Inc. v. Dana Corp.*
12      (2004) 34 Cal. 4th 979, 993 ....................................................11
13  *Santa Maria v. Pacific Bell*
14      (9th Cir.2000) 202 F.3d 1170, 1178.............................................6
15  *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*
16      245 F.2d 67, 70 (9th Cir. 1956)...............................................5
17  *Siliga v. Mortgage Electronic Registration Systems, Inc.*
18      (2013) 219 Cal.App.4th 75, 82..................................................13
19  *Small v. Fritz Companies, Inc.,*
20      (2003) 30 Cal.4th 167, 173, 132 Cal.Rptr.2d 490, 65 P.3d 1255 .................10
21  *Tarmann v. State Farm Mutual Auto Insurance Company*
22      (1991) Cal.App.4th 153, 157...................................................11
23  *Walters v. Boosinger*
24      (2016) 2 Cal. App. 5th 421, 430...............................................6
25  *Warth v. Seldin*
26      422 U.S. 490, 499 (1975) .....................................................13
27  *Yhudai v. IMPAC Funding Corp.*
28      (2016) 1 Cal. App. 5th 1251, 1256-1257 .......................................13

vi

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

| | |
|---|---|
| 1 | **Statutes** |
| 2 | 11 U.S.C. § 101(5).....................................................................................9 |
| 3 | 11 U.S.C. § 101(10)(A)............................................................................9 |
| 4 | 11 U.S.C. § 501(a)....................................................................................9 |
| 5 | 11 U.S.C. § 524(a)(2)............................................................................7, 8 |
| 6 | 15 U.S.C. § 1635(f)..................................................................................6 |
| 7 | 18 U.S.C. § 157......................................................................................10 |
| 8 | 18 U.S.C. § 3231 (2012)........................................................................10 |
| 9 | 28 U.S.C. § 157........................................................................................4 |
| 10 | *California Civil Code § 1213*.................................................................9 |
| 11 | *California Civil Code § 2924*...............................................................13 |
| 12 | *California Civil Code § 2934*...............................................................13 |
| 13 | *California Code of Civil Procedure § 337* ............................................6 |
| 14 | *California Code of Civil Procedure § 338* ..........................................11 |
| 15 | *California Code of Civil Procedure § 338(d)*.......................................11 |
| 16 | **Rules** |
| 17 | FRCP Rule 9(b) ......................................................................................10 |
| 18 | FRCP Rule 12(c)........................................................................................4 |
| 19 | FRCP Rule 12(b)(6)................................................................................4, 5 |
| 20 | FRBP Rule 3001(c)(2)(B) .......................................................................8 |
| 21 | FRBP Rule 7012(b) ..................................................................................4 |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Debtor Steven Mark Rosenberg ("Plaintiff") is the deceased Borrower's son and brings this Adversary Proceeding to challenge the nonjudicial foreclosure of the subject property.

The allegations of forgery, fraud based on concealment, and rescission are all time-barred. Plaintiff previously challenged the Loan based on forgery and improper assignments in the Probate Code Section 850 Petition filed in 2009 that was voluntarily dismissed without prejudice. Resurrecting the same claims eight years later is highly improper and clearly time-barred.  The challenge to the foreclosure based on alleged void Assignments also fails because Plaintiff has no standing to challenge Defendants' authority to foreclose based on purported defects in the Assignments or transfers of the Note and Deed of Trust. The claims that Defendants violated the bankruptcy code by failing to file a proof of claim fail because there is no obligation to file a proof of claim.

The balance of Plaintiff's Complaint lacks any specific facts upon which any relief can be granted.  For these reasons, and those discussed below, Defendants respectfully request that this Court grant their Motion for Judgment on the Pleadings in its entirety with prejudice.

**II.    STATEMENT OF FACTS**

**A. Loan and Foreclosure**

On or about March 1, 2007, Isadore Rosenberg, a widower, obtained a loan from Lender, AMPRO Mortgage, a division of United Financial Mortgage Corp. ("AMPRO") in the amount of $390,000.00 ("Loan"), which was secured by a deed of trust ("Deed of Trust") encumbering real property located at 15814 Septo Street, North Hills, California, 91343 (the "Property"). (Request for Judicial Notice [RJN], Ex. 1).  Under the Deed of Trust, Defendant Mortgage Electronic

1    Registration Systems, Inc. ("MERS") was beneficiary and nominee for Lender and

2    Lender's successors and assigns. *Id.*

3        Isadore Rosenberg died on February 4, 2008, and the Affidavit of Death was

4    recorded on December 1, 2008. [RJN Ex. 2]. Due to her default under the terms of

5    the Loan and Deed of Trust, a Notice of Default was recorded on April 17, 2008

6    [RJN Ex. 3], but it was subsequently rescinded on November 9, 2015. [RJN, Ex.

