District Court Case No. 2:18-cv-10188-AG

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT, SANTA ANA DIVISION

### IN RE: STEVEN MARK ROSENBERG,
*Debtor.*

### STEVEN MARK ROSENBERG
*Appellant,*

vs.

### DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP, MORTGAGE BACKED CERTIFICATE SERIES 2007-OA1, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, LLC,
*Appellees.*

Appeal from the U.S. Bankruptcy Court, Central District of California, Case No. Case No. 1:17-bk-11748-VK, A.P. Case No. 1:17-ap-01096-vk, Hon. Victoria S. Kaufman, **Hon. Andrew J. Guilford, District Court Judge**

### APPELLEE'S SUPPLEMENTAL APPENDIX
#### VOLUME 3 OF 3

Zi C. Lin, SBN 236989
Motunrayo D. Akinmurele, SBN299868
Garrett & Tully, P.C.
225 S. Lake Avenue, Suite 1400
Pasadena, CA 91101-4869
Tel: (626) 577-9500/Fax: (626) 577-0813
E-mails: zlin@garrett-tully.com, mdakinmurele@garrett-tully.com
*Attorneys for Appellee*
**Deutsche Bank National Trust Company, As Trustee for Alliance Bancorp Mortgage Backed Certificate Series 2007-OA1**

# TABLE OF CONTENTS

## VOLUME 1 OF 3

Relevant Entries in Bankruptcy Docket....................................1

Notice of Ruling Regarding August 19, 2014 Hearing on
Respondents' Motion for Terminating Sanctions.....................14

Adversary Proceeding Complaint.........................................18

Memorandum of Points and Authorities In Support of Defendants'
Motion for Judgment on the Pleadings...................................93

## VOLUME 2 OF 3

Request for Judicial Notice in Support of Defendants' Motion for
Judgment on the Pleadings................................................118

Notice of Defendant Deutsche Bank National Trust Company, as
Trustee for Alliance Bancorp Mortgage Backed Pass-Through
Certificate Series 2007-OA1 of Joinder in Motion for Judgment on
the Pleadings By Defendants Ocwen Loan Servicing, LLC and
Mortgage Electronic Registrations Systems, Inc. ....................219

Memorandum of Points and Authorities in Support of Opposition
to Defendants' Motion for Judgment on the Pleadings.............224

## VOLUME 3 OF 3

Defendants' Reply Brief In Support of Motion for Judgment on the
Pleadings...................................................................268

Joinder of Defendant Deutsche Bank National Trust Company, as
Trustee for Alliance Bancorp Mortgage Backed Pass-Through
Certificate Series 2007-OA1 in Reply Brief in Support of Motion
for Judgment on the Pleadings By Defendants Ocwen Loan
Servicing, LLC and Mortgage Electronic Registrations Systems,
Inc..........................................................................277

Order Granting Defendants' Motion for Judgment on the
Pleadings...................................................................284

Notice of Lodgment of Order or Judgment in Adversary
Proceeding Re: Motion for Judgment on the Pleadings...........297

Judgment Following Defendants' Motion for Judgment on the
Pleadings...................................................................300

Amended Order Granting Defendants' Motion for Judgment on
the Pleadings...............................................................302

Amended Judgment Following Defendants' Motion for Judgment
on the Pleadings...........................................................320

Notice of Motion and Motion to Alter or Amend Judgment;
Memorandum of Points and Authorities..............................324

Plaintiff's Declaration In Support of Plaintiff's Motion to Alter or
Amend Judgment..........................................................340

Transcript of May 2, 2018 Proceeding..................................346

Notice of Appeal...........................................................361

Order Dismissing Action for Lack of Prosecution for Failure to
Comply with the Court's Order..........................................363

Order Re: Plaintiff's Motion to Alter or Amend Judgment.........364

1   **WRIGHT, FINLAY & ZAK, LLP**
    T. Robert Finlay, Esq., SBN 167280
2   Nicole S. Dunn, Esq., SBN 213550
3   4665 MacArthur Court, Suite 200
    Newport Beach, CA 92660
4   Telephone: (949) 477-5050; Facsimile: (949) 608-9142

5
6   Attorneys for Defendants, Ocwen Loan Servicing, LLC
    and Mortgage Electronic Registration Systems, Inc.
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  In re: STEVEN MARK ROSENBERG, | Bankruptcy Case No. 1:17-bk-11748-VK |
| 12       Debtor. | Chapter 7 |
| 13  _____ | Adversary Case No. 1:17-ap-01096-VK |
| 14  STEVEN MARK ROSENBERG, | |
| 15            Plaintiff, | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |
| 16  v. | |
| 17  ALLIANCE BANCORP, INC (Estate), | **Hearing:** |
| 18  MORTGAGE ELECTRONIC | Date:   April 4, 2018 |
| 19  REGISTRATION SYSTEMS, INC., | Time:   2:30 p.m. |
| 20  OCWEN LOAN SERVICING, ONE | Crtrm:   301 |
| 21  WEST BANK, DEUTSCHE BANK | |
| 22  NATIONAL TRUST COMPANY, AS | |
| 23  TRUSTEE FOR ALLIANCE | |
| 24  BANCORP MORTGAGE BACKED | |
| 25  PASS-THROUGH CERTIFICATE | |
| 26  SERIES 2007-OA1 AND DOES 1 | |
| 27  THROUGH 25, INCLUSIVE, | |
| 28            Defendants. | |

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS

# I. REPLY ARGUMENT

**A.**   **All of Plaintiff's Fraud-based Claims, including those for Forgery, Cancellation or Rescission, are all time-barred by law and lack the requisite specificity.**

By his own Opposition, Plaintiff actually admits that before he filed his Probate Petition on August 27, 2009, he believed the Deed of Trust was forged. (Opposition, page 8, lines 12-22; page 10, lines 5-8). Again by his own admission, he dismissed that petition no later than January 19, 2017. (Opposition, page 9, lines 5-6.) He filed this adversary proceeding on November 27, 2017.

Plaintiff makes the erroneous (and legally unsupported) argument that this new adversary proceeding "can be considered a continuation" of the prior lawsuit. (Opposition, page 9, lines 14-15). Not so under the law. Pursuant to the rule of discovery, a plaintiff's fraud based claims asserted in a complaint begin to accrue on the date plaintiff first knew or should have known of the alleged harm. *Jolly v. Eli Lilly and Co.,* (1988) 44 Cal.3d 1103, 1100. *See also,* 6 Witkin, *Summary of California Law,* section 1280 (Supp. 2013). Here, Plaintiff admits he knew of his fraud based claims before, but certainly no later than, August 27, 2009. Thus, as shown by the Motion for Judgment on the Pleadings, any and all of the applicable statute of limitations to all of Plaintiff's fraud based claims expired **at least five years** before he filed this case.

Notwithstanding this bar, none of the claims meet the requisite specificity standards, as shown by the Motion for Judgment on the Pleadings. (Motion, page 11, lines 14-25.)

**B.**   **Plaintiff Does Not Have Standing to Challenge either the Assignments or Securitzation.**

It is beyond dispute that this is a preforeclosure action, and the California Supreme Court and Courts of Appeal have repeatedly held that California's non-judicial foreclosure statutes do not all a defaulting borrower (or in this case the

2

1  borrower's claimed heir) to challenge whether the person or entity initiating

2  foreclosure was duly authorized to do so.  This rule applies to claims alleging

3  improper assignments of deeds of trust.  *See, Yvanova . New Century Mortgage*

4  *Corp.,* (2016) 62 Cal.4th 919;  *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th

5  736, 743-745; *Jenkins v. JP Morgan Chase Bank, N.A.,* (2013) 216 Cal.App.4th

6  497, 515; *Gomes v. Countrywide Home Loans, Inc.,* (2011) 192 Cal.App.4th at

7  1152; *Saterback v. JP Morgan Chase Bank, N.A.,* (2016) 245 Cal.App.4th 808.

8        Here, Plaintiff's reliance in his Opposition (pages 15- 16) upon

9  *Yvanova* is misplaced.  In *Yvanova*, the California Supreme Court expressly limited

10  its holding of a borrower's standing (or in this case, Plaintiff as the claimed heir to

11  borrower's property) to assert a claim based upon improper securitization of a loan

12  to post-foreclosure actions. *Id.* (Emphasis added.)   Indeed, the *Yvanova* Court

13  specifically discussed the pre-foreclosure case of *Kan v. Guild Mortgage Co.* and

14  declined to disapprove it in any way, observing:

15

16        The *Kan* court distinguished *Glaski* as involving a postsale wrongful
        foreclosure claim, as opposed to the preemptive suits involved in *Jenkins*
17        and *Kan* itself. (*Kan*, at pp. 743–744.)  On standing, the *Kan* court noted
        the federal criticism of *Glaski* and our grant of review in the present case,
18        but found "no reason to wade into the issue of whether *Glaski* was
        correctly decided, because the opinion has no direct applicability to
19        this preforeclosure action." (*Kan*, at p. 745.)
20

21

22  *Yvanova, supra*, citing to *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736,

23  743-745.

24        Thus, the *Yvanova* Court recognized the fundamental distinction between

25  *Kan* involving the status of the foreclosure.  In fact, the Court in *Yvanova* stressed

26  that its opinion "[does] not hold or suggest that a borrower may attempt to

27  preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing

28  party's right to proceed." *Yvanova, supra*.

3

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS

1    Subsequently, in post-*Yvanova* cases such as *Saterbak v. JPMorgan Chase*

2 *Bank, N.A.*, (2016) 245 Cal.App. 4th 808, the Courts of Appeal in California have

3 repeatedly held that a borrower lacks standing in a pre-foreclosure action to

4 challenge the sale and the recorded non-judicial foreclosure documents:

5    Arguing the assignment occurred after the closing date for the 2007-AR7
6    trust, and that the signature on the instrument was forged or robo-signed,
7    she seeks to cancel the assignment and obtain declaratory relief. We
8    conclude Saterbak lacks standing and affirm the judgment."

9    *Saterback, supra. See also, Yhudai v. IMPAC Funding Corp.* (2016) 1 Cal.

10 App. 5th 1252; *Mendoza v. JPMorgan Chase Bank, N.A.*, No. C071882, 2016 Cal.

11 App. LEXIS 1083 (Ct. App. Dec. 13, 2016).

12    In any event, Plaintiff's arguments in the Opposition (pages 16-19) to the

13 Assignments of the Deed of Trust fail. In *Yhudai v. IMPAC Funding Corp., supra,*

14 the Court of Appeal considered the implications of *Yvanova* and held that a

15 borrower's argument that an assignment of deed was void because it occurred after

16 the trust's closing date in violation of the Pooling and Servicing Agreement

17 ("PSA") failed. In reaching its holding, the *Yhudai* court analyzed void versus

18 voidable assignments, and which party, if any, has standing to raise the issue in the

19 first place. Specifically, the *Yhudai* court reasoned as follows:

20    "California law," the *Yvanova* court explained, "does not give a party
21    personal standing to assert rights or interests belonging solely to others.
22    When an assignment is merely voidable, the power to ratify or avoid the
23    transaction lies solely with the parties to the assignment; the transaction is
24    not void unless and until one of the parties takes steps to make it so. A
25    borrower who challenges a foreclosure on the ground that an assignment
26    to the foreclosing party bore defects rendering it voidable could thus be
27    said to assert an interest belonging solely to the parties to the assignment
28    rather than to herself." (*Yvanova*, supra, 62 Cal.4th at p. 936; see also
     *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1094–1095.
     Yhudai is such a borrower.

4

1    The *Yhudai* holding stands for the proposition that *even if* a transaction is

2   defective, the transaction is not void unless one of the parties to the transaction,

3   such as the beneficiary or trustee, takes steps to make it so. Otherwise, a stranger to

4   the trust, such as a borrower, simply seeking to avoid foreclosure, would have

5   standing to assert that the unauthorized transaction is void, thereby giving "the

6   stranger … the power to interfere with the beneficiaries' right of ratification,"

7   which would thus conflict directly with the beneficiaries' rights under the trust.

8   *Yhudai* citing *Rajamin v. Deutsche Bank National Trust Co.* (2d Cir. 2014) 757

9   F.3d 79, 90.  In sum, Plaintiff lacks standing to challenge the Assignments of the

10   Deed of Trust.

11   **C.    Even if Plaintiff Has Standing to Challenge the Assignments, the**

12   **Assignments Have Not Prejudiced Plaintiff, as they Merely Substituted**

13   **One Lender for Another.**

14   Even if Plaintiff *could* somehow overcome the above hurdles, all of his

15   challenges to the Assignments still fail because he cannot show any prejudice as a

16   result of any alleged lack of authority of the parties participating in the foreclosure

17   process.  A similar scenario was addressed in *Siliga v. Mortgage Elec. Registration*

18   *Sys., Inc.*, 219 Cal. App. 4th 75 as follows: " ***The assignment of the deed of trust***

19   ***and the note did not change the Siligas' obligations under the note***…Absent any

20   prejudice, the Siligas have no standing to complain about any alleged lack of

21   authority or defective assignment. *Herrera v. Federal National Mortgage Assn.*

22   205 Cal. App. 4th 1495, at pp. 1507–1508, 141 Cal.Rptr.3d 326; *Fontenot*, 198

23   Cal.App.4th at p. 272, 129 Cal.Rptr.3d 467.  In *Fontenot v. Wells Fargo* the

24   California Court of Appeal noted that a plaintiff is required to demonstrate that the

25   alleged imperfection in the foreclosure process was prejudicial to the plaintiff's

26   interests.  Here, Plaintiff simply has not been prejudiced by the Assignments of the

27   Deed of Trust.

28

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS

**D.    The Motion for Judgment on the Pleadings Does Not Give Rise to Estoppel.**

    **1.    Defendants do not admit the allegations of the pleadings by the Motion for Judgment on the Pleadings.**

As with a demurrer, a motion for judgment on the pleadings assumes the allegations of the pleading to be true. *McCarthy v. Mayo*, (9th Cir. 1987) 827 F.2d 1310, 1316.  This does not mean that the moving party has made any admission as to the veracity of the allegations.  What it means is that for purposes of the motion, even assuming the allegations are true, the non-moving party has no case. Estoppel simply does not apply here and Plaintiff's argument is nonsensical.

    **2.    The Motion for Judgment on the Pleadings Does Not Concern Itself with or Require a Denial of the Pleadings' Allegations.**

Federal Rule of Civil Procedure 12 sets out the procedure for attacking a complaint.  One method is by filing a motion for judgment on the pleadings. FRCP 12(c).  A party filing such a motion if not required to deny the allegations of the Complaint (just as the party does not make any admissions by the motion.) Again, Plaintiff's argument is not based upon law and is nonsensical.

**E.    The Discovery Process is Irrelevant to Ruling on a Motion for Judgment on the Pleadings.**

Plaintiff's argument that he has begun the discovery process is also a red herring.  Federal Rule of Civil Procedure 12(c) sets out the timing of a Motion for Judgment on the Pleadings as a means of presenting defenses to the claims of a complaint.  It does not deal with, address or require discovery to be started or completed before it can be filed.

**F.    Plaintiff's Argument Concerning the 341(a) Hearing is Erroneous.**

Plaintiff's argument as to his 341(a) hearing is yet another red herring.  First, although the 341(a) hearing was continued several times, Plaintiff in fact appeared at the 341(a) hearing held on August 2, 2017.  (Dkt No. 11).  Thereafter, on

6

1   October 10, 2017, Plaintiff received his discharge. (Dkt No. 21). It was not until

2   November 27, 2017 that Plaintiff filed this adversary complaint. Indeed, on

3   January 5, 2018, the Trustee issued her no asset report and the bankruptcy case has

4   now been closed. (Dkt No. 32). As such, there are no issues involving the

5   bankruptcy estate, nor are there any issues to be determined under bankruptcy law.

6   **G.**   **There Is No "Reasonable Possibility" That Plaintiff Can Cure the**

7   **Defects in the Complaint and Thus This Motion Should be Granted**

8   **with Prejudice.**

9        Leave to amend is proper only when there is a "reasonable possibility" that

10  the plaintiff can cure the defects of the complaint. The burden is on plaintiff to

11  show "in what manner he can amend his complaint and how that amendment will

12  change the legal effect of his pleading." *Jocer Enterprises, Inc. vs. Price* (2010),

13  183 Cal.App.4th 559, 572; *See also, McMartin v. Children's Institute International*

14  (1989) 212 Cal.App.3d 1393, 1408, 261 Cal.Rptr. 437. Plaintiff does not and

15  cannot demonstrate how he can possibly amend the complaint to assert a valid

16  claim, as all of Plaintiff's theories of liability are universally rejected under the

17  law.

18              **II.  CONCLUSION**

19        For all of the reasons set forth above, Defendants respectfully request that

20  their Motion for Judgment on the Pleadings be granted with prejudice, as it is clear

21  that no good faith amendment could possibly cure the fatal defects.

22                          Respectfully submitted,

23                          WRIGHT, FINLAY & ZAK, LLP

24  Dated: March 28, 2018    By:   */s/ Nicole S. Dunn*

25                          T. Robert Finlay, Esq.
                            Nicole S. Dunn, Esq.
26                          Attorneys for Defendants, Ocwen Loan
                            Servicing, LLC and Mortgage Electronic
27                          Registration Systems, Inc.

28

---

7

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS

## PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On March 28, 2018, I served the within **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** on all interested parties in this action as follows:

[X]   by placing [] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**[SEE ATTACHED SERVICE LIST]**

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express Overnight with the delivery fees provided for.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 28, 2018, at Newport Beach, California.

