FILED

AUG 23 PM 1:48

### District CASE NO. 2:18-CV-10188-AG

### IN THE UNITED STATES CENTRAL DISTRICT of CALIFORNIA
### SANTA ANA DIVISION

---

STEVEN MARK ROSENBERG,

*PLAINTIFF-APPELLANT*

v.

DEFENDANTS- APPEALEES

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANKCORP MORTGAGE BACKED CERTIFICATE SERIES 2007-OA-1, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, OCWEN LOAN SERVICING, LLC;

---

**TO ALL DEFENDANTS-APPELLEES** : <u>REPLY BRIEF</u> OF PLAINTIFF-APPELLANT STEVEN MARK ROSENBERG, FROM THE JUNE 7, 2018 JUDGEMENT IN THE UNITIED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION, BANKRUPTCY CASE NO. 1:17-bk-11748-vk, ADVERSARY PROCEEDING NO. 1:17-ap-01096-vk, THE HONORABLE JUDGE VICTORIA KAUFMAN PRESIDING

---

On Appeal from the United States Bankruptcy Court for the Central District of California, San Fernando Valley
AP  Case # 1:17-ap-01096-vk
Hon. Judge Andrew J. Guilford

---

Steven Mark Rosenberg, In Pro
106 ½ Judge John Aiso Street
PMB # 225
Los Angeles, CA 90012
Tel. 310.971.5037
Founder@PuttingElders1st.org

Plaintiff-Appellant REPLY to Answers by Defendants-Appellees MERS, OCWEN & DEUTSCHE

1

## II.   TABLE OF CONTENTS

I.   TABLE OF AUTHORITIES............................................................................. 3

II.   INTRODUCTION AND SUMMARY OF ARGUMENT...................................4

III.   ARGUMENT.....................................................................................................5

   A.  Defendants Ignore Steven's Rights as a Successor in Interest Under CA Civ. Code § 2920.7 Giving Him Standing in this Matter.......................................................................5

   B.  Steven's Fraud Claims are Not Time-Barred Under the Doctrines of Continuing Violation, Continuous Accrual, and Equitable Tolling......................................................8

   C.  Steven Should be Granted Leave to Amend the Complaint.............................10

IX.   CONCLUSION................................................................................................11

Plaintiff-Appellant REPLY to Answers by Defendants-Appellees MERS, OCWEN & DEUTSCHE

### III. TABLE OF AUTHORITIES

**Cases**:

*Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 217 (1983).................................................................................. 7

*Morgan v. Regents of University of California*, 88 Cal. App. 4th 52, 64 (2000)...............8

*Lowther v. U.S. Bank N.A.*, 971 F. Supp. 2d 989 (D. Haw. 2013)..............................8

*Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974).......................................................9

*Addison v. State of California*, 21 Cal. 3d 313, 319 (1978)......................................9

*Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)..................................9

*Ryan v. Zemanian*, No. 12-57286 (9th Cir. 2014)................................................10

**Statutes**:

Cal. Civ. Code § 2920.7 ..............................................................................5-7

Cal. Civ. Code § 2924.17.............................................................................4-10

Cal. Civ. Code § 2924.12................................................................................6

Cal. Civ. Code § 583.310................................................................................9

## INTRODUCTION AND SUMMARY OF ARGUMENT

In their respective Answering Briefs filed on August 2, 2019 (Doc. No. 41 & Doc. No. 42 ), *all* of the Defendants argue that the Appellant Steven Mark Rosenberg (" Steven") lacked standing to file the adversary complaint against Defendants since he was a "non-borrower who never assumed the subject loan" (Doc. No. 41, Pg. 22). More specifically, the Defendants argue that the administrator of the estate should have brought the action and not Steven in his individual capacity. Moreover, the Defendants argue that since Rosenberg allegedly "failed to raise" violations of California Civil Code § 2924.17 in the lower court such allegations should be disregarded. (Doc. No. 41, Pg. 23).

More specifically, Defendants take the position that Steven merely raised the cause of action under CA Civ. Code § 2924.17 in the "Procedural and Factual Background" section of the Complaint and did not "list and discuss" the alleged violation. <u>To the contrary, Steven set forth the cause of action arising under CA Civ. Code § 2924.17 in separately entitled section of the Complaint</u>. In said section, Steven satisfied pleading requirements under California law.

