| Case No. | SACV 18-10188 AG | Date | October 7, 2019 |
|---|---|---|---|
| Title | IN RE: STEVEN MARK ROSENBERG | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

**[IN CHAMBERS] ORDER REGARDING BANKRUPTCY COURT ORDER GRANTING JUDGMENT ON THE PLEADINGS**

Appellant Steven Mark Rosenberg ("Mr. Rosenberg") appeals the Bankruptcy Court's May 14, 2018 order granting Appellees' motion for judgment on the pleadings. (Dkt. No. 31.) The order is AFFIRMED.

**1. BACKGROUND**

The underlying dispute concerns a mortgage. In 2007, Mr. Rosenberg's father was loaned $390,000 secured by a deed of trust on a property at 15814 Septo Street, North Hills, CA, 91343 ("Property"). (Dkt. No. 41 at 5.) Appellee Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary of the deed of trust. (*Id.*) Appellee Deutsche Bank National Trust Company ("Deutsche Bank") is the current owner of the loan and the beneficiary on the deed of trust. (Dkt. No. 42 at 16.)

In 2008, Mr. Rosenberg's father passed away. (Dkt. No. 41 at 6.) In August 2009, Mr. Rosenberg, in his capacity as administrator of his father's estate and trustee of the family trust, brought a probate action against MERS and a prior loan servicer. (*Id.* at 7.) In January 2015, Mr. Rosenberg sought to voluntarily dismiss the case. (*Id.* at 8.) The probate court did so with prejudice, but the California Court of Appeal reversed the decision, dismissing the case without prejudice. (*Id.*) By November 2015, Deutsch Bank recorded a notice of default on the Property. (*Id.* at 6.) The default was not cured, and a notice of trustee's sale was recorded. (*Id.* at 7.) A foreclosure sale has not yet occurred.

In June 2017, Mr. Rosenberg filed Chapter 7 bankruptcy. (*Id.* at 8.) By November 2017, Mr. Rosenberg filed an adversary proceeding against Appellees alleging: (1) violation of 11 U.S.C.

§ 524(a)(2); (2) violation of Federal Bankruptcy Procedure, Rule 3001(c)(2)(B); (3) violation of Federal Bankruptcy Procedure Rule 3001(c)(2) (C); (4) fraudulent concealment; (5) violation of 18 U.S.C. § 157 (bankruptcy fraud); and (6) declaratory relief. (*Id.*) In response to the adversary proceeding, Appellees filed a motion for judgment on the pleadings, which the Bankruptcy Court granted on May 14, 2018. (*Id.* at 8-9.)

Now, Mr. Rosenberg requests this Court to vacate the judgment on the pleadings entered in Bankruptcy Court. (Dkt. No. 31.) Appellees Deutsche Bank, MERS, and Ocwen Loan Servicing, LLC ("Ocwen") filed briefs arguing the Court should affirm the Bankruptcy Court's judgment. (Dkt. Nos. 41, 42.) On September 30, 2019, Mr. Rosenberg filed a request to dismiss Ocwen. (Dkt. No. 47.) On October 7, 2019, the Court held oral arguments. Mr. Rosenberg stated he has been living at the Property since approximately 2007, the same year that payment on the mortgage was last made.

## 2. STANDARD OF REVIEW

"The bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code are reviewed de novo and its factual findings for clear error." *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009).