7    8]. On December 2, 2008, a Quitclaim Deed was recorded in which Steven Mark

8    Rosenberg, Successor Trustee of the Isadore and Norma P. Rosenberg Trust, Dated

9    May 4, 1990 quitclaimed the Property to Steven Mark Rosenberg, an unmarried

10   man. [RJN, Ex. 4].

11       MERS subsequently granted, assigned, and transferred all beneficial rights

12   and interests under the Deed of Trust, including the right to foreclose, to IndyMac

13   Bank FSB. [RJN, Ex. 5]. As evidence of this, an Assignment of Deed of Trust

14   ("Assignment1") was recorded on August 12, 2008. [Id.].

15       All beneficial rights and interests under the Deed of Trust, including the

16   right to foreclose, were subsequently granted, assigned and transferred from

17   IndyMac Bank FSB to Deutsche Bank National Trust Company, as Trustee for

18   Alliance 2007-OA1 ("Deutsche Bank"). [RJN, Ex. 6]. As evidence of this, but not

19   as the operative instrument by which this sale and transfer occurred, an

20   Assignment of Deed of Trust ("Assignment2") was later recorded on February 24,

21   2010. [Id.].

22       A new Notice of Default ("NOD") was recorded on November 3, 2015.

23   [RJN, Ex. 7]. The default was not cured, and a Notice of Trustee's Sale was

24   recorded on May 18, 2017 ("NOS"). [RJN, Ex. 10]. No foreclosure sale has

25   occurred.

26       On March 21, 2017, a corrective Corporate Assignment of Deed of Trust

27   was recorded against the Property. [RJN, Ex. 9]. The purpose of this corrective

28   assignment was to correct the name of the assignee on the 2010 Assignment [RJN,

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

1  Ex. 6] from Deutsche Bank National Trust Company as Trustee for Alliance 2007-
2  0A1 to Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp
3  Mortgage Backed Pass-Through Certificate Series 2007-OA1. [RJN, Ex. 9 - p. 2,
4  lines 2-3, 11-12].

5      On December 14, 2017, a corrective Corporate Assignment of Deed of Trust
6  was recorded against the Property. [RJN, Ex. 11]. The purpose of this corrective
7  assignment was to add the execution date and to correct the assignor on the
8  Assignment recorded on 8/12/2008 [RJN, Ex. 5]. [RJN, Ex. 11 - p. 2, lines10-12].

9      **B.  Plaintiff's Prior Lawsuit**

10     On August 27, 2009, Plaintiff filed a petition under California Probate Code
11  §850 challenging One West Bank, MERS and Deutsche Bank's interest in the
12  Deed of Trust.  [See Docket, Los Angeles County Superior Court Case No.
13  BP109162; RJN Ex.12]. He voluntarily dismissed his petition in January 2015.
14  [See Docket, Los Angeles County Superior Court Case No. BP109162; RJN
15  Ex.13].  The Probate Court granted his request to dismiss the petition but did so
16  with prejudice.  Plaintiff appealed, and the Court of Appeal reversed the order of
17  dismissal, ordering the petition dismissed without prejudice. [See Docket, Los
18  Angeles County Superior Court Case No. BP109162; RJN Ex.14]. Plaintiff filed
19  his underlying Chapter 7 Bankruptcy case on June 30, 2017. (1:17-bk-11748-VK -
20  Dkt No. 1.) He received a Chapter 7 discharge on October 10, 2017. (1:17-bk-
21  11748-VK - Dkt No. 21.) He filed the instant Adversary Proceeding on November
22  27, 2017. (1:17-ap-01096-VK - Dkt No. 27.)

23  **III.   JURISDICTION**

24     Bankruptcy courts may hear and determine "core proceedings" which are
25  matters that "arise under" the Bankruptcy Code or "arise in" a bankruptcy case.  28
26  U.S.C. §157(b)(1).  However, "core proceedings" are actions that generally have
27  no existence outside of bankruptcy. *In re Kold Kist Brands, Inc.*, 158 B.R. 175, 178
28  (C.D. Cal. 1993).  As such, in the Ninth Circuit, the test is "whether the outcome of

1  the proceeding could conceivably have any effect on the estate being administered

2  in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988), quoting *Pacor, Inc.*

3  *v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).

4      In the instant case, Plaintiff received his discharge prior to the institution of

5  this Adversary Action. (Dkt No. 21, 27). Thus, there are no issues involving the

6  bankruptcy estate, nor are there issues to be determined under bankruptcy law.