Gretchen Grant

1
PROOF OF SERVICE

**ATTACHED SERVICE LIST**

Steven Mark Rosenberg
15814 Septo Street
North Hills, CA 91343
*Plaintiff Pro Se*

Robert Garnett, Esq.
Tomas A. Ortiz, Esq.
GARRETY & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, CA 91101-4869
*Attorneys for Deutsche Bank National Trust Co.*

Kristin Webb, Esq.
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA 92612
(949) 223-7000; FAX (949) 223-7100
webbk@bryancave.com
*Attorney for Cit Bank, N.A.*

Amy L. Goldman (TR)
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
(213) 250-1800
*Trustee*

United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
(213) 894-6811
*U.S. Trustee*

Judge Victoria S. Kaufman
U.S. Bankruptcy Court – Central District
(San Fernando Valley)
21041 Burbank Blvd.
Woodland Hills, CA 91367-6603

2

PROOF OF SERVICE

1  Robert Garrett, SBN 65886
   rgarrett@garrett-tully.com
2  Tomas A. Ortiz, SBN 188873
   tortiz@garrett-tully.com
3  GARRETT & TULLY, P.C.
   225 S. Lake Ave., Suite 1400
4  Pasadena, California 91101-4869
   Telephone: (626) 577-9500
5  Facsimile: (626) 577-0813

6  Attorneys for Defendant Deutsche Bank
   National Trust Company, as Trustee for
7  Alliance Bancorp Mortgage Backed Pass-
   Through Certificate Series 2007-OA1

8

9                UNITED STATES BANKRUPTCY COURT

10    CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

11

| | |
|---|---|
| 12  In re | Case No. 1:17-bk-11748-VK |
| 13  STEVEN MARK ROSENBERG, | Chapter 7 |
| 14       Debtor. | Adv No. 1:17-ap-01096-VK |
| 15 | JOINDER OF DEFENDANT |
| 16  STEVEN MARK ROSENBERG, | DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP |
| 17       Plaintiff, | MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES |
| 18       vs. | 2007-OA1 IN REPLY BRIEF IN SUPPORT OF MOTION FOR |
| 19  ALLIANCE BANCORP, INC (Estate), | JUDGMENT ON THE PLEADINGS BY DEFENDANTS OCWEN LOAN |
| 20  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | SERVICING, LLC AND MORTGAGE ELECTRONIC |
| 21  OCWEN LOAN SERVICING, ONE | REGISTRATION SYSTEMS, INC. |
| 22  WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS | Date:  April 4, 2018 |
| 23  TRUSTEE FOR ALLIANCE | Time:  2:30 p.m. |
| 24  BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE | Crtrm:  301 |
| 25  SERIES 2007-OA1 AND DOES 1 | |
| 26  THROUGH 25, INCLUSIVE, | |
| 27       Defendants. | |

28

1                        Case No. 1:17-ap-01096-VK

JOINDER BY DEUTSCHE BANK NATIONAL TRUST COMPANY
IN REPLY BRIEF BY DEFENDANTS OCWEN AND MERS.

290531

1    Defendant Deutsche Bank National Trust Company, as Trustee for Alliance

2 Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1 ("Deutsche

3 Bank") hereby joins in the reply brief filed by defendants Ocwen Loan Servicing,

4 LLC ("Ocwen") and Mortgage Electronic Registration Systems, Inc. ("MERS") on

5 March 28, 2018 in support of their Motion for Judgment on the Pleadings (the

6 "Motion"), and each of the arguments and authorities found therein. (See, Dkt. No.

7 32.) Deutsche Bank also joined the Motion.[1] (Dkt. No. 26.) Deutsche Bank moves for

8 judgment on the pleadings in its favor for all the reasons stated in the reply brief and

9 in the Motion.[2] (Dkt. No. 26.)

10    Ocwen and MERS's reply brief, as did the Motion, correctly sets forth the

11 applicable law and arguments.  The law cited and arguments made by Ocwen and

12 MERS are fully applicable to Deutsche Bank and demonstrate that judgment should

13 be entered on the pleadings in favor of Deutsche Bank as well, without further leave

14 to amend given to plaintiff and debtor Steven Mark Rosenberg ("Rosenberg").

15 Accordingly, Deutsche Bank incorporates the reply brief filed by Ocwen and MERS

16 in its entirety herein by reference.

17    By way of this adversary proceeding, Rosenberg seeks damages and

18 declaratory relief in connection with the deed of trust, recorded on March 15, 2007 as

19 instrument number 2007-0575007, ("March 2007 DOT") and securing a $390,000

20 promissory note on a $390,000 loan made to Rosenberg's father (the "Loan").[3] (Dkt.

21 1, Complaint, p. 9.) Deutsche Bank is the current beneficiary of the loan secured by

22 the March 2007 DOT.

23

24

25   [1] Rosenberg has not opposed Deutsche Bank's joinder in the Motion.
     [2] Since this is not a core matter under 28 U.S.C. § 157, Deutsche Bank does not consent to the
26   entry of final orders or judgments by the bankruptcy judge. (See, Fed. R. Bankr. P. 7012(b).)
     [3] There is no dispute by Rosenberg that the Loan was in fact funded. The Loan was used by
27   Rosenberg's father to pay off an existing mortgage in the amount of $361,288.97, $26,821.84 in
     credit card debt, $385.93 in unpaid property taxes, and $711.00 in fire insurance premiums.
28

JOINDER BY DEUTSCHE BANK NATIONAL TRUST COMPANY
IN REPLY BRIEF BY DEFENDANTS OCWEN AND MERS

GARRETT & TULLY
A PROFESSIONAL CORPORATION

290531

1    Rosenberg's allegations against Deutsche Bank are identical to the allegations
2  Rosenberg has asserted against Ocwen and MERS. As with his allegations against
3  Ocwen and MERS, Rosenberg's allegations against Deutsche Bank arise from the
4  March 2007 DOT and arise from the same conduct Rosenberg attributes to Ocwen
5  and MERS.

## LEGAL ARGUMENT

6
7  **A.    ALL OF ROSENBERG'S FRAUD BASED CLAIMS ARE ALL TIME**
8       **BARRED AS A MATTER OF LAW.**
9       As argued by Ocwen and MERS in their reply brief and in the Motion, and
10  incorporated herein by reference, Rosenberg's fraud-based claims against Ocwen and
11  MERS, *as well as Deutsche Bank,* including those based on forgery, cancellation and
12  rescission are time barred as a matter of law. (Reply Brief, p. 2.)
13      As correctly argued by Ocwen and MERS in their reply brief, pursuant to the
14  rule of discovery, a plaintiff's fraud based claims begin to accrue on the date plaintiff
15  first knew or should have known of the alleged harm. (*Jolly v. Eli Lilly and Co.,* 44
16  Cal.3d 1103, 1100 (1988); See also, 6 Witkin, *Summary of California Law,* section
17  1280 (Supp. 2013).) Rosenberg admits in his opposition brief that he believed the
18  March 2007 DOT was forged *before* he filed his Probate Petition on August 27, 2009,
19  more than *eight (8) years* before filing this adversary proceeding. (Opposition, page
20  8, lines 12-22; page 10; lines 5-8.) By Rosenberg's own admissions, any and all
21  applicable statute of limitations to each of his fraud-based claims expired *at least five*
22  *years* before he filed this adversary proceeding.
23      Rosenberg argues that this adversary proceeding brought under various
24  provisions of the bankruptcy code "can be considered a continuation" of the Probate
25  Petition. This is simply not true and not consistent with the law. Moreover, to the
26  extent Rosenberg is implying the application of "equitable tolling," courts have
27  specifically rejected equitable tolling under these circumstances, where plaintiff filed
28  and voluntarily dismissed a first lawsuit, and then filed a second lawsuit sometime

GARRETT & TULLY
A PROFESSIONAL CORPORATION

290531

1    thereafter. (See, *Thomas v. Gilliland*, 95 Cal.App.4th 427, 430-436 (2002).) Rosenberg

2    filed his petition on August 27, 2009, by his own admission, voluntarily dismissed it

3    in 2015 and then refiled this adversary proceeding on November 27, 2017. (See,

4    Opposition, p. 8, lines 16-28; p. 9, lines 1-7.) This adversary proceeding is not a

5    continuation of the probate petition filed on August 7, 2009 by Rosenberg, nor is

6    Rosenberg entitled to equitable tolling under the circumstances. Accordingly, as

7    correctly argued by Ocwen and MERS, Rosenberg's fraud based claims against

8    Ocwen and MERS, *as well as Deutsche Bank*, are time barred as a matter of law.

9   **B.**    **ALL OF ROSENBERG'S FRAUD BASED CLAIMS LACK THE**

10       **REQUIRED SPECIFICITY.**

11      As argued by Ocwen and MERS in their reply brief and in the Motion, and

12    incorporated herein by reference, Rosenberg's fraud-based claims against Ocwen and

13    MERS, *as well as Deutsche Bank*, including those based on forgery, cancellation and

14    rescission lack the required specificity. (Reply Brief, p. 2.)

15      Fraud based claims require that allegations be pleaded with specificity. (See,

16    FRCP Rule 9(b); *In re Actimmune Marketing Litigation*, 2009 WL 3740648, *6 and

17    *9.) To satisfy Rule 9(b), plaintiffs must explicitly aver "the who, what, when, where,

18    and how" of the alleged fraudulent conduct. (*Ibid.; Cooper v. Pickett*, 137 F.3d 616,

19    627 (9th Cir.1997); see also, *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996).) In

20    a fraud claim against a corporation like Deutsche Bank, a plaintiff must allege the

21    names of the persons who made the misrepresentation, their authority to speak for the

22    corporation, to whom they spoke, what they said or wrote, and when it was said or

23    written. (*Id.* at 645.)

24      Indeed as a matter of law each element of the cause of action for fraud must be

25    alleged in the proper manner, ***factually and specifically***. (*Quelimane co. v. Stewart*

26    *Title Guar. Co.*, 19 Cal.4th 26, 47-48 (1998); *Goldrich v. Natural Y Surgical*

27    *Specialties, Inc.*, 25 Cal.App.4th 772, 782-783 (1994).) Here, as correctly argued by

28    Ocwen and MERS, Rosenberg falls well short of meeting that requirement.

GARRETT & TULLY
A PROFESSIONAL CORPORATION

290531

**C.   ROSENBERG DOES NOT HAVE STANDING TO CHALLENGE EITHER THE ASSIGNMENTS OR THE SECURITIZATION.**

As argued by Ocwen and MERS in their reply brief and in the Motion, and incorporated herein by reference, Rosenberg lacks the standing to challenge the assignments of the March 2007 DOT as against Ocwen, MERS or Deutsche Bank. (Reply Brief, p. 2-5.)

**D.   ROSENBERG ARGUMENTS REGARDING ESTOPPEL, THE DISCOVERY PROCESS AND THE NEED FOR A 341 HEARING ARE COMPLETELY WITHOUT MERIT AND FRIVOLOUS.**

As argued by Ocwen and MERS in their reply brief, Rosenberg's arguments regarding estoppel, the discovery process and the requirement for a 341 hearing are ridiculous and absolutely without merit. (Reply Brief, p. 6-7.)

**E.   AMENDMENT IS FUTILE IN THAT ROSENBERG CANNOT CURE THE DEFECTS OF HIS COMPLAINT.**

As argued by Ocwen and MERS in their reply brief and in the Motion, and incorporated herein by reference, Rosenberg has not and cannot demonstrate how he can possibly amend the adversary proceeding complaint to assert a valid and timely claim against any of the defendants, including Deutsche Bank. (Reply Brief, p. 7.)

///
///
///
///
///
///
///
///
///
///
///
///
///

GARRETT & TULLY
A PROFESSIONAL CORPORATION

290531

**F.      CONCLUSION.**

For the reasons stated above, and for all the reasons stated in Ocwen and MERS' reply brief and motion for judgment on the pleadings, Deutsche Bank respectfully requests that this Court grant Ocwen and MERS' motion for judgment on the pleadings, and dismiss Rosenberg's complaint, and each of its asserted claims for relief, with prejudice as to Ocwen, MERS, and Deutsche Bank.

DATED: March 29, 2018              GARRETT & TULLY, P.C.
                                   Robert Garrett
                                   Tomas A. Ortiz


                                   /s/ Tomas A. Ortiz
                                   TOMAS A. ORTIZ
                                   Attorneys for Defendant Deutsche Bank National Trust
                                   Company, as Trustee for Alliance Bancorp Mortgage
                                   Backed Pass-Through Certificate Series 2007-OA1

GARRETT & TULLY
A PROFESSIONAL CORPORATION

290531

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
225 S. Lake Avenue, Suite 1400 Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (specify): **JOINDER OF DEFENDANT DEUTSCHE
BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE
BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 IN REPLY BRIEF IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS OCWEN LOAN SERVICING,
LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** will be served or was served **(a)**
on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
**3/29/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amy L. Goldman (TR) marisol.jaramillo@lewisbribois.com; AGoldman@iq7technology.com;
ustpregion16.wh.ecf@usdoj.gov; Marvin Adviento, Lukasz I. Wozniak, Def. Alliance Bancorp, Inc, Deutsche Bank Natl.
Trust Co. as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OAO1, Mortgage
Electronic Registration Systems; Ocwen LLC; madivento@wrightlegal.net; mjohnson@wrightlegal.net;
Lwozniak@wrightlegal.net

**2. SERVED BY UNITED STATES MAIL:**
On (date) **3/29/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will
be completed** no later than 24 hours after the document is filed.

Steven Mark Rosenberg                         U.S. Trustee (SV)
106-1/2 Judge John Aiso St., #225             915 Wilshire Blvd, Ste 1850
Los Angeles, CA 90012                         Los Angeles, CA 90017


**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **3/29/18**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge **will be completed** no later than 24 hours after the document is
filed.

**VIA FEDERAL EXPRESS**
The Honorable Victoria S. Kaufman
United States Bankruptcy Court - Central District of California
21041 Burbank Blvd, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/29/18 | Delorise Cameron |  | /s/ Delorise Cameron |
|---------|------------------|--|----------------------|
| Date | Printed Name |  | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

Wednesday, May 2, 2018                                    Hearing Room        301

2:30 PM
1:17-11748   Steven Mark Rosenberg                                Chapter 7
Adv#: 1:17-01096       Rosenberg v. Deutsche Bank National Trust Company, As Trustee F

#17.00      Defendant's motion for judgment on the pleadings

fr. 4/4/18; 4/18/18

Docket        16

Judge:

    I.    BACKGROUND

On June 30, 2017, Steven Mark Rosenberg ("Plaintiff") filed his voluntary chapter 7 petition. On October 10, 2017, Plaintiff received his chapter 7 discharge [1:17-bk-11748-VK, doc. 21]. On November 27, 2017, Debtor filed an adversary complaint ("Complaint") against Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, Inc. ("Ocwen"), Alliance Bancorp, Inc. ("Alliance"), Alliance Bancorp Estate Trustee Charles A. Stanziale, Jr., MERS Mortgage Electronic Registration Systems, Inc. ("MERS"), One West Bank ("One West"), and Does 1-25.

The Complaint alleges causes of action for violation of 11 U.S.C. § 524(a), violation of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(B) and (C), fraudulent concealment, violation of 18 U.S.C. § 157 and declaratory relief, and demands a jury trial. The Complaint bases these claims on the following facts:

    Plaintiff is the sole beneficiary of the Isadore and Norma P. Rosenberg Trust, and a personal representative of the Estate of Isadore Rosenberg, who passed away in 2008. Complaint, ¶ 8.

    On March 15, 2007 an alleged deed of trust (the "DOT") securing a $390,000 promissory note was recorded against real property owned by Isadore Rosenberg located at 15814 Septo Street, North Hills, CA 91343 (the "Property"). The DOT was recorded for the benefit of Ampro Mortgage, a division of United Financial Mortgage Corporation ("Ampro"), the predecessor to Alliance as the lender, and MERS as nominee for the lender. Isadore was feeble with macular degeneration at the time and could not have signed the documents. Complaint, ¶ 9.

### United States Bankruptcy Court
#### Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                              **Hearing Room**    **301**

**2:30 PM**
**CONT...**    **Steven Mark Rosenberg**                                        **Chapter 7**

On April 16, 2008, Ampro assigned the DOT to IndyMac Bank, FSB ("IndyMac") via MERS, but that assignment was not acknowledged until August 2008 [doc. 1, Exh. 1]. Ampro filed a chapter 7 bankruptcy petition and was dissolved on February 1, 2008. By the time of the purported assignment, Ampro had been dissolved.

Also on April 16, 2008, IndyMac transferred the DOT to Deutsche Bank as trustee for Alliance 2007-OA1, but was not acknowledged until December 29, 2009 [doc. 1, Exh 2]. A third "correction of assignment" was recorded on March 17, 2017. Complaint, ¶ 30.

The Pooling and Service Agreement regarding the DOT (the "PSA") provided that the depositor, master servicer, trustee or the securities administrator were not authorized to accept contributions to the real estate mortgage investment conduits after the closing date on May 30, 2007. The appropriate processing for the Property was never properly transferred to Alliance Bancorp 2007 OA-1 per the requirements of the PSA prospectus. Consequently, Defendants have never had proper title to the property. Complaint ¶ 16, 27-31, 36-38.

The DOT and accompanying documents (*e.g.*, the grant deed and adjustable rate rider) bears a signature forged by Isadore Rosenberg's former caregiver, David Curtis Harder. The Complaint includes a Forensic Handwriting Expert Summary Report [doc. 1, Exh. 4].

On August 29, 2009, Plaintiff filed an action via the probate proceedings for Isadore Rosenberg's estate, seeking to determine title to the Property and asserting that the DOT was a forgery (the "Probate Action"). Complaint, ¶ 13-14. Plaintiff filed a request to voluntarily dismiss the Probate Action in January 2015, and the probate court granted the request with prejudice. Plaintiff appealed, and the appellate court reversed the order of dismissal, ordering the petition be dismissed without prejudice. The Probate Action was dismissed without prejudice on January 19, 2017. Complaint, ¶ 20.

Since 2008, One West and Deutsche Bank have initiated a number of wrongful foreclosure proceedings against Plaintiff. One West and Deutsche Bank do not have rights to foreclosure based on legitimate documentation,

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

Wednesday, May 2, 2018                                        Hearing Room    301

2:30 PM
CONT...     **Steven Mark Rosenberg**                                    Chapter 7
            because Alliance never had a proper loan. Based on this, under the California
            Homeowner's Bill of Rights, Plaintiff seeks redress of material violations of
            the foreclosure process.

            None of the entities listed as Defendants in this adversary proceeding filed a
            proof of claim in the main bankruptcy case. At the time the adversary
            complaint was filed, a nonjudicial foreclosure of the Property was scheduled
            for November 28, 2017.

On January 23, 2018, Plaintiff voluntarily dismissed the Complaint with respect to
Defendants CIT Bank (f.k.a. One West Bank, erroneously sued as One West Bank)
and Alliance Bancorp [doc. 13]. That dismissal left Deutsche Bank, MERS and
Ocwen ("Defendants") as the only remaining parties to this action.

On February 13, 2018, Ocwen and MERS (together, "Movants") filed a motion for
judgement on the pleadings (the "Motion") [doc. 16]. The Motion was accompanied
by a request for judicial notice in support of the Motion (the "RJN") [doc. 17].
Movants argue that the allegations in the Complaint regarding forgery, fraud and
rescission are time barred, and that the challenge to the foreclosure based on the
alleged broken chain of title fails because Plaintiff has no standing. Movants also
argue that the matter in the complaint is non-core and they will not consent to final
judgment.

On March 9, 2018, Deutsche Bank, the current beneficiary of the loan secured by the
DOT, filed a joinder in the Motion and the RJN (the "Joinder") [doc. 24]. Because the
allegations against Deutsche Bank are identical to the allegations against Movants,
Deutsche Bank joins in each and every argument and authority in the Motion.
Deutsche Bank also states that it does not consent to the entry of final orders or
judgments in this case because it is a non-core matter.