Moreover, as a successor in interest under § 2920.7, Steven had standing to file the Complaint in his individual capacity.

The statutes of limitation have not run on Steven's claims. Contrary to the Defendants' assertions that the assignments did not constitute a "continuing violation" for the purposes of tolling the statute of limitations. Yet the facts show that the Defendants' actions were part of an on-going pattern of fraud. Moreover, Steven's claims are entitled to equitable tolling since he served Defendants with timely notice, the Defendants are not prejudiced, and he has at all times acted in good faith in an effort to prosecute his claims.

## ARGUMENT

### A. Defendants Ignore Stevens Rights as a Successor in Interest Under CA Civ. Code § 2920.7 Giving Him Standing in this Matter

Much of Defendants' Answering Briefs (the "Answers") are based on the premise that Steven lacked standing to file the Complaint. They argue that Steven is a "non-borrower who never assumed the subject loan and never made any payments on it". (Doc. No. 41, Pg. 22). The Defendants then draw the illogical conclusion that only the Isadore & Norma Rosenberg Family Trust or the administrator of Steven's fathers's estate could have brought the action, not Steven in an individual capacity.

Yet, as the Defendants have done throughout the course of these proceedings, they ignore applicable California State law which grants Steven the very rights that they claim he lacks. California Civil Code § 2920.7 was enacted to protect the rights of individuals like Steven – surviving family members of the borrower and property owner who are not listed on either the mortgage or deed to the property. Section 2920.7 provides in relevant part that "A successor in interest shall have all the same rights and remedies as a borrower under subdivision (a) of CA

Civ. Code Section 2923.4 and under CA Civ. Code Sections 2923.6, 2923.7, 2924, 2924.11, 2924.12, 2924.15, and 2924.17." CA Civ. Code §2920.7(e).

CA Civ. Code Section 2920.7 also imposes a number of requirements on mortgage servicers. Upon notification by someone claiming to be a successor in interest of a deceased borrower, a servicer is prohibited from filing a notice of default pursuant to CA Civ. Code § 2924 until it has requested documentation of the death of the borrower from the claimant and evidence of an ownership interest in the property. CA Civ. Code § 2920.7(a). Steven has made repeated claims to Defendants over a period of a decade that he is the successor in interest to the property. Moreover, Steven has demonstrated to Defendants that he was the sole beneficiary of his father's estate ( Isadore Rosenberg <u>1918-2008</u>), acquiring a 100% ownership interest in the property. Yet, Defendants have elected to ignore an entire section of the Civil Code, choosing to file a notice of default and a Notice of Trustee's Sale without affording Steven an opportunity to participate in a foreclosure ( that is disputed) prevention alternative. *See* CA Civ. Code § 2920.7(d).

Moreover, Section 2920.7(e)(2) also affords successors in interest the right to seek injunctive relief prior to recordation of the trustee's deed upon sale. Said injunctions are to remain in place until the servicer corrects material violations under the Code. Contrary to Defendants' position, California law affords Steven *rights prior to a foreclosure sale being conducted.*

Defendants take the position that Steven not only failed to allege a claim under CA Civ. Code § 2924.17, but that even if he had he would not prevail since under § 2924.17 he lacks standing to challenge a foreclosure pre-sale. While Defendants argue in their Anwers that violations of § 2924.17 was merely raised in the "Procedural and Factual Background" section,

the cause of action appears under a separately entitled section "Violations of California Civil Code Section 2924.17". (Case No. 1:17-ap-01096, Doc. No.1, pg 10 ). <u>Said section clearly pleads with adequate specificity facts setting forth a violation under Section 2924.17.</u> Moreover, California courts have held litigants to a lower standard where "it appears from the nature of the allegations that the defendant must necessarily possess full information concerning the facts of the controversy." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 217 (1983).

In fact, two of the Defendants (OCWEN & MERS), in their Answer to the Complaint (Case No. 1:17-ap-01096, Doc. No. 9, pgs. 5-6), responded to the CA Civ. Code § 2924.17 allegations. The Defendants expressly stated that the "statute speaks for itself" and otherwise possessed enough information to respond to the remaining allegations. Despite the foregoing, Defendants would now take the position that Steven failed to allege a claim under § 2924.17. Such an argument is directly contradicted by the record in this case.