## 3. ANALYSIS

### 3.1 Standing

Mr. Rosenberg contends the Bankruptcy Court improperly dismissed his fraudulent concealment claim on standing grounds. (Dkt. No. 31 at 9-12.) But one who is not a party to a loan cannot assert statutory or fraud claims arising out of the transfer or enforcement of that loan. *See e.g. Green v. Central Mortgage Company*, No. 14–cv–04281–LB, 2015 WL 5157479 at *4 (N.D. Cal. Sept. 4, 2015). Here, Mr. Rosenberg is a non-borrower who didn't assume the subject loan and didn't make payments on it. (*See* Dkt. No. 41 at 10.) If the Isadore Rosenburg Family Trust has assumed the loan, only the trustee of the trust could bring suit—and the family trust was not the debtor in the underlying bankruptcy. (*Id.*)

Further, in relying in part on *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919 (2016) and *Saterbak v. U.S. Bank N.A.*, 245 Cal. App. 4th 808 (2016), the Bankruptcy Court properly found that since Mr. Rosenberg's lawsuit was pre-foreclosure, he has no standing to challenge the assignments or securitization of documents. (Dkt. No. 42 at 30.) Mr. Rosenberg argues the Bankruptcy Court misapplied *Yvanova* and *Saterbak* because the cases turn on the retroactivity and effective date of the California Homeowners Bill of Rights. (Dkt. No. 31 at 10-11.) But *Saterbak* and other post-*Yvanova* cases clarify that the ruling in *Yvanova* was limited to post-foreclosure challenges, and the rules regarding pre-foreclosure challenges remained unchanged. *See Saterbak*, 245 Cal. Ap. 4th at 812.

Here, it is undisputed that Mr. Rosenberg initiated the Bankruptcy Case pre-foreclosure. (*See* Dkt. No. 42 at 35.) Thus, Mr. Rosenberg lacks standing to challenge the assignments or securitization.

### 3.2 Statute of Limitations

Next, Mr. Rosenberg argues his claims were equitably tolled. (Dkt. No. 31 at 12-14.) Alternatively, Mr. Rosenberg argues that even if his claims were not equitably tolled, they would survive the statute of limitations under a continuing violation theory. (*Id.* at 13.)

As the Ninth Circuit recently affirmed:

> To obtain equitable tolling a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." [citation omitted] The first element requires "the effort that a reasonable person might be expected to deliver under his or her particular circumstances" . . . The second element requires the litigant to "show that extraordinary circumstances were the cause of his untimeliness and . . . made it impossible to file the document on time.

*Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019) (citations and quotations omitted).

Here, Rosenberg has not established "extraordinary circumstances were the cause of his untimeliness." *See Id.* at 1207. Thus, any claims in his complaint based on allegations of

forgery are time-barred by the four-year statute of limitation. (Cal. Civ. Proc. § 337) ("An action upon any contract, obligation or liability founded upon an instrument in writing [and an] action based upon the rescission of a contract in writing" must be commenced within four years of discovery.) Mr. Rosenberg didn't file his Bankruptcy Case until November 2017—almost nine years after when he admitted to discovery alleged fraud or forgery of his father's caregiver. (*See* Dkt. 42 at 46.)

Further, there was no continuing violation in this case because the allegedly wrongful act was the execution, at origination, of the deed of trust itself. That conduct didn't occur again or otherwise continue, and the assignments and enforcements were merely effects of the original violation, not new violations in their own right. *See Schramm v. JP Morgan Chase Bank, N.A.*, LA CV09-09442 JAK (FFMx), 2012 WL 12882882, at *5 (C.D. Cal. Aug. 16, 2012).

### 3.3 Leave to Amend

Lastly, Mr. Rosenberg argues the Bankruptcy Court should've granted him leave to amend his complaint.

If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts,'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)), or "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citation omitted).

Here, the Bankruptcy Court didn't abuse its discretion by denying Mr. Rosenberg leave to amend. *See AE ex. Rel. Hernandez v. Cnty. Of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (holding denial of leave to amend is reviewed for abuse of discretion). Appellant did not and cannot show how he could possibly amend the complaint to assert a valid cause of action against Appellees because all of his claims are barred by his lack of standing and/or the running of applicable statutes of limitation.

## 4. DISPOSITION

The Bankruptcy Court's Order is AFFIRMED. The Court also GRANTS Plaintiff's request to dismiss Ocwen. (Dkt. No. 47.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |

**CC: Bankruptcy Court; BAP**