7      This fact is even more readily apparent in that even if Defendants' claims

8  were voided, Plaintiff's Chapter 7 estate would still remain insolvent. The Property

9  is encumbered by more than $672,534.94 in liens [RJN Ex. 10] so the $510,600.00

10  value scheduled by Plaintiff [1:17-bk-11748-VK – Dkt. 1 at Schedule D pg. 20 of

11  54] is insubstantial and would be further underwater if 8% costs of sale were

12  factored in. Thus, there is no equity in the Property and no basis for the Court's

13  jurisdiction to address Plaintiff's Complaint and this matter should be dismissed in

14  its entirety without leave to amend.

15      Since this is not a core matter under 28 U.S.C. § 157, Defendants do not

16  consent to the entry of final orders or judgments by the bankruptcy judge. *See* Fed.

17  R. Bankr. P. 7012(b).

18  **IV.   THE STANDARDS APPLIED TO A MOTION FOR JUDGMENT ON**

19         **THE PLEADINGS**

20      Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(c), after the

21  pleadings are closed--but early enough not to delay trial--a party may move for

22  judgment on the pleadings. Generally, any party may bring a Motion for Judgment

23  on the Pleadings (MJOP) if said motion is filed before the deadline set by the

24  court under Rule 16(b). Here, the Court has yet to schedule a motion cut-off

25  deadline or a trial date. Therefore, Defendant's MJOP will not cause a delay of

26  trial and has been brought in a timely manner.

27      A Motion under FRCP Rule 12(c) is similar to a Motion to Dismiss under

28  FRCP Rule 12(b)(6) in that each motion tests the legal sufficiency of the parties'

4

1   allegations. Accordingly, the same standard applies to both motions. *Irish Lesbian*
2   *& Gay Organization v. Giuliani* (2nd Cir. 1998) 143 F3d 638, 644. The standard
3   to be applied to a motion to dismiss pursuant to FRCP Rule 12(b)(6) is well-
4   established:  a complaint may be dismissed if it appears beyond doubt that
5   plaintiff can prove no set of facts in support of its claim which would entitle it to
6   relief. *Conley v. Gibson* 355 U.S. 41, 45-46 (1957).  See also *Gillespie v. Civiletti*,
7   (9th Cir. 1980) 629 F.2d 637, 640.

8        Additionally, although Plaintiff needs to provide only a 'short and plain
9   statement of the claim,' [pursuant to FRCP Rule 8]... Where the claims in a
10  complaint are insufficiently supported by factual allegation, the claims may be
11  disposed of by summary dismissal. *Balistreri v. Pacifica Police Department*, (9th
12  Cir. 1988) 855 F.2d 1421, 1424.

13       Although all well-pled facts in the complaint are deemed true in ruling on a
14  motion to dismiss, conclusory allegations are disregarded. *McCarthy v. Mayo*, (9th
15  Cir. 1987) 827 F.2d 1310, 1316.  As stated by the U.S. Supreme Court: "Factual
16  allegations must be enough to raise a right to relief above the speculative level."
17  *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 127 S. Ct. 1955, 1965;
18  Ashcroft v. Iqbal, 129 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v.*
19  *Twombly*, 550 U.S. 544, 570 (2007)). Moreover, the Court is not limited to the
20  allegations of the complaint in ruling on a motion to dismiss but can also consider
21  any documents attached to the complaint. *Durning v. First Boston Corp.* (9th Cir.
22  1987) 815 F.2d 1265, 1267. The court does not have to accept alleged facts as true
23  when they contradict matters subject to judicial notice. *Sears, Roebuck & Co. v.*
24  *Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956).

25  **V.    LAW AND ARGUMENT**

26       A. Any Forgery, Cancellation or Rescission Claims are Time-Barred.

27       Plaintiff alleges that Isadore Rosenberg's signature on the March 2007 Deed
28  of Trust was forged, thus the document is void ab initio. Compl., ¶14-17, 21-25. If

1   any claims in the Complaint are based on the allegations of forgery, such claims

2   are time-barred by the four-year statutes of limitation. Cal. Civ. Proc. §§ 337

3   (rescission of contract), 343 (cancellation of instruments). *See also, Walters v.*

4   *Boosinger*, (2016) 2 Cal. App. 5th 421, 430. The only exception to this rule is

5   when fraud or mistake are involved, in which case the three-year statute of

6   limitations would apply. *Id.*; Cal. Civ. Proc. §338(4).

7       Plaintiff's claims also fail because they are time-barred under TILA.  A

8   claim for TILA rescission is subject to a three-year statute of repose and is cut off

9   by the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). "[A]s a

10   general rule the limitations period starts at the consummation of the transaction."