On March 21, 2018, Plaintiff filed an opposition to the Motion (the "Opposition").
The Opposition asserts, among other things that: (1) Plaintiff filed this adversary
proceeding in 2017, as a continuation of litigation that was commenced in 2009; (2)
that he has standing to challenge the assignments under California law; (3) that the
Motion gives rise to estoppel, and Movants have impliedly admitted all the
allegations in the Complaint are true; (4) the bankruptcy case has not been properly
discharged because there was no proper 11 U.S.C. § 341(a) meeting; and (4) a Rule

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                    Hearing Room   301

2:30 PM
CONT...   Steven Mark Rosenberg                                    Chapter 7

12(c) motion is not appropriate because Plaintiff has initiated the discovery process
by having an initial conference pursuant to Federal Rule of Civil Procedure 26.

On March 28, 2018, Defendants filed a reply to the Opposition (the "Reply") [doc.
32]. In the Reply, Movants request that the Motion be granted with prejudice (without
leave to amend).

II.   DISCUSSION

A.  Jurisdiction

Movants argue that the claims asserted in the Complaint will have no effect on
Plaintiff's discharge in this case, and there are no issues to be determined under
bankruptcy law. However, Movants do not cite any authority to support the blanket
statement that a bankruptcy court does not have jurisdiction to hear matters which do
not affect the discharge in a case.

Movants also argue that even if Plaintiff prevailed, the estate would remain insolvent.
However, Plaintiff's Schedule D [doc. 1, p. 20] reflects that Ocwen (as servicer for
Deutsche Bank) is the only creditor with a claim secured by the Property. If that lien
were entirely voided, the Trustee could sell the Property, and the nonexempt equity
could leave the estate with funds to pay creditors.

Finally, Movants and Deutsche Bank assert that they do not consent to the entry of
final orders or judgments by this Court. This does not deprive the Court of
jurisdiction; the Court can issue findings of fact and conclusions of law regarding
non-core matters for approval by the district court. In addition, some of the causes of
action in the complaint are based on bankruptcy rules or statutes. The Court may enter
final judgment regarding core matters without the parties' consent. 28 U.S.C. § 157(b)
(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core
proceedings arising under title 11, or arising in a case under title 11... and may enter
appropriate orders and judgments....").

B.  Standard for Judgment on the Pleadings

Federal Rule of Civil Procedure ("Rule") 12(c), applicable through FRBP 7012,
provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

Wednesday, May 2, 2018                                                      Hearing Room     **301**

**2:30 PM**
**CONT...**    **Steven Mark Rosenberg**                                                      Chapter 7

party may move for judgment on the pleadings." In deciding a Rule 12(c) motion, the court applies the same standards applicable to a Rule 12(b)(6) motion. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1054, fn. 4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6)").

In resolving a Rule 12(c) motion, the court can consider (without converting the motion to a summary judgment): (a) the complaint and answer; (b) any documents attached to or mentioned in the pleadings; (c) documents not attached but "integral" to the claims; and (d) matters subject to judicial notice. *L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2nd Cir. 2011); *Massey v. Ojaniit,* 759 F.3d 343, 347-348 (4th Cir. 2014).

However, under Rule 12(d), if, "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine,* 143 F.3d 1196, 1120 (9th Cir. 1998). Nonetheless, when they contradict matters subject to judicial notice, the court need not accept alleged facts as true. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956).

A motion to dismiss pursuant to Rule 12(b)(6):

> will only be granted if the complaint fails to allege enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

> We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party. Although factual allegations are taken as true, we do not assume the

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

---

Wednesday, May 2, 2018                                                    Hearing Room    301

2:30 PM
CONT...        **Steven Mark Rosenberg**                                          Chapter 7

truth of legal conclusions merely because they are cast in the form of
factual allegations.    Therefore, conclusory allegations of law and
unwarranted inferences are insufficient to defeat a motion to dismiss.

*Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks
omitted)(citing, *inter alia*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007);
*Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "[Rule] 8(a)(2) requires only 'a short
and plain statement of the claim showing that the pleader is entitled to relief,' in order
to 'give the defendant fair notice of what the . . . claim is and the grounds upon which
it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007)(citations
omitted).   "[F]acts must be alleged to sufficiently apprise the defendant of the
complaint against him." *Kubick v. Fed. Dep. Ins. Corp. (In re Kubick)*, 171 B.R. 658,
660 (B.A.P. 9th Cir. 1994).

C.  Leave to Amend

Courts have the discretion to grant or deny leave to amend a complaint. *Swanson v.
U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a
court must be guided by the underlying purpose of Rule 15 to facilitate decision on
the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655
F.2d 977, 979 (9th Cir. 1981). The factors courts commonly consider when
determining whether to grant leave to amend are:

1. Bad faith;
2. Undue delay;
3. Prejudice to the opposing party; and
4. Futility of amendment.

*Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted).
Dismissal without leave to amend is appropriate when the court is satisfied that the
deficiencies in the complaint could not possibly be cured by amendment. *Jackson v.
Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th
Cir. 2000).

D.  Timing of the Motion

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

Wednesday, May 2, 2018                                     Hearing Room     **301**

2:30 PM
**CONT...**     Steven Mark Rosenberg                                     Chapter 7

Plaintiff asserts that the Motion was not timely brought because discovery has already
opened. However, Rule 12(c) allows for a motion for judgment on the pleadings
"after the pleadings are closed—but early enough not to delay trial." The opening of
discovery has no effect on this timeframe. In addition, as Movants point out, the
Court has not yet scheduled a motion cut-off deadline or a trial date. Consequently,
the Motion was timely filed.

   E.  Statute of Limitations

Movants assert that any claims regarding forgery, cancellation or rescission are time
barred under California law. Under California Code of Civil Procedure ("CCCP") §
337, "An action upon any contract, obligation or liability founded upon an instrument
in writing" must be brought within four years. Under CCCP § 338(d) an "action for
relief on the ground of fraud or mistake" must be brought within three years.

"Equitable tolling applies to situations in which a party has several legal remedies,
pursues one such remedy reasonably and in good faith, and then turns to the second
remedy after the statute has expired on that remedy." Equitable Tolling of Statute of
Limitations, California Practice Guide: Administrative Law Ch. 16-D. Equitable
tolling can also be applied where the claimant "has actively pursued his judicial
remedies by filing a defective pleading or where he has been induced or tricked by his
adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of
Veterans Affairs*, 498 U.S. 89, 90 (1990).

Plaintiff filed the Probate Action on August 29, 2009. Plaintiff was aware of the fraud
and forgery causes of action at that time. Plaintiff argues that this action is merely an
extension of the Probate Action, which concluded after the limitations period ended,
in 2017. There is no authority supporting this argument. This proceeding, a
bankruptcy court adversary proceeding, is not a continuation of the state court
proceeding. Consequently, based on California law, Plaintiff's claims of fraud or
forgery are time-barred.

   F.  11 U.S.C. § 524(a)(2)

Plaintiff argues that, as a result of 11 U.S.C. § 524(a)(2), Defendants are barred from
attempting to collect their debt secured by the Property. Pursuant to § 524(a)(2), a
discharge in a bankruptcy case "operates as an injunction against the commencement

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
**Judge Victoria Kaufman, Presiding**
Courtroom 301 Calendar

Wednesday, May 2, 2018                                    Hearing Room    301

2:30 PM
CONT...    Steven Mark Rosenberg                                    Chapter 7

or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

Plaintiff's allegations do not indicate that Defendants have taken any action which violates the discharge injunction in his bankruptcy case. Plaintiff asserts that Defendants are in the process of proceeding with a judicial foreclosure against the Property. Such an action is not in violation of the discharge injunction, which applies only to a debtor's *personal liability*. Discharge does not impair a creditor's right to proceed *in rem* against property by which its claim is secured. *In re Blendheim*, 803 F.3d 477, 493-494 (9th Cir. 2015).

G. FRBP 3001(c)(2)(B) and (C)

Plaintiff alleges that Defendants violated FRBP 3001(c)(2)(B) and (C) by failing to file a proof of claim and accompanying documents. Under 11 U.S.C. § 501(a), a creditor "may file a proof of claim." A "claim" is a right to payment without regard to whether the creditor has filed a proof of claim. 11 U.S.C. § 101(5). Secured creditors must generally file proofs of claim in order to receive payment from the bankruptcy estate; however, "a lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim." FRBP 3002(a).

Unless affirmative action is taken to avoid a lien, a "bankruptcy discharge extinguishes only one mode of enforcing a claim—an in personam action;" liens and other secured interests survive the bankruptcy. *Johnson v. Home State Bank*, 501 U.S. 78, 79 (1991). In other words, a bankruptcy discharge has the effect of relieving a debtor's personal liability, but it does not extinguish debts secured by property. Consequently, regardless of Plaintiff's discharge, Defendants may take action to satisfy their secured claim through the sale of the Property.

Furthermore, a failure to file a proof of claim does not give rise to a cause of action which Plaintiff may assert. As concerns Plaintiff, the only effect of a secured creditor's failure to file a proof of claim is that the secured creditor may not take part in distributions from the estate, if distributions to creditors from unencumbered, nonexempt property ever become available. Accordingly, Plaintiff has not stated a cause of action under FRBP 3001(c)(2), nor can Plaintiff amend the Complaint in any way that would state one.

5/2/2018 5:37:27 PM                           Page 8 of 13

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                    Hearing Room      301

2:30 PM
CONT...     Steven Mark Rosenberg                                      Chapter 7

H. Fraudulent Concealment

Fraudulent concealment of a cause of action effectively "tolls" that cause of action for
the period for which it was fraudulently concealed. In order to assert that a cause of
action was tolled under a fraudulent concealment theory, a plaintiff must show: (1)
the substantive elements of fraud; and (2) an excuse for late discovery of the facts.
*Investors Equity Life Holding Co. v. Schmidt*, 195 Cal. App. 4th 1519 (4th Dist.
2011). The elements of an action for fraud and deceit based on concealment are:

> (1) the defendant must have concealed or suppressed a material fact, (2) the
> defendant must have been under a duty to disclose the fact to the plaintiff, (3)
> the defendant must have intentionally concealed or suppressed the fact with
> the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of
> the fact and would not have acted as he did if he had known of the concealed
> or suppressed fact, and (5) as a result of the concealment or suppression of the
> fact, the plaintiff must have sustained damage."

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-613
(1992).

Plaintiff asserts his fourth cause of action on the theory that Defendants have known
that their chain of assignment was broken throughout the course of the state law
proceeding and Plaintiff's bankruptcy proceeding, and they fraudulently concealed
that information. The Court need not assess whether Plaintiff has properly alleged
fraudulent concealment, or timely brought the allegation, if Plaintiff cannot
demonstrate that he sustained damage as a result of the concealed fact. Plaintiff has
not demonstrated that he has standing to recover based on an improper assignment.

In California, *post*-foreclosure wrongful foreclosure actions based on improper chain
of title are appropriate. *See Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919
(2016); *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079 (2013). However,
California Courts of Appeal have held that a homeowner lacks standing in a pre-
foreclosure action to challenge a foreclosure sale. *Saterbak v. JP Morgan Chase
Bank, N.A.*, 245 Cal. App. 4th 808 (2016); *Yhudai v. IMPAC Funding Corp.*, 1
Cal.App.5th 1252 (2016).

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
**Judge Victoria Kaufman, Presiding**
Courtroom 301 Calendar

Wednesday, May 2, 2018                                    Hearing Room    301

2:30 PM
CONT...      Steven Mark Rosenberg                                    Chapter 7

Furthermore, under *Yvanova*, Plaintiff lacks standing to argue the voidability of the assignment of the DOT. In that case, a plaintiff brought a post-foreclosure suit for wrongful foreclosure of her property. The plaintiff argued that the lender lacked an interest in her property giving it the right to foreclose because its interest was based on an assignment made after the closing date in the pooling and service agreement. The California Supreme Court reasoned:

> California law does not give a party personal standing to assert rights or interests belonging solely to others... When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment; the transaction is not void unless and until one of the parties takes steps to make it so. A borrower who challenges a foreclosure on the ground that an assignment to the foreclosing party bore defects rendering it voidable could thus be said to assert an interest belonging solely to the parties to the assignment rather than to herself.

*Yvanova*, 62 Cal. 4th at 936. The California Supreme Court held that void assignments do confer standing on a borrower to bring a post-foreclosure action. *Id.* at 942-943.

Plaintiff has not asserted that any party to the PSA or the assignments have taken action to render the assignments void, and Plaintiff, who was not a party to the PSA, does not have the power to bring a suit to void it. Accordingly, Plaintiff has not yet suffered harm giving him standing to bring a suit based on the allegedly improper assignments of the DOT. Moreover, because Plaintiff's failure to state a claim is based on lack of standing, Plaintiff cannot amend the Complaint to state a claim for relief on the current facts.

In any event, Plaintiff would have a problem demonstrating damages based on the alleged improper chain of assignments. Regardless of the specific holder of the assignment, the Property is encumbered. The harm to Plaintiff is not a result of the allegedly improper assignment or the failure of any Defendant to reveal the nature of the assignments to him. Consequently, Plaintiff has not asserted a cause of action based on fraudulent concealment of the allegedly improper assignments of the DOT.

    I.   18 U.S.C. § 157

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018            Hearing Room    **301**

2:30 PM
CONT:..    Steven Mark Rosenberg                 Chapter 7
     Pursuant to 18 U.S.C. § 157:

> a person who, having devised or intending to devise a scheme or artifice to
> defraud and for the purpose of executing or concealing such a scheme or
> artifice or attempting to do so—
>
> > (1) files a petition under title 11, including a fraudulent involuntary
> > petition under section 303 of such title;
> > (2) files a document in a proceeding under title 11; or
> > (3) makes a false or fraudulent representation, claim, or promise
> > concerning or in relation to a proceeding under title 11, at any time
> > before or after the filing of the petition, or in relation to a proceeding
> > falsely asserted to be pending under such title,
>
> shall be fined under this title, imprisoned not more than 5 years, or both.

This statute deals with criminal bankruptcy fraud, and criminal matters are generally
not within the jurisdiction of bankruptcy courts. *See Matter of Hipp, Inc.*, 895 F.2d
1503, 1511 (5th Cir. 1990). In addition, as an initial matter, Plaintiff has not stated a
cause of action under 18 U.S.C. § 157 because the statute does not create a private
cause of action. *See Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 76 (D.C.
Cir. 2017) (holding that no private right of action is necessarily created by a criminal
statute which does not expressly create one).

A bankruptcy court may refer a matter to the district court and a district attorney
where the court believes that the statute has been violated and such referral is
appropriate. *See In re McDonald*, 497 B.R. 489, 493 (Bankr. D.S.C. 2013). Here,
however, it is not clear that Defendants have violated 18 U.S.C. § 157. Plaintiff has
not made allegations regarding any specific filing made by any Defendant in the
bankruptcy proceeding. The only filing by any Defendant in the main case is a request
for special notice by Deutsche Bank. Plaintiff alleges that Defendants made
misrepresentations to him and to the court in the Probate Action regarding the validity
of their title, but such a representation is not punishable under § 157 (which creates
criminal liability for fraudulent *filings* in a *bankruptcy* proceeding). Consequently,
Plaintiff has not asserted a cause of action upon which relief can be granted under §
157, and would not be able to amend the Complaint to assert one.

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                              Hearing Room   301

2:30 PM
CONT...   Steven Mark Rosenberg                                                Chapter 7
J.  Declaratory Relief

Declaratory relief is a procedural device for granting a remedy. It does not create any
substantive rights or causes of action. *Harris County Texas v. MERSCORP Inc.*, 791
F.3d 545, 552 (5th Cir. 2015). Courts inquire whether there is a "substantial
controversy, between parties having adverse legal interests, of sufficient immediacy
and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v.
Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Plaintiff argues that declaratory relief is appropriate based on the actions of
Defendants to foreclose on the Property. However, as discussed above, Plaintiff has
not asserted any actual wrongdoing with respect to the foreclosure actions. In
addition, based on his fraudulent concealment theory, Plaintiff cannot assert any harm
pre-foreclosure. Therefore, Plaintiff does not have a "substantial controversy" with
Defendants upon which declaratory relief can be granted, and he would not be able to
amend the Complaint to assert one.

III.   CONCLUSION

For the foregoing reasons, the Court will grant the motion without leave to amend as
to Movants and Deutsche Bank.

Movants must submit the order within seven (7) days.

| Party Information |
|---|

**Debtor(s):**

Steven Mark Rosenberg                          Represented By
                                               Charles  Shamash

**Defendant(s):**

Deutsche Bank National Trust                   Represented By
                                               Marvin B Adviento
                                               Lukasz J Wozniak
                                               T Robert Finlay
                                               Nicole S Dunn

Ocwen Loan Servicing, Inc                      Represented By

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
**Judge Victoria Kaufman, Presiding**
Courtroom 301 Calendar

| Wednesday, May 2, 2018 | | Hearing Room | 301 |
|---|---|---|---|

| 2:30 PM CONT... | Steven Mark Rosenberg | | Chapter 7 |
|---|---|---|---|
| | | Marvin B Adviento | |
| | | Lukasz I Wozniak | |
| | | T Robert Finlay | |
| | | Nicole S Dunn | |
| | Alliance Bancorp, Inc | Represented By Marvin B Adviento | |
| | Alliance Bancorp Estate Trustee | Pro Se | |
| | MERS Mortage Electronic | Represented By Marvin B Adviento | |
| | | Lukasz I Wozniak | |
| | | T Robert Finlay | |
| | | Nicole S Dunn | |
| | One West Bank | Pro Se | |
| | DOES 1 through 25, inclusive | Pro Se | |
| | CIT BANK, N.A. (f/k/a One West | Represented By KRISTIN WEBB | |

**Plaintiff(s):**

| Steven Mark Rosenberg | Pro Se |
|---|---|

**Trustee(s):**

| Amy L Goldman (TR) | Pro Se |
|---|---|

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| WRIGHT, FINLAY & ZAK, LLP<br>T. Robert Finlay, Esq., SBN 167280<br>Nicole S. Dunn, Esq., SBN 213550<br>4665 MacArthur Court, Suite 200<br>Newport Beach, CA 92660<br>Tel: (949) 477-5050; Fax: (949) 608-9142 | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for*  Defendants, Ocwen Loan Servicing et al. | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br>STEVEN MARK ROSENBERG,<br><br><br><br>Debtor(s). | CASE NO.: 1:17-bk-11748-VK<br>CHAPTER: 7<br>ADVERSARY NO.: 1:17-ap-01096-VK |
|---|---|
| STEVEN MARK ROSENBERG,<br><br><br><br>Plaintiff(s),<br>vs.<br>ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK et al.<br><br>Defendant. | **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:**  *(title of motion[1])*: _____<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS |

PLEASE TAKE NOTE that the order or judgment titled  Order Granting Defendants' Motion for Judgment on the
Pleadings
was lodged on *(date)*   05/03/2018    and is attached.  This order relates to the motion which is docket number  16  .