Contrary to the Defendants' summation of Steven's allegations in the Complaint, Steven alleges that many of the underlying foreclosure documents (i.e., notice of default and declaration) are inaccurate and incomplete. Thus, Steven's allegations are not "predicated on the fatally flawed theory that the Assignment to the Trust was invalid." (Case No. 1:17-ap-01096, Doc. No. 41, Pg. 24). Rather, even if the Assignments were merely corrective and otherwise valid as the Defendants maintain, they did not correct the underlying deficiencies that are the subject of an action under § 2924.17. Said deficiencies are all the more egregious when one takes into account Defendants failure to comply with § 2920.7. Defendants have full information concerning the facts alleged in the Complaint and sufficient knowledge thereof.

It is also worth noting that Steven brought the adversary proceeding on behalf of himself and the Estate of Isadore Rosenberg. On a Joint Status Report filed on March 9, 2018 (Case No. 1:17-ap-01096-VK, Doc. No. 23, Pg. 5) <u>Steven listed the Estate as an additional party</u>. The Estate is also listed as Plaintiff in the case caption on said document.

### B. Steven's Fraud Claims are Not Time-Barred Under the Doctrines of Continuing Violation, Continuous Accrual, and Equitable Tolling

Defendants argue that there was no continuing violation in this case – that recent and Subsequent "corrective" assignments made in an effort to perpetrate an earlier fraud – a forged deed of trust – are not "sufficiently linked to the putative 'forgery' of the Deed of Trust to constitute an ongoing violation." Yet, Defendants arrive at this conclusion only by assuming that the "corrective" assignments were proper and in no way related to the earlier forgery. Rather, as alleged by Steven in the Complaint, the assignments are intended to further perpetrate the Defendants ongoing fraud in an effort to foreclose on the property. *See Morgan v. Regents of University of California*, 88 Cal. App. 4th 52, 64 (2000) ("The relevant distinction is between the occurrence of isolated, intermittent acts of discrimination and a persistent, on-going pattern.").

Defendants rely on *Lowther v. U.S. Bank N.A.*, 971 F. Supp. 2d 989 (D. Haw. 2013) for the proposition that forging an assignment and using that assignment to foreclose are two separate acts that do not constitute a continuing violation. *Lowther*, however, involved an unfair and deceptive practices claim arising under Hawaii law. There, the defendant allegedly executed an assignment and foreclosed based on that assignment some four years later. Plaintiff's subsequent complaint fell outside of the four-year period in which to bring said claim<u>. Thus, *Lowther* did not involve similar facts that are at issue in this case.</u> Here, Steven has alleged the Deed of Trust was forged and that a series of fraudulent assignments spanning a period of a

decade served to perpetrate the fraud by attempting to clear up defective title. Such actions are clear as day evidence of an on-going pattern of harmful fraud.

Defendants rely heavily on the fact that Steven chose to voluntarily dismiss his 2009 850 Petition filed in probate court. The Defendants would treat the adversary complaint as some isolated event, a case of a litigant sitting on his rights for nearly a decade. Yet, a review of the docket in the probate action contradicts Defendants' assertions. Steven tirelessly prosecuted the matter. He overcame three demurrers & Motions to Strike and attended some four depositions. The end result of the protracted litigation was what Steven believed to be a requirement to dismiss the action since it had not proceeded to trial as required under California Civil Code § 583.310. So, Steven dismissed the Petition and when he realized shortly thereafter the ramifications that the probate court had granted the dismissal *with prejudice*, he filed an appeal. The appeal was not decided until the end of 2016.

Following the decision in Steven's favor, financial difficulties arose and Steven elected to file bankruptcy. In connection therewith, Steven filed the adversary proceeding against the Defendants. The Doctrine of Equitable Tolling applies "when an injured person has several legal remedies and, reasonably and in good faith, pursues on." *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974). The California courts require a showing of three elements for equitable tolling: "timely notice, and lack of prejudice, to the defendant, and reasonable good faith conduct on the part of the plaintiff." *Addison v. State of California*, 21 Cal. 3d 313, 319 (1978).