11   *King v. California* (9th Cir.1986) 784 F.2d 910, 915.  Although "equitable tolling

12   may be applied if, despite all due diligence, a plaintiff is unable to obtain vital

13   information bearing on the existence of his claim [citation]," a litigant seeking

14   equitable tolling of a limitations period bears the burden of establishing entitlement

15   to equitable tolling. *Santa Maria v. Pacific Bell* (9th Cir.2000) 202 F.3d 1170,

16   1178; *Pace v. DiGuglielmo* (2005) 544 U.S. 408, 418 [125 S.Ct. 1807, 1814, 161

17   L.Ed.2d 669].)

18       "Equitable tolling is generally applied in situations 'where the claimant has

19   actively pursued his judicial remedies by filing a defective pleading during the

20   statutory period, or where the complainant has been induced or tricked by his

21   adversary's misconduct into allowing the filing deadline to pass.'" (*O'Donnell v.*

22   *Vencor, Inc.* (9th Cir. 2006) 466 F.3d 1104, 1112, quoting *Irwin v. Department of*

23   *Veterans Affairs* (1990) 498 U.S. 89, 96 [111 S.Ct. 453, 458, 112 L.Ed.2d 435].)

24       In this case, Plaintiff's forgery/rescission/cancellation claims are time-

25   barred, and Plaintiff is not entitled to tolling because he was admittedly aware of

26   the existence of the purported forgery when he filed the 850 Petition on August 29,

27   <u>2009</u> in Isadore Rosenberg's probate action. Compl., ¶13.  Plaintiff filed the instant

28

<div align="center">6</div>

<div align="center">MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS</div>

1   action on November 27, <u>2017</u>, long after the four-year statutes of limitation

2   expired. (1:17-ap-01096-VK - Dkt No. 27).

3         Plaintiff argues that this adversary proceeding is a continuation of the 2009

4   probate action, thus it is not time-barred. Compl., ¶24. This is completely false.

5   Plaintiff voluntarily dismissed his petition with prejudice. He appealed and the

6   remand order provided that the petition would be dismissed without prejudice.

7   Compl., ¶20. Plaintiff had several opportunities to amend his probate Petition and

8   failed to seek further action against Defendants in that matter. Rather, he waited

9   two years to file the instant Complaint. It is completely improper to raise time-

10   barred claims in a new action when Plaintiff clearly had an opportunity to raise

11   those claims eight years ago in his 850 Petition.

12   **B. <u>Plaintiff's First Claim for Violation of 11 U.S.C. §524(a)(2) Fails</u>**

13         **<u>Because That Section Applies Only to Personal Liability and Cannot</u>**

             **<u>Void a Creditor's *In Rem* Rights.</u>**

14

15         Plaintiff asserts that Defendants are barred from illegally attempting to

16   collect a debt per 11 U.S.C. §524 (a)(2). Compl., ¶62.  This assertion is false for at

17   least three reasons.

18         First, MERS has not and cannot attempt to collect a debt by foreclosing on

19   the Property because it no longer has an interest in the Deed of Trust.  All claims

20   against MERS should be dismissed with prejudice.

21         Second, the Bankruptcy Code does not provide for a private right of action

22   under 11 U.S.C. §524. *Cesar v. Charter Adjustments Corp.,* 519 B.R. 792, 797

23   (Cal. E.D. 2014) ("The Bankruptcy Code…does not provide a private right of

24   action to a debtor when a creditor violates the discharge injunction.").

25         Third, the discharge injunction under 11 U.S.C. §524 applies to the

26   collection of "personal liability of the debtor," but it does not apply to *in rem*

27   collections. As defined under the Bankruptcy Code, a "discharge" operates as an

28   injunction against a creditor's ability to proceed against a debtor personally. *See* 11

<div align="center">7</div>

1    U.S.C. § 524(a)(2) (a discharge "operates as an injunction against . . . an action . . .

2    to collect, recover or offset any such debt as a *personal liability* of the debtor"

3    (emphasis added)). Discharges leave unimpaired a creditor's right to proceed *in*

4    *rem* against the debtor's property. *HSBC Bank USA, N.A. v. Blendheim (In re*

5    *Blendheim)*, 803 F.3d 477, 493-94 (9th Cir. 2015).

6         "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim-

7    -namely, an action against the debtor *in personam*--while leaving intact another--

8    namely, an action against the debtor *in rem.*" *Johnson v. Home State Bank,* 501

9    U.S. 78, 84, 111 S. Ct. 2150 (1991). Most courts agree that despite § 524(a), a

10   secured creditor may enforce, after discharge, a valid prepetition lien. Fernandez-

11   Lopez, 37 B.R. 664, 669 9 (Bankr.E.D.Cal.1984). A secured creditor has the

12   choice of obtaining relief from the stay to foreclose upon its collateral or,

13   alternatively, waiting until the debtor has been granted a discharge under § 524 and

14   pursue its in rem rights against the collateral under state law. *In re Bracamortes,*

15   166 Bankr. 160, 162 (Bankr.S.D.Cal.1994).