---

[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 1                    **F 9021-1.2.ADV.NOTICE.LODGMENT**

## PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On May 3, 2018, I served the within **NOTICE OF LODGMENT OF ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** on all interested parties in this action as follows:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**[SEE ATTACHED SERVICE LIST]**

[X]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express Overnight with the delivery fees provided for.

[X]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 3, 2018, at Newport Beach, California.

_____
Jovete Elguira

1

**PROOF OF SERVICE**

1

2

**ATTACHED SERVICE LIST**

3
Steven Mark Rosenberg
4
15814 Septo Street
North Hills, CA  91343
5
*Plaintiff  Pro Se*

6
Robert Garnett, Esq.
7
Tomas A. Ortiz, Esq.
GARRETY & TULLY, P.C.
8
225 S. Lake Ave., Suite 1400
9
Pasadena, CA 91101-4869
*Attorneys for Deutsche Bank National Trust Co.*
10

11
Kristin Webb, Esq.
**BRYAN CAVE LLP**
12
3161 Michelson Drive, Suite 1500
13
Irvine, CA  92612
(949) 223-7000; FAX (949) 223-7100
14
webbk@bryancave.com
15
*Attorney for Cit Bank, N.A.*

16
Amy L. Goldman (**TR**)
17
633 W. 5th Street, Suite 4000
Los Angeles, CA  90071
18
(213) 250-1800
19
*Trustee*

20
United States Trustee (SV)
21
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017
22
(213) 894-6811
23
*U.S. Trustee*

24
Judge Victoria S. Kaufman
25
U.S. Bankruptcy Court – Central District
(San Fernando Valley)
26
21041 Burbank Blvd.
27
Woodland Hills, CA  91367-6603

28

2
**PROOF OF SERVICE**



**WRIGHT, FINLAY & ZAK, LLP**
T. Robert Finlay, Esq., SBN 167280
Nicole S. Dunn, Esq., SBN 213550
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050; Facsimile: (949) 608-9142

Attorneys for Defendants, Ocwen Loan Servicing, LLC
and Mortgage Electronic Registration Systems, Inc.

> **FILED & ENTERED**
>
> MAY 14 2018
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY Pgarcia   DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: STEVEN MARK ROSENBERG, Debtor. | Bankruptcy Case No. 1:17-bk-11748-VK Chapter 7 |
| | Adversary Case No. 1:17-ap-01096-VK |
| STEVEN MARK ROSENBERG, Plaintiff, v. ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE, Defendants. | **JUDGMENT FOLLOWING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** Hearing: Date:    May 2, 2018 Time:    2:30 p.m. Crtrm:  301 |

1

JUDGMENT FOLLOWING DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS

1    The Motion for Judgment on the Pleadings of Defendants, Ocwen Loan
2    Servicing, LLC and Mortgage Electronic Registration Systems, Inc.
3    ("Defendants"), as to the Complaint of Plaintiff, Steven Mark Rosenberg
4    ("Plaintiff"), came on regularly for hearing on May 2, 2018, at 2:30 p.m. in
5    Courtroom "301" of the above-entitled Court, located at 21041 Burbank Blvd.,
6    Courtroom 301, Woodland Hills, California.

7    Having considered the papers submitted by the parties and having given the
8    parties the opportunity to present oral argument, the Court ORDERED as follows:

9    1.   Defendants' Motion for Judgment on the Pleadings is GRANTED
10        without leave to amend.

11   2.   Judgment on Plaintiff's Complaint shall be entered in favor of
12        Defendants, Ocwen Loan Servicing, LLC and Mortgage Electronic
13        Registration Systems, Inc.;

14   3.   Plaintiff's entire action against Defendants is DISMISSED with
15        prejudice;

16   4.   Plaintiff shall take nothing by the Complaint;

17   5.   This is a final judgment.

19                                        ###

24   Date: May 14, 2018

                        _Victoria S. Kaufman_
                        Victoria S. Kaufman
                        United States Bankruptcy Judge

28

                                        2
          JUDGMENT FOLLOWING DEFENDANTS' MOTION FOR JUDGMENT
                          ON THE PLEADINGS

**WRIGHT, FINLAY & ZAK, LLP**
T. Robert Finlay, Esq., SBN 167280
Nicole S. Dunn, Esq., SBN 213550
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050; Facsimile: (949) 608-9142

Attorneys for Defendants, Ocwen Loan Servicing, LLC
and Mortgage Electronic Registration Systems, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: STEVEN MARK ROSENBERG,<br>Debtor. | Bankruptcy Case No. 1:17-bk-11748-VK<br>Chapter 7<br><br>Adversary Case No. 1:17-ap-01096-VK |
| STEVEN MARK ROSENBERG,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE BANCORP, INC (Estate),<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>OCWEN LOAN SERVICING, ONE<br>WEST BANK, DEUTSCHE BANK<br>NATIONAL TRUST COMPANY, AS<br>TRUSTEE FOR ALLIANCE<br>BANCORP MORTGAGE BACKED<br>PASS-THROUGH CERTIFICATE<br>SERIES 2007-OA1 AND DOES 1<br>THROUGH 25, INCLUSIVE,<br><br>Defendants. | **AMENDED ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing:<br>Date:    May 2, 2018<br>Time:    2:30 p.m.<br>Crtrm:  301 |

WRIGHT FINLAY & ZAK™
ATTORNEYS AT LAW

1

AMENDED ORDER GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS

1       The Motion for Judgment on the Pleadings of Defendants, Ocwen Loan

2   Servicing, LLC and Mortgage Electronic Registration Systems, Inc. and Joinder of

3   Deutsche Bank National Trust Company, As Trustee For Alliance Bancorp

4   Mortgage Backed Pass-Through Certificate Series 2007-OA1 (collectively

5   "Defendants"), as to the Complaint of Plaintiff, Steven Mark Rosenberg

6   ("Plaintiff"), came on regularly for hearing on May 2, 2018, at 2:30 p.m. in

7   Courtroom "301" of the above-entitled Court, located at 21041 Burbank Blvd.,

8   Courtroom 301, Woodland Hills, California.

9       Having considered the papers submitted by the parties and having given the

10   parties the opportunity to present oral argument, the Court ORDERED as follows:

11       1.    Defendants' Motion for Judgment on the Pleadings is GRANTED

12   without leave to amend.   A true and correct copy of the May 2, 2018 Ruling is

13   attached hereto as Exhibit "A" and incorporated herein by reference in its entirety.

14

15                                    ###

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

WRIGHT FINLAY & ZAK"
ATTORNEYS AT LAW

# EXHIBIT A

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley** ₂
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

Wednesday, May 2, 2018                                          Hearing Room     **301**

2:30 PM
**1:17-11748   Steven Mark Rosenberg**                                    Chapter 7
Adv#: 1:17-01096       Rosenberg v. Deutsche Bank National Trust Company, As Trustee F

#17.00    Defendant's motion for judgment on the pleadings

fr. 4/4/18; 4/18/18

Docket        16

Judge:

**I.     BACKGROUND**

On June 30, 2017, Steven Mark Rosenberg ("Plaintiff") filed his voluntary chapter 7
petition. On October 10, 2017, Plaintiff received his chapter 7 discharge [1:17-
bk-11748-VK, doc. 21]. On November 27, 2017, Debtor filed an adversary complaint
("Complaint") against Deutsche Bank National Trust Company ("Deutsche Bank"),
Ocwen Loan Servicing, Inc. ("Ocwen"), Alliance Bancorp, Inc. ("Alliance"), Alliance
Bancorp Estate Trustee Charles A. Stanziale, Jr., MERS Mortgage Electronic
Registration Systems, Inc. ("MERS"), One West Bank ("One West"), and Does 1-25.

The Complaint alleges causes of action for violation of 11 U.S.C. § 524(a), violation
of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(B) and (C), fraudulent
concealment, violation of 18 U.S.C. § 157 and declaratory relief, and demands a jury
trial. The Complaint bases these claims on the following facts:

> Plaintiff is the sole beneficiary of the Isadore and Norma P. Rosenberg Trust,
> and a personal representative of the Estate of Isadore Rosenberg, who passed
> away in 2008. Complaint, ¶ 8.

> On March 15, 2007 an alleged deed of trust (the "DOT") securing a $390,000
> promissory note was recorded against real property owned by Isadore
> Rosenberg located at 15814 Septo Street, North Hills, CA 91343 (the
> "Property"). The DOT was recorded for the benefit of Ampro Mortgage, a
> division of United Financial Mortgage Corporation ("Ampro"), the
> predecessor to Alliance as the lender, and MERS as nominee for the lender.
> Isadore was feeble with macular degeneration at the time and could not have
> signed the documents. Complaint, ¶ 9.

**United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar**

Wednesday, May 2, 2018                                              **Hearing Room**    **301**

2:30 PM
CONT...         Steven Mark Rosenberg                                        Chapter 7

On April 16, 2008, Ampro assigned the DOT to IndyMac Bank, FSB
("IndyMac") via MERS, but that assignment was not acknowledged until
August 2008 [doc. 1, Exh. 1]. Ampro filed a chapter 7 bankruptcy petition and
was dissolved on February 1, 2008. By the time of the purported assignment,
Ampro had been dissolved.

Also on April 16, 2008, IndyMac transferred the DOT to Deutsche Bank as
trustee for Alliance 2007-OA1, but was not acknowledged until December 29,
2009 [doc. 1, Exh 2]. A third "correction of assignment" was recorded on
March 17, 2017. Complaint, ¶ 30.

The Pooling and Service Agreement regarding the DOT (the "PSA") provided
that the depositor, master servicer, trustee or the securities administrator were
not authorized to accept contributions to the real estate mortgage investment
conduits after the closing date on May 30, 2007. The appropriate processing
for the Property was never properly transferred to Alliance Bancorp 2007
OA-1 per the requirements of the PSA prospectus. Consequently, Defendants
have never had proper title to the property. Complaint ¶ 16, 27-31, 36-38.

The DOT and accompanying documents (*e.g.*, the grant deed and adjustable
rate rider) bears a signature forged by Isadore Rosenberg's former caregiver,
David Curtis Harder. The Complaint includes a Forensic Handwriting Expert
Summary Report [doc. 1, Exh. 4].

On August 29, 2009, Plaintiff filed an action via the probate proceedings for
Isadore Rosenberg's estate, seeking to determine title to the Property and
asserting that the DOT was a forgery (the "Probate Action"). Complaint, ¶
13-14. Plaintiff filed a request to voluntarily dismiss the Probate Action in
January 2015, and the probate court granted the request with prejudice.
Plaintiff appealed, and the appellate court reversed the order of dismissal,
ordering the petition be dismissed without prejudice. The Probate Action was
dismissed without prejudice on January 19, 2017. Complaint, ¶ 20.

Since 2008, One West and Deutsche Bank have initiated a number of
wrongful foreclosure proceedings against Plaintiff. One West and Deutsche
Bank do not have rights to foreclosure based on legitimate documentation,

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

Wednesday, May 2, 2018                                    **Hearing Room**    **301**

---

2:30 PM
CONT...        Steven Mark Rosenberg                                         Chapter 7
               because Alliance never had a proper loan. Based on this, under the California
               Homeowner's Bill of Rights, Plaintiff seeks redress of material violations of
               the foreclosure process.

               None of the entities listed as Defendants in this adversary proceeding filed a
               proof of claim in the main bankruptcy case. At the time the adversary
               complaint was filed, a nonjudicial foreclosure of the Property was scheduled
               for November 28, 2017.

On January 23, 2018, Plaintiff voluntarily dismissed the Complaint with respect to
Defendants CIT Bank (f.k.a. One West Bank, erroneously sued as One West Bank)
and Alliance Bancorp [doc. 13]. That dismissal left Deutsche Bank, MERS and
Ocwen ("Defendants") as the only remaining parties to this action.

On February 13, 2018, Ocwen and MERS (together, "Movants") filed a motion for
judgement on the pleadings (the "Motion") [doc. 16]. The Motion was accompanied
by a request for judicial notice in support of the Motion (the "RJN") [doc. 17].
Movants argue that the allegations in the Complaint regarding forgery, fraud and
rescission are time barred, and that the challenge to the foreclosure based on the
alleged broken chain of title fails because Plaintiff has no standing. Movants also
argue that the matter in the complaint is non-core and they will not consent to final
judgment.

On March 9, 2018, Deutsche Bank, the current beneficiary of the loan secured by the
DOT, filed a joinder in the Motion and the RJN (the "Joinder") [doc. 24]. Because the
allegations against Deutsche Bank are identical to the allegations against Movants,
Deutsche Bank joins in each and every argument and authority in the Motion.
Deutsche Bank also states that it does not consent to the entry of final orders or
judgments in this case because it is a non-core matter.

On March 21, 2018, Plaintiff filed an opposition to the Motion (the "Opposition").
The Opposition asserts, among other things that: (1) Plaintiff filed this adversary
proceeding in 2017, as a continuation of litigation that was commenced in 2009; (2)
that he has standing to challenge the assignments under California law; (3) that the
Motion gives rise to estoppel, and Movants have impliedly admitted all the
allegations in the Complaint are true; (4) the bankruptcy case has not been properly
discharged because there was no proper 11 U.S.C. § 341(a) meeting; and (4) a Rule

---

### United States Bankruptcy Court
### Central District of California
#### San Fernando Valley
#### Judge Victoria Kaufman, Presiding
#### Courtroom 301 Calendar

---

**Wednesday, May 2, 2018**                                    **Hearing Room    301**

---

2:30 PM
**CONT...    Steven Mark Rosenberg**                                    **Chapter 7**

12(c) motion is not appropriate because Plaintiff has initiated the discovery process
by having an initial conference pursuant to Federal Rule of Civil Procedure 26.

On March 28, 2018, Defendants filed a reply to the Opposition (the "Reply") [doc.
32]. In the Reply, Movants request that the Motion be granted with prejudice (without
leave to amend).

### II.    DISCUSSION

#### A.  Jurisdiction

Movants argue that the claims asserted in the Complaint will have no effect on
Plaintiff's discharge in this case, and there are no issues to be determined under
bankruptcy law. However, Movants do not cite any authority to support the blanket
statement that a bankruptcy court does not have jurisdiction to hear matters which do
not affect the discharge in a case.

Movants also argue that even if Plaintiff prevailed, the estate would remain insolvent.
However, Plaintiff's Schedule D [doc. 1, p. 20] reflects that Ocwen (as servicer for
Deutsche Bank) is the only creditor with a claim secured by the Property. If that lien
were entirely voided, the Trustee could sell the Property, and the nonexempt equity
could leave the estate with funds to pay creditors.

Finally, Movants and Deutsche Bank assert that they do not consent to the entry of
final orders or judgments by this Court. This does not deprive the Court of
jurisdiction; the Court can issue findings of fact and conclusions of law regarding
non-core matters for approval by the district court. In addition, some of the causes of
action in the complaint are based on bankruptcy rules or statutes. The Court may enter
final judgment regarding core matters without the parties' consent. 28 U.S.C. § 157(b)
(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core
proceedings arising under title 11, or arising in a case under title 11... and may enter
appropriate orders and judgments....").

#### B.  Standard for Judgment on the Pleadings

Federal Rule of Civil Procedure ("Rule") 12(c), applicable through FRBP 7012,
provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a

---

### United States Bankruptcy Court
### Central District of California
#### San Fernando Valley
#### Judge Victoria Kaufman, Presiding
#### Courtroom 301 Calendar

**Wednesday, May 2, 2018**                                      **Hearing Room**   **301**

---

**2:30 PM**
**CONT...**   **Steven Mark Rosenberg**                                   **Chapter 7**

party may move for judgment on the pleadings." In deciding a Rule 12(c) motion, the court applies the same standards applicable to a Rule 12(b)(6) motion. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054, fn. 4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6)").

In resolving a Rule 12(c) motion, the court can consider (without converting the motion to a summary judgment): (a) the complaint and answer; (b) any documents attached to or mentioned in the pleadings; (c) documents not attached but "integral" to the claims; and (d) matters subject to judicial notice. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2nd Cir. 2011); *Massey v. Ojaniit*, 759 F.3d 343, 347-348 (4th Cir. 2014).

However, under Rule 12(d), if, "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1120 (9th Cir. 1998). Nonetheless, when they contradict matters subject to judicial notice, the court need not accept alleged facts as true. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956).

A motion to dismiss pursuant to Rule 12(b)(6):

> will only be granted if the complaint fails to allege enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

> We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party. Although factual allegations are taken as true, we do not assume the

---

### United States Bankruptcy Court
### Central District of California
#### San Fernando Valley
#### Judge Victoria Kaufman, Presiding
#### Courtroom 301 Calendar

**Wednesday, May 2, 2018**                                    **Hearing Room   301**

---

2:30 PM
**CONT...**    **Steven Mark Rosenberg**                                    **Chapter 7**

truth of legal conclusions merely because they are cast in the form of factual allegations. Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.

*Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted)(citing, *inter alia, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "[Rule] 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007)(citations omitted). "[F]acts must be alleged to sufficiently apprise the defendant of the complaint against him." *Kubick v. Fed. Dep. Ins. Corp. (In re Kubick)*, 171 B.R. 658, 660 (B.A.P. 9th Cir. 1994).

#### C.  Leave to Amend

Courts have the discretion to grant or deny leave to amend a complaint. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The factors courts commonly consider when determining whether to grant leave to amend are:

1. Bad faith;
2. Undue delay;
3. Prejudice to the opposing party; and
4. Futility of amendment.

*Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). Dismissal without leave to amend is appropriate when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

#### D.  Timing of the Motion

---

## United States Bankruptcy Court
### Central District of California
#### San Fernando Valley
#### Judge Victoria Kaufman, Presiding
#### Courtroom 301 Calendar

**Wednesday, May 2, 2018**                               **Hearing Room**    **301**

---

**2:30 PM**
**CONT...    Steven Mark Rosenberg**                                        **Chapter 7**

Plaintiff asserts that the Motion was not timely brought because discovery has already opened. However, Rule 12(c) allows for a motion for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." The opening of discovery has no effect on this timeframe. In addition, as Movants point out, the Court has not yet scheduled a motion cut-off deadline or a trial date. Consequently, the Motion was timely filed.

### E.  Statute of Limitations

Movants assert that any claims regarding forgery, cancellation or rescission are time barred under California law. Under California Code of Civil Procedure ("CCCP") § 337, "An action upon any contract, obligation or liability founded upon an instrument in writing" must be brought within four years. Under CCCP § 338(d) an "action for relief on the ground of fraud or mistake" must be brought within three years.

"Equitable tolling applies to situations in which a party has several legal remedies, pursues one such remedy reasonably and in good faith, and then turns to the second remedy after the statute has expired on that remedy." Equitable Tolling of Statute of Limitations, California Practice Guide: Administrative Law Ch. 16-D. Equitable tolling can also be applied where the claimant "has actively pursued his judicial remedies by filing a defective pleading or where he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990).