The Defendants were given timely notice when Steven filed the 850 Petition some ten years ago. The California courts have held that the timely notice requirements is met where the "first claim [has] been filed within the statutory period." *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983). As a pro se litigant, Steven has acted in good faith, filing the instant

action in bankruptcy court since it was the proper venue given his Chapter 7 filing. This is not a case where a litigant has sat on his rights.

Under California law, Steven's claims are not time-barred.

### C. Steven Should be Granted Leave to Amend the Complaint

Defendants argue that Steven should not be granted leave to amend since "all of Appellant's theories and claims are barred by his lack of standing and/or the running of the applicable statutes of limitation." However, as set forth herein, Steven's claims are not barred by either. Steven has not previously sought leave to amend. Since the Defendants have expressed some confusion over the formatting and presentation of some of Steven's claims, notably the cause of action under § 2924.17, Steven should be in fairness granted leave to set forth said arguments in an Amended Complaint, a copy of which could be provided to the Court upon request. Steven reiterates, as set forth in the Brief, that under §§ 2924.17 and 2924.12 he has standing to bring a pre-foreclosure action against Defendants for damages and/or injunctive relief. As such, Steven can show the manner in which "he can amend his complaint and how that amendment will change the legal effect of his pleading." *Goodman v. Kennedy*, 18 Cal. 3d 335, 349 (1976). Therefore, it cannot be said that granting Steven leave to amend the Complaint would be futile. *See Ryan v. Zemanian*, No. 12-57286 (9th Cir. 2014).

Contrary to the Defendants' claims, Steven, as a pro se litigant, is not required to file an Appendix with his opening brief.

## **CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Steven respectfully requests that this Honorable Court enter an Order granting the following relief:

(a) Vacating the Bankruptcy Court's Amended Order granting Defendants' Motion for Judgment on the Pleadings;

(b) Grant Steven leave to amend the Complaint to plead additional facts and causes of action as set forth herein; and

(c) Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: August 22, 2019

*Steven Mark Rosenberg*
Steven Mark Rosenberg
Pro Se Plaintiff-Appellant

## CERTICATE OF COMPLIANCE

Pursuant to Fed. R. App. P 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32 (a) (7) (B) because this brief contains 2524 words, excluding the parts of the brief exempted by Fed. R. App. P 32 (a) (7) (B) (iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32 (a) (5) and the type style

Requirements of Fed. R. App. 32 (a) (6) because this brief has been prepared in a proportionately Spaced typeface using Times Roman 14- font.

Date: August 23, 2019

*Steven Mark Rosenberg*
Steven Mark Rosenberg

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
STEVEN MARK ROSENBERG
106 1/2 JUDGE JOHN AISO ST. #225
LOS ANGELES, CA 90012
Phone: (310) 971-5037
Email: founder@puttingelders1st.org

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| STEVEN MARK ROSENBERG | CASE NUMBER |
|---|---|
| PLAINTIFF(S), v. DEUTSCHE BANK, NATIONAL TRUST CO. AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1, ET. AL      DEFENDANT(S). | **District Case Number: CV 18-10188-AG** **Bankruptcy Case No.: 1:17-bk-11748-VK** **Adversary Case No.: 1:17-ap-01096-VK** **PROOF OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of **LOS ANGELES**, State of California, and not a party to the above-entitled cause. On **AUGUST 23**, 20**19**, I served a true copy of **PLAINTIFF/APPELLANT REPLY TO ALL DEFENDANTS (MERS, OCWEN, DEUTSCHE BANK)** by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: **LOS ANGELES, CALIFORNIA**
Executed on **AUGUST 23**, 20**19** at **LOS ANGELES**, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

*Signature of Person Making Service*

## ATTACHED SERVICE LIST

**MERS (Mortgage Electronic Registration Systems, Inc.)**
**Attn:** T. Robert Finlay, Partner
Cc: Nicole Dunn, Esq.
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660

Ocwen Loan Servicing, Inc.
c/o T. Robert Finlay, Partner
Cc: Nicole Dunn, Esq.
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660

Deutsche Bank National Trust in
Alliance Bancorp Trust 2007 OA-1
c/o Robert Garrett of Law Firm of Garrett & Tully
225 S. Lake , Suite 1400
Pasadena, CA 91101

Honorable Andrew J. Guilford
Santa Ana Division
Court 10D
411 West 4th Street
Santa Ana, CA 92701-4516