16        Here, the Deed of Trust is a perfected security interest in the Property, which

17   passed through Debtor's bankruptcy unaffected. The Code provides that a

18   creditor's right to foreclose on the mortgage survives or passes through the

19   bankruptcy. *Johnson, supra,* at 83. There is no violation of the discharge injunction

20   because the nonjudicial foreclosure proceeding is an *in rem* action, not a collection

21   of *in personam* debt from Debtor.

22   C.   **Plaintiff's Claim of an Alleged Violation of FRBP, Rule**
     **3001(c)(2)(B) Fails Because a Creditor's Right to Foreclose on the**
23   **Mortgage Survives or Passes Through the Bankruptcy**

24        Plaintiff alleges in the first through third claims that Defendants violated

25   FRBP Rule 3001(c)(2)(B) by failing to file a Proof of Claim and accompanying

26   documents. Compl., ¶62, 65-70. MERS has not and cannot file a proof of claim

27

28

---

8

1  because it no longer has an interest in the Deed of Trust.  MERS is not a creditor,

2  and all claims against it should be dismissed with prejudice

3      The requirements for proofs of claim are contained in the Bankruptcy Code,

4  the Bankruptcy Rules and the Official Forms. Section 501(a) provides that a

5  "creditor or an indenture trustee **may** file a proof of claim." 11 U.S.C. § 501(a).  A

6  "creditor" is any entity that has a pre-petition claim against the debtor. 11 U.S.C. §

7  101(10)(A). A "claim" is a right to payment without regard to whether the creditor

8  has filed a proof of claim. 11 U.S.C. § 101(5). Bankruptcy Rule 3003(c)(2) does

9  not extinguish a creditor's status.  It merely eliminates a creditor's right to a

10  distribution if the creditor has not timely filed a proof of claim. *In re Stamford*

11  *Color Photo, Inc.*, 105 B.R. 204, 206-07 (Bankr. D. Conn. 1989).

12      Under the Bankruptcy Act of 1898, a lien on real property passes through

13  bankruptcy unaffected. *Farrey* v. *Sanderfoot*, 500 U.S. 291, 297, 111 S. Ct. 1825

14  (1991) ("Ordinarily, liens and other secured interests survive bankruptcy");

15  *Johnson* v. *Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150 (1991) ("Rather, a

16  bankruptcy discharge extinguishes only one mode of enforcing a claim -- namely,

17  an action against the debtor *in personam* -- while leaving intact another -- namely,

18  an action against the debtor *in rem*"). *Dewsnup v. Timm*, 502 U.S. 410, 418, 112 S.

19  Ct. 773, 778 (1992).

20      The Code provides that a creditor's right to foreclose on the mortgage

21  survives or passes through the bankruptcy. *Johnson, supra*, at 83. There is no

22  violation of the discharge injunction because the nonjudicial foreclosure

23  proceeding is an *in rem* action, not a collection of *in personam* debt from Debtor.

24  A creditor with a perfected security interest may foreclose on the security interest

25  without violating the discharge injunction. *Javier Cortez v. American Wheel, Inc.*

26  *(In re Cortez)*, 191 B.R. 174, 177-179 (9th Cir. BAP 1995). A deed of trust is

27  perfected when it is recorded in the office of the County Recorder per *Cal. Civ.*

28  *Code* § 1213.  Here, the Deed of Trust was recorded [RJN, Ex. 1]. Similar to *In re*

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

1    *Cortez*, Defendant Ocwen is alleged to be an unsecured creditor whose debt was

2    discharged, but Ocwen is actually a secured creditor under California law by virtue

3    of the deed of trust lien, which was not avoided in bankruptcy. See, *In re Cortez,*

4    *supra,* 178; RJN Ex.1. Further, Schedule D of the Ch. 7 Bankruptcy Petition lists

5    the deed of trust lien as a secured claim with Ocwen as the creditor.  [1:17-bk-

6    11748-VK – Dkt. 1 at Schedule D pg. 20 of 54]. The lien survived the bankruptcy.

7         **D.**    <u>**Plaintiff's Fourth Claim for Fraudulent Concealment and Fifth**</u>

8           <u>**Claim for "Violation of 18 U.S.C. 157 – Re Fraud" Both Fail.**</u>

9       Any violation of 18 U.S.C. § 157 for bankruptcy fraud fails because

10    bankruptcy fraud is a criminal matter not within the jurisdiction of the bankruptcy

11    court or the Bankruptcy Appellate Panel. 18 U.S.C. § 3231 (2012); *see Griffith v.*

12    *Oles (In re Hipp, Inc.),* 895 F.2d 1503, 1518 (5th Cir. 1990).