Plaintiff filed the Probate Action on August 29, 2009. Plaintiff was aware of the fraud and forgery causes of action at that time. Plaintiff argues that this action is merely an extension of the Probate Action, which concluded after the limitations period ended, in 2017.  There is no authority supporting this argument. This proceeding, a bankruptcy court adversary proceeding, is not a continuation of the state court proceeding. Consequently, based on California law, Plaintiff's claims of fraud or forgery are time-barred.

### F.  11 U.S.C. § 524(a)(2)

Plaintiff argues that, as a result of 11 U.S.C. § 524(a)(2), Defendants are barred from attempting to collect their debt secured by the Property.  Pursuant to § 524(a)(2), a discharge in a bankruptcy case "operates as an injunction against the commencement

---

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Wednesday, May 2, 2018**                                   **Hearing Room**     **301**

---

2:30 PM
CONT...      **Steven Mark Rosenberg**                                    Chapter 7

or continuation of an action, the employment of process, or an act, to collect, recover
or offset any such debt as a personal liability of the debtor, whether or not discharge
of such debt is waived."

Plaintiff's allegations do not indicate that Defendants have taken any action which
violates the discharge injunction in his bankruptcy case. Plaintiff asserts that
Defendants are in the process of proceeding with a judicial foreclosure against the
Property. Such an action is not in violation of the discharge injunction, which applies
only to a debtor's *personal liability*. Discharge does not impair a creditor's right to
proceed *in rem* against property by which its claim is secured. *In re Blendheim,* 803
F.3d 477, 493-494 (9th Cir. 2015).

   **G.  FRBP 3001(c)(2)(B) and (C)**

Plaintiff alleges that Defendants violated FRBP 3001(c)(2)(B) and (C) by failing to
file a proof of claim and accompanying documents. Under 11 U.S.C. § 501(a), a
creditor "may file a proof of claim." A "claim" is a right to payment without regard to
whether the creditor has filed a proof of claim. 11 U.S.C. § 101(5). Secured creditors
must generally file proofs of claim in order to receive payment from the bankruptcy
estate; however, "a lien that secures a claim against the debtor is not void due only to
the failure of any entity to file a proof of claim." FRBP 3002(a).

Unless affirmative action is taken to avoid a lien, a "bankruptcy discharge
extinguishes only one mode of enforcing a claim—an in personam action;" liens and
other secured interests survive the bankruptcy. *Johnson v. Home State Bank,* 501 U.S.
78, 79 (1991). In other words, a bankruptcy discharge has the effect of relieving a
debtor's personal liability, but it does not extinguish debts secured by property.
Consequently, regardless of Plaintiff's discharge, Defendants may take action to
satisfy their secured claim through the sale of the Property.

Furthermore, a failure to file a proof of claim does not give rise to a cause of action
which Plaintiff may assert.  As concerns Plaintiff, the only effect of a secured
creditor's failure to file a proof of claim is that the secured creditor may not take part
in distributions from the estate, if distributions to creditors from unencumbered,
nonexempt property ever become available. Accordingly, Plaintiff has not stated a
cause of action under FRBP 3001(c)(2), nor can Plaintiff amend the Complaint in any
way that would state one.

---

### United States Bankruptcy Court
### Central District of California
#### San Fernando Valley
#### Judge Victoria Kaufman, Presiding
#### Courtroom 301 Calendar

**Wednesday, May 2, 2018**                                      **Hearing Room**    **301**

---

**2:30 PM**
**CONT...**      Steven Mark Rosenberg                                       Chapter 7

### H. Fraudulent Concealment

Fraudulent concealment of a cause of action effectively "tolls" that cause of action for the period for which it was fraudulently concealed. In order to assert that a cause of action was tolled under a fraudulent concealment theory, a plaintiff must show: (1) the substantive elements of fraud; and (2) an excuse for late discovery of the facts. *Investors Equity Life Holding Co. v. Schmidt*, 195 Cal. App. 4th 1519 (4th Dist. 2011). The elements of an action for fraud and deceit based on concealment are:

> (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-613 (1992).

Plaintiff asserts his fourth cause of action on the theory that Defendants have known that their chain of assignment was broken throughout the course of the state law proceeding and Plaintiff's bankruptcy proceeding, and they fraudulently concealed that information. The Court need not assess whether Plaintiff has properly alleged fraudulent concealment, or timely brought the allegation, if Plaintiff cannot demonstrate that he sustained damage as a result of the concealed fact. Plaintiff has not demonstrated that he has standing to recover based on an improper assignment.

In California, *post*-foreclosure wrongful foreclosure actions based on improper chain of title are appropriate. *See Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016); *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079 (2013). However, California Courts of Appeal have held that a homeowner lacks standing in a pre-foreclosure action to challenge a foreclosure sale. *Saterbak v. JP Morgan Chase Bank, N.A.*, 245 Cal. App. 4th 808 (2016); *Yhudai v. IMPAC Funding Corp.*, 1 Cal.App.5th 1252 (2016).

---

### United States Bankruptcy Court
### Central District of California
San Fernando Valley
#### Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                     **Hearing Room**    **301**

___

2:30 PM
**CONT...**     **Steven Mark Rosenberg**                              Chapter 7

Furthermore, under *Yvanova*, Plaintiff lacks standing to argue the voidability of the
assignment of the DOT. In that case, a plaintiff brought a post-foreclosure suit for
wrongful foreclosure of her property. The plaintiff argued that the lender lacked an
interest in her property giving it the right to foreclose because its interest was based
on an assignment made after the closing date in the pooling and service agreement.
The California Supreme Court reasoned:

> California law does not give a party personal standing to assert rights or
> interests belonging solely to others...When an assignment is merely voidable,
> the power to ratify or avoid the transaction lies solely with the parties to the
> assignment; the transaction is not void unless and until one of the parties takes
> steps to make it so. A borrower who challenges a foreclosure on the ground
> that an assignment to the foreclosing party bore defects rendering it voidable
> could thus be said to assert an interest belonging solely to the parties to the
> assignment rather than to herself.

*Yvanova*, 62 Cal. 4th at 936. The California Supreme Court held that void
assignments do confer standing on a borrower to bring a post-foreclosure action. *Id.* at
942-943.

Plaintiff has not asserted that any party to the PSA or the assignments have taken
action to render the assignments void, and Plaintiff, who was not a party to the PSA,
does not have the power to bring a suit to void it. Accordingly, Plaintiff has not yet
suffered harm giving him standing to bring a suit based on the allegedly improper
assignments of the DOT. Moreover, because Plaintiff's failure to state a claim is
based on lack of standing, Plaintiff cannot amend the Complaint to state a claim for
relief on the current facts.

In any event, Plaintiff would have a problem demonstrating damages based on the
alleged improper chain of assignments. Regardless of the specific holder of the
assignment, the Property is encumbered. The harm to Plaintiff is not a result of the
allegedly improper assignment or the failure of any Defendant to reveal the nature of
the assignments to him. Consequently, Plaintiff has not asserted a cause of action
based on fraudulent concealment of the allegedly improper assignments of the DOT.

I.   18 U.S.C. § 157

___

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
**Judge Victoria Kaufman, Presiding**
Courtroom 301 Calendar

**Wednesday, May 2, 2018**                                                    **Hearing Room    301**

2:30 PM
CONT:...    **Steven Mark Rosenberg**                                          **Chapter 7**
       Pursuant to 18 U.S.C. § 157:

> a person who, having devised or intending to devise a scheme or artifice to
> defraud and for the purpose of executing or concealing such a scheme or
> artifice or attempting to do so—
>
>> (1) files a petition under title 11, including a fraudulent involuntary
>> petition under section 303 of such title;
>> (2) files a document in a proceeding under title 11; or
>> (3) makes a false or fraudulent representation, claim, or promise
>> concerning or in relation to a proceeding under title 11, at any time
>> before or after the filing of the petition, or in relation to a proceeding
>> falsely asserted to be pending under such title,
>
> shall be fined under this title, imprisoned not more than 5 years, or both.

This statute deals with criminal bankruptcy fraud, and criminal matters are generally
not within the jurisdiction of bankruptcy courts. *See Matter of Hipp, Inc.*, 895 F.2d
1503, 1511 (5th Cir. 1990). In addition, as an initial matter, Plaintiff has not stated a
cause of action under 18 U.S.C. § 157 because the statute does not create a private
cause of action. *See Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 76 (D.C.
Cir. 2017) (holding that no private right of action is necessarily created by a criminal
statute which does not expressly create one).

A bankruptcy court may refer a matter to the district court and a district attorney
where the court believes that the statute has been violated and such referral is
appropriate. *See In re McDonald*, 497 B.R. 489, 493 (Bankr. D.S.C. 2013). Here,
however, it is not clear that Defendants have violated 18 U.S.C. § 157. Plaintiff has
not made allegations regarding any specific filing made by any Defendant in the
bankruptcy proceeding. The only filing by any Defendant in the main case is a request
for special notice by Deutsche Bank. Plaintiff alleges that Defendants made
misrepresentations to him and to the court in the Probate Action regarding the validity
of their title, but such a representation is not punishable under § 157 (which creates
criminal liability for fraudulent *filings* in a *bankruptcy* proceeding). Consequently,
Plaintiff has not asserted a cause of action upon which relief can be granted under §
157, and would not be able to amend the Complaint to assert one.

### United States Bankruptcy Court
### Central District of California
#### San Fernando Valley
#### Judge Victoria Kaufman, Presiding
#### Courtroom 301 Calendar

**Wednesday, May 2, 2018**                                     **Hearing Room    301**

2:30 PM
CONT...    **Steven Mark Rosenberg**                                **Chapter 7**
J.  **Declaratory Relief**

Declaratory relief is a procedural device for granting a remedy. It does not create any
substantive rights or causes of action. *Harris County Texas v. MERSCORP Inc.*, 791
F.3d 545, 552 (5th Cir. 2015). Courts inquire whether there is a "substantial
controversy, between parties having adverse legal interests, of sufficient immediacy
and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v.
Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Plaintiff argues that declaratory relief is appropriate based on the actions of
Defendants to foreclose on the Property. However, as discussed above, Plaintiff has
not asserted any actual wrongdoing with respect to the foreclosure actions. In
addition, based on his fraudulent concealment theory, Plaintiff cannot assert any harm
pre-foreclosure. Therefore, Plaintiff does not have a "substantial controversy" with
Defendants upon which declaratory relief can be granted, and he would not be able to
amend the Complaint to assert one.

III.    CONCLUSION

For the foregoing reasons, the Court will grant the motion without leave to amend as
to Movants and Deutsche Bank.

Movants must submit the order within seven (7) days.

| Party Information |
| --- |

**Debtor(s):**

Steven Mark Rosenberg                      Represented By
                                            Charles  Shamash

**Defendant(s):**

Deutsche Bank National Trust               Represented By
                                            Marvin B Adviento
                                            Lukasz I Wozniak
                                            T Robert Finlay
                                            Nicole S Dunn

Ocwen Loan Servicing, Inc                  Represented By

## United States Bankruptcy Court
### Central District of California
#### San Fernando Valley
#### Judge Victoria Kaufman, Presiding
#### Courtroom 301 Calendar

Wednesday, May 2, 2018                                  Hearing Room     301

---

2:30 PM
CONT...    **Steven Mark Rosenberg**                                   Chapter 7

|  |  |
|---|---|
|  | Marvin B Adviento |
|  | Lukasz I Wozniak |
|  | T Robert Finlay |
|  | Nicole S Dunn |
| Alliance Bancorp, Inc | Represented By |
|  | Marvin B Adviento |
| Alliance Bancorp Estate Trustee | Pro Se |
| MERS Mortage Electronic | Represented By |
|  | Marvin B Adviento |
|  | Lukasz I Wozniak |
|  | T Robert Finlay |
|  | Nicole S Dunn |
| One West Bank | Pro Se |
| DOES 1 through 25, inclusive | Pro Se |
| CIT BANK, N.A. (f/k/a One West | Represented By |
|  | KRISTIN  WEBB |

Plaintiff(s):

|  |  |
|---|---|
| Steven Mark Rosenberg | Pro Se |

Trustee(s):

|  |  |
|---|---|
| Amy L Goldman (TR) | Pro Se |

---

## PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On May 16, 2018, I served the within **AMENDED ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**[SEE ATTACHED SERVICE LIST]**

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express Overnight with the delivery fees provided for.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 16, 2018, at Newport Beach, California.

Jovete Elguira

1

**PROOF OF SERVICE**

**ATTACHED SERVICE LIST**

Steven Mark Rosenberg
15814 Septo Street
North Hills, CA  91343
*Plaintiff  Pro Se*

Robert Garnett, Esq.
Tomas A. Ortiz, Esq.
GARRETY & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, CA 91101-4869
*Attorneys for Deutsche Bank National Trust Co.*

Kristin Webb, Esq.
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA  92612
(949) 223-7000; FAX (949) 223-7100
webbk@bryancave.com
*Attorney for Cit Bank, N.A.*

Amy L. Goldman (**TR**)
633 W. 5th Street, Suite 4000
Los Angeles, CA  90071
(213) 250-1800
*Trustee*

United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017
(213) 894-6811
*U.S. Trustee*

Judge Victoria S. Kaufman
U.S. Bankruptcy Court – Central District
(San Fernando Valley)
21041 Burbank Blvd.
Woodland Hills, CA  91367-6603

**WRIGHT, FINLAY & ZAK, LLP**
T. Robert Finlay, Esq., SBN 167280
Nicole S. Dunn, Esq., SBN 213550
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050; Facsimile: (949) 608-9142

Attorneys for Defendants, Ocwen Loan Servicing, LLC
and Mortgage Electronic Registration Systems, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: STEVEN MARK ROSENBERG, Debtor. | Bankruptcy Case No. 1:17-bk-11748-VK Chapter 7 |
| | Adversary Case No. 1:17-ap-01096-VK |
| STEVEN MARK ROSENBERG, <br><br> Plaintiff, <br> v. <br><br> ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE, <br><br> Defendants. | **AMENDED JUDGMENT FOLLOWING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Hearing: <br> Date: May 2, 2018 <br> Time: 2:30 p.m. <br> Crtrm: 301 |

WRIGHT FINLAY & ZAK™
ATTORNEYS AT LAW

1
AMENDED JUDGMENT FOLLOWING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS

1    The Motion for Judgment on the Pleadings of Defendants, Ocwen Loan

2  Servicing, LLC and Mortgage Electronic Registration Systems, Inc. and Joinder of

3  Deutsche Bank National Trust Company, As Trustee For Alliance Bancorp

4  Mortgage Backed Pass-Through Certificate Series 2007-OA1 (collectively

5  "Defendants"), as to the Complaint of Plaintiff, Steven Mark Rosenberg

6  ("Plaintiff"), came on regularly for hearing on May 2, 2018, at 2:30 p.m. in

7  Courtroom "301" of the above-entitled Court, located at 21041 Burbank Blvd.,

8  Courtroom 301, Woodland Hills, California.

9    Having considered the papers submitted by the parties and having given the

10  parties the opportunity to present oral argument, the Court ORDERED as follows:

11    1.   Defendants' Motion for Judgment on the Pleadings is GRANTED

12         without leave to amend.

13    2.   Judgment on Plaintiff's Complaint shall be entered in favor of

14         Defendants, Ocwen Loan Servicing, LLC and Mortgage Electronic

15         Registration Systems, Inc. and Deutsche Bank National Trust

16         Company, As Trustee For Alliance Bancorp Mortgage Backed Pass-

17         Through Certificate Series 2007-OA1;

18    3.   Plaintiff's entire action against Defendants is DISMISSED with

19         prejudice;

20    4.   Plaintiff shall take nothing by the Complaint;

21    5.   This is a final judgment.

22

23                              ###

24

25

26

27

28

                              2

AMENDED JUDGMENT FOLLOWING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS

## PROOF OF SERVICE

1      I, Jovete Elguira, declare as follows:

2      I am employed in the County of Orange, State of California. I am over the age of
3 eighteen (18) and not a party to the within action. My business address is 4665
4 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar
5 with the practices of Wright, Finlay & Zak, LLP, for collection and processing of
6 correspondence for mailing with the United States Postal Service. Such correspondence is
7 deposited with the United States Postal Service the same day in the ordinary course of
8 business. I am aware that on motion of party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after date of deposit for
mailing in affidavit.

9      On May 16, 2018, I served the within **AMENDED JUDGMENT FOLLOWING**
10 **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** on all
interested parties in this action as follows:

11 [X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s)
12      addressed as follows:

13      **[SEE ATTACHED SERVICE LIST]**

14 [X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this
15      date following ordinary business practices.

16 [ ]   (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true
17      and correct copies thereof enclosed in a package designated by Federal Express
     Overnight with the delivery fees provided for.

18 [X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the
19      office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set
20      forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing
     (NEF) is generated automatically by the ECF system upon completion of an
21      electronic filing. The NEF, when e-mailed to the e-mail address of record in the
22      case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A
     copy of the NEF shall be attached to any document served in the traditional manner
23      upon any party appearing pro se."

24 [X]   (Federal) I declare under penalty of perjury under the laws of the United States of
25      America that the foregoing is true and correct.

26      Executed on May 16, 2018, at Newport Beach, California.

27

Jovete Elguira

28

1

PROOF OF SERVICE

**ATTACHED SERVICE LIST**

Steven Mark Rosenberg
15814 Septo Street
North Hills, CA  91343
*Plaintiff Pro Se*

Robert Garnett, Esq.
Tomas A. Ortiz, Esq.
GARRETY & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, CA 91101-4869
*Attorneys for Deutsche Bank National Trust Co.*

Kristin Webb, Esq.
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA  92612
(949) 223-7000; FAX (949) 223-7100
webbk@bryancave.com
*Attorney for Cit Bank, N.A.*

Amy L. Goldman (TR)
633 W. 5th Street, Suite 4000
Los Angeles, CA  90071
(213) 250-1800
*Trustee*

United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017
(213) 894-6811
*U.S. Trustee*

Judge Victoria S. Kaufman
U.S. Bankruptcy Court – Central District
(San Fernando Valley)
21041 Burbank Blvd.
Woodland Hills, CA  91367-6603

2
PROOF OF SERVICE

1    STEVEN MARK ROSENBERG

2    106 ½ Judge John Aiso St. #225
     Los Angeles, CA 90012

3    310-971-5037

4    In Pro Per

FILED

JUN 11 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

5

6

7    **UNITED STATES BANKRUPTCY COURT**
     **CENTRAL DISTRICT OF CALIFORNIA/San Fernando Valley**

8

9    In re: STEVEN MARK ROSENBERG,  )
                                     ) Bankruptcy Case No. 1:17-bk-11748-VK
10   Debtor.                         ) Chapter 7
                                     )
11   _____ )
                                     ) Adversary Case No. 1:17-ap-01096-VK
12   In re: STEVEN MARK ROSENBERG    )
                                     )
13   Plaintiff                       ) NOTICE OF MOTION AND MOTION
                                     ) TO ALTER OR AMEND JUDGMENT;
14          vs.                      ) MEMORANDUM OF POINTS AND
                                     ) AUTHORITIES.
15   ALLIANCE BANCORP, INC, (Estate),)
16   MORTGAGE ELECTRONIC             )
     REGISTRATION SYSTEMS, INC.,     ) Judge  Victoria S. Kaufman
17   OCWEN LOAN SERVICING,  ONE      )
18   WEST BANK, DUETSCHE BANK        ) Hearing:
     NATIONAL TRUST COMPANY, AS      ) Date:
19   TRUSTEE FOR ALLIANCE            ) Time:
20   BANCORP MORTGAGE BACKED         ) Crtrm:
     PASS-THROUGH CERTIFICATE        )
21   SERIES 2007-OA1 AND DOES 1      )
22   THROUGH 25, INCLUSIVE,          )
                                     )
23
     _____
24   Defendants

25
              PLEASE TAKE NOTICE that on _____, at _____M. in Courtroom _____ of the
26
27   above-entitled Court located at 21041 Burbank Blvd, Woodland Hills, CA 91367,

28   **PLAINTIFF** will move this Court for an order altering or amending the judgment entered on May

Page 1

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

324

1  14, 2018 on the grounds that  BASED ON A CLEAR ERROR AND IS MANIFESTLY UNJUST;

2  and said grounds have resulted in a miscarriage of justice if this motion is not granted as more fully

3  set forth in the memorandum of points and authorities attached thereto, filed and served concurrently

4  herewith and incorporated herein by reference.