13       The elements of an action for fraud based on concealment are: (1) the

14    defendant concealed or suppressed a material fact; (2) the defendant had a duty to

15    disclose the fact to the plaintiff; (3) the defendant intentionally concealed the fact

16    with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and

17    would not have acted as he did if he had known of the concealed fact; and (5) as a

18    result of the concealment of the fact, the plaintiff sustained damage. *Hahn v. Mirda*

19    (2007) 147 Cal.App.4th 740, 748; *Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th

20    167, 173. Fed. Rules of Civ. Proc., Rule 9(b) states that when "alleging fraud or

21    mistake, a party must state with particularity the circumstances constituting fraud

22    or mistake." FRCP, Rule 9. Plaintiff is required to specify such facts as the times,

23    dates, places, benefits received, and other details of the alleged fraudulent activity.

24    *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

25       Among other things, a fraudulent concealment claim requires proof that the

26    defendant had a duty to disclose the information allegedly concealed. *Hoffman v.*

27    *162 North Wolfe LLC*, (2014) 228 Cal. App. 4th 1178.

28    ///

<div align="center">10</div>

1      1. <u>The fraud based on concealment is time-barred.</u>

2      Cal. Code Civ. Proc. §338(d) requires that "[a]n action for relief on the

3  ground of fraud or mistake" be brought within three years after the aggrieved party

4  discovers the fraud. Code Civ.Proc. § 338. Here, it is alleged that Defendants

5  fraudulently represented they had a valid security interest in the Property by

6  concealing the "broken chain of assignment to title." Compl., ¶72, 76. The

7  assignments of Deed of Trust were recorded in 2008 and 2010, well over three

8  years ago. [RJN, Ex. 5-6]. Plaintiff's anticipated argument that he was unaware of

9  the fraud until recently is unavailing. Plaintiff challenged the Loan based on

10  forgery and improper assignments in the 850 Probate action in 2009, which was

11  voluntarily dismissed without prejudice. [Los Angeles County Superior Court Case

12  No. BP109162; Compl., ¶13]. Therefore, he had discovered the alleged fraud by at

13  least 2009 when he filed the Probate action, and his claim is therefore time-barred.

14      2. <u>The claims are not specifically pled.</u>

15      Fraud requires specific allegations of facts that "show how, when, where, to

16  whom, and by what means the representations were tendered." *Lazar v. Superior*

17  *Court*, (1996) 12 Cal. 4th 631, 645; *Robinson Helicopter Co., Inc. v. Dana Corp.*,

18  (2004) 34 Cal. 4th 979, 993. In a fraud claim against a corporation, such as any of

19  the named Defendants, a plaintiff must allege the names of the persons who made

20  the misrepresentations, their authority to speak for the corporation, to whom they

21  spoke, what they said or wrote, and when it was said or written. *Lazar, supra*, at

22  645. Here, Plaintiff fails to allege the names or purported authority of the Ocwen

23  or MERS representatives, the dates and times of communications, that the alleged

24  misrepresentations caused any harm or how the misrepresentations were intended

25  to defraud.

26      3. <u>No Duty is Owed to Plaintiff</u>

27      Responsibility for fraud in the concealment rests upon the existence of a

28  legal duty. *Hoffman, supra.* Generally, a financial institution owes no duty of care

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS



1    to a borrower when the institution's involvement in the loan transaction does not

2    exceed the scope of its conventional role as a mere lender of money. *Castaneda v.*

3    *Saxon Mortgage Services, Inc.*, 687 F.Supp.2d 1191, 1198 (E.D. Cal. 2009); *Perlas*

4    *v. GMAC Mortg., LLC* (2010) 187 Cal.App.4th 429, 436. In addition, loan

5    servicers do not owe a duty to the borrowers of the loans they service. *Osei v.*

6    *GMAC Mortg.*, 2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010). The

7    relationship between a lending institution and its borrower-client is not fiduciary in

8    nature. *Price v. Wells Fargo Bank*, (1989) 213 Cal. App. 3d 465, 476-478; *Copesky*

9    *v. Superior Court*, 229 Cal. App. 3d 678, 694 (1991).  Generally, when the

10   activities are "'sufficiently entwined with money lending so as to be within the

11   scope of typical money lending activities,'" there is no duty of care. *Lueras v. BAC*

12   *Home Loans Servicing, LP,* (2013) 221 Cal.App.4th 49, 67.