5
6          This motion is made pursuant to *Federal Rule of Civil Procedure* 59(e) ("Rule 59") and

7  shall be based upon this notice and the attached memorandum of points and authorities and  the

8  complete files and records of this action, and such other and further oral and documentary evidence as

9  may be presented at the hearing on this motion.

10

11
12  Dated_____June 11, 2018_____                    _Steven mark Rosalang_
                                                   In Pro Per
13                                                 Steven Mark Rosenberg

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 2

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

STEVEN MARK ROSENBERG
106 ½ Judge John Aiso St. #225
Los Angeles, CA 90012
310-971-5037
In Pro Per

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA/San Fernando Valley

|  |  |
|---|---|
| In re:  STEVEN MARK ROSENBERG, Debtor. | ) ) ) Bankruptcy Case No. 1:17-bk-11748-VK ) Chapter 7 ) ) |
| _____ In re:  STEVEN MARK ROSENBERG Plaintiff vs. ALLIANCE BANCORP, INC, (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING,  ONE WEST BANK, DUETSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE, Defendants _____ | ) Adversary Case No. 1:17-ap-01096-VK ) ) NOTICE OF MOTION AND MOTION ) TO ALTER OR AMEND JUDGMENT; ) MEMORANDUM OF POINTS AND ) AUTHORITIES. ) ) Judge Victoria S. Kaufman ) ) Hearing: ) Date: ) Time: ) Crtrm: ) ) ) ) ) ) |

## MOTION TO ALTER OR AMEND JUDGMENT

The Plaintiff, Steven Rosenberg respectfully moves the Court, pursuant to Federal
Rule of Civil Procedure 59(e), to alter or amend its Judgment dated 05/014/2018

Page 1
NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

326

1  allowing the Defendant's Motion for Judgment on the Pleadings without allowing

2  the Plaintiff an opportunity to amend. The judgment requires to be amended on

3  the ground that the Court has allowed the Defendant's Motion for judgment on the

   Pleadings on the misbelief that the foreclosure of the property involved is done by

4  means of a judicial foreclosure. However, in the instant case, there is no case of

5  judicial foreclosure and the case regard to process of non- judicial foreclosure.

6  Similarly, the Court has not considered Rule 17 read with Section 9850 of the

7  Probate Code which would deny the defendants the right to rem. The Court has

8  also violated the legal maxim of fraud vitiates everything and the fact that the

9  defendants in the instant case have not adduced any evidence to prove themselves

10 as legitimate and secured creditors of the Plaintiff herein.

11 Therefore, it is necessary that the order of the Court be altered or amended in

12 order to clear error of law and prevent manifest injustice.

13

14                                      **A.**

                          **STATEMENT OF THE CASE**

15 The Plaintiff had filed the adversary proceeding in November 27 , 2017 to challenge

16 the wrongful non judicial foreclosure of the Estate property situated at 15814

17 Septo Street, North Hills, California 91343. It is in this very adversary proceeding

18 that the Defendants had filed the motion for judgment on pleadings to determine

19 the case on a question of law, claiming insufficiency of claims and pleadings by the

20 Plaintiff in the adversary proceeding.On May 14th , 2018, the Court entered  the

21 Order motion for judgment on pleadings filed by the Defendants among other

22 grounds, one among them being that the Plaintiff did not have the legal standing to

23 challenge the assignments as he could not prove his claims that the assignments

24 of the Deed of Trust with regard to Estate Property located at 15814 Septo Street,

   North Hills, California 91343 (hereinafter referred to as 'Estate Property') were void

25 and on the misbelief that the foreclosure proceedings were based that of a judicial

26 foreclosure. This motion to amend is being filed on the ground that the said case is

27 challenging assignments in a case of non-judicial foreclosure proceedings.

28

                                                                    Page 2

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

327

## B.
## STANDARD OF REVIEW

Any motion that challenges the correctness of a court's final judgment order is deemed a motion to alter or amend the judgment pursuant to Federal Rule 59(e). Bass v. United States Dep't of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000) (citing Harcon Barge Co., Inc. v. D&G Boat Rentals, 784 F.2d 665, 667 (5th Cir. 1986) (en banc)). Such a motion should be granted if there is an intervening change in controlling law; if new evidence, previously unavailable and materially affecting the judgment, becomes available; or if it is necessary to grant the motion to correct a clear error of law or prevent manifest injustice. Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990); see alsoWaltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).

## C.
## ARGUMENT

## I.

## THE JUDGEMENT SHOULD BE ALTERED BECAUSE IT
## CONFLICTS WITH THE ORDER OF THE COURT OF APPEAL
## OF THE STATE OF CALIFORNIA WHICH SUPPORTS THE CLAIM
## OF THE PLAINTIFF TO CHALLENGE THE ASSIGNMENTS

The Court has passed the order without considering the difference between a judicial foreclosure and a non-judicial foreclosure. Judicial foreclosure is when the mortgage or deed of trust does not contain a power-of-sale clause or if, for other reasons, the note holder determines that a non-judicial foreclosure is not advisable, it can proceed against the borrower in a judicial foreclosure. As is implied in the procedures name, this type of foreclosure involves the filing of a lawsuit against the borrower alleging the original debt, the default on the part of

Page 3

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

328

1  the borrower, and a "prayer" that order be issued requiring the sale of the real
2  estate for the benefit of the lender.

3
4  A non-judicial foreclosure is when the deed of trust securing the loan
   transaction contains a "power-of-sale" clause. Under the power of that clause, the
5  trustee may – at the request of the owner of the note and deed of trust, and after a
6  default by the borrower – sell the real estate to pay off the balance of the loan.
7  Usually, the default is a failure to pay the monthly installments due under the
8  terms of the note that is secured by the deed of trust. Default can occur due to
9  other circumstances, however. Ordinarily, if the borrower has failed to pay
10 designated taxes or has failed to insure the property that constitutes default and
11 could result in a non-judicial foreclosure.

12
13 The Court has in the instant case *posted to docket [doc 41]* and
   incorporated herein page reference in its entirety on Page 8 , Paragraph # 8
14 erroneously stated that the Defendants in the instant case have initiated a process
15 of judicial foreclosure with regard to the estate property in the case.   Quoted
16 directly below:
17     "Plaintiff asserts are in the process of proceeding with a judicial foreclosure
18     (emphasis added) against the property"
19
20 The procedure for a judicial and non-judicial foreclosure can be clearly
21 distinguished. The Court in the instant case has not considered the fact that in a
22 case of non-judicial foreclosure the borrower has interest in challenging the
23 assignments of the Deed of Trust. The same has been held in the case of *Yvanova*
   *v. New Century Mortgage Corp,* *Case No. S218973 (Cal. Sup. Ct. February 18,*
24 *2016),* "The Supreme Court held that a home loan borrower who has suffered a
25 non-judicial foreclosure has standing to sue for wrongful foreclosure based on an
26 allegedly void assignment even though she was in default on the loan and was not

27
28

Page 4

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

329

1  a party to the challenged assignment because an allegation that the assignment

2  was void will support an action for wrongful foreclosure".

3

4  The same has been further reiterated in the case of *Ron Hacker v. Homeward*

5  *Residential Inc,* (B278537) Court of Appeal, California reaffirmed that a borrower

6  has the right to challenge assignments and allege that the assignments are void.

**II.**

7  **THE JUDGMENT SHOULD BE ALTERED AS IT IS IN CONFLICT**

8  **WITH RULE 17 OF FRCP**

9  The Plaintiff herein is the administrator as Rule 17 of FRCP or of the estate

10 property and therefore has all rights to initiate cases in interest of the estate

11 property of which he is an administrator.

12 The Plaintiff herein is competent to file the suit under Rule 17 FRCP in the

13 capacity of an "administrator" and hence authorized by statute.

14 The relevant portion of Rule 17 is as follows:

15 "Rule 17- Plaintiff and Defendant; Capacity; Public Officers

16    (a) Real Party in Interest.

17    (1) *Designation in General.* An action must be prosecuted in the

18    name of the real party in interest. The following may sue in their

19    own names without joining the person for whose benefit the

       action is brought:

20    (A) an executor;

21    (B) an administrator;

22    (C) a guardian;

23    (D) a bailee;

24    (E) a trustee of an express trust;

25    (F) a party with whom or in whose name a contract has been

       made for another's benefit; and

26    (G) a party authorized by statute.

27

28

Page 5

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

1    The said Rule 17 of FRCP determines the proper plaintiff and defendant in a
2    suit. Herein, the plaintiff has filed the suit purely in the capacity of an
3    administrator. Administrator is identified as a party competent to file suit on
4    behalf of the deceased in the interest of the property as per FRCP Rule 17(B). This
5    is one among the exceptions to FRCP Rule 17(1) wherein only the real party in
6    interest is authorized to identified as a proper party to sue.

7    It is well settled that a "real party in interest" need not necessarily the
8    beneficially interested party (See C. CLARK, HANDBOOK OF THE LAW OF CODE
9    PLEADING § 21 at 160). Thus, for example, when the substantive law gives the
10   exclusive right to assert and control a claim to an executor or a trustee who has no
11   beneficial interest, the executor or trustee is the only "real party in interest."(See
12   3A J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE 117.12 (2d ed. 1989)
13   [hereinafter MOORE's FEDERAL PRACTICE]).

14   Hence, in the instant matter the plaintiff even if is  not considered as as
15   beneficiary or real party in interest is competent to file the suit in the capacity of
16   an Administrator. In other words the Plaintiff is not personally liable for any
17   charges on the property or he is not a beneficiary in the property. The Plaintiff is
18   only bestowed with the responsibility to administer the property in the best
19   interest. Hence, the suit is filed as an administrator to prevent illegal foreclosure of
20   the property by the Defendants fraudulently. The Plaintiff is not a beneficiary
21   herein and is not personally liable for any charges on the property if any. In other
22   words, the Defendants have absolutely no right in Personam over the Plaintiff or
23   the estate property.

24   Also by filing this suit vide FRCP Rule 17(B) the Plaintiff is not admitting to
25   the loan instead he is only delivering his responsibility as an administrator of the
26   property so as to prevent such illegal and fraudulent foreclosure.In addition, the
27   California Probate Code, mandates the acceptance of the debts if any before the
28

Page 6

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

331

1  court in a clear and convincing mode to execute in rem right over the estate. The
2  Plaintiff herein has not accepted any loan/debt over the property at any time
3  during the course of the proceedings. Hence, in the instant matter the Defendants
4  neither have a right over the property in rem nor sue the plaintiff in Personam.

### III.

### THE JUDGMENT SHOULD BE ALTERED AS IT NEGLECTED THE PRINCIPLE OF EQUITABLE TOLLING AND FRAUD VITIATES EVERYTHING

9       The Court has recognized and does not deny the existence of fraud in the
10  instant case. However, the Court has denied the claim of fraud alleged by the
11  Plaintiff against the defendants only on the ground that it has been barred by
12  limitation. The Court in Pacer Docket 41 stated on Page No 7 of 13 , paragraph #
13  3, ( E. Statute of Limitations, stated the principle of equitable tolling as,

15       ""Equitable tolling applies to situations in which a party has several legal
16  remedies, pursues one such remedy reasonably and in good faith, and then turns
17  to the second remedy after the statute has expired on that remedy."

18       The equitable tolling principle allows a court to suspend the "clock" of a
19  statutorily mandated time limitation in the interests of equity. The Supreme Court
20  further states that this equitable doctrine is read into every federal statute of
21  limitation. (See *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).

23       The doctrine has been used by the court to ensure that an individual does
24  not escape justice simply because of a lapse in time.

25       The Court in its judgment failed to recognize that the claims of the Plaintiff
26  in the adversary pleading before this Court are not time barred and require the
27  application of the principle of equitable tolling.
28

Page 7

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

332

The assertion in the order that the Plaintiff's claims are time barred is false and not supported by law. The forgery with regard to the signature of Isadore Rosenberg creating the alleged Deed of Trust (hereinafter referred to as 'DoT') on the Estate Property located at 15814 Septo Street, North Hills, California 91343 (hereinafter referred to as 'Estate Property') came to be known to the Plaintiff only after the death of the Plaintiff's father's i.e. Isadore Rosenberg's death in 2008. In pursuance to the same, the Plaintiff on realizing that the alleged DoT was not executed by his father, Isadore Rosenberg had filed a petition as per Section 850 of the Probate Code as administrator and trustee of the estate of Isadore Rosenberg to determine title to real property where someone other than the decedent or trustor claims to have title to or an interest in the property before the Superior Court of Los Angeles County, and for forgery as the signature of the key document was forged by a unscrupulous criminal caregiver of Isadore Rosenberg. However, in 2015, the case was dismissed with prejudice to which the Plaintiff had filed an appeal which ordered the Court to provide the Plaintiff dismissal of case without prejudice. The Plaintiff then filed the Adversary proceeding in November, 2017 as a continuation to the litigation that was initiated in 2009.

The Plaintiff had made the first allegation with regard to forgery and fraud against the Defendants in 2009 which was well within the time period of initiating a case. Similarly, the limitation of 3 years, with regard to initiating fresh proceedings would start from the day on which the Plaintiff's Probate case was dismissed without prejudice. This adversary proceeding alleging forgery and fraud with regard to the alleged DoT against the Defendants was initiated in November, 2017 which is well within the time period stipulated and the adversary proceeding can be considered as a continuation to the proceedings initiated by the Plaintiff against the Defendants based on the forgery and fraud involved in the alleged DoT through which the Defendants are attempting to assert rights on the property to which the Plaintiff alone is legally entitled.

Page 8

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

333

Thus, applying the principle of equitable tolling the Plaintiff had initially pursued the legal remedy available by filing a probate case in good faith, however due to the statutory period of 5 years limitation to finish the case, the Plaintiff then resorted to second remedy available by initiating the adversary proceeding. However, the allegation of fraud was first initiated well within the time span of 3 years and the judgment is required to be altered on the ground that there was no proper application of the principle of equitable tolling.

In the aforesaid circumstances the Court also failed to recognize the principle that fraud vitiates everything. The aspect of fraud destroys and vitiates any right that has been created as a result of such fraudulent act. The Supreme Court of the Untied States in *United States v. Throckmorton* while discussing the principle of 'fraud vitiates everything' held that,

"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments."

In the instant case, there has been no claim on the side of the Defendants that they have not committed fraud, the only allegation by the defendants which then became part of the order is that the allegation of forgery and fraud by the Plaintiff is barred by limitation. However, as stated above if the rule of equitable tolling is considered then there is a definite case of fraud and the non-consideration of the same in the order is blatant and apparent error on the face of it and is required to be amended or altered.

## IV.

### THE JUDGMENT SHOULD BE ALTERED AS DEFENDANTS DO NOT EXPRESSLY DENY FRAUD COMMITTED

Page 9

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

334

The judgment does not consider the aspect that even if the alleged facts were considered not to be admitted by the Defendants on the filing of the Motion for judgment on pleadings, the very fact that the Defendants in the instant motion for Judgment have not denied such forging or fraudulent activities committed by them anywhere in the motion. The only claim by the Defendants is with regard to the time period within which the forgery and fraud committed should have been alleged and the specificity with regard to such allegation of forgery and fraud. This itself proves that the Defendants have impliedly admitted to the facts and allegations of fraud alleged by the Plaintiff in the Adversary proceeding.

Whereas, the Plaintiff has clear and unambiguous report of the handwriting Expert and further evidences to prove the forgery with regard to the signature of Isadore Rosenberg in the alleged DoT.

The judgment needs to be altered on the ground that the Court has not considered the aspect there is clear case of fraud and in such circumstances there arises an obligation on the side of the Court to report the same to the Law enforcement agency. The judgment is required to be altered on the ground that the Court cannot ignore the admissions of fraud committed by the defendants and the basic principle of the motion for judgment on the pleadings is the proper procedure when all of the material allegations of fact are admitted in the pleadings and only questions of law remain as laid down in *Ragsdale v. Kennedy*, *286 N.C. 130, 209 S.E.2d 494 (1974).*

## V.

## THE JUDGMENT SHOULD BE ALTERED AS THE DEFENDANTS ARE NO LEGITIMATE CREDITORS

The judgment is required to be altered because as per Docket 41 as found on page No 7, paragraph No. 5 of the judgment the Court states that the bankruptcy

Page 10

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

335

discharge of the Plaintiff has already occurred. The Court failed to recognize the basic fact that the adversary proceeding is initiated by the Plaintiff in order to ensure that legitimate creditors claims are paid off. However, in the instant case the only claim of the plaintiff lies in the fact that the defendants have only made mere assertions with regard to the fact that they are secured creditors but have not proved the same.

The judgment does not record the fact that the case did not follow Rule 2004 of Federal Rules of Bankruptcy Procedure, which deals with the provisions of examination of evidences and witnesses.

The Defendants have not in any instance as mentioned above denied the claim of the Plaintiff that the transaction of the Deed of trust has been created with the aspects and elements of fraud and forgery and their claim only rests in the fact that the allegation and claim of fraud and forgery stated by the Plaintiff is barred by limitation. In such circumstances it is highly necessary that the Court should have asked the defendants for proof to support their claim of being secured creditors and thereby being legitimate creditors who would right in Personam as well as right in rem with regard to the proceeds of the Estate property and could also make the Plaintiff personally liable to pay off the debt regarding the DoT created on the Estate Property. Thus, the judgment is required to be altered and amended on the ground that the judgment omitted to assert on as to why the defendants should be considered as secured creditors who shall have right over the proceeds of the Estate property.