13       Here, Plaintiff does not allege any facts to suggest his relationship with

14   Defendants was special or outside the scope of lending activities. [Complaint,

15   generally]. As in *Pok v. Am. Home Mortgage Servicing, Inc.*, No. CIV 2:09-2385

16   WBS EFB, 2010 U.S. Dist. LEXIS 9016, at *9 (E.D. Cal. Feb. 3, 2010), Plaintiff

17   also cites to no authority for the proposition that MERS owed a duty not to cause

18   harm in its capacity as the nominal beneficiary for the loan. This is insufficient to

19   create a legal duty and fails to demonstrate that a special relationship existed.

20       4.   <u>Plaintiff lacks standing to challenge the Assignments or securitization</u>

21       Plaintiff alleges that Defendants concealed "the broken chain of assignment

22   to title." [Compl., ¶ 72(a); 76(a)].  He alleges that the assignments made by MERS

23   were void because they were made after the PSA closing date for such

24   assignments. [Compl., ¶ 16, 27-31, 36-38]. Plaintiff, however, has no standing to

25   challenge the Assignments or securitization documents because he was not a party

26   to them.

27       An assignment of a Deed of Trust or transfer of a Note merely substitutes

28   one beneficiary or creditor (respectively) for another, without changing a

<div align="center">12</div>



1  borrower's obligations under the loan. *Herrera v. Federal National Mortgage*

2  *Assn.,* (2012) 205 Cal. App. 4th 1495, 1507. Therefore, any alleged impropriety in

3  an assignment affects only the parties to the assignment, not Plaintiff. *Id.* See

4  also, *Warth v. Seldin,* (1975) 422 U.S. 490, 499 ("a plaintiff generally must assert

5  his own legal rights and interests, and cannot rest his claim to relief on the legal

6  rights or interests of third parties"); *Gomes v. Countrywide Home Loans, Inc.,*

7  (2011) 192 Cal.App.4th 1149; *Fontenot v. Wells Fargo Bank, N.A.,* (2011) 198

8  Cal.App.4th 256, 272. Thus, Plaintiff, a non-party to the Assignments and

9  securitization agreements, has no standing to enforce or attack the documents.

10 *Yhudai v. IMPAC Funding Corp.,* (2016) 1 Cal. App. 5th 1251, 1256-1257.

11       In fact, the originating lender "could have easily assigned the promissory

12 note to [the trust] in an unrecorded document that was not disclosed to Plaintiff."

13 *Fontenot, supra,* at 272; Civil Code Section 2934 (an assignment "<u>may</u> be

14 recorded"). An assignment need not even be recorded to be effective against a

15 borrower. *Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 122.

16 Further, according to the California Court of Appeals, the statute authorizing the

17 "trustee, mortgagee, or beneficiary, or any of their authorized agents" to initiate the

18 non-judicial foreclosure process under a deed of trust does not authorize the

19 borrower to bring a court action to determine whether the owner of the note has

20 authorized its agent/nominee to initiate the foreclosure process. *Civil Code § 2924*

21 *et seq.; Gomes, supra,* at p. 1155 ("The recognition of the right to bring a lawsuit

22 to determine a nominee's authorization to proceed with foreclosure on behalf of the

23 noteholder would fundamentally undermine the nonjudicial nature of the process

24 and introduce the possibility of lawsuits filed solely for the purpose of delaying

25 valid foreclosures.") "Because of the exhaustive nature of this scheme, California

26 appellate courts have refused to read any additional requirements into the non-

27 judicial foreclosure statute." *Siliga v. Mortgage Electronic Registration Systems,*

28 *Inc.,* (2013) 219 Cal.App.4th 75, 82. "California appellate courts have refused to

---

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

1   read any additional requirements into the non-judicial foreclosure statute" due to

2   its comprehensive nature. *Kalnoki v. First American Trustee Servicing Solutions,*

3   *LLC,* (2017) 8 Cal. App.5th 23, 40 citing to *Gomes, supra,* at 1154.

4        As such, Plaintiff has no standing to sue to challenge Defendants' authority

5   to foreclose based on purported defects in the Assignments or transfers of the Note

6   and DOT. Even if Plaintiff's allegations are correct, (they are not), the "true victim

7   [would] be an individual or entity that believes it has a present beneficial interest in

8   the promissory note [and Deed of Trust] and [has] suffer[ed] the unauthorized loss

9   of its interest." *Boyce v. TD. Serv. Co.* (2015) 235 Cal.App.4th 429, 438 (2015)

10   *(citing Jenkins v. JP Morgan Chase Bank, NA.* (2013) 216 Cal.App.4th 497, 515);

11   See also *Herrera v. Fed. Nat. Mortg. Assn.* (2012) 205 Cal.App.4th 1495, 1507-

12   1508 (holding that if the wrong entity initiated foreclosure on the basis of an

13   invalid assignment, the true victim was not plaintiffs, but the lender). Thus, the

14   proper party to a lawsuit challenging the authority of the individual who executed

15   the foreclosure documents would be the parties to the Assignments. Plaintiff is not

16   a party to those transactions, and lacks standing to sue.