## CONCLUSION

For the reasons stated above, the Plaintiff, Steven Rosenberg respectfully moves the Court to

Page 11

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

336

1.  alter or amend the Judgment entered May 14, 2018, and instead deny
    Defendant's Motion for judgment on Pleadings.

2.  amend or alter the Judgment to correct the error with regard to the process
    of foreclosure initiated by the defendants from that of judicial foreclosure to
    non – judicial foreclosure as found on Docket 41- page 8 of 13/ Paragraph 2.

3.  In alternative Dismiss the adversary proceeding without prejudice.


Dated this the 11th day of June, 2018



                        Respectfully submitted,


                        *Steven Mark Rosenberg*

                        Steven Mark Rosenberg
                        Plaintiff in Pro Per

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
106 1/2 Judge John Aiso St.
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (specify): _____
NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) __06/11/2018__, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/11/2018 | CARRIE FELICITAS | |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1  ATTACHED SERVICE LIST

2

3  MERS Mortgage Electronic Systems, INC

4  Attn: T. Robert Finlay, Partner  cc: Nicloe Dunn, Esq

5  4665 MacArthur Court, Suite 200

6  New port Beach, CA 92660

7  OCWEN LOAN Servicing, INC

8  c/o T. Robert Finlay, Partner  cc: Nichole Dunn, Esq

9  4665 MacArthur Court, Suite 200

   Newport Beach, CA 92660

10

11

12  Amy L. Goldman (TR)          Alliance Bancorp, Inc
    633 W. 5th Street, Suite 4000
13  Los Angeles, CA 90071        815 Commerce Dr.
    (213) 250-1800               Oak Brook, IL
14  *Trustee*                    66052 3

15  United States Trustee (SV)
16  915 Wilshire Blvd., Suite 1850
17  Los Angeles, CA 90017
    (213) 894-6811
18  *U.S. Trustee*

19
    Judge Victoria S. Kaufman
20  U.S. Bankruptcy Court – Central District
21  (San Fernando Valley)
    21041 Burbank Blvd.
22  Woodland Hills, CA 91367-6603

23
    Deutsche Bank National Trust in
24  Alliance Bancorp Trust 2007 OA-1
25  c/o: ROBERT Garrett of  Law Firm of Garrett & Tully
26  225 South Lake, Suite 1400
27  Pasadena, CA 91101

28

                        2
              PROOF OF SERVICE

1  Steven Mark Rosenberg,
2  106 Judge John Aiso Street #225
   Los Angeles, CA 90012
3  (310) 971-5037
4  Founder@PuttingElders1st.org
   In Pro Per
5
6

FILED

SEP - 5 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

7
8          **UNITED STATES BANKRUPTCY COURT**

           **CENTRAL DISTRICT OF CALIFORNIA/SAN FERNANDO VALLEY**
9

10  In re: STEVEN MARK ROSENBERG     )
                                     ) **Bankruptcy Case No. 1:17-bk-11748-VK**
11  Debtor                           ) **Chapter 7**
12  _____  )
                                     ) **Adversary Case No. 1:17-ap-01096-VK**
13                                   )
    In re: Steven Mark Rosenberg,    )
14                                   ) **PLAINTIFF'S DECLARATION IN**
    Plaintiff                        ) **SUPPORT OF PLAINTIFF'S MOTION**
15                                   ) **TO ALTER OR AMEND JUDGMENT**
16          vs.                      )
                                     ) **Judge  Victoria Kaufman**
17                                   )
    ALLIANCE BANCORP, INC, (Estate)  )
18  MORTGAGE ELECTRONIC              ) **Hearing**
19  REGISTRATION SYSTEMS, INC.,      ) **Date:**
    OCWEN LOAN SERVICING, ONE        ) **Time:**
20  WEST BANK, DEUTSCHE BANK         ) **Courtroom:**
21  NATIONAL TRUST COMPANY, AS       )
    TRUSTEE FOR ALLIANCE             )
22  BANCORP MORTGAGE BACKED          )
23  PASS-THROUGH CERTIFICATE         )
    SERIES 2007-OA1 AND DOES 1       )
24  THROUGH 25, INCLUSIVE,           )
25                                   )
    Defendants                       )
26                                   )
27                                   )
28

Page 1

PLAINTIFF'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGEMENT

340

## DECLARATION OF STEVEN MARK ROSENBERG

I, Steven Mark Rosenberg, declare and state as follows:

1. I am the Plaintiff in the Motion to Alter or Amend Judgment, that was filed in pursuance to Rule 59(e) of Federal Rule of Civil Procedure. Unless otherwise indicated, the facts set forth herein are personally known by me to be true, and if called as a witness I could and would competently testify thereto.

2. I submit this declaration in support of my Rule 59(e) FRCP, Motion to Alter or Amend the judgment that was entered into on 05/14/2018, AS Docket Number 58, allowing the Motion for judgment on pleadings by the Defendants therein.

3. I am a graduate of University of Southern California (USC) with a Master of Science Degree (1989) and a second degree from USC earning a MRED (Master of Real Estate Development) obtained in 2006. This educational obtainment, has I am finding providing me, with transferable writing and resource skills useful to this protracted litigation. In addition, for approximately six months, I was employed a Real Estate Title Examiner Associate in the City of Los Angeles, Department of Engineering, Real Estate Division, on or around the period of 1993.

4. I hereby declare that, the entire foreclosure proceedings that have been initiated against the estate property are non-judicial foreclosure proceedings and the observation of the Court to the contrary that the foreclosure proceedings are one which belong to judicial foreclosure proceedings is a clerical error while entering the judgment dated 05/14/2018 and carrying over to the Amended Judgement of June 9, 2018 as Docket Number 56. ( Indicated in Pacer as: Order Amended Judgement following Defendants Motion for Judgment on the Pleadings, signed on 6/7/18) .

5. I declare that FRCP Rule 17(a)(1)(B) lays down an exception for the general rule that an action shall be prosecuted in the name of the real party in interest. The particular rule empowers an 'administrator' of the property to

take action for the property though not being a beneficiary. In my case against the Defendants herein, as stated in my motion to alter or amend judgement, I occupy the position of an administrator of the Estate property. Hence though not being a beneficiary/real party in interest I am competent to initiate the adversary proceeding irrespective of my personal capacity. Accordingly, as per FRCP Rule 17, I am not personally liable for any charges on the estate property if any, as the said Motion is filed only in the capacity of an administrator and not beneficiary. Thus, the Defendants have absolutely no right in Personam over myself or the estate property.

6. I hereby declare that the doctrine of equitable tolling as observed by the Supreme Court in *Holmberg v. Armbrecht*, 347 U.S 392, 397 (1946) is applicable in present instance and the equitable doctrine is applicable to every federal statute of limitation. Therefore as such the present adversary proceeding initiated by undersigned,  before this Honorable Court,  is a continuation of the probate code proceedings and falls within the spectrum  of the doctrine of equitable tolling.  The Probate Action was found to be dismissed under Operation of Law, i.e., California Code of Civil Procedure § 583.310.

7. I hereby declare that the widely accepted principle  of *'fraud vitiates everything'*, is applicable to my case against the defendants herein. The Defendants cannot enforce any right, if any created upon the Estate Property as per the Deed of Trust  document and subsequent trailing recorded filings have been created by fraud and complicit  forgery by the Defendants.

8. I hereby declare that, even if the aspect of fraud is not considered, the Defendants could not assert legitimately based on the falsified chain of title documentation,  their "contested" rights in the estate property as bona fide secured creditors and therefore, they are not entitled to the proceeds that arise out of the estate property. In light of the developed  fact pattern, it will be unjust enrichment for the opposing side.

9. I hereby declare that I have made six (6)  documented attempts to set a hearing date with regard to the present   Motion to Alter or Amend Judgment. One of the  latest due diligence  attempts by myself with regard to

1   seeking   the obtaining of   a hearing  date  for the  motion to amend or alter

2   judgment was a letter sent via Overnight  Federal Express to the Court Clerk on

3   August  15,  2018  and  delivered  on  August  16,  2018   with  Proof of signing

4   available for inspection.

5         I declare  under  the  penalty  of  perjury  under  the  laws  of  the  State of
California that the foregoing is true and correct.

6         Executed this 5th day of September 2018 at *Los Angeles* , California

7

8

9                           *Steven mark Rosenberg*

10                          Steven Mark  Rosenberg

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
106 1/2 Judge John Aiso St. Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): _____
PLAINTIFF'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __09/05/2018__, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/05/2018 | CARRIE FELICITAS | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                **F 9013-3.1.PROOF.SERVICE**

1

## ATTACHED SERVICE LIST

2

3   **MERS (Mortgage Electronic Registration Systems, Inc.)**
**Attn:** T. Robert Finlay, Partner
4   Cc: Nicole Dunn, Esq.
5   4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
6

7   Ocwen Loan Servicing, Inc.
c/o T. Robert Finlay, Partner
8   Cc: Nicole Dunn, Esq.
4665 MacArthur Court, Suite 200
9   Newport Beach, CA 92660

10   Amy L. Goldman (TR)
633 W. 5th Street, Suite 4000
11   Los Angeles, CA 90071
12   213-250-1800
Trustee
13

14   United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
15   Los Angeles, CA 90017
213-894-6811
16   U.S. Trustee

17
Judge Victoria S. Kaufman
18   U.S. Bankruptcy Court- Central District
(San Fernando Valley)
19   21041 Burbank Blvd.
Woodland Hills, CA 91367-6603
20

21   Deutsche Bank National Trust in
Alliance Bancorp Trust 2007 OA-1
22   c/o Robert Garrett of Law Firm of Garrett & Tully
225 S. Lake , Suite 1400
23   Pasadena, CA 91101

24
Alliance Bancorp, Inc.
25   815 Commerce Dr.
Oak Brook, IL 60523
26

27

28

PLAINTIFF'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

```
 1              UNITED STATES BANKRUPTCY COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                       --oOo--

 4   In Re:                    )   Case No. 1:17-bk-11748-VK
                               )
 5   STEVEN MARK ROSENBERG,    )   Chapter 7
                               )
 6        Debtor.              )   Woodland Hills, California
                               )   Wednesday, May 2, 2018
 7   _____    )   2:30 p.m.
                               )
     ROSENBERG,                )
 8                             )
             Plaintiff,        )
 9                             )
     vs.                       )   Adv. No. 1:17-ap-01096-VK
10                             )
     DEUTSCHE BANK NATIONAL TRUST )
11   COMPANY, AS TRUSTEE,      )
                               )
12        Defendant.           )
                               )
13   _____

14                        DEFENDANT'S MOTION FOR
                          JUDGMENT ON THE PLEADINGS
15
                     TRANSCRIPT OF PROCEEDINGS
16         BEFORE THE HONORABLE VICTORIA KAUFMAN
               UNITED STATES BANKRUPTCY JUDGE
17

18   APPEARANCES:

19   For the Debtor:          STEVEN M. ROSENBERG
                              106 1/2 Judge John Aiso Street
20                            Unit 225
                              Los Angeles, California 90012
21                            (310) 971-5037

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

*Echo Reporting, Inc.*

ii

```
 1   APPEARANCES:   (Cont'd.)

 2   For Deutsche Bank:              TOMAS A. ORTIZ, ESQ.
                                     Garrett & Tully
 3                                   225 South Lake Avenue
                                     Suite 1400
 4                                   Pasadena, California 91101
                                     (626) 577-9500
 5
     For Ocwen and MERS:             NICOLE S. DUNN, ESQ.
 6                                   Wright, Finlay & Zak, LLP
                                     4665 MacArthur Court
 7                                   Suite 280
                                     Newport Beach, California
 8                                     92660
                                     (949) 477-5050
 9
     Court Recorder:                 Sabine Bever
10                                   United States Bankruptcy Court
                                     21041 Burbank Boulevard
11                                   Woodland Hills, California
                                       91367
12
     Transcriber:                    Jordan Keilty
13                                   Echo Reporting, Inc.
                                     4455 Morena Boulevard
14                                   Suite 104
                                     San Diego, California   92117
15                                   (858) 453-7590