17       E.   <u>Plaintiff's Declaratory Relief Claim Fails Because it is Duplicative</u>

18           <u>and Plaintiff Has Not Sufficiently Alleged "a Very Significant</u>

19           <u>Possibility of Future Harm."</u>

20        Plaintiff again alleges that Defendants failed to file a Proof of Claim and as

21   such no longer have an interest in the Property on which they are trying to

22   foreclose. Compl., ¶80-82.

23        Declaratory relief is appropriate "(1) when the judgment will serve a useful

24   purpose in clarifying and settling the legal relations in issue, and (2) when it will

25   terminate and afford relief from the uncertainty, insecurity, and controversy giving

26   rise to the proceeding." *Guerra v. Sutton,* 783 F.2d 1371, 1376 (9th Cir. 1986). A

27   plaintiff has standing to bring a declaratory relief claim only if he is able to show

28   "'a very significant possibility' of future harm.'" *Coral Constr. Co. v. King Cnty.,*

1  941 F.2d 910, 929 (9th Cir. 1991) (internal citations omitted). Past injury, along

2  with abstract or hypothetical harm, is insufficient. See id.; San Diego Cnty. Gun

3  Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996). "[W]here a plaintiff

4  has alleged a substantive cause of action, a declaratory relief claim should not be

5  used as a superfluous 'second cause of action for the determination of identical

6  issues' subsumed within the first." *Jensen Quality Loan Serv. Corp.*, 702 F.Supp.2d

7  1183, 1189 (E.D. Cal. 2010). The issues alleged in this claim – that Defendants

8  failed to file a Proof of Claim resulting in no interest in the Property- are identical

9  to the issues raised in the first, second and third claims.

10      Although a pending foreclosure could be construed as future injury, Plaintiff

11  has also not presented any evidence to show that the foreclosure would be

12  improper resulting in "a very significant possibility" of future harm. Rather, as

13  stated in the above arguments which are incorporated herein, failure to file a Proof

14  of Claim does not extinguish a creditor's status. *Johnson, supra,* at 83; *In re Cortez,*

15  *supra,* 178. Plaintiff is unlikely to succeed on his claims.

16  **VI.**   **CONCLUSION**

17      For the reasons set forth above, Defendants respectfully requests that this

18  Court grant their Motion for Judgment on the Pleadings with prejudice.

19                                Respectfully submitted,

20

21                                WRIGHT, FINLAY & ZAK, LLP

22

23  Dated: February 13, 2018        By:   */s/ Nicole S. Dunn*
                                          T. Robert Finlay, Esq.
24                                        Nicole S. Dunn, Esq.
                                          Attorneys for Defendants, Ocwen Loan
25                                        Servicing, LLC and Mortgage Electronic
                                          Registration Systems, Inc.
26

27

28

15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

## PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On February 13, 2018, I served the within **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** on all interested parties in this action as follows:

[X]    by placing []] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**[SEE ATTACHED SERVICE LIST]**

[X]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express Overnight with the delivery fees provided for.

[X]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 13, 2018, at Newport Beach, California.

_____
Jovete Elguira

1

PROOF OF SERVICE

**ATTACHED SERVICE LIST**

Steven Mark Rosenberg
15814 Septo Street
North Hills, CA  91343
*Plaintiff  Pro Se*

Kristin Webb, Esq.
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA  92612
(949) 223-7000; FAX (949) 223-7100
webbk@bryancave.com
*Attorney for Cit Bank, N.A.*

Amy L. Goldman (TR)
633 W. 5th Street, Suite 4000
Los Angeles, CA  90071
(213) 250-1800
*Trustee*

United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017
(213) 894-6811
*U.S. Trustee*

Judge Victoria S. Kaufman
U.S. Bankruptcy Court – Central District
(San Fernando Valley)
21041 Burbank Blvd.
Woodland Hills, CA  91367-6603

2
PROOF OF SERVICE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

**<u>VIA U.S. MAIL</u>**

Steven Mark Rosenberg
106-1/2 Judge John Aiso St., #225
Los Angeles, CA  90012

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 2, 2019.

/s/Linda C. Lozano
Linda C. Lozano
GARRETT & TULLY, P.C.
225 S. Lake Avenue, Ste 1400
Pasadena, CA 91101
Telephone:  (626) 577-9500
Facsimile:  (626) 577-0813
Email: zlin@garrett-tully.com