16

17

18

19

20

21

22

23

24

25
```

*Echo Reporting, Inc.*

1

1   WOODLAND HILLS, CALIFORNIA WEDNESDAY, MAY 2, 2018 2:30 P.M.

2                          --oOo--

3        (Call to order of the Court.)

4            THE COURT:  So then we also had the ruling on

5   Defendant's motion for judgment on the pleadings.  This

6   tentative was initially posted in mid April.  Then we had,

7   you know, the hearing, and Mr. Rosenberg said the Court

8   needed to assess his -- whether the Court should appoint

9   counsel for him before the Court ruled on this motion

10  because it was -- the tentative ruling was against his

11  position.  So now we've ruled on that motion and -- for

12  appointment of counsel, and we have a tentative to grant the

13  motion for judgment on the pleadings.

14           MR. ROSENBERG:  May I respond?

15           THE COURT:  Yes.

16           MR. ROSENBERG:  Of course, as I said before, I

17  don't want to sound redundant.  I appreciate the analysis

18  that the Court's done.  I'm going to outline five -- five

19  areas -- four areas -- four areas that I think the Court

20  should be cognitive of, and, you know, I realize that --

21  that the tentative, you know, is just that, but, you know,

22  the majority does stay.  So -- so it is a longshot that I'm

23  here in oral argument, and also I'd be remiss -- maybe a

24  side comment, but I certainly appreciate that I'm getting

25  the opportunity to argue oral argument because there's I

*Echo Reporting, Inc.*

2

1  believe Rule 78 where the Honorable Court could have just

2  said "No, we're just going to go on the motions," and that's

3  it.  So I do appreciate that I do have this one forum oral

4  opportunity to embellish what was submitted.

5         The _Jolly_ case, _Jolly v. John Eli_ -- _Eli_ -- _Jolly_

6  _v. Eli Lilly_, 44 Cal.3d, 1103.  It's found in the second to

7  the last page of Deutsche Bank's support for the motion.  I

8  looked at that case, and it's interesting because there's

9  one key sentence that just popped out at me on the second

10 page.  It said -- and the holding in _Jolly_ was, yeah, once

11 -- well, yeah, forgive me on that informal preface.  The

12 holding in _Jolly_ essentially said once discovery happened

13 and Plaintiffs knew what was going on, you know, that was

14 the time of the -- the clock ticking on statute of

15 limitations, and you look at _Jolly_ case, and it has a

16 sentence that just popped out at me, and it said -- in the

17 _Jolly_ case they have other cases that support their

18 contention, and it says:

19         "In all the above cites" --

20      And I'm reading verbatim for purposes here.  I'm

21 reading verbatim from page seven of the case:

22         "In all of the above cited cases,

23      the Court recognized that the Rule may

24      work in harsh result."

25      It's a harsh result for me right now.  And it also

_Echo Reporting, Inc._

3

1   goes on, "This prohibition against revival of claims" --

2   which the other side is essentially saying that I'm

3   essentially doing under the -- going back to 2009, revival

4   of claims.  So -- so it does have a nexus here.  So this

5   sentence goes:

6         "The prohibition against revival of

7         claims can obviously create a hardship

8         on such unfortunate Plaintiffs (and a

9         windfall to fortunate Defendants)."

10        When I read that, I said, yeah, yeah.  The -- the

11   Defendants, as it stands now, barring any other actions I do

12   or -- or any persuasiveness I can get her Honor, the Court

13   to change some of her direction on the tentative, yeah, they

14   are getting a windfall to the fortunate Defendants.  I think

15   that bears worth repeating again.

16        "This prohibition against revival

17        of claims can obviously create a

18        hardship on such unfortunate Plaintiffs

19        (and a windfall to fortunate

20        Defendants)."

21        And, again, this is from Jolly.  It so resonates

22   with me.  It's case law.  So in the hierarchy of cases -- I

23   mean, in the hierarchy of consideration, you know, it's not

24   -- it's not Supreme Court.  It's not even statutory.  It's

25   just a case.  The opposing side used that one sole case to

*Echo Reporting, Inc.*

4

1   support their -- their statute of limitations argument, and

2   they were right to -- to pull it out.  When I read it, you

3   know, it just resonated some of the -- the observations that

4   the -- the Court made.  They went ahead and ruled in favor

5   of Eli, the pharmaceutical company, you know, but it just --

6   it just struck a cord.

7           So I think the segue to this, so I shared that --

8   bear with me.  Yeah.  The segue to that, the Honorable Court

9   in the last hearing broached the subject, if you will, and

10  I'll paraphrase it -- maybe it's almost an exact quote.  You

11  put to the other side "Have you considered mediation?"  And

12  so I'm spring boarding off of that -- that narrative off of

13  the Jolly case where it's unfortunate to Plaintiffs and it's

14  -- it's a windfall to Defendants.  So that is what it is.

15  I'm looking to the Court in -- in almost a mercy type

16  fashion where last time you did -- your Honor asked the

17  other side about mediation, they adamantly said no.  I

18  walked away from the table, from the deal in 2014.  I wish I

19  could turn back the clock.  I only wanted $2,000 more for

20  moving expenses, and this has just mushroomed and

21  mushroomed, and there's hard feelings and this and that.

22          So the mediation program, it piqued my curiosity,

23  and I'm kind of inquisitive.  So I have researched, and I've

24  come up with third amended general order number 95-01.  It

25  was filed in this Court on January 5, 2010.  What it does is

*Echo Reporting, Inc.*

5

1   this memorializes this District's -- this District's

2   mediation program.  Under 28 U.S.C. Section 652(a) overall,

3   it mandates -- and that's a strong word I know, but it

4   mandates all district courts across the land to have a

5   mediation program.  This general order -- third amended

6   general order 95-01, is this District's response to 28

7   U.S.C. Section 652.

8          Now, this is where we get flooded with

9   information.  We may not have been aware of it or it got --

10  it fell off of your -- your -- I'll get right to the point.

11  :I'm going to read verbatim.  In the last hearing you had

12  involuntarily -- in a voluntary manner asked if the other

13  side was agreeable to mediation, and the response, again,

14  was no.  But now, reading direct from the order that

15  established the mediation program for -- for this District,

16  under 5.2 on page four, assignment by judge:

17          "Matters may also be assigned by

18          order of the judge at a status

19          conference or other hearing.  While

20          participation by the parties in the

21          mediation program is generally intended

22          to be voluntary, the judge acting sua

23          sponte" -- S-U-A S-P-O-N-T-E -- or on

24          the request of a party may designate

25          specific matters for inclusion in the

*Echo Reporting, Inc.*

6

1          mediation program.  The judge may do so

2          over the objection of the parties."

3          And there's a case -- there's a case that says --

4          THE COURT:  You know, Mr. Rosenberg, the Court's

5 well aware of the fact that the Court can order parties to

6 mediation, and there are times the Court has done that.  The

7 Court is not going to do that in this case.  It doesn't seem

8 like it would be fruitful.

9          MR. ROSENBERG:  I --

10          THE COURT:  But that doesn't mean -- but that

11 doesn't mean that the parties can't decide to engage, you

12 know.  I mean, you're always welcome, and they may decide to

13 engage in settlement with you, and there's a panel, as long

14 as you -- you now have a pending Chapter 13 case where

15 there's another opportunity to request mediation.

16          MR. ROSENBERG:  I thought that -- I've already --

17          THE COURT:  So, you know, with respect to this

18 adversary proceeding, we are not going to delay the

19 resolution on the basis -- when you have a pending 13, on

20 the basis of, you know, the possibility of ordering parties

21 to mediate, especially when they already had engaged in that

22 at length.

23          MR. ROSENBERG:  Okay.  I --

24          THE COURT:  Not in this Court's program, but --

25          MR. ROSENBERG:  Yeah.  I respect --

*Echo Reporting, Inc.*

7

1          THE COURT:  In the State Court.

2          MR. ROSENBERG:  I respectfully just say I'd be

3 remiss if I --

4          THE COURT:  Yeah, I know.  I appreciate you

5 mentioning it just so we can articulate that we're not going

6 to order the parties to mediation in this instance.

7          MR. ROSENBERG:  Just one -- if this one sentence

8 changes your mind, great.  If not, fine also, but I'd be

9 remiss if I just didn't put it out as one last hail Mary if

10 you will to maybe get a different ruling, if you will,

11 ruling is that I talked to Susan Daugherty.  She's the --

12          THE COURT:  Ah.

13          MR. ROSENBERG:  -- program administrator.

14          THE COURT:  Yeah.

15          MR. ROSENBERG:  Ninety -- I'm sorry -- 57 percent

16 success rate in this Court's mediation program.  So that

17 means close to six out of ten cases that are referred are --

18 are cases that don't clog up the -- the docket.  They

19 don't --

20          THE COURT:  Well, this case isn't going to clog up

21 the docket because this case is going be done.

22          MR. ROSENBERG:  No, well --

23          THE COURT:  I mean, the Chapter 7 case is already

24 done, and this is just an adversary proceeding which is now

25 going to be done.  So there's not going to be clogging in

*Echo Reporting, Inc.*

8

1   the Court's docket.

2         MR. ROSENBERG:  Again, I'm not trying to --

3         THE COURT:  Not that we're trying to get rid of

4   it, I mean, without good reason, but we articulate in the

5   tentative why the judgment -- the motion for judgment on the

6   pleading should be granted.

7         MR. ROSENBERG:  I don't -- I really -- I think at

8   the very first hearing in some dialogue I said I don't want

9   to be in an adversarial frame here and be viewed as a

10  trouble maker or --

11        THE COURT:  No, we don't view you as a trouble

12  maker.  We're just not going to order parties to mediation,

13  and we're going to rule.

14        MR. ROSENBERG:  But I do want the Court,

15  respectfully, to be aware -- again, this is so strenuous on

16  me physically.  I'm meeting -- not looking, you know, in a

17  pauperous state right now because it's so -- so arduous on

18  me, but I know I'm so much on the right side of the law on

19  this.  Otherwise I wouldn't have persevered over the time

20  and time.  There is Rule 60(e) with new discovered -- I'm

21  paraphrasing it -- with new discovered evidence, errors or

22  mistakes.  I have a one-year window.

23        THE COURT:  Well, so maybe the -- maybe the

24  Plaintiff -- maybe the Defendants will agree that -- to

25  mediate with you.  I'm just not going to order that.

*Echo Reporting, Inc.*

9

1          MR. ROSENBERG:  Okay.

2          THE COURT:  If you pursue an appeal, you file a

3   motion for, you know, under 60 -- Rule 60 or 59, I mean,

4   they can evaluate that as a choice that they have because we

5   have our mediation panel.

6          MR. ROSENBERG:  This is the last comments on -- on

7   the motion for judgment on the pleadings.  I'm very very

8   disappointed in the context of how the Court approached does

9   the borrower have the standing to challenge assignments, and

10  there's case law that was cited -- a friend helped me, and I

11  see like 160 cases that have gone against Uvanka (phonetic)

12  or the Supreme Court case.  So there's a lot of federal

13  cases, and that's what's in the motion here whether the --

14  the denial that I don't really have a claim.  What I'm going

15  on record now, and I'm going on record strongly is I cite in

16  my original pleading and in my reply Civil Code 292417,

17  292417.  That's the Homeowner's Bill of Rights.  It says

18  specifically lenders -- attorneys for lenders have a duty to

19  submit accurate documents into court, be it notice of

20  default, notice of sale, or assignments in this case.

21          The -- the -- the ruling is totally -- totally

22  silent on the merits of that.  And, again, I know I made

23  reference earlier to the hierarchy.  This should trump the

24  -- the cases that were cited, and then the other thing that

25  was remiss for me -- and I don't know if it could have gone

*Echo Reporting, Inc.*

10

1  the other way if I cited it, but just as many cases -- I

2  mean, just as many -- many statutes have a corollary or an

3  extra statute that dovetails with that, the original -- the

4  original statute, this one does too.  That's Civil Code

5  2924-19.  What that holds is that if the Court finds a

6  material violation with reckless or intentional or resulted

7  from willful misconduct by a mortgage servicer or mortgage

8  beneficiary or authorized agent, the Court may award the

9  borrower the greater of triple damages or statutory damages

10  of $50,000.

11       I'm getting screwed right now by the Court.  I'm

12  getting screwed by the Court right now for the -- for -- for

13  not recognizing that their exhibits that they've presented

14  for judicial -- for judicial notice are bogus under -- under

15  2924.17 that overrides their cases, and -- and now that I'm

16  going to -- unless I do other people mechanisms, I'm now

17  going to be forever precluded from -- from pursuing any

18  claim for 292419.

19       And let me share one last part of this.  The

20  Freedom of Information Act I got from the FDIC that says --

21  paraphrase this -- Exhibit 8 in the original adversary

22  proceeding.  Paraphrasing, we have to recreate title.  It's

23  too expensive for us to do title reports.  We need these

24  list of 20 people which one is John Dickerson, who's on the

25  March 17, 2017.  It's the perfect nexus that this is a clear

*Echo Reporting, Inc.*

11

1   clear violation of this Homeowner's Bill of Rights.  Today's

2   ruling just shuts me out of that.  It's not a good -- good

3   -- good situation, and then what's even more egregious is I

4   just relooked at the FDIC reply, and it said John Dickerson

5   and Company, about 15 employees of One West, had until the

6   middle of 2016 to opt as power of attorneys for the FDIC.

7   John Dickerson acted on this in 2017.  There are -- there

8   are rogue power of attorneys going on right now unbeknownst

9   to the FDIC or with the FDIC.  But one way or another, just

10  as Justice Brandeis, sunlight is the best disinfectant.

11  Maybe I do get kicked to the curb here, but I am going to be

12  adamant.  And I don't mean to sound threatening or anything,

13  but I think this is a public policy issue that there are

14  rogue power of attorney entities signing on behalf of the

15  FDIC without legitimate authority right now.

16          Thank you for your time.

17          THE COURT:  Okay.  Does the movant want to address

18  the tentative or anything Mr. Rosenberg raised?

19          MS. DUNN:  This is Nicole Dunn for Ocwen and MERS.

20  We will submit on the tentative.

21          MR. ORTIZ:  Same with Deutsche Bank, your Honor.

22          THE COURT:  Okay.  So the Court's going to grant

23  the motion for the reasons outlined in the tentative ruling.

24  If Deutsche would please submit the order.  I think Deutsche

25  should do that, correct?  Yes.

*Echo Reporting, Inc.*

12

```
1              MS. DUNN:  No, actually it should be --
2              THE COURT:  Or Ocwen -- movants, right.
3              MS. DUNN:  Yes.
4              THE COURT:  Right.  So movants to submit it.
5   Okay.
6              MS. DUNN:  Thank you.
7              THE COURT:  Okay.  And we'll post the ruling on
8   the docket.  So please refer to that in the order.
9              MR. ROSENBERG:  Your Honor?
10             THE COURT:  Yes?
11             MR. ROSENBERG:  I -- I covered a lot of grounds
12  here.
13             THE COURT:  Mr. Rosenberg, we have other matters
14  on calendar today --
15             MR. ROSENBERG:  This is --
16             THE COURT:  -- and we've ruled.
17             MR. ROSENBERG:  This --
18             THE COURT:  So --
19             MR. ROSENBERG:  This --
20             THE COURT:  I mean, if you have other things you'd
21  like to articulate, I mean, you know --
22             MR. ROSENBERG:  Three sentences.  We're in the
23  American rule for legal fees.  You just awarded legal fees
24  to the other side.  I didn't see any statutory --
25             THE COURT:  I don't --
```

*Echo Reporting, Inc.*

13

1      MR. ROSENBERG:  I'm going to have to file a third

2  bankruptcy just to get --

3      THE COURT:  Granting leave -- the motion --

4      MR. ROSENBERG:  -- get that off.

5      THE COURT:  Okay.  All right.  So -- so we're done

6  with those matters.  Moving on.

7      (Proceedings concluded.)

8

9      I certify that the foregoing is a correct

10  transcript from the electronic sound recording of the

11  proceedings in the above-entitled matter.

12

13  /s/Jordan Keilty                    11/2/18
    Transcriber                         Date

14

15  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

16

17  /s/L.L. Francisco
    L.L. Francisco, President
18  Echo Reporting, Inc.

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE STEVEN MARK ROSENBERG | DISTRICT COURT CASE NUMBER: |
| | 2:18–cv–10188–AG |
| DEBTOR(S) | BANKRUPTCY COURT CASE NUMBER: |
| | 1:17–bk–11748–VK |
| STEVEN MARK ROSENBERG | ADVERSARY CASE NUMBER: |
| APPELLANT(S) | 1:17–ap–01096–VK |
| v. | |
| ALLIANCE BANCORP. INC. | |
| APPELLEE(S). | **NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT** |

Because one of the parties has so requested, this appeal from the Bankruptcy Court will be heard in, and determined by, the United States District Court, Central District of California. The District Court has assigned to the appeal the case number shown above. Hereafter, *this District Court case number* **must** appear on all documents filed in this appeal, along with the Bankruptcy Court case number(s) and adversary case number(s) (if any) shown above.

The appeal has been assigned to _____ United States District Judge Andrew J. Guilford _____, whose initials appear at the end of this District Court case number. Be advised that pursuant to Local Rules 7.1-1 and 83-1.3.1 and Local Bankruptcy Rule 2.1, parties are **required** (1) to file a certification of interested parties and (2) to notify the Court of any cases previously filed with the District Court that appear to be related to this bankruptcy appeal.

Unless exempted by the Court's local rules, all documents must be e-filed using the District Court's CM/ECF System. Unless otherwise ordered by the Court, pro se litigants shall continue to present all documents to the Clerk for filing in paper format. Documents received by the Clerk from pro se litigants under this rule will be scanned by the Clerk into the CM/ECF System.

Each party must comply with all applicable rules of the Federal Rules of Bankruptcy Procedure. As provided in said rules, within fourteen days after filing the notice of appeal, Appellant **must** file the following with the Clerk of the Bankruptcy Court:

**A designation of record**
**A statement of issues on appeal**
**A notice regarding the ordering of transcripts**

If the Appellee desires to designate further portions of the record, Appellee must file in the Bankruptcy Court within fourteen days after service of Appellant's designation a supplemental designation of record, supplemental statement of issues, and/or a notice regarding additional transcripts. Each counsel will include the designated excerpts of the record and all transcripts previously ordered by said counsel as an appendix to his or her brief(s).

Case 2:18-cv-10188-AG   Document 60   Filed 11/10/18/07   Entered 12/10/18   12:00:09   Desc
Main Document       Page 2 of 2

Please note that neither party may include or make reference to any excerpts of record other than those which have been properly and timely designated. The District Court, in the appeal, will review and consider only those documents in the case file that the parties have designated and thereafter reproduced.

Under Federal Rule of Bankruptcy Procedure 8010(a), the court reporter/recorder is required to file all transcripts ordered by either side within 30 days of the order (**with payment tendered in advance**) unless an extension has been granted.

**The failure of either party to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal.**

After the designated record is complete, the Clerk of the Bankruptcy Court will transmit to the Clerk of the District Court either the record for this appeal or notice that the record is available electronically. The Clerk of the District Court will then issue a Notice Re: Bankruptcy Record Complete, which will constitute notice, pursuant to Federal Rule of Bankruptcy Procedure 8010(b)(3), that the record has been received by the District Court. The date of filing of this Notice Re: Bankruptcy Record Complete will be the starting date for the calculation of all deadlines pursuant to Federal Rule of Bankruptcy Procedure 8018, and, if applicable, Federal Rule of Bankruptcy Procedure 8016. Only the District Court may grant a request for an extension of the time for filing briefs as set forth in those Rules. Any such request must be filed well in advance of the due date and must specify good cause for the requested extension.

Once briefing is complete, the Courtroom Deputy Clerk of the assigned District Judge will advise parties of the date for oral argument, unless the District Judge determines that oral argument is not needed.

Clerk, U.S. District Court

_December 7, 2018_
Date

By _/s/ Geneva Hunt_
Deputy Clerk

*CC:  Bankruptcy Court Judge*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES – GENERAL

| Case No. | CV 18-10188-AG | Date | April 1, 2019 |
|---|---|---|---|
| Title | In Re Steven Mark Rosenberg | | |

**PRESENT:**

**HONORABLE ANDREW J. GUILFORD, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present     None Present

**PROCEEDINGS:     (IN CHAMBERS) ORDER DISMISSING ACTION FOR LACK OF PROSECUTION FOR FAILURE TO COMPLY WITH THE COURT'S ORDER**

This appeal was filed on December 7, 2018.   On March 15, 2019, the Court issued a minute order which ordered Appellant to show cause in writing on or before March 27, 2019 why this action should not be dismissed for lack of prosecution.   Appellant has failed to respond to the Court's Order.   Therefore, the Court **ORDERS** that this action is dismissed without prejudice for lack of prosecution and for failure to comply with the Orders of the Court.

The Court further orders the Order to Show Cause [18] issued on March 15, 2019 discharged.

Initials of Deputy Clerk     mku

**CC:   BANKRUPTCY COURT**
**BAP**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-5

### CIVIL MINUTES – GENERAL

| Case No. | District Court Case No. 2:18-cv-10188 AG<br>U.S. Bankruptcy Case No. 1:17-bk-11748-VK<br>Adversary Case No.: 1:17-ap-01096-VK | Date | June 3, 2019 |
|---|---|---|---|
| Title | IN RE: STEVEN MARK ROSENBERG | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

**Proceedings:**       **[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S
                        "MOTION TO ALTER OR AMEND JUDGMENT" (DKT. 20)**

Pro se debtor Steven Mark Rosenberg ("Plaintiff") asks the Court to reconsider its April 1, 2019 order dismissing his adversary proceeding against Defendants for lack of prosecution. (Dkt. 20.) The Court GRANTS Rosenberg's motion to reconsider and EXTENDS his deadline to file an opening brief to **June 5, 2019 at 4:00 p.m.**

Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code in June 2017. (Bkr. Dkt. 1.) He filed a related adversary proceeding against the Defendants in November 2017, asserting claims for violation of 11 U.S.C. § 524(a), violation of Federal Rule of Bankruptcy Procedure 3001(c)(2), fraudulent concealment, violation of 18 U.S.C. § 157, and declaratory relief. The Court granted Defendants' Motion for Judgment on the Pleadings and entered an amended judgment against Rosenberg on June 7, 2018. (App. Dkt. 56.) A few days later, Plaintiff moved for reconsideration of that judgment, and the Court denied his motion on November 21, 2018. (App. Dkt. 74.) Plaintiff filed a Notice of Appeal on December 6, 2018. (App. Dkt. 78.) The Court then issued an order to show cause why the appeal should not be dismissed as untimely. On February 11, 2019, the Court discharged the OSC, deemed Plaintiff's appeal to be timely, and ordered Plaintiff to file any opening brief by March 11, 2019.

On March 15, 2019, when no further action had been taken in the case, the Court issued another OSC regarding dismissal for lack of prosecution. (Dkt. 18.) Plaintiff failed to respond to the order by the March 27 deadline. The appeal was thus dismissed on April 1, 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | District Court Case No. 2:18-cv-10188 AG | Date | June 3, 2019 |
| --- | --- | --- | --- |
| | U.S. Bankruptcy Case No. 1:17-bk-11748-VK | | |
| | Adversary Case No.: 1:17-ap-01096-VK | | |
| Title | IN RE: STEVEN MARK ROSENBERG | | |

Plaintiff again seeks reconsideration, this time under Federal Rules of Civil Procedure 59(c) and 60(b). Plaintiff states that his delay in responding to the March 15 OSC was caused by a severe illness beginning in late February 2019 and hospitalization from March 27 to April 3, 2019. (Rosenberg Declaration ¶ 3.)

Local Rule 7-18 provides: "A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

The Court dismissed Plaintiff's action without prejudice for failure to prosecute without knowledge of his medical issues. His illness and hospitalization are material differences in fact from those presented to the Court before dismissal. Defendants Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc. argue that Plaintiff has missed deadlines to alter or amend the June 7, 2018 judgment under Federal Rules 59(e) and 60(b). (Dkt. 21.) Defendant Deutsche Bank National Trust Company similarly notes Plaintiff's non-entitlement to relief under Federal Rules 59(e) and 60(b). (Dkt. 24.) But the April 1, 2019 order dismissing the appeal was not a judgment, and pro se Plaintiff's current motion appears to seek reconsideration of that order rather than alteration of the June 7, 2018 judgment (despite some confusing labeling issues).

The Court thus exercises its discretion to reconsider its order dismissing Plaintiff's appeal for failure to prosecute and extends Plaintiff's deadline to file an opening brief to June 5, 2019 at 4:00 p.m. The Court is very unlikely to grant *any* further requests for extensions in this case.

|  |  | : | 0 |
| --- | --- | --- | --- |
| | Initials of Preparer | mku | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

**VIA U.S. MAIL**

Steven Mark Rosenberg
106-1/2 Judge John Aiso St., #225
Los Angeles, CA  90012

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 2, 2019.

/s/Linda C. Lozano
Linda C. Lozano
GARRETT & TULLY, P.C.
225 S. Lake Avenue, Ste 1400
Pasadena, CA 91101
Telephone:  (626) 577-9500
Facsimile:  (626) 577-0813
Email: zlin@garrett-tully.com

CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

**VIA U.S. MAIL**

Steven Mark Rosenberg
106-1/2 Judge John Aiso St., #225
Los Angeles, CA  90012

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 2, 2019.

/s/Linda C. Lozano
Linda C. Lozano
GARRETT & TULLY, P.C.
225 S. Lake Avenue, Ste 1400
Pasadena, CA 91101
Telephone:  (626) 577-9500
Facsimile:  (626) 577-0813
Email: zlin@garrett-tully.com